United States District Court
Southern District of Texas
FILED

NOV 14 1996

Michael N. Milby, Clerk

In the United States District Court
For the Southern District of Texas
Brownsville Division

Hector A. Casas

vs.   Civil Cause No. B-96-207 _____

American Airlines, Inc.

## Plaintiff's Original Complaint

To The Honorable Judge of Said Court:

Now Comes Hector A. Casas, Plaintiff herein, by and through his attorney of record, Heriberto Medrano, and hereby makes and files this his original complaint complaining of American Airlines, Inc. and for cause of action would show unto this Honorable Court as follows:

I.

Plaintiff is a natural person who at all relevant times was and is a resident of Cameron County, Texas.

Defendant is a foreign corporation doing business in Texas and whose principal place of business is in Dallas County, Texas. Defendant may be served with process by serving its registered agent for service C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201, however service is not requested at this time.

II.

Jurisdiction is based on federal question jurisdiction and involves interpretation of federal statute(s) or rules, specifically, the Federal Aviation Act of 1958 sec. 101 et. seq., 49 U. S. C. App. sec. 1301 et. seq. and 14 C.F.R. sec. 253 and 254. Venue is proper as all or part of Plaintiff's cause of action accrued in this County and Defendant maintains a fixed place of business in this County.

III.

Sometime prior to September 3, 1996, Plaintiff purchased round trip airline tickets from Defendant Airline for travel from Harlingen, Texas to Orlando, Florida and back. On or about September 3, 1996, Plaintiff boarded an American Airlines flight in Orlando with a scheduled stop in Dallas with final destination to Harlingen, Texas.

At the Orlando Airport, Plaintiff checked in two pieces of luggage, same being a new Samsonite hardside piece of luggage and the other a Sony hardside videocamera case. The Sony case contained a Sony 8mm video recorder and other assorted and related items.

Plaintiff arrived at the Orlando Airport well in advance of the scheduled departure. He checked in the two pieces of luggage and recalls being asked what was in the bags by Defendant's employee at the ticket counter. He truthfully reported the contents thereof. Defendant accepted the luggage and gave Plaintiff two baggage claim tickets. Plaintiff proceeded to the appropriate gate to board the plane. At no time, did the agent inform him of any exclusion or liability limiting provisions nor did they offer Plaintiff an opportunity to purchase insurance or a higher fare to specifically cover his baggage. (The agents or ticket agents referred to herein are American Airline agents.)

For various reasons, there was a delay in boarding Defendant's plane at Orlando. Once on board, the plane's departure was further delayed. None of these delays were in any manner occasioned by Plaintiff.

Although the plane was originally scheduled to arrive in Dallas at 8:40 p.m. and Plaintiff's connecting flight to Harlingen was scheduled to depart until 9:54 p.m., the plane did not arrive in Dallas until very close to the 9:54 p.m. departure time of the connecting flight. Once on the

ground, for reasons unknown to Plaintiff, there was a delay, again not of his doing, in getting the door on the airplane opened. As a result, by the time Plaintiff was able to disembark from the plane, the connecting flight to Harlingen, Texas was gone and no ticket agents were around or nearby. American Airlines knew that Plaintiff was scheduled for this connecting flight and that it was the last flight to Harlingen that night, yet they did not delay the flight departure to Harlingen.

Plaintiff was able to locate a ticket agent several gates removed from the Harlingen departure gate. The Defendant's ticket agents told Plaintiff there was nothing they could do except to put him up in a hotel for the night. Plaintiff then requested his luggage as he had no carry on belongings. The agents responded that his luggage could not be retrieved and that same was safe, and that it would be on plane with him the following morning.

When Plaintiff arrived at the ticket counter the following morning to board the plane to Harlingen, he again inquired about his luggage. This agent reiterated what the other agent had stated, basically, the luggage would be on the flight with Plaintiff, and that if Plaintiff didn't make the connecting flight, neither did his luggage.

Plaintiff boarded the plane and arrived in Harlingen. Plaintiff then proceeded to the baggage claim area to retrieve his luggage. When his luggage failed to appear, he approached an American Airlines baggage representative and explained the situation. The agent asked Plaintiff for a description of his luggage and he then proceeded to a small room and retrieved the Samsonite bag but not the Sony bag. The agent proceeded to take down some information from Plaintiff and filled out a Lost Property Report. A copy of this report is attached as exhibit A. The agent explained the procedure, but also informed Plaintiff that American Airlines is not liable for camera equipment.

