United States District Court
Southern District of Texas
FILED

FEB 10 1997

Michael N. Milby
Clerk of Court

In The United States District Court
For the Southern District of Texas
Brownsville Division

Hector A. Casas

vs.                                   Civil Action No. B-96-207

American Airlines, Inc.

<u>Motion for Summary Judgment</u>

To The Honorable Judge of Said Court:

Now Comes, Hector A. Casas, Plaintiff herein, by and through his attorney of record, Heriberto Medrano, and pursuant to Rule 56 (a) of the Federal Rules of Civil Procedure, hereby makes and files this his motion for summary judgment and by way of this motion would show:

1. More than 20 days have elapsed since commencement of this action.

<u>Factual Background</u>

2. As demonstrated and set out in the attached affidavit, Plaintiff purchased round trip airline tickets on Defendant's airline. Defendant is a common carrier. The tickets are for travel from Harlingen, Cameron County, Texas to Orlando, Florida, and back to Harlingen, Cameron County, Texas.

3. On September 3, 1996, Plaintiff arrived at the airport in Orlando to board flight # 2099 to Dallas-Fort Worth Airport. Plaintiff was to make a connecting flight from Dallas to Harlingen later that night. Plaintiff checked in two pieces of luggage at the American Airlines ticket and baggage counter. One of these bags was a new Samsonite hardside piece of luggage, the other was a Sony hardside videocamera case. The Sony case contained a Sony brand 8 mm videocamera recorder and other assorted and related items, such as video tapes, batteries, straps and camera light.

4. Plaintiff arrived at the Orlando Airport well in advance of his scheduled departure on flight 2099 departing Orlando at 7:02 p.m. Plaintiff checked in the two pieces of luggage and was asked by an American Airlines the ticket agent at the ticket counter what the luggage contained. Plaintiff truthfully informed the agent of the content thereof including that one was a videocamera recorder. The agent accepted the bags, gave Plaintiff two baggage claim tickets, but never informed plaintiff of any exclusion or liability limiting provisions, nor was he offered an opportunity or even told of an opportunity to purchase insurance or a higher fare to specifically cover his baggage.

5. Due to no fault of plaintiff there was a delay in boarding flight 2099 and there was a delay in its departing Orlando. Further, there was a delay in opening the door of the plane after it landed in Dallas. Again, this delay was not due to anything Plaintiff did. However, as a result of these delays, Plaintiff was not able to make his connecting flight from Dallas to Harlingen, Cameron County, Texas.

6. "Plaintiff was able to speak to an American Airline ticket agent there at DFW who told plaintiff there was nothing they could do except put Plaintiff up for the night in a local hotel. Plaintiff requested his luggage, as he had no carry on luggage. The agent told Plaintiff that his luggage could not be retrieved, that it was safe and that it would be on the plane with him the following morning.

7. When Plaintiff arrived at the ticket counter the next morning to board the morning flight Dallas to Harlingen, he again asked one of Defendant's ticket agents about his luggage, and the was informed that the luggage would be with him on this flight and that if Plaintiff did not make the connecting flight, neither did his luggage.

8. Plaintiff boarded the plane and arrived in Harlingen. He proceeded to the baggage claim area to retrieve his luggage. When it failed to appear, he approached an American Airline baggage representative and explained the situation to him. The agent asked for a description of Plaintiff's luggage, which Plaintiff provided. The agent then proceeded to a small room and retrieved the Samsonsite bag, but not the Sony bag. A Lost Property Report was filled out and later, Plaintiff completed a Statement of Property Loss.

9. By letter dated October 29, 1996, a copy of which is attached hereto and incorporated by reference as if copied herein verbatim, American Airlines denied plaintiff's claim in toto.

