In The United States District Court
For the Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

FEB 10 1997

Michael N. Milby
Clerk of Court

Hector A. Casas

vs.                                    Civil Action No. B-96-207

American Airlines, Inc.

## Motion to Strike

To The Honorable Judge of Said Court:

    Now Comes, Hector A. Casas, Plaintiff herein, by and through his attorney of record, Heriberto Medrano, and pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure, hereby makes and files this his motion to strike certain pleadings from Defendant's Original Answer and by way of this motion would show:

    1. Not more than 20 days have elapsed since Defendant filed its Original Answer.

    2. Plaintiff moves to strike any and all allegations and pleadings in Defendant's Original Answer which denies that venue is not proper in Cameron County, Texas, to wit: paragraphs II., and VIII (1.)

    Under the general venue statute, venue is proper in any district where the defendant resides. 28 USC 1391 (a) (1). A corporation is a resident of any judicial district in which it is subject to the court's personal jurisdiction when the lawsuit is commenced. 28 USC 1391 (c). See, Rich v. Southern Gulf Operators, 879 F. Supp. 49, 51 (ED Tex. 1995). If the corporation is subject to personal jurisdiction in more than one district in a state, venue is in any district in which the corporate defendant's contacts are sufficient for personal jurisdictional purposes. Defendant maintains a significant presence in Harlingen, Cameron County, Texas, same being an airport base, where it conducts significant business. Defendant admits that Plaintiff's final destination was to Harlingen, Texas and that one of Plaintiff's bags was returned to Plaintiff in Harlingen and that Plaintiff completed a Lost Property Report in Harlingen.

    Further, venue is proper in which a substantial part of the events or omissions giving rise to the claim occurred. 28 USC 1391 (a) (3). The beginning point and final destination of Plaintiff's trip on the defendant common carrier was Harlingen, Cameron County, Texas. Both of Plaintiff's checked baggage were to be returned to him in Harlingen, Cameron County, Texas. Only one piece of baggage was so returned and it was also damaged.

    3. Plaintiff moves that paragraph VIII (2) of Defendant's Original Answer alleging that Plaintiff was contributorily or comparatively negligent in entrusting his luggage to Defendant. Defendant accepted Plaintiff's luggage and either did not return the items checked in or returned

8. Plaintiff moves this Court to strike in its entirety the allegations and pleading contained in Paragraph VIII (7) of Defendant's Original Answer to the effect that certain laws and the Defendant's Conditions of Contract, but only to the extent that same were not reasonably communicated to him. See Gluckman.

9. Plaintiff moves this Court to strike in its entirety the allegations and pleading contained in Paragraph VIII (8) of Defendant's Original Answer to the effect that plaintiff has failed to state a cause of action or claim for which relief may be granted for the reason that this allegation in totally baseless. See, the Feature case.

10. Plaintiff moves this Court to strike in its entirety all the allegations and pleading contained in paragraph VIII (9) of Defendant's Original Answer that Plaintiff assumed the risk, as same is not an applicable defense in this non-products, simple bailment negligence case.

Wherefore, Plaintiff prays that this motion be in all things granted and that this Court strike each and every complained of allegation contained in Defendant's Original Answer.

Respectfully submitted,

The Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
210/428-2412
210/428-2495

*[signature]*

Heriberto Medrano
Federal Id. No. 5952

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     BROWNSVILLE DIVISION
```

HECTOR A. CASAS

VS.                                CIVIL CAUSE NO. B-96-207

AMERICAN AIRLINES, INC.

## ORDER

On this day, came to be considered the foregoing **Motion to Strike** and after due consideration the same is hereby

    (Granted)        (Denied).


_____
JUDGE PRESIDING


SIGNED this the ____ day of _____, 1997.

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS

VS.                              CIVIL CAUSE NO. B-96-207

AMERICAN AIRLINES, INC.

## ORDER SETTING HEARING

On this day, came to be considered the foregoing **Motion to Strike** and request for Hearing presented to the Court.

The Court is of the opinion that a hearing on same should be held on the ____ day of _____, 1997 at ___ o'clock ___.m.

_____
JUDGE PRESIDING

SIGNED this the ____ day of _____, 1997