*12*

In the United States District Court
For the Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

MAY 27 1997

Michael N. Milby
Clerk of Court

Hector A. Casas

vs.                                                    Civil Cause No. B-96-207

American Airlines, Inc.

### Plaintiff's First Amended Original Complaint

To The Honorable Judge of Said Court:

Now Comes Hector A. Casas, Plaintiff herein, by and through his attorney of record, Heriberto Medrano, and hereby makes and files this his first amended original complaint complaining of American Airlines, Inc. and for cause of action would show unto this Honorable Court as follows:

I.

Plaintiff is a natural person who at all relevant times was and is a resident of Cameron County, Texas.

Defendant is a foreign corporation doing business in Texas and whose principal place of business is in Dallas County, Texas. Defendant may be served with process by serving its registered agent for service C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201, however service is not requested at this time.

Defendant American Airlines, Inc. has answered and appeared. A true and correct copy of Plaintiff's First Amended Original Complaint has been served and mailed to Defendant's attorney of record, Mr. James D. Struble, Jackson & Walker, L.L.P., 901 Main Street, Suite 6000, Dallas, Texas 75202.

II.

Jurisdiction is based on federal question jurisdiction and involves interpretation of federal statute(s) or rules, specifically, the Federal Aviation Act of 1958 sec. 101 et. seq., 49 U. S. C. App. sec. 1301 et. seq. and 14 C.F.R. sec. 253 and 254. Venue is proper as all or part of Plaintiff's cause of action accrued in this County and Defendant maintains a fixed place of business in this County.

III.

Sometime prior to September 3, 1996, Plaintiff purchased round trip airline tickets from Defendant Airline for travel from Harlingen, Texas to Orlando, Florida and back. On or about September 3, 1996, Plaintiff boarded an American Airlines flight in Orlando with a scheduled stop in Dallas with final destination to Harlingen, Texas.

At the Orlando Airport, Plaintiff checked in two pieces of luggage, same being a new Samsonite hardside piece of luggage and the other a Sony hardside videocamera case. The Sony case contained a Sony 8mm video recorder and other assorted and related items.

Plaintiff arrived at the Orlando Airport well in advance of the scheduled departure. He checked in the two pieces of luggage and recalls being asked what was in the bags by Defendant's employee at the ticket counter. He truthfully reported the contents thereof. Defendant accepted the luggage and gave Plaintiff two baggage claim tickets. Plaintiff proceeded to the appropriate gate to board the plane. At no time, did the agent inform him of any exclusion or liability limiting provisions nor did they offer Plaintiff an opportunity to purchase insurance or a higher fare to specifically cover his baggage. (The agents or ticket agents referred to herein are American Airline agents.)

For various reasons, there was a delay in boarding Defendant's plane at Orlando. Once on board, the plane's departure was further delayed. None of these delays were in any manner occasioned by Plaintiff.

Although the plane was originally scheduled to arrive in Dallas at 8:40 p.m. and Plaintiff's connecting flight to Harlingen was scheduled to depart at 9:54 p.m., the plane did not arrive in Dallas until very close to the 9:54 p.m. departure time of the connecting flight. Once on the ground, for reasons unknown to Plaintiff, there was a delay, again not of his doing, in getting the door on the airplane opened. As a result, by the time Plaintiff was able to disembark from the plane, the connecting flight to Harlingen, Texas was gone and no ticket agents were around or nearby. American Airlines knew that Plaintiff was scheduled for this connecting flight and that it was the last flight to Harlingen that night, yet they did not delay the flight departure to Harlingen.

Plaintiff was able to locate a ticket agent several gates removed from the Harlingen departure gate. The Defendant's ticket agents told Plaintiff there was nothing they could do except to put him up in a hotel for the night. Plaintiff then requested his luggage as he had no carry on belongings. The agents responded that his luggage could not be retrieved and that same was safe, and that it would be on the plane with him the following morning.

When Plaintiff arrived at the ticket counter the following morning to board the plane to Harlingen, he again inquired about his luggage. This agent reiterated what the other agent had stated, basically, the luggage would be on the flight with Plaintiff, and that if Plaintiff didn't make the connecting flight, neither did his luggage.

