IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 19 1997

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

### DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc. ("American") and files this its First Amended Original Answer to Plaintiff's First Amended Original Complaint and would respectfully show the Court the following:

### I.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in the first paragraph of Section I of Plaintiff's First Amended Original Complaint.

Defendant denies that its principal place of business is in Dallas County, Texas. Defendant admits the remainder of the allegations in the second paragraph of Section II of Plaintiff's First Amended Original Complaint.

Defendant admits the allegation in the third paragraph of Section II of Plaintiff's First Amended Original Complaint.

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER** - Page 1

## II.

Defendant admits that there is federal question jurisdiction in this case.

## III.

Defendant admits the allegations in the first paragraph of Section III of Plaintiff's First Amended Original Complaint.

Defendant admits that Plaintiff checked two pieces of baggage at the Orlando Airport on September 3, 1996, but is without knowledge or information sufficient at this time to form a belief as to the truth of the remaining allegations contained in the second paragraph of Section III of Plaintiff's First Amended Complaint, and therefore denies same.

Defendant admits that Plaintiff checked two pieces of baggage at the Orlando Airport on September 3, 1996, but is without knowledge or information sufficient at this time to form a belief as to the truth of the remaining allegations contained in the third paragraph of Section III of Plaintiff's First Amended Complaint, and therefore denies same.

Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in the fourth paragraph of Section III of Plaintiff's First Amended Original Complaint.

Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in the fifth paragraph of Section III of Plaintiff's First Amended Original Complaint, and therefore denies same.

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER** - Page 2

Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in the sixth paragraph of Section III of Plaintiff's First Amended Original Complaint, and therefore denies same.

Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in the seventh paragraph of Section III of Plaintiff's First Amended Original Complaint, and therefore denies same.

Defendant admits that a bag was returned to Plaintiff in Harlingen and that a Lost Property Report was completed. As to the remainder of the allegations in the eighth paragraph of Section III of Plaintiff's First Amended Original Complaint, Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations, and therefore denies same.

Defendant admits that it made several calls to Plaintiff to communicate the status of their search for the bag that was allegedly lost and that Plaintiff completed a Statement of Property Lost on September 16, 1996. As to the remainder of the allegations in the ninth paragraph of Section III of Plaintiff's First Amended Original Complaint, Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations, and therefore denies same.

Defendant admits the allegations in the tenth paragraph of Section III of Plaintiff's First Amended Original Complaint.

Defendant admits the allegations in the eleventh paragraph of Section III of Plaintiff's First Amended Original Complaint.

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER** - Page 3

## IV.

Defendant denies the allegations in Section IV of Plaintiff's First Amended Original Complaint.

## V.

Defendant denies the allegations in Section V of Plaintiff's First Amended Original Complaint.

## VI.

Defendant denies the allegations in the first paragraph of Section VI of Plaintiff's First Amended Original Complaint, except Defendant admits that it does not assume responsibility for certain classes of valuable items, including camera equipment, which should be carried on the passenger's person and not checked as baggage.

Defendant denies the allegations in paragraphs 2-11 of Section VI of Plaintiff's First Amended Original Complaint.

## VII.

Defendant denies the allegations in Section VII and the prayer of Plaintiff's First Amended Original Complaint.

## VIII.

### AFFIRMATIVE DEFENSES

1. Defendant would show that Plaintiff did not exercise ordinary care, caution or prudence to avoid the alleged loss and alleged damages and such contributing or comparative negligence or responsibility in acts or omissions by Plaintiff were a proximate cause of the alleged

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER** - Page 4

loss and alleged damages suffered by Plaintiff. Pursuant to Chapters 32 and 33, Texas Civil Practice & Remedies Code, or as provided by federal law, Plaintiff's recovery is barred, or alternatively, reduced as a result of Plaintiff's responsibility for causing the alleged injuries or losses for which recovery of damages is sought.

2. Defendant would show that it is entitled to a determination of the comparative responsibility of all parties, including Plaintiff, and others by the jury. Defendant is further entitled to an appropriate offset or relief for contribution, indemnity, or comparative responsibility, fault or causation based upon such findings.

3. Defendant would show that the sole proximate cause of the incident was the alleged acts and omissions of persons not parties to the suit, over whom Defendant had no control.

4. Defendant would show that the Plaintiff's alleged claims or alleged remedies are barred or preempted, in whole or in part, by the Federal Aviation Act, as amended, applicable federal laws, federal regulations and the Supremacy Clause of the United States Constitution.

5. Defendant would show that the Federal Aviation Act, applicable federal laws, federal regulations, tariffs and Defendant's Conditions of Contract exclude Defendant from liability for Plaintiff's alleged loss of camera equipment contained in his checked baggage.

6. Pleading in the alternative, Defendant would show that the Federal Aviation Act, applicable federal laws, federal regulations, tariffs and Defendant's Conditions of Contract limit Defendant's liability for Plaintiff's alleged loss of camera equipment contained in his checked baggage.

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER** - Page 5

ClibPDF - www.fastio.com

7. Defendant would show that Plaintiff's First Amended Original Complaint fails to state a cause of action and fails to state a claim for which relief may be granted.

8. Defendant would show that Plaintiff had knowledge of and assumed the risk incident to the alleged loss of baggage as set forth in the Complaint and that the damages alleged by Plaintiff were caused by and arose out of such risks.

9. Defendant would show that Plaintiff has failed to assert a proper class action, cannot adequately represent the purported class, and otherwise has failed to satisfy the requirements of Fed. R. Civ. P. 23.

## IX.

## JURY DEMAND

Defendant hereby demands a trial by jury.

WHEREFORE, American Airlines, Inc. prays that Plaintiff take nothing by reason of his actions herein and that Defendant be allowed to go hence without day and to recover its costs, and for such other and further relief, general or special, at law and in equity, to which Defendant may show itself justly entitled.

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER** - Page 6

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
FAX (214) 953-5822

By: _____
Attorney in Charge
David T. Moran
State Bar No. 14419400
James D. Struble
State Bar No. 19425700

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was mailed to Heriberto (Eddie) Medrano, Attorney at Law, 1101 West Tyler, Harlingen, Texas 78550, via certified mail, return receipt requested, this 14th day of August, 1997.

_____
David T. Moran

1616722.1
101490.38

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER** - Page 7