IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 19 1997

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc., Defendant, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby files its Response to Plaintiff's Motion for Summary Judgment and would show the Court the following:

### I.

### ADOPTION BY REFERENCE

Pursuant to Federal Rule of Civil Procedure 10(c), Defendant hereby adopts by reference Defendant's Motion for Summary Judgment and Brief In Support Thereof, along with all summary judgment evidence filed with the Court in support of that Motion.

### II.

### BACKGROUND

On September 3, 1996, Plaintiff was returning on the second half of a round trip series of flights as a passenger on American Airlines Flight 2099 from Orlando, Florida to Dallas/Fort

Worth International Airport, with a continuing flight from Dallas/Fort Worth to the Valley International Airport, Harlingen, Texas scheduled for the same day. Plaintiff checked two pieces of baggage at the Orlando Airport, one of which was a bag containing a video camera and various camera accessories. Because of various delays due in part to weather in the Orlando area, Plaintiff missed the last connecting flight to Harlingen that evening. Plaintiff spent the night at a Dallas/Fort Worth area hotel at Defendant's expense and traveled back to Harlingen the next morning. When he arrived at the Valley International airport on September 4, 1996, he was able to retrieve one bag but the bag containing the camera equipment could not be located. After an extensive search by Defendant's personnel at the Valley International Airport and by Defendant's personnel at Central Baggage Service at the Dallas/Fort Worth Airport, Plaintiff's bag containing camera equipment could not be located. Plaintiff's entire claim against Defendant is based solely upon the lost camera and equipment

## III.

### PLAINTIFF'S GROUNDS FOR SUMMARY JUDGMENT

Plaintiff makes several claims in support of its Motion for Summary Judgment, including the following:

A.    A common carrier may not exempt itself from liability for its own negligence.

B.    A bailment was created between Plaintiff and Defendant and no one other than Defendant is responsible for the  lost baggage.

C.    Notice of any liability limitations was not reasonably communicated to Plaintiff.

D.    The fact that Plaintiff was unable to make his originally scheduled flight from Dallas to Harlingen on September 3, 1996 cancelled any applicable liability limitations.

## IV.

## UNDISPUTED FACTS

1.      American Airlines issued an airline ticket in Plaintiff's name on August 22, 1996, for round trip travel from Harlingen to Orlando, Florida beginning on August 29, 1996, with a return date of September 3, 1996.  Partida Aff. ¶ 4, Exhibit 2.

2.      Plaintiff was traveling on American Airlines to Orlando, Florida on August 29, 1996 for vacation at Disney World, a trip he had taken on two previous occasions.  See Casas depo. p. 33, l. 3-8.

3.      Plaintiff travels by air "quite a bit," is a member of American Airlines frequent flier program and has flown on all three air carriers that serve the Valley International Airport.  Casas depo. p. 30, l. 17-19; p. 32, l. 11-14. p. 32., l. 21-24.

4.      Plaintiff received his round trip ticket for his flight to Orlando, Florida on August 29, 1996 and return flight on September 3, 1996 by at least August 28, 1996, at least seven days prior to the incident flight.  Casas depo. p. 39, l. 8-10.

5.      Plaintiff is a licensed attorney who had been practicing law approximately 10 years at the time of the incident.  Casas depo. p. 17, l. 21-23.

6.      Plaintiff had the opportunity to read the ticket if he so chose.  See Casas depo. p. 43, l.5-11.

7.      Plaintiff was aware that his ticket contained information that affected his legal rights.  Casas depo. p. 45, l. 11-14.

8.     Printed on the face of Plaintiff's passenger ticket is the statement "PASSENGER'S TICKET AND BAGGAGE CHECK-SUBJECT TO CONDITIONS OF CONTRACT ON THE REVERSE SIDE." Partida's Aff. ¶ 6, Ex. 4.

9.     Attached to Plaintiff's passenger ticket is a page with the heading "NOTICE" and "CONDITIONS OF CONTRACT".  Under Paragraph 3 of the "CONDITIONS OF CONTRACT" it is stated that "carriage and other services performed by each carrier are subject to: (i) provisions contained in this ticket, (ii) applicable tariffs, (iii) carrier's conditions of carriage and related regulations which are made part hereof (and are available on application at the offices of carrier)." This notice is a component part of every ticket issued.  Partida's Aff. ¶ 7, Ex. 5.

