United States District Court
Southern District of Texas
FILED
SEP 25 1997
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS

VS.  CIVIL CAUSE NO. B-96-207

AMERICAN AIRLINES, INC.

## PLAINTIFF'S FIRST SUPPLEMENT TO HIS RESPONSE TO DEFENDANT'S MOTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Hector A. Casas, Plaintiff herein, by and through his Attorney of Record, Heriberto Medrano, and files his First Supplement to his previous response to Defendant's motions and would show as follows:

I.

Plaintiff submits for consideration a 3 page document published by U.S. Department of Transportation's Office of General Counsel entitled "Tips in Avoiding Baggage Problems," attached as Exhibit A.

The publication suggests that the passenger "Avoid putting the following in checked baggage: Valuables (cash, jewelry). Don't rely on suitcase locks; they are easily defeated.

\*     \*     \*     \*     \*     \*

Fragile items (camera, eyeglasses, glass containers). If these must be checked, wrap them carefully in padding."

\*     \*     \*     \*     \*     \*

"Buy 'excess valuation' from the airline if your property is worth more than the airline's liability limit (usually $1,250 per passenger for domestic flights, $640 per bag on international trips)".

II.

Nowhere in this document does it say anything to the effect: "Do not check valuables because the airlines' are not responsible." In fact, the document recognizes that there will be times when these items well be checked in. It says if you want to avoid problems, such as the one Plaintiff encountered, try not to check certain items. If in fact it was the case that airlines' were completely absolved of liability, as Defendant contends, the document would have so stated.

III.

Plaintiff also incorporates his affidavit attached as Exhibit "B" which demonstrates that the signs posted by Defendant do not provide adequate notice, due to the location and the statements contained therein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant's motions be denied, that the Court rule as a matter of law that Defendant is not exonerated from all liability but that in fact Defendant is liable up to $1,250 for lost and damaged baggage, plus costs and attorney's fees, and that the Court allow Plaintiff to pursue discovery to demonstrate that proceeding as a class action is appropriate and warranted.

Sincerely,

Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above and foregoing **Plaintiff's First Supplement to His Response to Defendant's Motions** has this 23rd day of September, 1997 sent by regular mail to counsel of record as follows:

David T. Moran
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

Heriberto Medrano