IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 09 1997

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc., Defendant, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby files its Reply to both Plaintiff's Response to Defendant's Motions and Plaintiff's First Supplement to His Response to Defendant's Motions and would show the Court the following:

### I.

### ADOPTION BY REFERENCE

Pursuant to Federal Rule of Civil Procedure 10(c), Defendant hereby adopts by reference Defendant's Motion for Summary Judgment and Brief in Support Thereof and Defendant's Response to Plaintiff's Motion for Summary Judgment, along with all summary judgment evidence filed with the Court in support of Defendant's Motion for Summary Judgment.

### II.

### OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

Defendant hereby re-urges its objections to Paragraphs IV, VII, and VIII of the Casas' Affidavit offered in support of Plaintiff's Motion for Summary Judgment for the reason that such

Paragraphs contain inadmissible hearsay not within any exception to the Hearsay Rule.   Fed. R. Evid. 801, 802, 803.

Defendant further objects to Exhibits "A" and "B" of Plaintiff's First Supplement to His Response to Defendant's Motions for the reasons that this summary judgment proof was filed more than twenty (20) days after the filing of Defendant's Motion for Summary Judgment in contravention of Southern District Local Rule 6(E)(1).

Defendant further objects to Exhibit "A" of Plaintiff's First Supplement to His Response to Defendant's Motions for the reason that the Exhibit contains inadmissible hearsay not within any exception to the Hearsay Rule.  Fed. R. Evid. 801, 802, 803.

## III.

## AMENDMENT TO UNDISPUTED FACTS

Defendant hereby amends Paragraph 4 of its Undisputed Facts to read as follows:

"4. Plaintiff received his round trip ticket for his flight to Orlando, Florida, on August 29, 1996, and return flight on September 3, 1996, by at least August 28, 1996, at least six days prior to the incident flight.  Casas' depo. p. 39, l. 8-10."

## IV.

## ARGUMENTS AND AUTHORITIES

A.   **The Fifth Circuit Has Approved the Long Standing Practice of Allowing Carriers to Exclude Certain Valuable Items from Liability**

It is the law of the Fifth Circuit that an air carrier, in its Contract of Carriage, may lawfully exclude liability for certain valuable items.  Exclusions to liability contained in the Contract of Carriage are valid so long as those liability limiting provisions are "sufficiently plain and conspicuous" so as to give the passenger reasonable notice of the meaning of the provision. Major's Jewelers v. ABX, Inc., 117 F.3rd 922, 930-931 (5th Cir. 1997).

In <u>Jewelers</u>, the Fifth Circuit held that the carrier had no liability as a matter of law because the air carrier's Contract of Carriage specifically excluded the carrier from liability for jewelry shipped in contravention of the Contract of Carriage. The Fifth Circuit relied upon long standing Fifth Circuit precedent upholding the ability of carriers, with proper notice, to limit their liability in their Contract of Carriage. <u>Jewelers</u>, 117 F.3rd at 930, citing <u>Carpenter v. Klosters Rederi A/S</u>, 604 F.2d 11, 13 (5th Cir. 1979) (upholding one year statute of limitations included in cruise ship's contract of passage). The Fifth Circuit, in <u>Jewelers</u>, adopted the "reasonable communicativeness" test to decide whether adequate notice is given to the passenger. <u>Jewelers</u>, 117 F.3rd at 930; <u>Deiro v. American Airlines, Inc.</u>, 816 F.2d 1360, 1364 (9th Cir. 1987).

There is ample evidence that notice of Defendant's exclusion was reasonably communicated to Plaintiff. First, Mr. Casas' American Airlines ticket, like the airbill in <u>Jewelers</u>, contains the conspicuous notice that the air transportation and baggage handling is "Subject to Conditions of Contract on Reverse Side." Partida Aff. ¶6. The reverse side of the ticket also included notice that conditions of carriage were incorporated by reference, were a part of the "Contract of Carriage" and that Mr. Casas should make sure he had received the legal notices including the "Notice of Incorporated Terms" and the "Notice of Baggage Liability Limitations." Partida Aff. ¶5. These notices of incorporated terms and baggage limitations were included in the Mr. Casas' ticket. Partida Aff. ¶¶, 8, 9.

