23

United States District Court
Southern District of Texas
FILED

OCT 16 1997

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS

VS. CIVIL CAUSE NO. B-96-207

AMERICAN AIRLINES, INC.

PLAINTIFF'S REPLY TO DEFENDANT'S REPLY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Hector A. Casas, Plaintiff herein, by and through his Attorney of Record, Heriberto Medrano, and hereby makes and files this reply to Defendant's Reply to Plaintiff's Response to Defendant's Motion, and would show as follows:

I.

DEFENDANT HAS MISREPRESENTED THE SOLE CASE IT RELIES ON

A. At page 3 of its reply, Defendant states and affirmatively asserts: " The Fifth Circuit, in Jewelers, adopted the 'reasonable communicativeness' test to decide whether adequate notice is given to the passenger." (emphasis added)

Jewelers was not a passenger case; it was a shipper case. Therefore Defendant's assertion is plainly wrong.

B. Defendant has not cited any case which overrules Feature Enterprises v. Continental Airlines, 745 F. Supp. 199 (1990). Infact, Wackenhut Corp. v. Luppert, 609 So. 2d. 1304 (1994) cited by Defendant, actually cites Feature and reaches the same results as in Feature. These cases hold the common air carrier liable in passenger-baggage cases, for lost valuables, even where there is language contained in their contract of carriage which purports to absolve the carrier of all liability. The courts held

ClibPDF - www.fastio.com

that this type of language is invalid as a matter of law. (emphasis added)

C. Defendant has not cited any authority or set forth any theory which holds that Title 14 C.F.R. Parts 254.4 and 254.5 are invalid, or are not applicable to the case at bar.

D. Defendant has cited no authority contradicting the law review article cited by Plaintiff entitled The Effect of Post-Deregulation Court Decisions on Air Carriers Liability For Lost, Delayed or Damaged Baggage, 55 J. Air L. Com 653 (1989) available on Westlaw, which rightfully concludes that the exculpatory clauses upon which American Airlines bases its defense are unlawful and unenforceable.

E. Defendant has offered no response to Plaintiff's argument that 49 Fed Reg. 5065-71 (1984) originally cited by Defendant, actually supports Plaintiff's position that all baggage losses will be fully compensated up to the liability limitation of $1250.00, which is an amount below which carriers cannot go.

F. In its attempt to distinguish some of the many authorities cited by Plaintiff, Defendant asserts that Plaintiff misrepresented three cases to the court.[1] Defendant, however, makes no attempt and indeed fails to discuss the Vogelsang, Mao and Chambers, cases which hold, like many of the cases cited by Plaintiff, that an airline cannot completely exonerate itself from liability and that carriers are liable and responsible for lost jewelry and even camera equipment.

II.

Defendant's position in this case is simply untenable: "Defendant asserts that its baggage exclusions and limitations of liability allow it to restrict its liability for certain

---

[1] Plaintiff disputes that he has misrepresented anything to the Court. If anyone has misrepresented anything its Defendant. For example, see Defendant characterization of 49 Fed. Reg. 5065-71 (1984), the Wackenhut Case or its current characterization of the Jewelers case.

ClibPDF - www.fastio.com

classes of baggage when notice of the exclusions and limitations of liability are reasonably communicated to the passenger." If Defendant's position where correct, the C.F.R.'s (Title 14, Part 254) quoted in Plaintiff's pleading would be useless, toothless, and meaningless. Nowhere does Defendant cite any authority as to what "certain classes of baggage" it on its own may decide it will have no responsibility or liability for. Defendant cites no authority which sets out those items it can exclude from liability from those items it cannot. The plain and simple truth is, in the passenger-baggage situation, Defendant has no right to exonerate itself from all liability and such attempts are invalid as a matter of law. That's what Caselaw, Federal Regulations, Federal Register, Law Reviews and the Office of General Counsel for the U.S. Department of Transportation says and concludes, and that's the result that should be reached in this case.

III.

In a passenger-baggage case, whether or not notice of liability limitations were adequately communicated, is only considered if Plaintiff's claim is for more than $1,250.00. So long as Plaintiff's claims are less than $1,250.00, the notice question is not even an issue. It only comes into play if Plaintiff's claim exceeds $1,250.00. If Plaintiff's claim exceeds $1,250.00, and if notice of liability limitations was not reasonably communicated, then the carrier is liable for all damages or losses.

In case at bar, Plaintiff's claims never exceeded the $1,250.00 level and thus whether Plaintiff received notice is simply not at issue.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant's motion for Summary Judgment be in all things denied, that Defendant's defense be

ClibPDF - www.fastio.com

stricken, and that this Court allow Plaintiff to pursue discovery on the issues of class certification.

Respectfully submitted,

Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
Telephone (956) 428-2412
Facsimile (956) 428-2495

Heriberto Medrano
State Bar No. 13897800

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above and foregoing **Plaintiff's Reply to Defendant's Reply** on this 9th, day of October, 1997 sent by regular mail and faxed to counsel of record as follows:

David T. Moran
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

[signature]
Heriberto Medrano

ClibPDF - www.fastio.com