1mv

United States District Court
Southern District of Texas
ENTERED

FEB 1 0 1998

Michael N. Milby,
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

IFEB   6 1998

Michael N. Milby, Clerk

| | | |
|---|---|---|
| HECTOR A. CASAS | * | |
| VS | * | C.A. NO. B96 207 |
| AMERICAN AIRLINES, INC. | * | |

Heriberto Medrano, 1101 West Tyler, Harlingen, TX  78550, Attorney
for Plaintiff

JACKSON  WALKER,  L.L.P.  (David  T.  Moran),  901  Main  Street,
Suite 6000, Dallas, TEX  75202, Attorney for Defendant

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court are both parties' cross Motions for Summary
Judgment.  The Honorable Filemon B. Vela, District Judge, having
jurisdiction over the above-styled and numbered proceeding, has
directed this Court to consider the matter and file a report and
recommendation herein.

This lawsuit arises out of the alleged loss by AMERICAN
AIRLINES, INC. of a passenger's luggage which contained camera
equipment.  AMERICAN AIRLINES summarily denied the passenger's

2

claims of loss relying on an "exclusion of liability" clause of the contract of carriage. Plaintiff relies on various theories of state law torts and 14 C.F.R. § 254 which precludes carriers from exempting themselves from liability.

This Court has read the parties' pleadings, listened to their counsel's argument and considered the issues raised in light of the record and the applicable law, and is of the opinion that Plaintiff's state court claims should be summarily dismissed and, consequently, Defendant's Motion for Summary Judgment should be partially granted (regarding state law causes of action) and partially denied (regarding the exclusion from liability). It's also this Court's opinion that Defendant's exclusion of liability clause is unenforceable and that Defendant's liability for lost luggage is limited to $1,250.

In support of the aforementioned opinion, the Court files the following findings of facts and conclusions of law.

## Findings of Fact

1.  AMERICAN AIRLINES issued an airline ticket in Plaintiff's name on August 22, 1996, for round trip travel from Harlingen, Texas, to Orlando, Florida, beginning on August 29, 1996, with a return date of September 3, 1996.

Plaintiff was traveling on AMERICAN AIRLINES to Orlando, Florida on August 29, 1996, for vacation at Disney World, a trip he had taken on two previous occasions.

2.  Attached to Plaintiff's passenger ticket is a page with the heading "NOTICE" and "CONDITIONS OF CONTRACT". Under paragraph 3 of the "CONDITIONS OF CONTRACT" it is stated that "carriage and other services performed by each carrier are subject to (I) provisions contained in this ticket, (ii) applicable tariffs, (iii) carrier's conditions of carriage and related regulations which are made part hereof (and are available on application at the offices of carrier)." This notice is a component part of every ticket issued. The Conditions of Carriage, provide that:

> AMERICAN IS NOT RESPONSIBLE FOR JEWELRY, CASH, CAMERA EQUIPMENT OR OTHER SIMILAR VALUABLE ITEMS CONTAINED IN CHECKED OR UNCHECKED BAGGAGE. IF ANY OF THESE ITEMS ARE LOST, DAMAGED, OR DELAYED, YOU WILL NOT BE ENTITLED TO ANY REIMBURSEMENT UNDER EITHER AMERICAN'S STANDARD BAGGAGE LIABILITY OF UNDER ANY DECLARED EXCESS VALUATION. THESE ITEMS SHOULD BE CARRIED PERSONALLY BY YOU.

3.  Attached to Plaintiff's passenger ticket is a page containing the statement "NOTICE OF BAGGAGE LIABILITY LIMITATIONS" which states in pertinent part as follows:

4

"[l]iability for loss, delay, or damages to baggage is
limited unless a higher value is declared in advance and
additional charges are paid .... For travel wholly
between U.S. points, federal rules require any limit on
an airline's baggage liability to be at least $1,250.00
per passenger. Excess valuation may be declared on
certain types of articles. Some carriers assume no
liability for fragile, valuable or perishable articles.
Further information may be obtained from the carrier."

4.   There are signs, in English and Spanish, at both the
AMERICAN AIRLINES ticket counter and AMERICAN AIRLINES
gate at the Valley International Airport, containing the
following notices.

   1.   "Baggage Liability ... liability for loss,
        delay or damage to baggage will be limited as
        indicated below, unless a higher valuation for
        the checked baggage has been declared and
        additional charges paid at check-in. Excess
        valuation may not be declared on certain types
        of articles."

   2.   "Domestic - Travel wholly within the 50
        states, Puerto Rico and the U.S. Virgin
        Islands.

        Baggage Liability - limited to $1250 per
        passenger. May be less on some airlines. NO
        liability for camera equipment, jewelry, cash,
        electronic equipment, or other similar
        valuable items contained in checked or

> unchecked baggage. Passengers should personally carry these items, as well as medications or prescription."

