IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 23 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc., Defendant, and, pursuant to 28 U.S.C. §§631, 636, Rule 72 of the Federal Rules of Civil Procedure, and General Order 80-5, hereby files its Objections to the Magistrate Judge's Report and Recommendation regarding the parties' cross-motions for summary judgment issued by the Honorable Fidencio G. Garza, Jr. on February 6, 1998, and would show the Court the following:

## I.

## FACTUAL BACKGROUND

On September 3, 1996, Plaintiff was returning on the second half of a round trip series of flights as a passenger on American Airlines Flight 2099 from Orlando, Florida to Dallas/Fort Worth International Airport, with a continuing flight from Dallas/Fort Worth to the Valley International Airport, Harlingen, Texas scheduled for the same day. Plaintiff checked two pieces of baggage at the Orlando Airport, one of which was a bag containing a video camera and various camera

accessories.  Because of various delays due in part to weather in the Orlando area, Plaintiff missed

the last connecting flight to Harlingen that evening.   Plaintiff spent the night at a Dallas/Fort Worth

area hotel at Defendant's expense and traveled back to Harlingen the next morning.  When he arrived

at the Valley International Airport on September 4, 1996, he was able to retrieve one bag but the bag

containing the camera equipment could not be located.  After an extensive search by Defendant's

personnel at the Valley International Airport and by  Defendant's personnel at Central Baggage

Service at the Dallas/Fort Worth Airport, Plaintiff's bag containing camera equipment could not be

found. Plaintiff sued Defendant for the lost camera claiming it had a value of $1,049.00.  Defendant

denied liability based upon its exclusion of liability for losses of cameras under its Contract of

Carriage.

## II.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On February 6, 1998, the Honorable Fidencio G. Garza, Jr. issued his Report and

Recommendation in which he made the following recommendations:

1.      All state law tort claims be dismissed;

2.      Defendant's exclusion of liability [for camera losses] be found unenforceable; and

3.      Defendant's liability for Plaintiff's lost luggage be limited at $1,250.00.

## III.

## OBJECTIONS TO FINDINGS OF FACT

Defendant has no objection to the Finding of Fact Nos. 1-7 contained in the Magistrate's

Report.  Defendant respectfully objects, however, to the Magistrate's Report insofar as it omits the

following facts as presented in Defendant's Motion for Summary Judgment:

1.     Plaintiff travels by air "quite a bit," is a member of American Airlines frequent flier program and has flown on all three air carriers that serve the Valley International Airport.  Casas depo. p. 30, l. 17-19; p. 32, l. 11-14. p. 32., l. 21-24.

2.     Plaintiff received his round trip ticket for his flight to Orlando, Florida on August 29, 1996 and return flight on September 3, 1996 by at least August 28, 1996, at least six days prior to the incident flight. Casas depo. p. 39, l. 8-10.

3.     Plaintiff is a licensed attorney who had been practicing law approximately 10 years at the time of the incident. Casas depo. p. 17, l. 21-23.

4.     Plaintiff had the opportunity to read his airline ticket if he so chose.  <u>See</u> Casas depo. p. 43, l.5-11.

5.     Plaintiff was aware that his ticket contained information that affected his legal rights. Casas depo. p. 45, l. 11-14.

6.     Printed on the face of Plaintiff's passenger ticket is the statement "PASSENGER'S TICKET AND BAGGAGE CHECK-SUBJECT TO CONDITIONS OF CONTRACT ON THE REVERSE SIDE." Partida's Aff. ¶ 6, Ex. 4.

7.     The booklet which contains Defendant's "CONDITIONS OF CARRIAGE" which is "available on application at the office of carrier,"  is available at all American Airlines and American Eagle ticket offices. Partida's Aff. ¶ 10.

8.     Plaintiff was familiar with the Valley International Airport, the American Airlines ticket counter and the American Airlines gate area at the time of the incident.  Casas depo. p. 34, l. 19-21; p. 35, l. 5-7; p. 35, l. 22-24.

<u>DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S</u>
<u>REPORT AND RECOMMENDATION</u>                                                    PAGE 3

9. Plaintiff checked two bags on September 3, 1996 at the American Airlines ticket counter at the Orlando International Airport. Casas depo. p. 67, l. 8-13.

