i

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 1 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc., Defendant, and by way of Reply to Plaintiff's Response to Defendant's Objections to the Magistrate Judge's Report and Recommendation and Plaintiff's Supplemental Pleading in Response to American Airlines, Inc.'s Response to the Magistrate's Proposed Findings would show the Court:

### I.

### DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION WERE TIMELY

Plaintiff asserts in his Response to Defendant's Objections that the objections were untimely and should be struck. However, pursuant to F.R.C.P. 6(a), 6(e), 72(b) and case law construing these rules, Defendant's Objections to the Magistrate's Report were timely.

Pursuant to Rule 72(b) a party opposing the Magistrate's proposed findings and recommendations may "serve and file" those objections "within 10 days after being served with a copy of the recommended disposition." F.R.C.P. 72(b). Rule 6(e) grants an additional three (3) days

to the "prescribed period" whenever the party must act within a "prescribed period after the service of a notice or other paper" and the "notice or other paper is served upon the party by mail." F.R.C.P. 6(e). Finally, pursuant to Rule 6(a), if the prescribed time period is less than eleven (11) days, intermediate Saturdays, Sundays and legal holidays "shall be excluded in the computation." F.R.C.P. 6(a); North Alamo Water Sup. Corp. v. City of San Juan, 90 F.3d 910, 918 (5th Cir. 1996).

The Magistrate Judge's Report and Recommendation was filed and served on February 6, 1998. Defendant served its objections to the Magistrate's Report by United States mail on February 20, 1998. The objections were received by the court and filed on February 23, 1998. For the reasons discussed below, the service and filing of the Objections were well within the Rule 72(b) deadline.

Because the time period to respond pursuant to Rule 72(b) is less than eleven (11) days, Saturdays, Sundays and legal holidays are not counted. F.R.C.P. 6(a). The ten (10) days allowed under Rule 72(b) thus becomes seventeen (17) calendar days (three weekends plus Washington's Birthday, March 16, 1998), plus the three (3) days allowed under Rule 6(e) for service by mail. This adds up to a total of twenty (20) calendar days in which objections to the Magistrate's Report could be served and filed. Defendant's Objections where therefore due on or before February 26, 1998. Defendant's Objections, served on February 20, 1998, and filed on February 23, 1998, were therefore timely.

This is the exact result reached by the Seventh Circuit in Lerro v. Quaker Oats Co., 84 F.3d 239, 241-42 (7th Cir. 1996). In Lerro, the Seventh Circuit discussed the interplay between Rules 72(b) and the time guidelines of Rule 6. The Seventh Circuit overturned a district court ruling that objections served sixteen (16) calendar days after service of the Magistrate's report and recommendation were untimely. The Seventh Circuit, noting that the purpose of Rule 6(e) was to

"give a litigant approximately the same <u>effective</u> time to respond whether papers are served by hand or by mail", used the computation rules for time periods less than eleven days, (i.e., excluding Saturdays, Sundays and legal holidays) <u>before</u> adding the three days under Rule 6(e) for service by mail. <u>Lerro,</u> 84 F.3d at 242.

Thus, pursuant to the case law and the Federal Rules of Civil Procedure, Defendant's Objections were timely served and filed.

## II.

## <u>DEFENDANT'S OBJECTION TO PLAINTIFF'S SUPPLEMENTAL PLEADING</u>

Plaintiff, in his Supplemental Pleading in Response to American Airlines, Inc.'s Objections to the Magistrate's Report, asserts for the first time that American Airlines, Inc. should be "estopped from asserting any protection or limitation" under 14 C.F.R. §254 because American's conduct constituted "affirmative misconduct." Plaintiff's assertion is wrong for at least two reasons.

First, this is the first time that Plaintiff has raised an estoppel argument. There was no pleading, briefing or oral argument regarding "affirmative misconduct" until the filing of Plaintiff's two page "Supplemental Pleading" on March 3, 1998.

Second, the doctrine of "affirmative misconduct" and the case cited by Plaintiff in his Supplemental Pleading are totally inapplicable to the case before this Court. Under the <u>Merrill</u> doctrine, equitable estoppel is not permitted against the government. <u>Federal Crop Ins. Corp. v. Merrill,</u> 332 U.S. 380, 384 (1947). There is, however, a limited "affirmative misconduct" exception to the <u>Merrill</u> doctrine and a party may be entitled to equitable relief against the government if the government engages in "affirmative misconduct." <u>REW Enterprises, Inc. v. Premier Bank, N.A.,</u> 49 F.3d 163, 169 (5th Cir. 1995).

The Merrill doctrine and the "affirmative misconduct" exception have no bearing on this case whatsoever. Both the doctrine and the exception apply only when a party attempts to assert equitable estoppel against the government -- not a private party. Defendant, a Delaware corporation, is not a governmental agency and the "affirmative misconduct" exception, as well as the case cited by Plaintiff in his Supplemental Pleading, are inapplicable to the discussion before this Court.

### III.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant American Airlines, Inc. requests that the District Court:

(1)   Deny Plaintiff's request to strike Defendant's Objections to the Magistrate's Report and Recommendation; and

(2)   Strike Plaintiff's Supplemental Pleading attempting to raise the "affirmative misconduct" exception.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _James D. Struble (w/ permission)_
    **David T. Moran**
    State Bar No. 14419400
    Attorney-In-Charge
    **James D. Struble**
    State Bar No. 19425700
    S.D. Bar No. 14276

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this _10th_ day of March, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas  78550


                                                    _James D. Struble_
                                                    James D. Struble

1708988.1
101490.38