

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 16 1998

Michael N. Milby, Clerk of Court

HECTOR A. CASAS

VS.                           CIVIL CAUSE NO. B-96-207

AMERICAN AIRLINES, INC.

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE CONCERNING APPLICATION OF THE AFFIRMATIVE MISCONDUCT EXCEPTION

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES, Hector A. Casas, Plaintiff herein, by and through his attorney of record, Heriberto Medrano, and hereby files this reply to Defendant's response concerning Plaintiff's invocation of the "affirmative misconduct" doctrine and by way of this reply, Plaintiff would show as follows:

I.

Defendant advances two arguments in support of its position that this Court should not consider the application of the "affirmative misconduct" doctrine, both of which Plaintiff overcomes. First, Defendant alleges that Plaintiff did not raise this issue before the Magistrate. Second, the "affirmative misconduct" exception applies to government entities only. Plaintiff will address both arguments in turn.

II.

While it is true that Plaintiff did not specifically raise the "affirmative misconduct" or estoppel theory before the Magistrate, Plaintiff's failure is not fatal, and this Court can still consider these issues.

First, this Court reviews the Magistrate's proposed findings and conclusions of law *de novo*.

1

Second, the procedural posture of this case explains Plaintiff's action in this regard. The core issue in this case is whether the language contained in Defendant's Contract of Carriage precludes Plaintiff's cause of action. Plaintiff contends that as a matter of law, it does not. Plaintiff further contends that if he is right, this matter would be a prime candidate for class certification. ( See, Plaintiff's Notice of Potential Class Members). If, however, Plaintiff is wrong, there would be no necessity for discovery on the class certification issue. For that reason, an agreement was reached by the parties, and was approved by the Magistrate that no discovery on class certification would proceed until after a determination was made by the Magistrate of the core issue. Discovery on the issue of class certification would have and will produce relevant evidence on the issue of estoppel and "affirmative misconduct."

However, (notwithstanding the lack of discovery) it became clear after Defendant filed its objections to the Magistrate's proposed findings and conclusions of law, that the issue of estoppel was a viable one.

### III.

Defendant is correct when it argues that the "affirmative misconduct exception" was specifically created as an equitable exception to the general rule that the theory or doctrine of estoppel was not applicable to governmental entities. This exception recognizes that there are times, cases and situations where because of the facts or the conduct, the doctrine of estoppel must be applicable even to Governmental entities.

The "affirmative misconduct exception" requires a higher showing or threshold to justify its application to Governmental entities, than would be required for the

2

ClibPDF - www.fastio.com

application of estoppel to private parties, such as the Defendant. U.S. v. Marine Shale Processors, 81 F. 3d 1329, 1349 (5th Cir. 1996).

Thus, what Plaintiff is alleging is that even utilizing the higher standard required by the "affirmative misconduct exception", it is now reasonably clear, based on American's latest pleading, that it has for a long time willfully, knowingly and intentionally violated and ignored the applicable CFR, 14 C.F.R. Part 254. It cannot now partake of its benefit which limits liability to $1250.00. Simply put, American's conduct is so egregious, even under the higher standard of "affirmative misconduct" that it is no longer protected by 14 C.F.R. Part 250's protective cap.

Although Plaintiff contends that American's conduct meets the higher threshold of "affirmative misconduct" Plaintiff is not implying or even suggesting that is the burden he must meet in order for this Court to properly apply the doctrine of estoppel to American and prevent it from reaping the benefit of 14 C.F.R. Part 254's protective cap, while simultaneously ignoring its corresponding responsibility. Plaintiff's burden, since Defendant is a private concern, is much lower. U.S. v. Marine Shale Processors, 81 F. 3d 1329, 1349 (5th Cir. 1996) stating "Third, courts have required that a party seeking to estop the United States show some sort of "affirmative misconduct", an element not normally required to estop private parties." See, Plaintiff's Supplemental Memorandum of Law quoting Matter of Davidson, 974 F. 2d 1294, 1296 (5th Cir. 1991) holding that "One form of estoppel, 'quasi estoppel' forbids a party from accepting the benefits of a transaction or statute and subsequently taking an inconsistent position to avoid the corresponding obligations or effects."

Plaintiff would further point out that the Fifth Circuit has recognized that a party can lose Constitutional rights by estoppel. Lauderdale School District v. Enterprise School District, 24 F. 3d 671, 692 (5th Cir. 1994). Certainly then a party can lose

3

rights or benefits created by a statute or regulation. Thus, this court can properly rule that American has lost its right to partake of the C.F.R.'s protective cap.

Lastly, Plaintiff would point out that his individual claim never exceed the $1,250.00 protective cap, and thus there was no necessity to raise the estoppel issue earlier.

IV.

Plaintiff thus respectfully submits that he has timely raised the issue of estoppel and "affirmative misconduct". In the alternative, Plaintiff prays that this Court allow discovery on this issue for a later determination.

Respectfully submitted,

Law Office of Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
Telephone (956) 428-2412
Facsimile   (956) 428-2495

Heriberto Medrano
Federal Id. 5952
Attorney for Plaintiff

4

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above and foregoing **Plaintiff's Reply to Defendant's Response Concerning Application of the Affirmative Misconduct Exception** this 13th, day of March, 1998 sent by regular mail to counsel of record as follows:

David T. Moran
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

_____
Heriberto Medrano

ClibPDF - www.fastio.com