United States District Court
Southern District of Texas
ENTERED
APR 03 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
MAR 26 1998
Michael N. Milby, Clerk of Court

# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS, Plaintiff, | § § § | |
| vs. | § § | B-CV-96-207 |
| AMERICAN AIRLINES, INC., Defendant. | § § § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a *de novo* review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of February 6, 1998, should be Adopted. In addition to the cases cited in the Report and Recommendation, the Court also relies upon Wells v. American Airlines, Inc. in support of its conclusion that defendant American Airlines has a maximum liability of $1250 per piece of lost baggage. 1991 WL 79396 3-4 (S.D.N.Y., May 9, 1991). In the Plaintiff's First Amended Original Complaint, the Plaintiff attached a copy of an American Airlines Statement of Property Loss declaring the value of the lost items to be $1029. See, Exhibit B. This value of $1029 has not been contested by any of the parties. It is therefore assumed that the value of the lost items is not an issue. Accordingly, judgment is hereby entered in favor of the Plaintiff against defendant American Airlines, Inc., in the sum of **$1029, without costs**.

The only issue remaining in this case is the Plaintiff's request to conduct discovery to determine whether class certification is appropriate in this case. Plaintiff seeks to bring this suit as the representative of a class of an unknown number of persons who were passengers on domestic American Airlines flights who lost luggage and whose claims were denied on the basis of American

Airlines' exclusion of liability for "jewelry, cash, camera equipment or other similar valuable items." Since no discovery on this issue has commenced, this Court cannot properly evaluate the validity of class action status in this case at this time. Therefore, this case is remanded to the Magistrate Judge to conduct discovery and carefully scrutinize whether class action status is warranted in this case.

Additionally, based upon a thorough reading and analysis of the facts in this case, the Court would like to bring the following matters to the Magistrate Judge's attention. In the Plaintiff's First Amended Original Complaint, the Plaintiff tries to include in his purported class: "passengers of other domestic carriers whose luggage was lost on domestic flights and whose lost baggage claims where [sic] denied in whole or in part on the same type of limited liability language." This group of passengers may or may not properly be included in this class due to standing and notice problems. Additionally, the Plaintiff contends that the class consists of those passengers since 1984. This is an incorrect definition of the class and the Magistrate Judge is advised to apply the relevant statute of limitations in configuring the class. Further, the Plaintiff asserts that the class also consists of passengers whose lost baggage claims were denied "in whole or in part." This statement may also be an incorrect definition of the relevant class since passengers who have settled with the defendant are situated differently than this Plaintiff and may not fit within the Plaintiff's class. See, Melong v. Micronesian Claims Com'n, 643 F.2d 10, 14 (D.C.Cir. 1980); Wilensky v. Olympic Airways, S.A., 73 F.R.D. 473, 477-478 (E.D.PA. 1977). After discovery is completed, the number of potential members in the Plaintiff's class may be quite small and inappropriate for class action certification. In conclusion, the Magistrate Judge is instructed to strictly review the Plaintiff's class certification request in conformance with Federal Rule of Civil Procedure 23 and the Advisory Committee Notes to Rule 23. The Plaintiff has the burden to show that the action meets the prerequisites of Rule 23.

<u>Greenley v. KLM Royal Dutch Airlines</u>, 85 F.R.D. 697, 700 (S.D.N.Y. 1980).

Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED**, that the above-referenced Report and Recommendation should be and is hereby fully **Adopted** and the case is **Remanded to the Magistrate Judge pursuant to the above criteria**.

**SO ORDERED.**

DONE at Brownsville, Texas this 26th th day of March, 1998.

**FILEMON B. VELA**
United States District Judge

C:\WPTEXT\CIVIL\ORDERS.CIV\AIRBAG1.WPD