IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 30 1998

Michael N. Milby, Clerk of Court

| | |
|---|---|
| HECTOR A. CASAS § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION NO. |
| § | B-96-207 |
| AMERICAN AIRLINES, INC., § | |
| § | JURY |
| DEFENDANT. § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc., Defendant, and by way of Reply to Plaintiff's Supplemental Memorandum of Law and Plaintiff's Reply to Defendant's Response Concerning Application of the Affirmative Misconduct Exception would show the Court the following:

I.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM OF LAW**

Plaintiff, in his Supplemental Memorandum of Law, attempts to further argue that Defendant cannot "equitably rely on its provision to limit its liability to $1,250.00" pursuant to 14 C.F.R. §254. Plaintiff's attempt at this time to raise an estoppel argument is untimely for the same reasons stated in Defendant's Reply to Plaintiff's Response to Defendant's Objections to the Magistrate Judge's Report and Recommendation. First, the issue of estoppel was not raised prior to the Magistrate Judge's Report and Recommendation issued on February 6, 1998. Indeed, the first mention of the issue of estoppel did not come until March 3, 1998 with the filing of Plaintiff's two page

"Supplemental Pleading." Prior to that time there had been no pleading, briefing or oral argument regarding estoppel.

Second, Plaintiff argues that the district court will make a de novo review of the Magistrate Judge's recommendations. Pursuant to F.R.C.P. 72(b) the "de novo determination" by the district judge is only raised when there is a written objection to the Magistrate's Report. F.R.C.P. 72(b) ("the district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule"); see also, 1983 Notes of Adv. Comm. to F.R.C.P. 72(b), ¶6 ("district judge shall make de novo determination of those portions of the report, findings or recommendations to which timely objection is made").

Plaintiff has filed no written objections to the Magistrate Judge's Report and Recommendation pursuant to F.R.C.P. 72(b). In fact, Plaintiff's Response to Defendant's Objections to the Magistrate Judge's Report and Recommendation requests that the district Judge "adopt the Magistrate Judge's proposed Order in toto." Because Plaintiff has not filed any written objections to the Magistrate Judge's Recommendation and Report the district judge is under no obligation to conduct a de novo review and the issue of equitable estoppel cannot now be raised.

## II.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant American Airlines, Inc. requests that the district court strike Plaintiff's Supplemental Memorandum of Law.

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW**     **PAGE 2**

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____ w/ permission
**David T. Moran**
State Bar No. 14419400
Attorney-In-Charge
**James D. Struble**
State Bar No. 19425700
S.D. Bar No. 14276

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 24th day of March, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
James D. Struble

1719879.1
101490.38

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW**                              **PAGE 3**