44

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 22 1998

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc., Defendant, and, pursuant to the Court's Scheduling Order dated April 24, 1998, requests this Court grant Defendant additional time to conduct discovery in the unlikely event that the Court certifies a class action.

### I.

### BACKGROUND

On March 26, 1998, District Judge Filemon B. Vela issued an order remanding the case to the Magistrate Judge so that the parties could "conduct discovery to determine whether class certification is appropriate in this case." After remand, Magistrate Judge Garza issued the Court's Scheduling Order requiring all discovery in this case to be completed by July 27, 1998 and requiring any motion requesting an extension of time be filed no later than June 26, 1998. On June 26, 1998 both parties filed a joint motion requesting that the deadline for any request for an extension of time to conduct discovery be moved to July 17, 1998.

## II.

Plaintiff has not yet filed any motion for class certification and obviously a class has not yet been certified. Defendant believes that a class action should not be and cannot be certified. Nevertheless, Defendant respectfully requests that the Court, in the unlikely event that a class is certified, grant Defendant additional time to conduct discovery of individual class member claims.

Plaintiff's pleadings seek certification of a class of domestic passengers whose claims were "denied in whole or in part" based upon the exclusion of liability contained in Defendant's Conditions of Carriage. If a class were to be certified, Defendant would be entitled, under the United States Constitution and pursuant to F.R.C.P. 38, to a determination of the issues of liability and damages as to each member of the class at trial. Similarly, Defendant should be entitled to "merits" discovery of class members after such a certification. Each individual class member must prove that each class member possesses a valid claim, that Defendant is liable and Plaintiff must establish the amount of damages, if any, from such alleged loss. In preparation of its defense to the individual liability and damage claims, Defendant is entitled to discovery of liability and damage issues. For example, such discovery would include, but not be limited to:

1. The domicile of each member;

2. The validity of each class member's claim e.g., whether there was in fact a loss and the circumstances thereof;

3. Whether each class member can provide proof of the alleged loss;

4. The alleged damages of each class member's alleged loss, in accordance with the applicable measure of damages and according to the applicable law;

5. Whether the purported claim and Defendant's alleged liability has already been compromised and released by the putative class member;

<u>**DEFENDANT'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE**</u>      PAGE 2

6. The factual circumstances surrounding each such signed release, including any alleged communications regarding the release;

7. Whether there are additional defenses, such as statute-of-limitations, waiver, estoppel, or ratification which would exist against each individual class member; and

8. Whether each individual class member has been compensated by a non-party (e.g., insurance carrier) for all or a portion of the alleged loss.

Additionally, if a class is certified, Defendant will likely designate expert witnesses, including those persons who can provide testimony on the alleged damages of the alleged loss.

## III.

The discovery described above depends entirely upon whether a class is certified. At this time, it is premature. As mentioned, Defendant believes that a class should not be certified. Until the Court rules on certification, it is premature to foreclose discovery that would be necessary after certification and before the hundreds of minitrials of each putative class members claims. As it stands, the Court's Scheduling Order would preclude Defendant from adequately preparing for its defense in the event of class certification unless the Court grants Defendant additional time after the determination of class certification in which to complete the required discovery.

DEFENDANT'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE    PAGE 3

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant American Airlines, Inc. requests that the Court, in the unlikely event that a class is certified, grant Defendant sufficient time in which to conduct discovery in preparation of its defense in this matter.

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _James D. Struble w/ permission_
**David T. Moran**
State Bar No. 14419400
S.D. Bar No. 11261
Attorney-In-Charge
**James D. Struble**
State Bar No. 19425700
S.D. Bar No. 14276

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 17th day of July, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
James D. Struble

**DEFENDANT'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE**  PAGE 4

## CERTIFICATE OF CONFERENCE

This is to certify that a conference was held on June 24, 1998 with opposing counsel for Plaintiff, Heriberto (Eddie) Medrano on Defendant's Motion for Extension of Discovery Deadline in the above-referenced matter and that Plaintiff's counsel was not in agreement with this motion.

_____
James D. Struble

1757614.1