*46*

United States District Court
Southern District of Texas
FILED

JUL 31 1998

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS | * | |
| Plaintiff, | * | |
| VS. | * | CIVIL CAUSE NO. B-96-207 |
| AMERICAN AIRLINES, INC. | * | |
| Defendant, | * | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT;

Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, Plaintiff

files this Motion requesting the Court enter an order certifying this case as a

'Class Action' as defined under Rule 23(b)(2) and/or in the alternative 23(b)(3)

F.R.C.P.

### History of Case and Issues Involved

1.      This case involves the repeated and ongoing violation of federal law by

American Airlines, Inc. (hereinafter 'American Airlines') through its policy of

denying domestic passengers <u>any</u> compensation for its loss of passengers'

property when that property is an 'Excluded Item' as defined by American Airlines

in its Conditions of Carriage.

2.      <u>The Law</u> – Title 14 CFR Part 254 provides that an air carrier <u>shall not</u> limit

its liability for loss of a passenger's personal property including baggage, in its

custody to an amount less than $1,250 for each passenger.[1]

---

[1] In any flight segment using large aircraft, or on any flight segment that is included on the same
ticket as another flight segment that uses large aircraft, an air carrier shall not limit its liability for
provable direct or consequential damages resulting from the disappearance of, damage to, or
delay in delivery of a passenger's personal property, including baggage, in its custody to an
amount less than $1,250 for each passenger. 14 CFR 254.4 Carrier Liability

1

3.    The Facts – Since 1984, American Airlines has promulgated and implemented a policy of totally excluding itself from liability and making no compensation for its loss of certain items ('Excluded Items'), contained in a domestic passenger's lost baggage. These 'Excluded Items' consist of: Cash, Jewelry, Cameras/Camera Equipment, Computers, Computer Software, Business Documents, Books, Medications, Perishable or Fragile Items, Electronic Equipment and Other Similar Valuable Items.This list of 'Excluded Items' was contained in American Airlines' Conditions of Carriage.[2]

On September 3, 1996, Plaintiff checked in as baggage, a video camera contained in a camcorder case, on a scheduled American Airlines domestic flight from Orlando, Florida to Harlingen, Texas. Upon arriving in Harlingen, Texas, Plaintiff did not receive from American Airlines, his video camera and case.

Plaintiff thereafter completed and timely filed a detailed three page 'Statement of Property Loss' baggage claim as required by American Airlines on September 16, 1996. (Exhibit 1) Approximately forty five (45) days later, American Airlines mailed Plaintiff a letter stating American was not liable and would not make any compensation for its loss of Plaintiff's property (the video camera and case) because this was an item "specifically excluded from our liability altogether …. there is no adjustment which can be made for your loss." (Exhibit 2)

---

[2] American is not responsible for Jewelry, Cash, Camera Equipment, or Other Similar Valuable items contained in checked or unchecked baggage. If any of these items are Lost, Damaged or Delayed. You will NOT be entitled to any reimbursement under either American's Standard Baggage Liability or under any declared excess valuation. These Items should be carried personally by you. Item #5 Baggage Liability – American Airlines Conditions of Carriage.

4.      <u>Plaintiff's Notice To American</u> – Having received American Airlines' letter setting out its 'no liability/no compensation' policy, Plaintiff <u>twice</u> wrote American Airlines challenging the validity of its policy. Plaintiff went so far as to specifically address American Airlines' attention to previous federal court rulings in <u>Feature Enterprises, Inc. v. Continental Airlines</u>, 745 F.Supp. 198, and <u>Gluckman v. American Airlines, Inc.</u>, 844 F.Supp. 151, where court's had invalidated American Airlines' 'Notice of Exclusion' defense. (Exhibit 3(a)(b)) American Airlines nevertheless continued to deny Plaintiff any compensation for its loss of Plaintiff's video camera and case.

5.      <u>Plaintiff's Complaint</u> – In November, 1996, Plaintiff filed suit claiming American Airlines wrongly denied him compensation for its loss of his video camera and case. Plaintiff asserted American Airlines was in violation of the minimum liability limits imposed by 14 CFR Part 254.4 for an air carrier's loss of a passenger's property. Plaintiff also requested the case be certified as a 'Class Action'.

