47

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 4 1998

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | B-96-207 |
| | § | |
| AMERICAN AIRLINES, INC. | § | |
| | § | |
| Defendant. | § | JURY |

### DEFENDANT'S MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW, American Airlines, Inc. ("American"), and pursuant to Fed. R. Civ. P. 12(b)(1) requests that this Court dismiss Plaintiff Hector A. Casas's First Amended Original Complaint because this Court lacks jurisdiction over the subject matter.

**Plaintiff's Complaint Does Not Invoke Subject Matter Jurisdiction**

American requests that this Court dismiss this action because Plaintiff's allegation of subject matter jurisdiction under the Federal Aviation Act 49 U.S.C. § 1301 et seq., and 14 C.F.R. §§ 253 and 254, is insufficient to properly invoke federal question jurisdiction. Accordingly, the Amended Complaint should be dismissed pursuant to Rule 12(b)(1).[1]

The grounds for this motion, as explained in detail in American's accompanying brief, are that Plaintiff cannot invoke federal question jurisdiction pursuant to either: (1) the Federal Aviation Act § 1301 et seq.; or (2) the regulation promulgated by the Department of Transportation, 14 C.F.R. 254.4. Neither the statute nor the regulation provide a basis for federal question jurisdiction; indeed,

---

[1] Plaintiff does not allege diversity jurisdiction and plainly it does not exist: Plaintiff and American are citizens of Texas.

DEFENDANT'S MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION                                                                 PAGE 1

the law is uniform that Plaintiff has no private right of action to enforce either the statute or the regulation cited as a basis for this Court's jurisdiction. See e.g., <u>Jewelers v. ABX, Inc.</u>, 117 F.3d 922, 925-26 (5th Cir. 1997); <u>Statland v. American Airlines, Inc.</u>, 998 F.2d 539 (7th Cir.), cert. denied, 510 U.S. 1012 (1993). Accordingly, this Court lacks subject matter jurisdiction and this action should therefore be dismissed.

WHEREFORE PREMISES CONSIDERED, American respectfully prays that its Motion to Dismiss be in all things granted and that Plaintiff's First Amended Original Complaint be DISMISSED and that American recover its costs and further relief, at law, or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:    (214) 953-6000
Telecopier:    (214) 953-5822

By: _James D. Struble (w/ permission)_
Attorney in Charge
David T. Moran
State Bar No. 14419400
S.D. Bar No. 11261
James D. Struble
State Bar No. 19425700
S.D. Bar No. 14276

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF CONFERENCE

Pursuant to Southern District Local Rule 6(A)(4) a certificate of conference is not required for this Motion.

David T. Moran      w/ permission

## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of July, 1998, a true and correct copy of the above and foregoing Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction has been sent by certified mail, return receipt requested and by facsimile to counsel of record, Heriberto Medrano, 1101 West Tyler, Harlingen, Texas 78550.

David T. Moran      w/ permission

1772815.3

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**                                    PAGE 3