48

United States District Court
Southern District of Texas
FILED

AUG 0 4 1998

~~Michael N. Milby~~
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | B-96-207 |
| | § | |
| AMERICAN AIRLINES, INC. | § | |
| | § | |
| Defendant. | § | JURY |

## DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION TO DISMISS FOR LACK
## OF SUBJECT MATTER JURISDICTION

JACKSON WALKER L.L.P.
David T. Moran
State Bar No. 14419400
S.D. Bar No. 11261
James D. Struble
State Bar No. 19425700
S.D. Bar No. 14276
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:     (214) 953-6000
Telecopier:    (214) 953-5822

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

    A.   Federal Question Jurisdiction is Lacking . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

    B.   There Is No Private Right of Action Under the Federal Aviation Act
       and 14 C.F.R. 254.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

        1.   The Fifth Circuit Recently Affirmed the Long Standing Rule
           That There is No Private Right of Action Under the
           Federal Aviation Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

        2.   Similarly, There Is No Private Right To Enforce Federal Aviation
           Regulations  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | B-96-207 |
| | § | |
| AMERICAN AIRLINES, INC. | § | |
| | § | |
| Defendant. | § | JURY |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

American Airlines, Inc., ("American") hereby respectfully submits the following Brief in support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction.

I.

## PRELIMINARY STATEMENT

Plaintiff Hector A. Casas's First Amended Original Complaint ("Complaint") alleges that this Court has subject matter jurisdiction on the following basis: "Jurisdiction is based on federal question jurisdiction and involves interpretation of federal statute(s) or rules, specifically, the Federal Aviation Act of 1958 sec 101 et. seq., 49 U.S.C. App. sec. 1301 et. seq. and 14 C.F.R. sec. 253 and 254." The essential basis of the Complaint is that 14 C.F.R. § 254.4, a regulation promulgated by the Department of Transportation, prohibits American from enforcing certain provisions in its Conditions of Carriage excluding liability for cameras and other valuable items contained in checked domestic baggage. Section 254.4 states:

> In any flight segment using large aircraft, or on any flight segment that is included on the same ticket as another flight segment that uses large aircraft, an air carrier shall not limit its liability for provable direct or consequential damages resulting from the

CAMPDF - www.tesito.com

disappearance of, damage to, or delay in delivery of a passenger's personal property, including baggage, in its custody to an amount less than $1250 for each passenger.

14 C.F.R. § 254.4.

Plaintiff contends that American violated this regulation by improperly excluding, in its Condition of Carriage, liability for cameras and other valuable items. Thus, according to Plaintiff, American's contract is in violation of the § 254.4. Therefore, Plaintiff seeks to allege a private right of action for American's alleged violation of this Department of Transportation regulation. Plaintiff's position is legally without merit; Plaintiff has no private right of action to enforce this DOT regulation and therefore Plaintiff has failed to properly invoke the subject matter jurisdiction of this Court.

## II.

## ARGUMENT

### A.    Federal Question Jurisdiction is Lacking

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). These courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate:   generally those cases involving a federal question or diversity of citizenship. Id. Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Plaintiff has not, and cannot, allege diversity as a basis for jurisdiction. Thus, the only possible basis for jurisdiction in this matter is federal question jurisdiction.

Federal jurisdiction exists only when a federal question is presented on the face of the complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987). Plaintiff's conclusory statement in his Complaint that federal question jurisdiction exists and that the case "involves interpretation" of the Federal Aviation Act and federal regulations does not sufficiently explain how jurisdiction can be based

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION                              PAGE 2

on this statute or the regulations. Plaintiff has, therefore, failed to comply with the "well pleaded complaint rule" and properly describe the basis for federal question jurisdiction. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983). Even if Plaintiff, however, were to properly plead federal question jurisdiction this Court would still lack subject matter jurisdiction because Plaintiff cannot bring a private right of action pursuant to the Federal Aviation Act or 14 C.F.R. 254.4.

**B.      There Is No Private Right of Action Under the Federal Aviation Act[1] and 14 C.F.R. 254.4**

**1.      The Fifth Circuit Recently Affirmed the Long Standing Rule That There is No Private Right of Action Under the Federal Aviation Act.**

Although Plaintiff alleges this case involves interpretation of the Federal Aviation Act, a close reading of the Complaint reveals that other than the initial cite to the Act and the jurisdictional allegation, Plaintiff makes no reference to any specific portion of the statute. Accordingly, Plaintiff has not properly pleaded federal question jurisdiction based on an interpretation of the Act.