Over a period of several days, someone from American would call and leave messages that the search for the missing luggage was continuing. After a while, American mailed Plaintiff a property claims form, called a Statement of Property Loss. Same was filled out and returned to Defendant on or about September 16, 1996. A copy of this Statement is attached as Exhibit B. American acknowledged the receipt of the claim and stated that its search would continue.

By letter dated October 29, 1996, Defendant wrote to plaintiff informing him that the search for the missing items had been unsuccessful and the prospect for recovery were "not favorable." The letter went on to explain and assert that "Jewelry, cash, cameras, camera equipment, computers, computer software, business documents, electronic equipment and other similar valuable items are specifically excluded from our liability altogether. . ." and denied Plaintiff's claim in toto. A copy of this letter is attached as Exhibit C.

Upon receipt of this letter, Plaintiff wrote to Defendant by letter dated November 1, 1996 requesting that they reconsider their denial. A copy of this letter is attached as Exhibit D.

IV.

Plaintiff would show that as a result of Defendant American Airlines' negligence, it is liable for the damages and losses suffered by Plaintiff which Plaintiff now sues to recover. Additionally, Plaintiff relies on the common-law doctrine of bailment and res ipsa loquitur. Plaintiff's claim for damages now exceeds $ 1,250.00.

V.

Plaintiff would further show that Defendant's purported rationale for the total denial of Plaintiff's claim is in violation of law. See, Feature Enterprises, Inc. v. Continental Airlines, 745 F.Supp. 198 (S.D. New York, 1990) quoting the relevant portions of the applicable Code of

Federal Regulations 14 C.F.R. sec. 254, holding that an airline cannot exclude liability in toto. This has been the law since 1984 (date of the applicable C.F.R.) and before. See, <u>Odom v. Pacific Northern Airlines, Inc.</u>, 393 P. 2d 112 (Alaska 1964) holding that a common carrier may not exempt itself from liability for its own negligence.

VI.

Plaintiff petitions this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure to certify this case as a class action or to allow discovery sufficient to allow Plaintiff to prove the propriety of proceeding in this matter as a class action. On information and belief, Plaintiff alleges that there are a large number of persons whose claims, similar to Plaintiff's, have been denied in toto by Defendant who cites as a routine matter, its exclusions from liability altogether. Note the form denial letter sent to Plaintiff by Defendant mentioning the exclusion of jewelry, cash, computers, business documents, electronic equipment and other similar valuable items, when the only applicable items lost by Plaintiff in this list was camera equipment.

On information and belief, Plaintiff would assert that these persons and passengers whose claims have been denied on the exclusion basis have the commonality and typicality necessary for class certification. Further, Plaintiff represents that all persons who have valid claims but were denied by Defendant on the basis of specific exclusion will be adequately, fairly and properly represented by Plaintiff and his chosen counsel. Plaintiff requests an order from this Court directing Defendant to tender to Plaintiff a list of all claims made to Defendant since 1984 but which were denied in whole or in part by Defendant on the same total exclusion basis as asserted in this case. Upon such a tender, Plaintiff believes he will show that the class is so numerous and diverse that joinder of all members is impracticable, that there are common questions of law and or fact common to the class and that these predominate over any questions affecting only

individual members and because of the number and geographic location of the members, a class action is superior to other available methods for the fair and efficient adjudication of the controversy, that the claims and defenses of Defendant are typical of the claims and defenses of the class such that when the common questions and defenses are answered for one member of the class it answers the same questions for all members of the class.

## VII.

It was necessary to hire undersigned counsel to represent Plaintiff in this matter and therefore, in addition to the value of the underlying claim, Defendant should be held liable for reasonable and necessary attorney's fees and costs of court.

Wherefore, Premises Considered, Plaintiff prays that Defendant be cited to appear, that a class action be certified, and upon final hearing that Plaintiff obtain judgment against Defendant for all sums to which he may show himself entitled and also obtain judgment as representative of the Class and that said judgment bear pre and post judgment interest at the highest rate allowed by law until paid in full, for reasonable and necessary attorneys fees and expenses as well as costs of Court.

Respectfully submitted,

The Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
210/ 428-2412
210/ 428-2495 fax

Heriberto Medrano
State Bar No. 13897800
Federal Id. No. 5952