10. As a result of this incident, Plaintiff has sustained in excess of $ 1019 in damages.

## Argument and Authority

A defendant (a common carrier) may not exempt itself from liability for its own negligence. Odom v. Pacific Northwest Airlines, 393 P. 2d 112 (Sup. Ct. Alaska 1964) citing cases including from the United States Supreme Court. Here, as a matter of law a bailment was created and the defendant and none other is responsible and liable. See, Feature Enterprises, Inc. v. Continental Airlines, 745 F. Supp. 198 (S. D. New York, 1990) (holding that an airline's could not exclude total liability for loss of jewelry in checked baggage, but may limited its liability to $ 1,250.00, citing 14 C.F.R. 254, but only where notice of the limitation was given and the passenger was given a fair opportunity to choose higher liability by paying a greater fee. The summary judgment evidence shows that any notice of limitation was not reasonably communicated to plaintiff. Further, the case makes clear that that the airline could be held liable even though the evidence indicated that the jewelry was stolen by a third party. See, also Gluckman v. Airline Airlines, Inc., 844 F. Supp. 151 (S.D. New York 1994).

Further, Plaintiff's original passage from Dallas to Harlingen was canceled due solely to Defendant's fault. Therefore, any applicable liability limitations were canceled. See, <u>Navarro v. American Airlines, Inc</u>., 142 N.Y.S. 2d 725.

Wherefore, Plaintiff prays that this motion be in all things granted and that Plaintiff be awarded summary judgment on the issues of liability and damages of at least $ 1019, plus reasonable and necessary attorneys fees and costs of filing suit, but that this Court retain jurisdiction for purposes of the proposed Class Action.

Respectfully submitted,

The Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
210/428-2412
210/428-2495

_(signature)_

Heriberto Medrano
Federal Id. No. 5952

State of Texas
County of Cameron

Affidavit

  Before me the undersigned authority, personally appeared Hector A. Casas, a person well known to me and upon his oath stated and deposed as follows:

  1. "My name is Hector A. Casas. I am over 21 years of age and I am fully competent to execute this affidavit. I have never been charged with nor convicted of any felon. The facts stated are within my personal knowledge and are true and correct. This affidavit is submitted as evidence in Civil Cause No. B-96-207, styled Hector A. Casas v. American Airlines, Inc.

  2. "I purchased round trip airline tickets on Defendant's airline for travel from Harlingen, Cameron County, Texas to Orlando, Florida and back. On September 3, 1996 I boarded an American Airline flight in Orlando with a scheduled stop in Dallas with final destination to Harlingen, Texas.

  3. "At the Orlando Airport, I checked in two pieces of luggage, same being a Samsonite hardside piece of luggage and the other a Sony hardside videocamera case. The Sony case contained a Sony 8mm video recorder and other assorted and related items, such as video tapes, batteries, straps and light.

  4. "I arrived at the Orlando Airport well in advance on my scheduled departure on flight 2099 departing Orlando at 7:02. I checked in the two pieces of luggage and I remember being asked by one of Defendant's employees, a ticket agent, what was inside my bags. I truthfully told the agent the contents thereof including the fact that one of my pieces of luggage contained video equipment. The agent took the luggage and gave me two baggage claim tickets. I proceeded to the appropriate gate to board the plane. At no time, did the ticket agent or anyonelse or anything for that matter, informed me of any exclusion or liability limiting provisions, nor was I offered an opportunity or even told of an opportunity to purchase insurance or a higher fare to specifically cover my baggage.

  5. "There was a delay in boarding this particular flight. Further, even after we boarded and the plane left the jet way, we stayed on the tarmac for a considerable length of time. I had nothing to do with these delays.

  6. "This flight, number 2099 was scheduled to arrive in Dallas-Fort Worth Airport at 8:40, and my connecting flight was scheduled to depart at about 9:54 p.m., however the plane did not arrive in Dallas until very close to 9:54. Once on the ground, there was another delay, this time in getting the door on the plane opened. I had nothing to do with this delay either, but however, by the time I was able to get off this plane, my connecting flight from Dallas to Harlingen had already departed. This was the last flight to Harlingen that night.

7. "I was able to speak to an American Airline ticket agent, who told me there was nothing they could do except to put me up in a hotel for the night, which they did. I requested my luggage as I had no carry on belongings. The agent told me that my luggage could not be retrieved and that it was safe and that it would be on the plane with me the following morning.

8. "When I arrived at the ticket counter the next morning to board the morning flight from Dallas to Harlingen, I again asked a defendant ticket agent about my luggage. This agent again told me that my luggage would be with me on this flight and that if I didn't make the connecting flight last night, neither did my luggage.