Plaintiff boarded the plane and arrived in Harlingen. Plaintiff then proceeded to the baggage claim area to retrieve his luggage. When his luggage failed to appear, he approached an American Airlines baggage representative and explained the situation. The agent asked Plaintiff

for a description of his luggage and he then proceeded to a small room and retrieved the Samsonite bag but not the Sony bag. The agent proceeded to take down some information from Plaintiff and filled out a Lost Property Report. A copy of this report is attached as exhibit A. The agent explained the procedure, but also informed Plaintiff that American Airlines is not liable for camera equipment.

Over a period of several days, someone from American would call and leave messages that the search for the missing luggage was continuing. After a while, American mailed Plaintiff a property claims form, called a Statement of Property Loss. Same was filled out and returned to Defendant on or about September 16, 1996. A copy of this Statement is attached as Exhibit B. American acknowledged the receipt of the claim and stated that its search would continue.

By letter dated October 29, 1996, Defendant wrote to plaintiff informing him that the search for the missing items had been unsuccessful and the prospect for recovery were "not favorable." The letter went on to explain and assert that "Jewelry, cash, cameras, camera equipment, computers, computer software, business documents, electronic equipment and other similar valuable items are specifically excluded from our liability altogether. . ." and denied Plaintiff's claim in toto. A copy of this letter is attached as Exhibit C.

Upon receipt of this letter, Plaintiff wrote to Defendant by letter dated November 1, 1996 requesting that they reconsider their denial. A copy of this letter is attached as Exhibit D.

IV.

Plaintiff would show that as a result of Defendant American Airlines' negligence, it is liable for the damages and losses suffered by Plaintiff which Plaintiff now sues to recover. Additionally, Plaintiff relies on the common-law doctrine of bailment and res ipsa loquitur. Plaintiff's claim for damages now exceeds $ 1,250.00.

V.

Plaintiff would further show that Defendant's purported rationale for the total denial of

Plaintiff's claim is in violation of law. See, <u>Feature Enterprises, Inc. v. Continental Airlines</u> , 745

F.Supp. 198 (S.D. New York, 1990) quoting the relevant portions of the applicable Code of

Federal Regulations 14 C.F.R. sec. 254, holding that an airline cannot exclude liability in toto.

This has been the law since 1984 (date of the applicable C.F.R.) and before.

See, <u>Odom v. Pacific Northern Airlines, Inc.</u>, 393 P. 2d 112 (Alaska 1964) holding that a

common carrier may not exempt itself from liability for its own negligence.

VI.

Plaintiff, for himself and all other members of the class hereinafter described, petitions this

Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure to certify this case as a class

action or to allow discovery sufficient to allow Plaintiff to prove the propriety of proceeding in

this matter as a class action.[1]

This action is brought by Plaintiff as a class action on his behalf and of behalf of all others

similarly situated under the provisions of Rule 23 (a) and (b) of the Federal Rules of Civil

Procedure, for damages, injunctive and declaratory relief, and relief incident and subordinate

thereto, including costs and attorney's fees.

The class so represented by plaintiff in this action, and of which plaintiff is himself a

member, consists of those passengers since 1984 on domestic American Airline flights who lost

luggage and whose lost baggage claims where denied in whole or in part on the basis of liability

---

[1] Plaintiff cannot be more specific in his pleadings at this time concerning the issue of class certification since no discovery concerning this issue will be done until after Plaintiff is deposed and the Court rules on motions for summary judgment as per this Court's orders of Tuesday, May 20, 1997. Plaintiff prays that the Court not act to deny class certification until Plaintiff is allowed to and has obtained discovery on this issue to present to the Court for its consideration at the appropriate time.

limitations incorporated in their "Conditions of Carriage". The class may also include passengers of other domestic carriers whose luggage was lost on domestic flights and whose lost baggage claims where denied in whole or in part on the same type of limited liability language.

The exact number of members of the class, as herein identified and described, is not known for the reasons stated in footnote one, however on information and belief, Plaintiff estimates that there is not less than 1000 members spread throughout the Nation, but that in any event, the class is so numerous that joinder of individual members, whose claims similar to those of Plaintiff's, have been denied in toto by Defendant on the basis of its liability limiting language contained in its Conditions of Carriage, which it cites as a routine matter, is impracticable. Note the form denial letter sent to Plaintiff by Defendant mentioning the exclusion of jewelry, cash, computers, business documents, electronic equipment and other similar valuable items, when the only applicable items lost by Plaintiff in this list was camera equipment. On information and belief, Plaintiff avers that other domestic airline carriers utilize the same type of liability limiting language.