10.     The Conditions of Carriage, provide that:

AMERICAN IS NOT RESPONSIBLE FOR JEWELRY, CASH, CAMERA
EQUIPMENT OR OTHER SIMILAR VALUABLE ITEMS CONTAINED IN
CHECKED OR UNCHECKED BAGGAGE.  IF ANY OF THESE ITEMS ARE
LOST, DAMAGED, OR DELAYED, YOU WILL NOT BE ENTITLED TO
ANY REIMBURSEMENT UNDER EITHER AMERICAN'S STANDARD
BAGGAGE  LIABILITY OR UNDER ANY DECLARED EXCESS
VALUATION.  THESE ITEMS SHOULD BE CARRIED PERSONALLY BY
YOU.

Partida Aff. ¶ 10.

11.     The booklet which contains Defendant's "CONDITIONS OF CARRIAGE" which is "available on application at the office of carrier," is available at all American Airlines and American Eagle ticket offices.  Partida's Aff. ¶ 10.

12.     Attached to Plaintiff's passenger ticket is a page containing the statement "NOTICE OF BAGGAGE LIABILITY LIMITATIONS" which states in pertinent part as follows: "[l]iability for loss, delay, or damage to baggage is limited unless a higher value is

declared in advance and additional charges are paid .... For travel wholly between U.S. points, federal rules require any limit on an airline's baggage liability to be at least $1,250.00 per passenger. Excess valuation may be declared on certain types of articles. Some carriers assume no liability for fragile, valuable or perishable articles. Further information may be obtained from the carrier." Partida's Aff. ¶ 9, Ex. 7.

13.     Plaintiff was familiar with the Valley International Airport, the American Airlines ticket counter and the American Airlines gate area at the time of the incident. Casas depo. p. 34, l. 19-21; p. 35, l. 5-7; p. 35, l. 22-24.

14.     These are signs, in English and Spanish, at both the American Airlines ticket counter and American Airlines gate at the Valley International Airport, containing the following notices:

> 1.   "Baggage Liability . . . liability for loss, delay or damage to baggage will be limited as indicated below, unless a higher valuation for the checked baggage has been declared and additional charges paid at check-in. Excess valuation may not be declared on certain types of articles."
>
> 2.   "Domestic - Travel wholly within the 50 states, Puerto Rico and the U.S. Virgin Islands.
>
> Baggage Liability - limited to $1250 per passenger. May be less on some airlines.
>
> NO liability for camera equipment, jewelry, cash, electronic equipment, or other similar valuable items contained in checked or unchecked baggage. Passengers should personally carry these items, as well as medications or prescriptions."

Ortega Aff. p. 2, Ex. 1.

15.     Plaintiff checked two bags on September 3, 1996 at the American Airlines ticket counter at the Orlando International Airport. Casas depo. p. 67, l. 8-13.

CitaPDF - www.texto.com

16.    The American airlines ticket counter at the Orlando International airport containing the following notices:

1.    "Baggage Liability . . . liability for loss, delay or damage to baggage will be limited as indicated below, unless a higher valuation for the checked baggage has been declared and additional charges paid at check-in. Excess valuation may not be declared on certain types of articles."

2.    "Domestic - Travel wholly within the 50 states, Puerto Rico and the U.S. Virgin Islands.

Baggage Liability - limited to $1250 per passenger. May be less on some airlines.

NO liability for camera equipment, jewelry, cash, electronic equipment, or other similar valuable items contained in checked or unchecked baggage. Passengers should personally carry these items, as well as medications or prescriptions."

Munzon  at Aff. p. 3.

17.    Excess valuation may be purchased by Plaintiff or any other passenger at any ticket counter. Partida Aff., Ex. 8.

18.    Plaintiff did not declare an excess value on his baggage. Casas depo. p. 96, l. 15-16.

19.    The camera case checked on September 3, 1996 was small enough to hand carry aboard the aircraft. Casas depo. p. 59, l. 13-16; p. 97, l. 5-8.

20.    Defendants do not guarantee simultaneous delivery of a passenger and his baggage at final destination. The times shown in timetables or elsewhere are not guarantees and Defendant assumed no responsibility for making connections. Partida Aff., Ex. 8, § 3.