Second, the conditions under which the air transportation was made show that Mr. Casas had the ability, opportunity and incentive to familiarize himself with the notices. Mr. Casas' ticket was issued 12 days prior to the incident flight and Mr. Casas admits that he had the ticket in his possession at least 6 days prior to the incident flight. Mr. Casas also admits that he had the opportunity to review the ticket and its contents. Mr. Casas, an attorney who has been practicing law

for over 10 years, also admitted that he was aware that his ticket contained information that might affect his legal rights.

Third, there were numerous other notices of the exclusions from liability that were provided to Mr. Casas. There were numerous notices of the camera exclusion included on the airport signs at the ticket counters at the Valley International Airport where Mr. Casas checked his bags on August 29, 1996 and at the Orlando International Airport where Mr. Casas checked his bags on the incident flight on September 3, 1996. Ortega Aff. p. 2, Ex. 1; Munzon Aff. p. 3, Ex. 3.

Plaintiff attempts end run the fact that the exclusion notices were reasonably communicated to him by arguing that <u>Jewelers</u> is distinguishable from his case because it did not involve passenger baggage. The Fifth Circuit, however, made it readily apparent by its reliance on passenger baggage cases that the analysis of whether or not restrictions to liability in the Contract of Carriage were reasonably communicated to the passenger would be the same in passenger and shipper cases. In fact, the "reasonable communicativeness" test was adopted from a passenger case. <u>See</u> <u>Jewelers</u>, 117 F.3rd at 930, citing <u>Deiro v. American Airlines, Inc.</u>, 816 F.2d 1360, 1365 (9th Cir. 1987) (airline passenger contractually bound by baggage liability limitations found in ticket). Further, the Fifth Circuit did not distinguish between exclusions and limitations to liability. In both cases the analysis centers on whether the exclusions or limitations were reasonably communicated to the passenger or shipper. <u>Jewelers</u>, 117 F.3rd at 930.

Further evidence of the similar analysis of passenger and shipper cases is found in Plaintiff's own response to Defendant's Motion for Summary Judgment. Plaintiff's discussion of the law of the Third and Ninth Circuits at page 4 of Plaintiff's Response to Defendant's Motions relies upon two shipper cases. <u>See</u> <u>First Pennsylvania Bank v. Eastern Airlines, Inc.</u>, 731 F.2d 1113 (3rd Cir. 1984) (shipper brought action against air carrier for lost checks); <u>Klicker v. Northwest Airlines, Inc.</u>,

<u>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS</u> - **Page 4**

563 F.2d 1310 (9th Cir. 1977) (shipper brought action to recover value of golden retriever). These courts, like the Fifth Circuit, make no distinction in their analysis between passenger or shipper exclusions.

### B.   There is No Requirement for Actual Notice of the Exclusion

Plaintiff attempts to argue that because Defendant's exclusion for camera equipment was not orally communicated to him the exclusions in the Contract of Carriage are unenforceable against him. Plaintiff's argument fails for several reasons.

First, there is no requirement that actual notice of the exclusions be communicated to the passenger. See, New York C. & H.R.R. Co. v. Beaham, 242 U.S. 148, 151-52 (1916) ("[A]cceptance and use of the ticket sufficed to establish an agreement prima facie valid which limited the carrier's liability"); Jewelers, 117 F.3rd at 930 ("carrier need not demonstrate that the customer had actual knowledge of the liability limitations"); Deiro, 816 F.2d at 1366 ("federal common law has never required actual notice of a carrier's liability limitation").

Second, it is obvious from Mr. Casas' deposition testimony that he was aware that his ticket contained terms that affected his legal rights. The following question and answer was given at his deposition:

"Q.   At the time of the incident, were you aware that the ticket, both the front and the back, had terms that may affect your legal rights?

"A.   Yes."

Casas' depo. p. 45, l. 11-14. Included in Mr. Casas' ticket were notices that (1) the air transportation was "Subject to Conditions of Contract on Reverse Side" (Partida Aff. ¶6); (2) that the Conditions of Contract were incorporated by reference and were a part of the "Contract of Carriage" (Partida Aff. ¶5); and (3) that the "Notice of Incorporated Terms" and "Notice of Baggage Liability Limitations" should be examined. (Partida Aff. ¶5). The "Notice of Incorporated Terms" and Notice

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS - Page 5**

of Baggage Liability Limitations" were included with Mr. Casas' ticket. (Partida Aff. ¶8, 9).