5. The AMERICAN AIRLINES ticket counter at the Orlando International airport contains the same notices outlined above.

6. Notice provisions and signed of Defendant liability limitations are posted at all of Defendant's ticket counters, including the AMERICAN AIRLINES counter at Valley International Airport, the AMERICAN AIRLINES ticket counter at the Dallas/Fort Worth International Airport, and the AMERICAN AIRLINES ticket counter at the Orlando International Airport at all times material to this action.

7. On September 16, 1996, Plaintiff completed a form provided by Defendant entitled "Statement of Property Loss" which is a statement of the items allegedly contained in Plaintiff's baggage after his September 3, 1996, flight. All the items listed as missing from Plaintiff's baggage on the "Statement of Property Loss" are camera equipment. Defendant denied Plaintiff's claim on the basis of the exclusion of liability for losses of camera equipment.

## Conclusions of Law

1.  Federal not state law, governs this case relating to the
    lability exclusions and limitations of an air carrier
    with respect to interstate transportation of property.
    <u>Majors Jewelers v. ABX, Inc.</u>, ___ F.3d ___, 1997 WL395254
    (5th Cir. 1997) (hereinafter "<u>Jewelers</u>"); <u>Deiro v.
    American Airlines, Inc.</u>, 816 F.2d 1360, 1365 (9th Cir.
    1987).

2.  In determining whether a passenger is contractually bound
    by the terms of the contract as noted on or with the
    passenger ticket, the Fifth Circuit has adopted a
    "reasonable communicativeness" test.  <u>Jewelers</u> at *8
    (citing <u>Deiro</u>, 816 F.2d at 1364).  The reasonableness of
    the notice under this test is a question of law to be
    determined by the court.  <u>Deiro</u> 816 F.2d at 1364.  Based
    on the findings of fact above, we find the reasonable
    communicativeness test has been met in the case at hand.

3.  In <u>Jewelers</u>, the Fifth Circuit affirmed the United States
    Court for the Western District of Texas granting an air
    carrier's motion for summary judgment based upon the
    jewelry exclusions in that carrier's contract of

carriage.   <u>Jewelers</u> at *8; <u>see also</u> <u>Deiro</u>, 816 F.2d at
1365; <u>Lichten v. Eastern Airlines, Inc.</u>, 189 F.2d 939 (2d
Cir. 1951) (summary judgment granted and air carrier not
liable for jewelry contained in checked baggage).
However, <u>Jewelers</u> did not deal with passenger flights.

4      Plaintiff relies on <u>Feature Enterprises v. Continental</u>
<u>Airlines</u>, 745 F.Supp. *199, for the proposition that:

> "it is a black letter rule that a common
> carrier cannot completely exculpate itself
> from liability.  <u>See</u>, <u>e.g.</u>, <u>First Pennsylvania</u>
> <u>Bank v. Eastern Airlines, Inc.</u>, 731 F.2d 1113,
> 1116 (3d Cir. 1984); <u>Klicker v. Northwest</u>
> <u>Airlines, Inc.</u>, 563 F.2d 1310, 1312 (9th Cir.
> 1997)."

5.     This Court agrees with Plaintiff's contention based upon
a reading of the current federal regulations governing
interstate air transportation.  The federal regulations
set forth which conditions of carriage may be
incorporated by an airline.  <u>See</u> 14 C.F.R. § 253.5(b).
The list includes "[l]imits on the air carrier's
liability" but does not specify exclusions of the air
carrier's liability.  Moreover, 14 C.F. F. § 254, which
governs "domestic baggage liability" states "'Federal
rules require any limit on an airline's baggage liability
to be at least $1,250 per passenger.'"   It would be

8

illogical for the regulations to outlaw a limitation of less than $1,250, but to permit an exclusion of liability --i.e., zero liability.  Although Section 254 does not explicitly prohibit exclusions of liability, the implication is clear.  Accordingly defendants cannot rely on the provision in the tariff and contact of carriage which excludes liability.

Because of the foregoing, this Court respectfully recommends that:

1.    All state law tort claims be dismissed,

2.    Defendant's exclusion of liability claims be found unenforceable, and

3.    Defendant's liability for Plaintiff's lost luggage be limited at $1,250.00.

The Clerk shall send copies of this Report and Recommendation to the parties who have ten (10) days from receipt thereof to file written objections hereto, pursuant to General Order 80-5.  Failure to file written objections within the prescribed time shall bar an aggrieved rom attacking the factual findings on appeal.

9

DONE at Brownsville, Texas, this _____ day of February, 1998.

Fidencio G. Garza, Jr.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


HECTOR A. CASAS                    *

     VS                           *   CIVIL ACTION NO. B96-207

AMERICAN AIRLINES, INC.            *

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be adopted.

It is therefore ORDERED, ADJUDGED, and DECREED that:

1.   All state law tort claims be **dismissed**;

2.   Defendant's exclusion of liability claims be **unenforceable**; and

3.   Defendant's liability for Plaintiff's lost luggage be limited to **$1,250.00**.


DONE at Brownsville, Texas, this _____, day of _____, 1998.


_____
Filemon B. Vela
United States District Judge