10. The camera case checked on September 3, 1996 was small enough for Plaintiff to hand carry aboard the aircraft. Casas depo. p. 59, l. 13-16; p. 97, l. 5-8.

11. Defendants do not guarantee simultaneous delivery of a passenger and his baggage at final destination. The times shown in timetables or elsewhere are not guarantees and Defendant assumed no responsibility for making connections. Partida Aff., Ex. 8, § 3.

12. Defendant denied Plaintiff's claim on the basis of the exclusion of liability for losses of camera equipment. Partida Aff. ¶ 6, Casas Aff. ¶ 11.

## IV.

## OBJECTIONS TO CONCLUSIONS OF LAW

### A. THE MAGISTRATE'S CONCLUSION OF LAW NO. 3 IS INCORRECT BECAUSE THE FIFTH CIRCUIT HOLDING IN JEWELERS APPLIES TO PASSENGER BAGGAGE EXCLUSIONS

Defendant objects to the last sentence in Conclusion of Law No. 3. After citing Second and Fifth Circuit precedent upholding the enforceability of exclusions, the Magistrate states "However, Jewelers did not deal with passenger flights." Although it is true that the Jewelers case concerned a shipment of jewelry on Airborne Express, an air cargo carrier, the Fifth Circuit gave no indication that its ruling is limited to shipments and not applicable to passenger baggage.

In Jewelers, the Fifth Circuit affirmed summary judgment and held that an air carrier had no liability as a matter of law because its Contract of Carriage specifically excluded liability for jewelry losses. The Fifth Circuit relied upon long standing Fifth Circuit precedent upholding the ability of carriers to limit their liability in their Contract of Carriage. Majors Jewelers v. ABX, Inc., 117 F.3d

922 (5th Cir. 1997), citing Carpenter v. Klosters Rederi A/S, 604 F.2d 11, 13 (5th Cir. 1979)

(upholding one year statute of limitations included in cruise ship's contract of passage).  The Fifth

Circuit, in Jewelers, adopted the "reasonable communicativeness" test to decide whether adequate

notice is given to the passenger.  Jewelers, 117 F.3d at 930; Deiro v. American Airlines, Inc., 816

F.2d 1360, 1364 (9th Cir. 1987).  Here, the Magistrate followed this law and correctly found that

Defendant had reasonably communicated its exclusion of liability and that Plaintiff was contractually

bound by the terms of the contract "as noted on or with the passenger ticket."  (Magistrate's Report

at 6).

There is nothing in Jewelers to suggest a different result in passenger cases.  Indeed, the Fifth

Circuit relied on passenger baggage cases in adopting the "reasonable communicativeness" test.

See Jewelers,  117 F.3d at 930, citing Deiro v. American Airlines, Inc., 816 F.2d 1360, 1365 (9th

Cir. 1987) (airline passenger bound by baggage liability limitations found in ticket).  Further, the

Fifth Circuit did not distinguish between exclusions and limitations to liability.  In both cases, the

analysis centers on whether the exclusions or limitations were reasonably communicated to the

passenger or shipper.  Jewelers, 117 F.3d at 930.

Additionally, the Jewelers court, while making a distinction between shipments by ground

transportation and those shipments made by air, made no distinction between the damage or loss of

property carried as airfreight or as passenger baggage.  In its discussion of the development of

federal common law pertaining to loss or damage to property in transit, the Fifth Circuit noted that

the Carmack Amendment to the Interstate Commerce Act of February 4, 1887 and other major

interstate commerce acts (such as the Interstate Commerce Act, the Federal Communications Act

and the Motor Carrier's Act) included provisions that "imposed liability on carriers for loss or injury

to goods transported." Jewelers, 117 F.3d at 926-27. The Jewelers court also noted that the Federal

Aviation Act failed to include similar provisions imposing liabilities on air carriers. Jewelers, 117

F.3d at 927. The Fifth Circuit made this pronouncement even though 14 C.F.R. § 254, which

Plaintiff argues mandates a minimum liability of $1,250.00 and prohibits any exclusion, had been

in existence for 13 years at the time of the Jewelers decision.