        By mutual agreement, and with the Magistrate's approval, all discovery as to the class certification issue was stayed pending the Court's ruling on the issue of liability.

6.      <u>American Airlines' Liability Defense</u> – It was American Airlines' contention that by giving notice to passengers of its 'no liability/no compensation' policy regarding certain items  (Excluded Items) in its Conditions of Carriage, American Airlines could ignore the mandatory minimum liability requirements of 14 CFR 254.4.

3

7.    <u>The Court's Ruling On Liability</u> – On March 26, 1998, U.S. District Judge

Filemon B. Vela issued an Order granting Plaintiff's Motion For Summary

Judgement as to liability, by approving the Magistrate Judge's Report and

Recommendation holding that "Defendant's (American Airlines) exclusion of

liability clause is unenforceable."[3]

In addition to <u>Feature Enterprises, Inc. v. Continental Airlines</u>, 745 F.Supp.

198, the District Court cited <u>Wells v. American Airlines, Inc.</u> ,1991 WL 79396 3-4

(S.D.N.Y., May 9, 1991), to support its decision invalidating American's 'Notice of

Exclusion' defense to escape liability. The Court further ruled the mandatory

minimum liability limits as stated in 14 CFR 154.4 were to be applied to <u>all</u> items

lost by an air carrier contained in a passenger's baggage, even 'Excluded Items'

as defined in American's Conditions of Carriage, and awarded Plaintiff the full

amount of monetary damages claimed.

The District Court then referred the case back to the Magistrate to

determine if a 'Class Action' certification was warranted, pursuant to Rule 23 of

the Federal Rules of Civil Procedure.

8.    <u>Request for Class Certification</u> – Having conducted sufficient additional

discovery since the District Court's ruling of March 26, 1998, Plaintiff now moves

this Court to issue an order certifying this matter as a 'Class Action' as defined by

Rule 23(b)(2) F.R.C.P. and/or in the alternative, under Rule 23(b)(3) F.R.C.P.,

and would state the following in support thereof:

### Definition of Proposed Class

9.    The proposed Class sought for certification is limited to persons that:

---

[3] Magistrate Judge's Report and Recommendation filed Feb. 6, 1998, at page 2.

a. Traveled as a passenger;

b. On a domestic American Airlines flight; and

c. Filed a 'Lost' baggage claim with American Airlines; and

d. Included in that 'Lost' baggage claim the loss of an 'Excluded Item'; and

e. Received a letter from American Airlines denying liability and making no compensation for its loss of that passenger's 'Excluded Item';

f. Within the time frame of November 1, 1992 up through the present;

### Four Initial Prerequisites To A Class Action

10. Plaintiff asserts that all four initial prerequisites to maintain a 'Class Action' under Rule 23(a) F.R.C.P., are met in this case:

a. **Numerosity** – The Class is so numerous that joinder of all members is impracticable. American Airlines' agent, Ms. Lisa Callahan – Manager of American's Central Baggage Services, testified that American Airlines received approximately seven thousand five hundred (7,500) 'Lost' baggage claims from passengers who meet the 'Definition of Proposed Class' criteria. (Exhibit 4 at p. 75-76) These 7,500 claims encompass claims received by American Airlines from April 1995 through April 1998, a thirty-six (36) month period.

Because Plaintiff asserts a four year limitations period applies, as more fully discussed below, there are additional 'Lost' baggage claims not included in this 7,500 figure. All 'Lost' baggage claims which American Airlines denied under its Notice of Exclusion policy regarding 'Excluded

5

Items', from November 1, 1992 through April 1995 (approximately 30 months) would also be included in the Defined Class. Thus, Plaintiff estimates an additional 7,000 members of the Class would qualify for inclusion, for a total of approximately 14,500 Class members.

b. **Commonality** – For a Class to be certified, there must be questions of law **or** fact that are common to the class. Plaintiff asserts this case presents facts that satisfy both criteria.

    (i)    **Common Questions of Law**

        (A) Carrier Liability – 14 CFR 254.4 – All Class member claims arise from the same federal law which imposes an affirmative duty on American Airlines to compensate each passenger up to $1,250 for its loss of a passenger's property regardless if it was an 'Excluded Item' as defined in American Airlines' Conditions of Carriage.