Even if he had, however, American's Motion to Dismiss must be granted. The Fifth Circuit recently held that there is no express or implied private right of action under the Federal Aviation Act. Jewelers v. ABX, Inc., 117 F.3d 922, 925 (5th Cir. 1997). In Jewelers, the Fifth Circuit followed long standing precedent and held that there was no express private right of action under the Federal Aviation Act and the Airline Deregulation Act to recover for the value of damaged or lost cargo. Jewelers, 117 F.3d at 925. The Court also held that there was no indication that Congress "implicitly intended a

---

[1]

The current Act is entitled the Federal Aviation Act of 1994. The Federal Aviation Act of 1958 cited by Plaintiff superceded the Civil Aeronautics Act of 1938, and was in turn superceded by the Airline Deregulation Act (ADA) of 1978. (Pub. L. 95-473, Oct. 17, 1978, 92 Stat. 1337). The ADA was recodified without substantial change in 1994 (Pub. L. 103-272, July 5, 1994, 108 Stat. 745). Although the opinions cited in this brief refer to both the ADA and the Federal Aviation Act, American will refer only to the Federal Aviation Act.

private right of action to arise under the statutory scheme". <u>Id.</u>; <u>see also</u>, <u>Hodges v. Delta Airlines, Inc.</u>, 44 F.3d 334 (5th Cir. 1995)(an implied right of action may not be inferred from 49 U.S.C. § 1374(a)); <u>Diefenthal v. C.A.B.</u>, 681 F.2d 1039 (5th Cir.), <u>cert. denied</u>, 459 U.S. 1107 (1982)(private litigants may not enforce violations of the Federal Aviation Act). Several other circuits have likewise denied plaintiffs a private remedy under the Federal Aviation Act. <u>See</u>, <u>e.g.</u>, <u>Musson Theatrical, Inc. v. Federal Express Corp.</u>, 89 F.3d 1244, 1252 (6th Cir. 1996); <u>Statland v. American Airlines, Inc.</u>, 998 F.2d 539 (7th Cir.), <u>cert. denied</u>, 510 U.S. 1012 (1993)(putative class action dismissed because no private right of action under Federal Aviation Act); <u>Air Transp. Ass'n of America v. Public Util. Comm'n</u>, 833 F.2d 200, 207 (9th Cir. 1987); <u>Montauk-Caribbean Airways, Inc. v. Hope</u>, 784 F.2d 91, 97 (2d Cir. 1986); <u>Polansky v. Trans World Airlines, Inc.</u>, 523 F.2d 332 (3d Cir. 1975).

### 2.   Similarly, There Is No Private Right To Enforce Federal Aviation Regulations

The <u>Jewelers</u> Court cited <u>Statland v. American Airlines, Inc.</u>, for the proposition that federal courts rarely imply a private right of action in a statute without an express right because of a standing presumption against the creation of implicit rights. <u>Jewelers</u>, 117 F.3d at 925. The facts of <u>Statland</u> are remarkably similar to those present here. In <u>Statland</u>, a passenger brought a putative class action suit against American for withholding 10% of the federal tax associated with a 10% ticket cancellation policy. <u>Statland</u>, 998 F.2d at 539. The plaintiff in <u>Statland</u>, similar to Casas here, asserted that American's ticket violated federal aviation regulations. Specifically, Statland alleged that American's ticket did not, pursuant to 14 C.F.R. § 253 (a regulation upon which Casas also relies), properly incorporate by reference contract provisions allowing American to keep 10% of the tax once the ticket was canceled. Section 253 is the federal regulation that governs incorporation by reference. Plaintiff

implied, under other provisions of the Federal Aviation Act. <u>See</u>, <u>Hodges v. Delta Airlines, Inc.</u>, 44 F.3d 334, 340 n. 13 (5th Cir. 1995) (reaffirming the <u>Diefenthal</u> holding of no express or implied private right of action); <u>Diefenthal</u>, 681 F.2d at 1050. <u>See also</u>, <u>Sigmon v. Southwest Airlines</u>, 110 F.3d 1200 (5th Cir. 1997) (burden of demonstrating that Congress contemplated private right of action is "relatively heavy"). The Fifth Circuit has not and would not sanction the creation of a private right of action allowing Casas to enforce a federal regulation.