9. "I boarded the plane and arrived in Harlingen. I proceeded to the baggage claim area to retrieve my luggage. When it failed to appear, I approached an American Airline baggage representative and explained to him the situation. The asked me for a description of my luggage, which I provided. He then proceeded to a small room and retrieved the Samsonite bag, but not the Sony bag. He took down some information from me and filled out a Lost Property Report. He also explained the procedure, and also informed me that American Airlines was not liable for camera equipment.

10. "Over a period of several days, someone from American Airlines would call and leave messages that the search for my missing luggage was continuing. After a while, American Airlines mailed to me a property claims form called a Statement of Property Loss. I filled out the same and returned it to American Airlines on or about September 16, 1996. American Airlines acknowledged receipt of my claim and state that it would continue its search.

11. "By letter dated October 29, 1996, American wrote to me informing me that the search for the missing items had been unsuccessful and the prospect for recovery were "not favorable. The letter went on to explain that certain items were excluded from liability altogether and denied my claim in toto.

12. As a result of this incident, I lost the following items: A Sony brand 8 mm videocamera, a battery charger, and luggage strap, 2 black RCA brand videocamera batteries, a portable adapter, RCA brand videocamera light, 3 Sony brand 8 mm videocamera cassettes, and a Black Sony brand hardside videocamera carrying case. The total approximate value of all these items combined is $ 1019. In addition, my Samsonite piece of luggage was returned to me marred and scratched. My total damage as a result of this incident exceeds $ 1250.00.

13. "Further, affiant sayeth, not."

CLAUDIA FIGUEROA
NOTARY PUBLIC
State of Texas
Comm. Exp. 01-19-2000

_____
Hector A. Casas

Sworn and subscribed to me the undersigned authority, by the said Hector A. Casas, on this 4th day of February, 1997.

_Claudia Figueroa_
**Notary Public**

ClibPDF - www.fastio.com

# AmericanAirlines®

October 29, 1996

Mr. Hector Casas
2805 Jacaranda
Harlingen, TX  78550

REF: 96/09-04356
BMAS: QHPPCJ

Dear Mr. Casas:

An extensive search has been conducted in an effort to locate your missing property.  Regrettably, the results have not been positive, and prospects for recovery at this point are not favorable.

We do have procedures and controls to protect our customers' belongings, and our security staff does become involved whenever missing items are reported.  Because the transportation of checked luggage is such an important part of our business, baggage handling activities at all of our airport locations are carefully monitored to ensure strict compliance with those procedures.

Unfortunately, personal property may be vulnerable to access at various opportunities outside of our care and custody, and it is difficult -- if not impossible -- to establish conclusive evidence of loss or theft in such instances.  Consequently, we have found it necessary to incorporate liability limitations as part of the Conditions of Carriage under which we operate.  Jewelry, cash, cameras, camera equipment, computers, computer software, business documents, electronic equipment and other similar valuable items are specifically excluded from our liability altogether and regrettably, there is no adjustment which can be made for your loss.  I am sorry.

Our computer search will remain active, and we will contact you promptly if your belongings are found.

Sincerely,

Ms. L. Kersen
CENTRAL BAGGAGE SERVICES

EXHIBIT ____/____

P O. BOX 619613 • MD 1322 HDQ • DFW AIRPORT, TEXAS 75261-9613

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      BROWNSVILLE DIVISION
```

HECTOR A. CASAS

VS.                              CIVIL CAUSE NO. B-96-207

AMERICAN AIRLINES, INC.

## ORDER

On this day, came to be considered the foregoing **Motion for Summary Judgment** and after due consideration the same is hereby

      (Granted)           (Denied).

_____
JUDGE PRESIDING

SIGNED this the ____ day of _____, 1997.

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS

VS.                                CIVIL CAUSE NO. B-96-207

AMERICAN AIRLINES, INC.

### ORDER SETTING HEARING

On this day, came to be considered the foregoing **Motion for Summary Judgment** and request for Hearing presented to the Court.

The Court is of the opinion that a hearing on same should be held on the ____ day of _____, 1997 at ___ o'clock ___.m.

_____
JUDGE PRESIDING

SIGNED this the ____ day of _____, 1997