On information and belief, Plaintiff would assert that these persons and passengers whose claims have been denied on the liability limiting language exclusion basis have the commonality and typicality necessary for class certification. Plaintiff submits that there are common questions of law and/or fact in this action that relate to and affect the rights of each member of the class and the relief sought common to the entire class, namely, the whether liability limiting language utilized by Defendant to deny otherwise valid lost baggage claims contravenes the applicable Code of Federal Regulation.

The claims of plaintiff, who is a representative of the class herein is typical of the claims of the class, in that the claims of all members of the class, including plaintiff, depends on a showing

of the act of defendant in denying lost baggage claims on the basis of liability limiting language contained in their Contract of Carriage which gives rise to plaintiff's cause of action and the relief sought herein. There is no conflict as between the named plaintiff herein and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

Further, Plaintiff represents that all persons who have valid claims but were denied by Defendant on the basis of this liability limiting language will be adequately, fairly and properly represented by Plaintiff and his chosen counsel. The attorney for Plaintiff, a former assistant United States Attorney who has represented numerous plaintiff in complex litigation resulting in several million dollars recovered, is experienced and capable to proceed in this litigation.

Plaintiff again requests an order from this Court directing Defendant to tender to Plaintiff a list of all claims made to Defendant since 1984 but which were denied in whole or in part by Defendant on the same total exclusion basis as asserted in this case. Upon such a tender, Plaintiff believes he will show as stated above that the class is so numerous and diverse that joinder of all members is impracticable, that there are common questions of law and or fact common to the class and that these predominate over any questions affecting only individual members and because of the number and geographic location of the members, a class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that it will eliminate the need for several separate suits and thus conserve judicial resources in that the claims of class members and the claims and defenses of Defendant are typical of the claims and defenses of the class such that when the common questions pertaining to these claims and defenses are answered for one member of the class it answers the same questions for all members of the class.

Plaintiff submits that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual

members of the class which would establish incompatible standards of conduct for the party

opposing the class, that is, the failure of the Court to certify this action will create the risk of

Defendant American Airlines, and similarly situated airlines being subjected to incompatible

duties.

Plaintiff further submits on information and belief that class certification is appropriate

because as to some members of the class, whose lost baggage claim is relatively small, it would

not be economically feasible for them to obtain relief through individual suits, and without the

redress of a class action, the aggrieved persons may be left without an effective remedy. Deposit

Guaranty Nat'l Bank v. Roper, 445 U.S. 326 (1980).

Additionally, Plaintiff avers on information and belief that Defendant American Airlines,

and most likely, other similarly situated airlines, continues to engage in an improper common

scheme, that is, it continues to and will continue to in the future, deny otherwise valid lost

baggage claims on the same invalid and improper liability limiting exclusion language grounds

asserted by Defendant to deny Plaintiff's claim, thereby making appropriate final injunctive relief

or declaratory relief with respect to the class as a whole and to prevent further litigation for

persons who would otherwise become members of the class.

VII.

It was necessary to hire undersigned counsel to represent Plaintiff in this matter and

therefore, in addition to the value of the underlying claim, Defendant should be held liable for

reasonable and necessary attorney's fees and costs of court.

Wherefore, Premises Considered, Plaintiff prays that Defendant be cited to appear, that a

class action be certified, and upon final hearing that Plaintiff obtain judgment against Defendant

for all sums to which he may show himself entitled and also obtain judgment as representative of

the Class, and that the rights of the class members to damages and injunctive and declaratory

relief be adjudicated and declared, that the defendant and other similar situated domestic airlines

be permanently restrained and enjoined from denying lost baggage claims on the basis of absolute

liability limiting language contained in their Conditions or Contracts of Carriage, and that said

judgment bear pre and post judgment interest at the highest rate allowed by law until paid in full,

for reasonable and necessary attorneys fees and expenses as well as costs of Court and for such

other and further relief as to the Court may seem appropriate.

                Respectfully submitted,

                The Law Offices of
                Heriberto Medrano
                1101 West Tyler
                Harlingen, Texas 78550
                210/ 428-2412
                210/ 428-2495 fax

                Heriberto Medrano
                State Bar No. 13897800
                Federal Id. No. 5952