21.    Notice provisions and signs of Defendant liability limitations are posted at all of Defendants' ticket counters, including the American Airlines ticket counter at Valley International Airport, the American Airlines ticket counter at the Dallas/Fort Worth

International Airport, and the American Airlines ticket counter at the Orlando International

Airport at all times material to this action.  Partida Aff. ¶ 11, Ex. 9; Ortega Aff. p. 2, Ex. 1;

Munzon Aff. p. 3, Ex. 3.

22.     On September 16, 1996 Plaintiff completed a form provided by Defendant

entitled "Statement of Property Loss" which is a statement of the items allegedly contained in

Plaintiff's baggage after his September 3, 1996 flight. All the items listed as missing from

Plaintiff's baggage on the "Statement of Property Loss" are camera equipment.  Partida's Aff,

¶ 6, Ex. 2; Casa Aff. ¶ 3, 12.

23.     Defendant denied Plaintiff's claim on the basis of the exclusion of liability for

losses of camera equipment.  Partida Aff. ¶ 6, Casas Aff. ¶ 11.

## V.

## ARGUMENTS AND AUTHORITIES

### A.     AIR CARRIER BAGGAGE EXCLUSIONS AND LIMITATIONS OF LIABILITY ARE EXCEPTIONS TO THE GENERAL RULE THAT A CARRIER MAY NOT EXEMPT ITSELF FROM LIABILITY FOR ITS OWN NEGLIGENCE

Courts, for over 40 years, have recognized an exception to the general rule that a carrier

may not exempt itself from liability for its own negligence, and have upheld exclusions or

limitations of liability for certain items in passenger baggage or air freight.  Majors Jewelers v.

ABX, Inc., __F.3d___, 1997 WL 395254 (5th Cir. 1997) (air carrier's jewelry exclusion valid)[1];

Deiro v. American Airlines, Inc., 816 F.2d 1360, (9th Cir. 1987)(air carrier's passenger baggage

limitation valid); Tishman & Lipp, Inc. v. Delta Air Lines, 413 F.2d 1401(2d Cir. 1969)(air

---

[1]Two copies of Jewelers are attached to this Response.

carrier's jewelry exclusion for checked baggage valid); <u>Lichten v. Eastern Airlines, Inc.</u>, 189

F.2d 939 (2d Cir. 1951)(air carrier's jewelry exclusion valid).

There are two general classes of baggage that are subject to exclusions and limitations of

the carrier's liability.  First, there are certain types of articles which the carrier will not assume

liability for the risk of loss if they are checked as baggage.  Typically, these articles include

valuable items such as cash, jewelry and camera equipment.  Partida Aff. ¶ 9.  Rather than accept

liability for the risk of loss, the passenger is given notice that those articles should be carried by

the passenger on the aircraft.  <u>Id</u>.  The second class of baggage includes non-excluded articles

which the carrier will assume potential liability for risk of loss up to a limit of $1,250.00 per

passenger.  <u>Id</u>. at ¶10.  In accordance with the "released valuation doctrine" the carrier will allow

the passenger to purchase excess valuation to a higher amount for non-excluded items.  <u>Id</u>.

With excludable items, however, the carrier is not liable for loss and the $1,250.00

limitation of liability provisions is not a factor.  <u>Tishman</u>, 413 F.2d at 1405("the limitation of

liability provision therefore does not come into play, since there is no liability at the outset").

The purpose of these exclusions and limitations is twofold.  First, the passenger is

assumed to be the best protector of his own property and is advised to carry very valuable items,

such as jewelry, cash or camera equipment, personally on the aircraft so that the passenger may

safeguard the property.  Partida Aff. ¶ 10.  Second, the carrier can better predict the approximate

dollar amount of its liability for checked baggage and factor that amount into the price of a ticket.

The Department of Transportation has found that an airline's exposure for the loss of valuable

items would "add significantly to airlines' cost, thereby resulting in higher ticket fares."

<u>Wackenhut Corp. v. Lippert</u>, 609 S.2d 1304, 1307 (Fla. 1992), <u>cert.denied</u>, 113 S. Ct. 2996

(1993)(*citing Complaint Against Limitation of Liability Tarriffs of Brantiff Airways, Inc. and Northwest Airlines, Inc.,* Docket 40373 (U.S. Dep't of Transp. Order Dismissing Complaint issued Dec. 2, 1987).

Plaintiff apparently attempts to rely on two isolated cases from other jurisdictions in support of his claim that a carrier may not enforce exculpatory provisions. See Feature Enterprises, Inc. v. Continental Airlines, 745 F.Supp 198 (S.D.N.Y. 1990); Odom v. Pacific Northern Airlines, Inc., 393 P.2d 112 (Alaska 1964).