Third, it is possible that no amount of notice would have affected Mr. Casas. Mr. Casas makes the following statement in his Counter-Affidavit:

> "7.    Since I have never had any lost luggage, and because I have always been of the opinion that these types of exclusions are invalid, there was no need for me to familiarize myself with them."

Mr. Casas is apparently referring to the numerous signs located at both the Harlingen and Orlando Airports advising passengers of the baggage exclusions and limitations. Mr. Casas seems to argue that, because of his own legal conclusion that such exclusions are invalid, there was no need for him to become aware of the exclusions and limitations. Mr. Casas therefore admits that he was aware at the very least of the existence of "these types of exclusions." Mr. Casas' failure to read the notices is legally irrelevant because "mere failure by the passenger to read the matter plainly placed before [him]" is not a defense to lack of notice. Beaham, 242 U.S. 148 at 151-52.

## V.

## PLAINTIFF HAS MISINTERPRETED SEVERAL CASES

### A.    Odom v. Pacific Northern Airlines and Blair v. Delta Airlines, Inc.

Plaintiff sates at page 10 of his Response that "contrary to Defendant's assertions, it [Blair] does not overrule Odom v. Pacific Northern Airlines." First, Defendant did not state that Blair overruled Odom. Defendant correctly stated that the Fifth Circuit, in a per curiam decision and "for reasons adequately stated in the opinion of the district court," refused to follow Odom. Blair v. Delta Airlines, Inc., 477 F.2d 564 (5th Cir. 1973). Second, the district court, in its discussion of Odom, stated that "this Court does not agree with the result nor the reasoning of that opinion [Odom]." Blair v. Delta Airlines, Inc., 344 F.Supp. 360, 366 (S.D. Fla. 1972). Simply put, the district court analyzed and chose not to follow Odom and the Fifth Circuit affirmed that ruling.

Blair v. Delta Airlines, Inc., 344 F.Supp. 360, 366 (S.D. Fla. 1972). Simply put, the district court analyzed and chose not to follow Odom and the Fifth Circuit affirmed that ruling.

**B.    Navarro v. American Airlines, Inc.**

On page 11 of his Response Plaintiff again contends that the New York state court case of Navarro v. American Airlines, Inc. stands for the proposition that liability limitations are terminated when a passenger misconnects with a flight. As stated in Defendant's Response to Plaintiff's Motion for Summary Judgment, the New York state court held just the opposite -- an "initially limited baggage liability" survives a subsequent ticket cancellation caused by a misconnecting passenger. Navarro v. American Airlines, Inc., 142 N.Y.S.2d 725 (N.Y. App. Div. 1955).

**V.**

**CONCLUSION**

For the reasons stated in this Reply and in Defendant's Motion for Summary Judgment, Defendant asserts that its baggage exclusions and limitations of liability allow it to restrict its liability for certain classes of baggage when notice of the exclusions and limitations of liability are reasonably communicated to the passenger. Plaintiff had ample opportunity to make himself aware of the exclusions and limitations of liability contained in the airline ticket, airport signs and various other notices given to Plaintiff. It is a question of law as to whether notice of the exclusions and liability limitations were reasonably communicated to Mr. Casas. The summary judgment proof in this case meets the test of both Jewelers and Deiro, and accordingly, Defendant submits that the result here should be the same as in those cases. Defendant is therefore entitled to final summary judgment as a matter of law and Plaintiff should take nothing or, in the alternative, Defendant's liability should be limited to twelve hundred and fifty dollars ($1,250).

## VI.

## PRAYER

WHEREFORE, Defendant requests that on final hearing of this Motion, the Court enter

judgment that the Plaintiff take nothing from Defendant and that the Defendant recover its costs from

Plaintiff; or alternatively, that Defendant's liability to Plaintiff is expressly limited to twelve hundred

and fifty dollars ($1,250.00), and for further relief, at law, or in equity, to which Defendant is justly

entitled to receive.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
      **By permission**
      **David T. Moran**
      State Bar No. 17358700
      **Attorney in Charge**
      **James D. Struble**
      State Bar No. 19425700

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the Plaintiff's counsel of record by facsimile and certified mail, return receipt requested, on this 8th day of October, 1997.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas  78550

_____
James D. Struble

1638869.1
101490.38

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS** - Page 8