## B. THE MAGISTRATE'S CONCLUSION OF LAW NO. 4 IS INCORRECT BECAUSE REASONABLY COMMUNICATED EXCLUSIONS ARE VALID AND ENFORCEABLE

Defendant objects to Conclusion of Law No. 4 to the extent that it suggests that the correct

rule of law is that a common carrier cannot exculpate itself from liability through reasonably

communicated terms in its Contract of Carriage. Although the Magistrate's Report correctly points

out that Plaintiff relies on this proposition, Defendant, for the reasons set forth herein, would show

that air carriers, like the defendant in Jewelers, may lawfully exclude liability for certain valuable

items it refuses to accept as passenger baggage.

### 1. Air Carriers May "Incorporate By Reference" Terms of Its Contract of Carriage.

The Magistrate's Report correctly found that Defendant incorporated the exclusion of

liability and reasonably communicated the exclusion to Plaintiff. (Magistrate's Report at 3-4, 6).

As the Fifth Circuit noted in Jewelers, an air carrier may incorporate terms of its contract of carriage

and give notice that "any terms incorporated are part of the contract." Jewelers, 117 F.3d at 930;

14 C.F.R. § 253.5(a). Section 253 includes a list of subjects that may be incorporated by reference,

but this list is not exclusive. 14 C.F.R. § 253.5(b)("[t]he incorporated terms may include"). The

regulation contains a descriptive list of some items that may be incorporated but does not prohibit

an air carrier from incorporating by reference in its contract of carriage items not listed such as

exclusions to liability for the loss of valuable items. For instance, as noted by the Fifth Circuit in

Jewelers, a carrier may incorporate by reference certain matters not listed in § 253.5(b) such as

statute of limitations. Jewelers, 117 F.3d at 930, citing Carpenter, 604 F.2d at 13 (statute of

limitations included in contract of passage enforceable).

Further, 14 C.F.R. § 253.5(b)(1) allows an air carrier to limit liability for "fragile" goods.

Mr. Casas' video camera certainly is a "fragile" item that would be more appropriately protected by

having the passenger carry the item on board the aircraft.

### 2. The Rights And Liabilities Of The Parties Are Governed By The Contract Of Carriage

#### a. Carriers May Limit Their Liability in Their Contract of Carriage

Under the federal common law, a carrier may limit its liability for damaged or lost baggage.

See Jewelers, 117 F.3rd at 930; Deiro, 816 F.2d at 1365. Air carriers may validly exclude or limit

their liability for articles entrusted to them either as freight or checked baggage. See Tishman &

Lipp, Inc. v. Delta Air Lines, 413 F.2d 1401 (2d Cir. 1969)(excluding air carriers liability for

$50,000 of jewelry contained in passenger baggage but shipped as air freight); Lichten v. Eastern

Airlines, Inc., 189 F.2d 939 (2d Cir. 1951) (granting summary judgment and holding air carrier not

liable for jewelry in passenger baggage); Berkman v. Trans World Airlines, Inc., 209 F. Supp. 851

(S.D.N.Y. 1962) (granting summary judgment and finding air carrier not liable for jewelry in

passenger baggage valued at $57,000).

There are two general classes of baggage that are subject to exclusions and limitations in the

contract of carriage. First, there are certain types of articles which the carrier will not assume

liability for the risk of loss if they are checked as baggage. Typically, these articles include valuable

items such as cash, jewelry and camera equipment. Partida Aff. ¶ 9. Rather than accept liability for

the risk of loss, the passenger is given notice that those articles should be carried by the passenger on the aircraft. Id. The second class of baggage includes non-excluded articles which the carrier will assume potential liability for risk of loss up to the 14 C.F.R. § 254 limit of $1,250.00 per passenger. Id. at ¶10. With excludable items, however, the carrier is not liable for loss and the $1,250.00 limitation of liability provisions of 14 C.F.R. § 254 does not even apply. See, Tishman, 413 F.2d at 1405 ("the limitation of liability provision [of the tariff] therefore does not come into play, since there is no liability at the outset").