        (B) Applicability of Carrier Liability – 14 CFR 254.2 – The mandatory minimum lost property liability limits imposed by 14 CFR 254.4, are applicable to all 'Lost' baggage claims filed by passengers flying on a scheduled American Airlines domestic flight.[4]

        (C) American's 'Notice of Exclusion' Defense Not Valid – All Class members were denied compensation by American Airlines for its loss of passengers' 'Excluded Items' based on

---

[4] 14 CFR 254.2 – Applicability – This part applies to any air carrier that provides charter or scheduled passenger service in interstate or overseas air transportation.

American Airlines' reliance on its invalid 'no liability/no

compensation' policy, incorporated in its 'Notice of Exclusion'

defense, as stated in its Conditions of Carriage.

(D) <u>Statute of Limitations</u> – All Class members whose 'Lost'

baggage claims were denied compensation as to 'Excluded

Items' by American, within the four year period prior to

Plaintiff's filing this complaint (November 1996), would be

afforded the same relief.

## (ii)   Common Questions of Fact

(A) All Class members flew as passengers on American Airlines.

(B) All Class members flew on a scheduled <u>domestic</u> American

Airlines flight.

(C) All Class members suffered the loss of an 'Excluded Item' by

American Airlines.

(D) All Class members received a 'Statement of Property Loss'

form American Airlines' Central Baggage Services, Dallas,

Texas.

(E) All Class members completed and filed the 'Statement of

Property Loss' baggage claim as required by American

Airlines.

(F) All Class members were required to mail and did mail the

completed 'Statement of Property Loss' baggage claim to

American Airlines' Central Baggage Service, Dallas, Texas.

(G) All class members received a form letter from American

Airlines' Central Baggage Service, Dallas, Texas stating

American was disclaiming any liability and making no

compensation for its loss of the 'Excluded Item'.

(H) All Class members' were denied compensation by American

Airlines for the loss of their 'Excluded Item', based on the

same invalid 'Notice of Exclusion' defense.

c. **Typicality** – Plaintiff's claims and defenses are typical of the claims and

defenses of the Class. Plaintiff meets all six separate requirements stated

in the Definition of Proposed Class.

American admitted it applied its invalid 'no liability/no

compensation' policy to deny compensating passengers for its loss of an

'Excluded Item' in all 7,500 claims identified.[5] American Airlines also

admitted Plaintiff's claim was one of these 7,500 claims as well.[6]

d**. Adequacy of Representation** – As Class Representative, Plaintiff will

fairly and adequately protect the interests of the Class. Plaintiff has

successfully litigated his claims against American Airlines and obtained a

judgment from the District Court, awarding him 100% of his claimed

---

[5] "Q. Now, concerning these 7,500 claims, all of them included a claim by a passenger requesting American Airlines to compensate him or her for the loss of one item or more that was listed in this excluded items list by American Airlines, correct?
  A. Yes.
  Q. Okay. Did American Airlines compensate that passenger for the loss of the excluded item?
  A. To my knowledge, no." Exhibit 4, Lisa Callahan's deposition at page 76.
[6] "Q. And Mr. Hector Casas' claim, which I think was submitted in September of 1996, was one of these 7,500 claims as well?
  A. Yes." ." Exhibit 4, Lisa Callahan's deposition at page 77.

8

damages for American Airlines' loss of his 'Excluded Item', i.e. his video camera and case.

Class Counsel is an experienced trial attorney who has handled approximately one thousand cases in both federal and state courts throughout the United States in his almost twenty years of practice. As a former Asst. United States Attorney in both the Eastern District of Texas and the Southern District of Texas, Class Counsel litigated both civil and criminal cases on behalf of the United States.

Class Counsel is a member of the United States Supreme Court bar, the U.S. Fifth Circuit Court of Appeals bar, as well as the U.S. District Court for the Southern District of Texas bar.

Class Counsel's federal appellate practice involves having prepared, filed and argued approximately twenty cases before the U.S. Fifth Circuit Court of Appeals.