## III.

## CONCLUSION

Plaintiff's Complaint alleges that "[j]urisdiction is based on federal question jurisdiction and involves interpretation of federal statute(s) or rules, specifically, the Federal Aviation Act of 1958 sec. 101 et seq., 49 U.S.C. App. sec. 1301 et seq. and 14 C.F.R. sec. 253 and 254." In light of the Fifth Circuit's decision in <u>Jewelers</u>, Plaintiff can not establish proper federal question jurisdiction because neither the statutory provisions upon which Plaintiff relies nor 14 C.F.R. §§ 253 and 254 provide for an express or implied cause of action.

Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be granted because federal question jurisdiction has not been invoked. Plaintiff's action does not "arise under" federal law because federal law, as interpreted by the Fifth Circuit, does not create a cause of action under the Federal Aviation Act or its promulgated rules. The authority to enforce the law cited by Plaintiff as his basis for federal jurisdiction rests exclusively with the DOT. Given the presumption against the creation of implied rights of action and the lack of congressional intent to create such an action, this Court should follow the long standing precedent and dismiss Plaintiff's claims because there exists no federal question jurisdiction.

CutePDF - www.tesisx.com

WHEREFORE, PREMISES CONSIDERED, American requests that this Court, pursuant to Fed. R. Civ. P. 12(b)(1), dismiss Plaintiff's Complaint in its entirety because Plaintiff has failed to plead a proper basis for subject matter jurisdiction and that Defendant obtain further relief to which it may show itself justly entitled.

Respectfully submitted,

JACKSON WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:    (214) 953-6000
Telecopier:    (214) 953-5822

By: _James D. Struble (w/ permission)_
Attorney in Charge
David T. Moran
State Bar No. 14419400
S.D. Bar No. 11261
James D. Struble
State Bar No. 19425700
S.D. Bar No. 14276

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of July, 1998, a true and correct copy of the above and foregoing Defendant's Brief in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction has been forwarded to Plaintiff's counsel of record, via certified mail, return receipt requested:

Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550

_James D. Struble (w/ permission)_
David T. Moran

103950.13/1762019.3

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION                    PAGE 7

claimed that American's ticket violated one of the same DOT regulations that Plaintiff Casas cites as a basis for subject matter jurisdiction.

In Statland, the district court dismissed the action, holding that Plaintiff had no private right to enforce the regulation at issue against American Airlines. The Seventh Circuit, noting first that there was a "strong presumption" against the creation of a private right of action, found that while the federal aviation regulations were designed to protect consumers, that protection would come from enforcement of those regulations by the Department of Transportation and not in the creation of a private right of action. Statland, 998 F.2d at 540. The Seventh Circuit held that "Statland cannot bootstrap consumers' rights into a law that does not mention them" and found that plaintiff did not have a private right to enforce 14 C.F.R. 253. Id. The Court also reasoned that if Ms. Statland wanted American to change its ticket policies, "she may complain to the Department of Transportation". Statland, 998 F.2d at 542. The U.S. Supreme Court denied certiorari.

The Seventh Circuit also stated that for the plaintiff to proceed in federal court she must show that § 1381 [now § 41707] — the passenger's sole basis for federal jurisdiction—creates a private right of action for consumers. Statland, 998 F.2d, at 539. The Statland Court stated, "a private cause of action is seldom implied for statutes framed as general commands to a federal agency or for statutes that do not create rights for a specific class of persons." Id at 540. The Court held that the provision at issue describes an agency's power to regulate otherwise legal activity, and it does not purport to create rights for any group of people. "Section 411 (b) [§ 49 U.S.C. § 1381] is thus in that category of laws where an implied private right of action seldom furthers Congress' intent." Id., (citing City of Evanston v. Regional Transp. Auth., 825 F.2d 1121, 1123 (7th Cir. 1987)).

Not only did the Fifth Circuit endorse and favorably cite the Statland holding in the Jewelers' decision, the Fifth Circuit has expressly held that there is no private right of action, either express or