As to the Odom opinion, the Fifth Circuit refuses to follow it. Indeed, the Fifth Circuit has endorsed the views of a district court that did "not agree with the result nor the reasoning of that [Odom] opinion." Blair v. Delta Air Lines, Inc., 344 F.Supp. 360, 366 (S.D.Fla. 1972), aff'd 477 F.2d 564 (5th Cir. 1973) (affirming district court for "reasons adequately stated in the opinion of the district court").

In Feature, the District Court upheld the $1,250.00 limitation per passenger on domestic flights but did not uphold the air carrier's exclusion of liability for jewelry in checked baggage. The court relied solely on the Federal Aviation Regulations (14 C.F.R. § 253.5(b) and 14 C.F.R. § 254) and completely ignored the controlling law in the Second Circuit upholding air carrier's exclusion of liability for certain valuable items. See Tishman, 413 F.2d at 1407; Lichten, 189 F.2d at 942. The Feature court apparently reasoned that the Federal Aviation Regulation governing domestic baggage liability required an air carrier's baggage liability to be at least $1,250.00 per passenger and, implicitly, the air carrier may not totally exclude liability for passenger baggage. Feature, 745 F. Supp. at 199.

Other than the obvious fact that the <u>Feature</u> decision holds no precedential value, there are several other reasons it should not be followed by this Court. First, the decision fails to adhere to the Second Circuit's precedent in both <u>Tishman</u> and <u>Lichten</u> that an air carrier's jewelry exclusions were valid. Second, the court fails to realize the distinction between excludable and non-excludable items. As discussed above, the $1,250.00 limit of 14 C.F.R. § 254 applies only to nonexcluded items. Excluded items, such as jewelry, cash or camera equipment, should be carried by the passenger and the carrier does not assume liability for risk of loss. Further, there is nothing in the rule-making history of 14 C.F.R. § 254 which reflects an intention by the drafters to prohibit air carriers from continuing to exclude certain items from liability as they had done for many decades. 49 Fed. Reg. 5065-71 (1984). Finally, and in our view dispositive, the law in the Fifth Circuit is that an air carrier can properly exclude from liability certain valuable items if a notice of those exclusions is reasonably communicated to the shipper or the passenger. <u>See</u> <u>Jewelers</u> at *8. Plaintiff cites nothing, and there is nothing, to the contrary.

**B.    <u>PLAINTIFF'S CLAIM THAT DEFENDANT IS LIABLE AS A BAILEE IS PREEMPTED BY FEDERAL LAW</u>**

Any claim by Plaintiff that American is responsible as a bailee is preempted by federal law. As the <u>Tishman</u> court stated: "it is beyond dispute, however, that with respect to negligent loss of or damage to baggage or freight, contractual arrangements and obligations are governed by the Federal Aviation Act, not by common law or some other statute." <u>Tishman & Lipp, Inc. v. Delta Air Lines</u>, 275 F.Supp 471, 481 (S.D.N.Y. 1967), <u>aff'd</u> 413 F.2d 1401 (1969).

Section 105 of the Federal Aviation Act, commonly referred to as the Airline Deregulation Act, contains an express preemption clause precluding a state from enacting or

enforcing a "law, regulation or other provisions having the force and effect of law related to a

price, route or service of an air carrier." 49 U.S.C. § 41713(b)(1)(West 1997.)  The Fifth Circuit

has defined "services" to include such items as "ticketing, boarding procedures, provision of

food and drink, and <u>baggage handling</u>, in addition to the transportation itself." <u>Hodges v. Delta

Airlines, Inc.</u>, 44 F.3d 334, 336 (5th Cir. 1995)(<u>emphasis</u> added).  Therefore, Plaintiff's claim

that Defendant is liable as a bailee is expressly preempted by Federal law.  Moreover, as held in

<u>Jewelers</u>, federal law fully enforces an air carrier's exclusion from liability for losses of valuable

items.