The purpose of these exclusions and limitations is twofold. First, the passenger is assumed to be the best protector of his own property and is advised to carry very valuable items, such as jewelry, cash or camera equipment, personally on the aircraft so that the passenger may safeguard the property. Partida Aff. ¶ 10. Second, the carrier can better predict the approximate dollar amount of its liability for checked baggage and factor that amount into the price of a ticket.

      b.    **Reasonably Communicated Exclusions and Limitations to Liability for Lost Baggage Are Valid and Binding on the Passenger**

For many years, it was a well established rule that if an air carrier had filed its tariffs with the Civil Aeronautics Board (CAB), these tariffs then formed the Contract of Carriage between the parties and "conclusively and exclusively govern[ed] the rights and liabilities between the parties." Neal v. Republic Airlines, Inc., 605 F.Supp. 1145, 1147 (N.D. Ill. 1985). The Fifth Circuit has long recognized the enforceability of exclusioning tariffs. See, Blair v. Delta Air Lines, Inc., 344 F.Supp. 360, 365 (S.D. Fla. 1972) ("It is also clear that tariffs, if valid and accepted by the C.A.B., may contain exculpatory clauses") aff'd. per curiam, Blair v. Delta Air Lines, Inc., 477 F.2d 564 (5th Cir. 1973). Under this rule, the passenger's notice of the tariffs was presumed based solely upon the carrier's proper filing of the tariffs with the CAB.

**DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**                                      **PAGE 8**

However, pursuant to the deregulation of air carriers, air carriers are now exempted from certain domestic tariff filing requirements. Instead, notice is provided by the carrier. Neal, 605 F. Supp. at 1148.

Thus, instead of tariffs, federal regulations were enacted requiring the carrier to provide notice to the passenger of their limitation of liability. See 14 C. F. R. §254.

### c. Air Carrier Baggage Exclusions And Limitations Of Liability Are Exceptions To The General Rule That a Carrier May Not Exempt Itself From Liability For Its Own Negligence

Courts, for over 40 years, have recognized an exception to the general rule that a carrier may not exempt itself from liability for its own negligence, and have upheld exclusions or limitations of liability for certain items in passenger baggage or air freight. Jewelers, 117 F.3d at 930-31 (air carrier's jewelry exclusion valid); Deiro, 816 F.2d at 1366 (air carrier's passenger baggage limitation valid); Tishman, 413 F.2d at 1401 (air carrier's jewelry exclusion for checked baggage valid); Lichten, 189 F.2d at 941 (air carrier's jewelry exclusion for passenger baggage valid). Berkman, 209 F.Supp. at 852-53 (air carriers exclusion for jewelry in checked baggage enforceable).

### C. THE MAGISTRATE'S CONCLUSION OF LAW NO. 5 IS INCORRECT BECAUSE THE FEATURE DECISION AND 14 C.F.R. § 254 DO NOT RENDER EXCLUSIONS UNENFORCEABLE

Defendant objects to Conclusion of Law No. 5 insofar as it reaches the conclusion that 14 C.F.R. § 254 prohibits an air carrier from choosing not to assume the risk of liability for certain valuable and fragile items, such as cameras, that, instead, should be carried on board the aircraft by the passenger.

Plaintiff apparently attempts to rely on two isolated cases from other jurisdictions in support of his claim that a carrier may not enforce exculpatory provisions. See Feature Enterprises, Inc. v.

Continental Airlines, 745 F.Supp. 198 (S.D.N.Y. 1990); Odom v. Pacific Northern Airlines, Inc., 393 P.2d 112 (Alaska 1964).

As to the Odom opinion, the Fifth Circuit has rejected it and refuses to follow it. Indeed, the Fifth Circuit has endorsed the views of the district court that did "not agree with the result nor the reasoning of that [Odom] opinion." Blair v. Delta Air Lines, Inc., 344 F.Supp. 360, 366 (S.D.Fla. 1972), aff'd per curiam, 477 F.2d 564 (5th Cir. 1973) (affirming district court for "reasons adequately stated in the opinion of the district court"). Odom, thus, is no basis for the Magistrate's Recommendations.

In Feature, the District Court in New York upheld the $1,250.00 limitation per passenger on domestic flights but did not enforce the air carrier's exclusion of liability for jewelry in checked baggage. Feature is not the law in the Fifth Circuit. Moreover, it is not the law in the Second Circuit. The Feature court completely ignored the controlling law in the Second Circuit (the governing Circuit for the Feature New York district court) upholding air carriers' exclusions of liability for certain valuable items. See Tishman, 413 F.2d at 1407; Lichten, 189 F.2d at 942.