Class Counsel has successfully litigated several complex civil cases involving more than one million dollars each in obtained benefits for Plaintiffs in those cases. One of these cases involved hundreds of plaintiffs against numerous defendants including Phillips Petroleum, wherein Class Counsel served as one of only six Plaintiffs' attorneys comprising the 'discovery committee' and thereafter served as one of only two Plaintiffs' attorneys who were allowed to conduct depositions, on behalf of more than sixty Plaintiffs' attorneys and hundreds of Plaintiffs.

9

Class Counsel has the financial resources and can demonstrate to the Court his ability to fully fund the costs in filing, preparing and litigating this 'Class Action' case, including any costs involved in sending notice to all 'Class' members.

### Class Action Under Rule 23(b)(2)
### Equitable Injunctive and Declaratory Relief

11.     Plaintiff requests this Court certify this 'Class Action' as a 23(b)(2) class as the facts herein satisfy the two additional requirements imposed by this rule: - the class must share a general claim against the non-class party; and – the class must seek either final injunctive or declaratory relief.

**a. The Class Shares A General Claim** – Given Plaintiff's claim, the Court's ruling and American Airlines' own testimony as stated above, there is no doubt all Class members share the same claim against American Airlines. All Class members are entitled to seek compensation from American Airlines for its loss of their 'Excluded Items', which claims were previously denied by American Airlines under its invalid 'no liability/no compensation' policy, in violation of the mandatory baggage liability provisions under 14 CFR 254.4.

**b. Injunctive & Declaratory Relief Sought** – This Court has already declared American Airlines' reliance on its 'Notice of Exclusion' defense to avoid liability and deny compensation as to 'Excluded Items', invalid and illegal. This Court further declared that the mandatory minimum baggage liability provisions of 14 CFR 254.4, requiring American Airlines to compensate passengers up to $1,250 for its loss of a passenger's property including baggage, are applicable

10

against American and supercedes its 'no liability/no compensation' policy as to 'Excluded Items'.

Plaintiff now asks the Court to grant **injunctive** relief by issuing an Order prohibiting and enjoining American Airlines from continuing to implement its invalid and illegal 'no liability/no compensation' policy concerning 'Excluded Items'. This request for injunctive relief is warranted due to American's continued disregard of the federal courts' ruling in <u>Feature Enterprises, Inc. v. Continental Airlines</u>, 745 F.Supp., <u>Wells v. American Airlines, Inc.</u>, 1991 WL 79396 3-4 (S.D.N.Y., May 9, 1991) as well as this Court's own ruling issued March 28, 1998.

American Airlines has admitted that although it had notice of these court rulings, as well as cognizant of the language of 14 CFR 254.4, it continues to deny passengers compensation for its loss of 'Excluded Items', filed by passengers in their 'Lost' baggage claims.[7]

Plaintiff also requests the Court Order American Airlines to monetarily compensate Class members for its loss of their 'Excluded Items' previously denied by American. Additionally, Plaintiff requests American Airlines be required to pay all Class members pre-judgment as well as post-judgment interest on their claims regarding 'Excluded Items', to be assessed from the date of loss. This interest amount is to be separate and in addition to the $1,250 minimum liability amount imposed by 14 CFR 254.4.

Finally, Plaintiff requests the Court require American Airlines to pay all costs and expenses incurred by Plaintiff and Plaintiff's counsel in filing, preparing

and litigating this case, and assess as attorney's fees for Class Counsel, an amount equal to 25% of the total actual monetary benefit obtained for the benefit of Class members, which amount is to be paid by American Airlines separate and apart and in addition to those monetary Class benefits.

**Class Action Under Rule 23(b)(3)**
**<u>Predominance of Common Legal or Factual Questions</u>**

12.     In the alternative, Plaintiff asks for certification of a 'Class Action' under Rule 23(b)(3) F.R.C.P., because questions of law <u>or</u> fact common to the members of the class predominate over questions affecting only individual members; and the 'Class Action' form is superior to other available methods for the fair and efficient adjudication of the controversy.

      a.   <u>Common Questions of Law</u> – Plaintiff incorporates all statements cited above in asserting all Class members claims arise under the same laws and have the same defenses to American Airlines' claims and defenses as well.