### C.   <u>DEFENDANT'S BAGGAGE EXCLUSIONS AND LIABILITY LIMITATIONS WERE, AS A MATTER OF LAW, REASONABLY COMMUNICATED TO PLAINTIFF</u>

An air carrier may lawfully exculpate itself for liability for articles of exceptional

value, like cameras or camera equipment, considering the problems encountered in the carriage

of such items and the passenger's alternative means of transporting these items. <u>See</u> <u>Tishman and

Lipp, Inc., v. Delta Air Lines</u>, 275 F. Supp. 471, 478 N. 5 (S.D. N.Y. 1967), <u>aff'd</u>, 413 F. 2d

1401 (2d Cir. 1969); <u>Blair v. Delta Airlines, Inc.</u>, 344 F. Supp. 360, 365 (S.D. Fla. 1972), <u>aff'd</u>,

477 F.2d 564 (5th Cir. 1973).

Defendant's Contract of Carriage specifically excludes Defendant from liability for

cameras and camera equipment. Partida Aff., Ex. 5. The Fifth Circuit has recently decided, on

facts remarkably similar to the facts before this Court, that exclusions to liabilities contained in

the Contract of Carriage are valid so long as the liability limiting provisions are "sufficiently

plain and conspicuous" so as to give the passenger reasonable notice of the meaning of the

provisions.  <u>Jewelers</u> at *8.

The Fifth Circuit adopted the Ninth's Circuit's "reasonable communicativeness" analysis to be utilized to determine whether an air carrier has provided adequate notice to the passenger of its baggage exclusions and limitation provisions. <u>Jewelers</u> at *8; <u>Deiro,</u> 816 F.2d at 1364.  Under the analysis adopted by the Fifth Circuit, the court must first examine the passenger ticket or airbill to determine whether the ticket or airbill provides reasonable notice to the passenger or shipper.  Second, the court is to consider the conditions under which the baggage was checked or the shipment was made. <u>Jewelers</u> at *8; <u>Deiro,</u> 816 F.2d at 1364.

In <u>Jewelers</u>, the carrier had no liability as a matter of law for three lost packages containing jewelry because the airbill governing the transportation of the jewelry incorporated by reference the carriers "Service Guide" (similar to a contract of carriage) which stated that the carrier was not liable for the loss of "jewelry." <u>Jewelers</u> at *8.  The court declined to hold the carrier liable for the lost jewelry even though the Plaintiff had declared the high value of the articles and paid an additional fee. <u>Jewelers</u> at *3.  Utilizing the first step of the <u>Deiro</u> analysis, the Fifth Circuit examined the airbill and found it contained a "conspicuous notice" on the front directing the customer to terms and conditions printed on the reverse side of the airbill.  Also, on the reverse side of the airbill was a notice that the carrier's Service Guide was incorporated by reference and governed the transportation of the articles. <u>Id</u>.  That Service Guide excluded the carrier's liability for shipped jewelry. <u>Jewelers</u> at *8.

Mr. Casas' American Airlines ticket, like the airbill in <u>Jewelers</u>, contains the conspicuous notice that the air transportation and baggage handling is "Subject to Conditions of Contract on Reverse Side." Partida Aff. ¶ 6.  The reverse side of Mr. Casas ticket also included notice that conditions of carriage were incorporated by reference, were a part of the "Contract of Carriage"

<u>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**</u> - Page 12

and that Mr. Casas should make sure he had received the important legal notices including the
"Notice of Incorporated Terms" and the "Notice of Baggage Liability Limitations." Partida Aff.
¶ 5. These notices of incorporated terms and baggage limitations were included in the ticket that
was provided to Mr. Casas. Partida Aff. ¶¶, 8, 9.

It is not necessary that Defendant prove that Mr. Casas had actual notice of these
exclusions. Jewelers at *8("carrier need not demonstrate that the customer had actual knowledge
of the liability limitations"); see also Stevenson v. American Airlines, Inc., 24 Av.Cas ¶ 17,341,
17,342 (E.D. Pa. 1992). The acceptance and use of the ticket by the passenger establishes "an
agreement prima facie valid, which limited the carrier's liability." Jewelers at *8; see Deiro 816
F.2d at 1366 (citing New York Cent. & H.R.R. Co. v. Beaham, 242 U.S. 148, 151-52 (1916)).
An allegation by Mr. Casas that he failed to read the notices does not overcome the "presumption
of assent." Beaham, 242 U.S. at 151-152.