There are, however, several other reasons Feature should not be followed by this Court. First, as discussed above the decision fails to adhere to the Second Circuit's precedent in both Tishman and Lichten that an air carrier's jewelry exclusions were valid. Second, the Feature court failed to realize the distinction between excludable and non-excludable items. As the Second Circuit noted in Tishman, there is no contradiction between a limitation of liability ($250 in 1969) and a tariff excluding liability for valuable items. Tishman, 413 F.2d at 1405. ("The limitation of liability provision does not come into play since there is no liability at the outset.") In Lichten, the Second Circuit upheld the exclusionary tariff even though there existed a valid limitation ($100 in 1951).

Lichten, 189 F.2d at 942. As discussed above, the $1,250.00 limit of 14 C.F.R. § 254 should apply only to non-excluded items. The carrier therefore gives the passenger notice that excluded items, such as jewelry, cash or camera equipment, should be carried by the passenger and the carrier does not assume liability for risk of loss.

Finally, and in our view, dispositive, the law in the Fifth Circuit under Jewelers is that an air carrier can properly exclude from liability certain valuable items if notice of those exclusions is reasonably communicated to the shipper or the passenger, as the Magistrate found correctly here. Exclusions to liability contained in the Contract of Carriage are valid so long as those liability limiting provisions are "sufficiently plain and conspicuous" so as to give the passenger reasonable notice of the meaning of the provision. Jewelers, 117 F.3d at 930-31. Plaintiff cites nothing, and there is nothing to the contrary.

Based upon the above analysis, and the uncontroverted summary judgment proof, Defendant reasonably communicated the exclusion of liability to Plaintiff. The Magistrate's Report correctly concluded that as a matter of law, the "reasonable communicativeness" test had been met. As a result, Plaintiff, in seeking damages for the loss of a video camera and equipment, is bound by his ticket and provisions in the Contract of Carriage. Accordingly, the Magistrate's Conclusion of Law No. 5, finding that the exclusion was unenforceable, is contrary to the holding in Jewelers and should not be adopted by the District Court.

## V.

## OBJECTION TO THE MAGISTRATE'S RECOMMENDATIONS

Defendant respectfully objects to Recommendations No. 2 and 3 which are as follows:

2:      Defendant's exclusion of liability claims be found unenforceable, and

3. Defendant's liability for Plaintiff's lost luggage be limited at $1,250.00.

For the reasons described in its objections to Magistrate's Conclusions of Law Nos. 3, 4 and 5, Defendant objects to Recommendation No. 2.

Defendant also objects to Recommendation No. 3 for the reason that, as stated above, Defendant has assumed no liability for the excludable item. If, however, Defendant is found liable Defendant agrees that any liability would be limited to $1,250.00.

## VI.

## RECORD

Pursuant to Federal Rule of Civil Procedure 10(c), Defendant hereby adopts by reference Defendant's Motion for Summary Judgment and Brief in Support Thereof, Defendant's Response to Plaintiff's Motion for Summary Judgment, Defendant's Reply to Plaintiff's Response to Defendant's Motions, and all summary judgment evidence filed with the Court in support of Defendant's Motion for Summary Judgment. Defendant also relies upon all pleadings, discovery and other records on file in this lawsuit.

Defendant submitted a timely request for the transcript of the October 15, 1997 hearing on the parties cross-motions for summary judgment. Defendant respectfully reserves the right to supplement these objections upon receipt of the hearing transcript.

# VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant American Airlines, Inc. requests

that the District Court:

(1)    In addition to the Findings of Fact Nos. 1-7 listed in the Magistrate Report, adopt the twelve

   Findings of Fact omitted from the Magistrate's Report;

(2)    Not adopt Conclusions of Law No. 3, 4 and 5; and

(3)    Not adopt the Magistrate's Recommendations No. 2 and No. 3, except to limit liability, if
   any, to $1,250.00.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____ (w/permission)
David T. Moran
State Bar No. 14419400
Attorney-In-Charge
**James D. Struble**
State Bar No. 19425700

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 20th day of February, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas  78550

James D. Struble

1700838.1
101490.38