          (1) All Class members' cause of action arise from their right to compensation mandated by federal law, 14 CFR 254.4, which imposes a minimum liability of $1,250 on American Airlines for its loss of a passengers property, including 'Excluded Items', in their baggage.

          (2) All Class members, as defined under the 'Definition of Proposed Class', are entitled to the minimum liability provisions of 14 CFR

---

[7] Exhibit 4, Ms. Lisa Callahan's deposition at page 113 –115.

254.4, by the provisions of 14 CFR 254.2 outlining the applicability of the CFR's requirements.

(3) All Class members were denied compensation for the loss of their 'Excluded Items', based on American Airlines' invalid and illegal 'Notice of Exclusion' defense to liability.

(4) All Class members would be entitled to compensation based on the District Court's ruling invalidating American Airlines' 'Notice of Exclusion' liability defense.

(5) All Class members whose claims were denied within the four year limitations period, as more fully addressed below, would be afforded compensation for American Airlines' loss of the 'Excluded Items'.

b. <u>Common Questions of Fact</u> – All Class members have the same set of facts giving rise to their claims for damages against American Airlines:

(1) All Class members were passengers on American Airlines.

(2) All Class members flew on a scheduled <u>domestic</u> American Airlines flight.

(3) All Class members suffered the loss of baggage by American Airlines.

(4) All Class members completed and filed a 'Statement of Property Loss' as required by American Airlines.

(5) All Class members mailed the 'Statement of Property Loss' to American Airlines' Central Baggage Service in Dallas, Texas.

13

(6) All Class members included in the 'Statement of Property Loss' the loss of an 'Excluded Item' as that term is defined by American Airlines in its Conditions of Carriage.

(7) All Class members received a letter from American's Central Baggage Service in Dallas, Texas, informing them American Airlines denied liability and would make no compensation for its loss of the Class member's 'Excluded Item'.

(8) All Class members were further informed in that letter of American Airlines' reliance on its 'Notice of Exclusion' from liability as stated in its Conditions of Carriage, to deny liability and compensation.

c. <u>Class Action Is Superior Method</u> – A 'Class Action' is the superior method of resolving class members' claims because it would reduce the number and complexity of issues to be resolved through litigation. Plaintiff asserts the following in support thereof:

(1) Court's Ruling on Liability is Dispositive – the Court's March 26, 1998 ruling invalidating American Airlines' 'Notice of Exclusion' defense as to liability, reaffirms the federal court ruling in <u>Feature Enterprises, Inc.</u> and places on American Airlines, the affirmative duty to compensate each Class member for its previously denied 'Lost' baggage claim with respect to 'Excluded Items'. The Court's ruling requires American Airlines to live up to its obligations under 14 CFR 254.4 for its privilege to operate as a domestic air carrier in the United States.

14

(2) Specificity in Determining Size of Class – Because all the information necessary to determine which passengers' claims warrant compensation based on the Court's ruling, is readily available from the records of American Airlines itself, there is no difficulty in determining what the specific size of the purported Class will be.

(3) Ease and Manageability of Identifying and Notifying Class Members - All Class member's names, addresses and nature of claims exist and are available from American Airlines itself.

(4) Ease and Specificity of Determining Monetary Damages – Because American itself required all Class members to fill out a detailed three page 'Statement of Property Loss' identifying the type and cost of the 'Excluded Item' for which American Airlines denied liability and made no compensation, determining the amount of money damages due each Class member is not difficult.

d. <u>All Four Enumerated 'Pertinent' Matters</u> to Finding A Class Action Warranted, Favor the Certification of a Class.

(1) The interest of members of the class in individually controlling the prosecution of defense of separate actions; - Because each Class members' damages are limited to a maximum of $1,250 by the provisions of 14 CFR 254.4, and because the great majority of the Class claims each amount to less that the $1,250 limit, there is no overriding interest Class members would have in prosecuting their

own separate action against American. The limited amount of monies involved discourages independent suits from being filed.

(2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class; - Plaintiff is unaware of any pending action filed against American Airlines by a Class member similar to the cause of action herein. Plaintiff has requested a listing of all similar type lawsuits filed against American by passengers, but this discovery request was denied and objected to by American Airlines.