The second factor that the Fifth Circuit found dispositive in Jewelers was the
consideration of the conditions under which the air transportation was made. The Jewelers court,
again citing Deiro, examined whether the customer was familiar with the ticket and had the time
and incentive to study the provisions of the ticket and whether there were any other notices that
the passenger might receive outside the ticket. Deiro 816 F.2d at 1364. In holding that the
carrier had no liability for the lost jewelry, the court noted that plaintiff was an experienced
shipper and had "ample opportunity" to inspect the airbill. Jewelers at *8. Similarly, Mr. Casas'
ticket was issued 12 days prior to the incident flight and Mr. Casas admits that he had the ticket
in his possession at least 7 days prior to the incident flight. Mr. Casas also admits that he had the
opportunity to review the ticket and its contents. Mr. Casas, an attorney who has been practicing

law for over 10 years, also admitted that he was aware that his ticket contained information that might affect his legal rights.

Additionally, there were numerous other notices of the exclusions from liability that were provided to Mr. Casas. There were numerous notices of the camera exclusions on the airport signs at the ticket counters at the Valley International Airport where Mr. Casas checked his bags on August 29, 1996 and at the Orlando International Airport where Mr. Casas checked his bags on the incident flight on September 3, 1996. Ortega Aff. p. 2, Ex. 1; Munzon Aff. p. 3, Ex. 3. Additionally, the notices were available to Mr. Casas in his ticket envelope. Partida Aff. ¶ 12, Ex. 11.

The Jewelers court, in finding that properly communicated exclusions of liability are valid and binding upon the passenger, followed the longstanding law of the Second Circuit which has upheld exclusions from liabilities for valuable items for over 40 years. Jewelers at *8. Tishman, 413 F.2d at 1407; Lichten, 189 F.2d at 942.

Further, the notice provisions provided by the air carrier in Deiro are identical to those provided to Mr. Casas. Compare Deiro, 816 F.2d at 1362-63 with Partida Aff. Ex. 2 ("Passenger Ticket and Baggage Check - Subject to Conditions of Contract"); Ex. 5 ("Notice - Conditions of Contract"); Ex. 7. ("Notice of Baggage Liability Limitations"); Ex. 8 ("Condition of Carriage"); Ex. 9 (Airport Sign-Notice of Baggage Limitations). Mr. Casas ticket states the following: "Passenger Ticket and Baggage Check - Subject to Conditions of Contract." The Deiro court stated that the message sought to be conveyed by such a notice is clear. Deiro, 816 F.2d at 1364-65. Similarly, the "Notice of Baggage Liability Limitations" issued with Mr. Casas' ticket was held conspicuous and understandable. Id. at 1365. Accordingly, the uncontroverted summary

judgment evidence establishes that Defendant clearly meets the first part of the "reasonable communicativeness" test under <u>Deiro</u> because the ticket here is identical to the ticket issued in <u>Deiro</u>.  <u>Deiro</u>, 816 F.2d at 1364-65.

The second aspect of <u>Deiro</u> requires that the circumstances surrounding the purchase and retention of the ticket be considered, including the "time and incentive [the passenger had] to study the provisions of the ticket, and any other notice that the passenger received outside of the ticket." <u>Id</u>. at 1364.  Defendant submits that the summary judgment evidence closely parallels the evidence set forth in <u>Deiro</u> upon which the court relied to find, as a matter of law, that the second prong of the "reasonable communicativeness" test was met.

First, Plaintiff's ticket was issued on August 22, 1996 and Plaintiff admits receiving the ticket by August 28, 1996.  Plaintiff did not depart Orlando, Florida until September 3, 1996, and was in possession of his ticket at least 12 days before the incident flight.  This time afforded Plaintiff more than ample time to inspect his ticket. See <u>Deiro</u>, 816 F.2d at 1365 (passenger receipt of ticket nine days before flight provided ample opportunity to become familiar with liability limitations).  Plaintiff knew the value of the video camera and equipment and a strong incentive existed for him to review and study his ticket to determine the terms of his Contract of Carriage.  As in <u>Deiro</u>, the receipt of a ticket several days before departure provided Plaintiff with ample opportunity to become familiar with the liability provisions "especially when [the passenger] knew in advance that he would be shipping valuable baggage." <u>Id</u>. at 1365.