(3) The desirability or undesirability of concentrating the litigation of the claims in the particular form; - All Class members received a three page 'Statement of Property Loss' form from American Airlines' Central Baggage Service located in Dallas, Texas. All Class members were required to fill out and return the form to Central Baggage Service in Dallas, Texas, which subsequently mailed each Class member a form letter informing them of American Airlines' 'no liability/no compensation' policy based on its 'Notice of Exclusion' defense contained in American Airlines' Conditions of Carriage. Additionally, all documents necessary to evaluate passengers' claims for inclusion as part of the Class, as well as all information necessary to send notice to Class members is located in Texas, thus conducting this case in this forum is not a problem or obstacle.

16

(4) The difficulties likely to be encountered in the management of a

class action; - As stated above, because the claims filed by

passengers over the time period specified are readily available in

one central location from American Airlines itself, determining the

size of the Class, as well as the monetary compensation due each

Class member is not difficult to ascertain, manage and implement.

e. Relief Prayed For – Plaintiff requests the court grant Class members

the injunctive relief, costs, compensatory damages, pre-judgment as

well as post-judgment interest, and attorney's fees as stated on pages

11 and 12 above in Class Action under Rule 23(b)(2).

### Four Year Statute of Limitations

13.    Plaintiff contends a four year statute of limitations is applicable to Class

members' claims as defined and would state the following in support thereof:

a. No Applicable Federal Statute of Limitations - There is no statute of

limitations in the Code of Federal Regulations or under federal law,

governing limitations for a cause of action by passengers against a

domestic air carrier for claims arising under Title 14 CFR Part 254.4

Domestic Baggage Liability.

b. Federal Courts Must Look To State Statute of Limitations - The United

States Supreme Court has ruled that, since 1830, state statutes have

repeatedly supplied the periods of limitations for federal causes of action

when the federal legislation made no limitations provision. In seeking the

right state rule to apply, the Court must look to the state statute 'most

17

closely analogous' to the federal act in deed. [8]

Subsequently, the U.S. Fifth Circuit Court of Appeals ruled that Courts must first 'characterize the essence' of the federal statute action and then determine which state action is closest to it. [9]

c. <u>Violation of 14 CFR Part 254.4 Analogous To Breach of Contract</u> –

Notice of the $1,250 minimum liability per passenger, for lost or damaged baggage claims imposed by 14 CFR Part 254.4, is required by federal law to be included and made a part of each domestic air carriers' ticket or Contract of Carriage documents. [10]

American Airlines' actions in violating this term and condition mandating a minimum liability amount to passengers for loss of their personal property, including baggage containing 'Excluded Items', gives rise to a 'breach of contract' cause of action.

d. <u>Texas Provides Four Year Period for Breach of Contract Actions</u>

Under Section 16.004 Texas Civil Practice and Remedies Code, a person must bring a suit for breach of contract no later than four years after the day the cause of action accrues. The same statute provides that the cause of action accrues on the day that the dealings in which the parties were interested together cease. As applied to the facts herein, the accrual date would be when Class members received written notice from American

---

[8] <u>North Star Steel Co. v. Crown Cork & Seal Co.,</u> 115 S. Ct. 1931, 132 L.Ed. 2d 33 (1995).

[9] <u>Staudt v. Glastron Inc.,</u> 92 F. 3d 312 (5th Circuit 1996)

[10] 14 CFR 254.5 states in part, "...an air carrier <u>shall provide</u> to passengers, by conspicuous written material included on or with its ticket, ... <u>The following notice</u>: 'Federal rules require any limit on an airline's <u>baggage liability</u> to be <u>at least $1,250 per passenger</u>'." (emphasis added)

Airlines that it was denying liability and making no compensation for its loss of the 'Excluded Item' listed in the Class members' 'Lost' baggage claim. The U.S. Fifth Circuit Court of Appeals in <u>Halkias v. General Dynamics</u>, 31 F.3d 224 (1994), recognized and applied Texas' four year statute of limitations for a breach of contract action.