Additionally, Plaintiff testified that he was aware that there was printed material on the ticket that affected his legal rights.  In <u>Deiro</u>, the passenger merely acknowledged that he was aware that there was "a whole bunch of stuff printed on the back of the ticket." <u>Id</u>.  In response,

the <u>Deiro</u> court stated that the passenger's statement evidenced his knowledge of the existence of written provisions or notices in the ticket. <u>Id</u>. Another important factor is the existence of a liability limitation notices posted at the Airport. Exhibit 9 to the Partida Affidavit is a notice provision posted at all American Airlines ticket counters including those at the Valley International Airport, the Dallas/Forth Worth International Airport, and the Orlando International Airport. Plaintiff testified that he checked his bags at the ticket counters at the Valley International Airport and the Orlando International Airport, thereby giving him an opportunity to see the notice. Plaintiff also admits that he is a seasoned air traveler and had previously flown on American Airlines.

Finally, the case cited by Plaintiff in support of his bailment claim, <u>Feature Enterprises Inc. v. Continental Airlines</u>, 745 F. Supp 198 (S.D.N.Y. 1990) contains no reference to or holding regarding any bailment issues.

Based upon the above analysis, and the uncontroverted summary judgment proof, Defendant reasonably communicated the exclusion of liability to Plaintiff. As a result, Plaintiff, in seeking damages for the loss of a video camera and equipment allegedly missing from his baggage, is bound by his ticket and provisions in the Contract of Carriage.

**D.** **<u>PLAINTIFF'S MISCONNECT WITH HIS ORIGINALLY SCHEDULED FLIGHT FROM DALLAS/FORT WORTH TO HARLINGEN HAS NO EFFECT ON THE REASONABLY COMMUNICATED EXCLUSIONS AND LIABILITY LIMITATIONS</u>**

Plaintiff asserts that because he was unable to travel on his originally scheduled flight on September 3, 1996 from the Dallas/Ft. Worth International Airport to the Valley International Airport through no fault of his own, any applicable exclusions or liability limitations are cancelled. He sites as authority for this proposition the New York State case of <u>Navarro v.</u>

American Airlines, Inc., 142 N.Y.S. 2d 725 (N.Y. App. Div. 1955)[2].  The Navarro case, in addition to being of no precedential value to this Court, does not stand for the proposition asserted by Plaintiff.  In Navarro, the New York Supreme Court held that it was error for the trial court to instruct the jury that "limitation of liability, if found to be binding upon Plaintiff at the time of receipt of the baggage, must be deemed terminated as a matter of law when her ticket was later cancelled."  Navarro, 142 N.Y.S. 2d at 726.  Further, the Court held, in a situation very similar to the facts before this Court, that when a bag is placed on an aircraft and the passenger arrives too late to board "the airline is under no duty to delay the take-off in order to look for, and return, his bags.  In that event, the initially limited baggage liability must be held to survive the subsequent ticket cancellation."  Id.

Moreover, it is well settled that misconnections or other alleged acts of negligence by the air carrier have no effect on the validity of reasonably communicated exclusions or liability limitations.  "Even gross negligence or proof that an employee of the defendant actually stole an excludable item" does not obviate reasonably communicated exclusions or limitations of liability.  Tishman, 274 F.Supp at 480-811(citing Glickfeld v. Howard Van Lines, 213 F.2d 723 (9th Cir. 1954)).

## VI.

## OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

Defendant hereby objects to Paragraphs 4, 7 and 8 of the Casas Affidavit offered in support of Plaintiff's Motion for Summary Judgment for the reason that such paragraphs contain inadmissible hearsay not within any exception to the hearsay rule.  Fed. R. Evid. 801, 802, 803.

---

[2]Two copies of Navarro are attached to this Motion.

## VII.

## CONCLUSION

For the reasons stated above, Defendant asserts that its baggage exclusions and limitations of liability fall within an a long recognized exception to the general rule that an air carrier may not exempt itself from liability for its own negligence when notice of those exclusions and limitations of liability were reasonably communicated to Plaintiff. Additionally, any assertion of a common law bailment claim is preempted by federal law. Finally, Plaintiff has no authority for the proposition that his inability to make the flight to Harlingen somehow removed the baggage exclusions or liability limitations. Plaintiff's Motion for Summary Judgment, therefore, should be in all things denied.

## VIII.

## PRAYER

WHEREFORE premises considered, Defendant American Airlines, Inc. requests that this Court deny Plaintiff's Motion for Summary Judgment in its entirety.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
     Attorney In Charge
     **David T. Moran**
     State Bar No. 17358700
     **James D. Struble**
     State Bar No. 19425700

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 4 day of August, 1997.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
David T. Moran

1616411.v1
101490.38

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - Page 19**