e. <u>American Airlines' One Year Limitations Period Invalid Under State Law</u>

In its Conditions of Carriage, American Airlines states that any legal action premised on or related to the loss of a passenger's baggage, must be commenced within one year from the date of the incident, or else American Airlines disclaims any and all liability arising from or relating to such incident. [11]

American Airlines' limitations period of one year is invalid and is in violation of Texas' Section 16.070  Civil Practice and Remedies Code – Contractual Limitations Period, which states that a contract or agreement that establishes a limitations period that is shorter than two years is <u>void and illegal</u>. [12]

The Texas Court of Appeals in <u>U.S. Fidelity v. Eastern Hills Methodist Church</u>, 609 S.W. 2d 298 (Texarkana 1980), affirmed the applicability of Section 16.070's minimum two year limitations requirement

---

[11] **Exhibit 5**, American Airlines' Conditions of Carriage – Claims

[12] Texas Civil Practice and Remedies Code, Section 16.070. Contractual Limitations Period.
(a)  Except as provided by Subsection (b), a person <u>may not</u> enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a <u>period shorter than two years</u>. A stipulation, contract, or agreement that establishes a limitations period that is <u>shorter than two years is void</u> in this state.

19

by ruling that a contractual provision requiring the parties to sue within one year was void, and therefore the four year statute of limitations for a breach of contract action applied.[13]

Federal Courts have also upheld the applicability of Section 16.070's two year minimum limitations period for a breach of contract action and concurrently recognized and imposed Texas' four year limitations period for a breach of contract action, absent certain language in that contract. Thus, the federal court in Port Arthur Towing Co. v. Mission Ins. Co., 623 F.2d 367 (5th Cir. 1980) held that the twelve-month limitations period provided by the insurance policy, in which to file suit, was void under Texas' Section 16.070, Civil Practice and Remedy Code, and Texas' four year limitations period was to be applied, absent language in the policy that stated in the alternative that an action must be commenced within the shortest limitations period permitted by state law.[14]

Accordingly, Plaintiff asserts Texas' four year limitations period for a breach of contract action to be filed applies under the U.S. Supreme Court ruling in North Star Steel Co. and the U.S. 5th Circuit Court of Appeals ruling in Staudt v. Glastron. Additionally, American Airlines' one year limitations period is invalid pursuant to Texas' mandatory two year minimum limitations period for a breach of contract action as recognized and enforced by both the state and federal court rulings cited above.

---

[13] See also, Duster v. Aetna Ins. Co., 668 S.W.2d 806 (Tex. Civ. App.-Houston 1984), and Safeway Stores Inc. v. Certainteed Corp., 687 S.W.2d 22 (Tex. Cir. App. – Dallas 1984).

[14] See also, S.E.A. Towing Co. v. Great Atlantic Ins. Co., 688 F.2d 1000 (5th Cir. 1982).

Wherefore, premises considered, Plaintiff requests this Honorable Court grant its Motion For Class Certification and award the injunctive relief, compensatory damages and attorney's fees requested herein.

Respectfully submitted,

Heriberto 'Eddie' Medrano
Federal Bar #5952
Texas State Bar #13897800

1101 West Tyler
Harlingen, Texas  78550

Tel. 956-428-2412
Fax 956-428-2495

## Certificate of Consultation

I, Heriberto 'Eddie' Medrano, do certify that I forwarded a copy of Plaintiff's Motion For Class Certification via FAX and certified mail to Mr. James D. Struble, attorney for Defendant American Airlines this 31st day of July, 1998, who stated Defendant was OPPOSED to the Motion being granted.

Heriberto 'Eddie' Medrano

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS       *
        Plaintiff,       *
VS.        *     CIVIL CAUSE NO. B-96-207
AMERICAN AIRLINES, INC.       *
       Defendant,       *

## ORDER

ON THIS DAY, came for review Plaintiff's Motion For Class Certification,

and after due consideration, it is hereby ORDERED that said Motion be in all

things (GRANTED) (DENIED).

SIGNED AND ENTERED, this ___ day of August, 1998.


_____
United States Magistrate

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above

and foregoing **Plaintiff's Motion for Class Certification** was sent by certified

mail on this _31 st_, day of July, 1998 to the following counsel of record as

follows:

Mr. James D. Struble
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

Heriberto Medrano