IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 6 1998

Michael N. Milby, Clerk of Court

HECTOR A. CASAS

    PLAINTIFF,

VS.                                  CIVIL ACTION NO. B-96-207

AMERICAN AIRLINES, INC.,

    DEFENDANT

## PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Hector A. Casas, Plaintiff herein, by and through his Attorney of Record, Heriberto Medrano, and hereby files this Motion for Leave to File Plaintiff's Second Amended Original Complaint pursuant to F.R.C.P. 15 (a), and in support hereof, the Plaintiff would show the Court as follows:

I.

Plaintiff would like to amend his complaint at this time to comply with Judge Vela's order and judgment on this case entered on March 26,1998, and to respond to the jurisdictional issues posed by Defendant.

II.

Plaintiff accordingly moves for leave of Court to file this Second Amended Original Complaint, a true and correct copy of which is attached as Exhibit "1" and is incorporated herein by reference for all purposes. F.R.C.P. 15 (a) states that leave of Court shall be "freely given when justice so requires."

1

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves for leave of Court to file his Second Amended Original Complaint and further requests such other and further relief as the Court deems just in this matter.

Respectfully submitted,

Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
Telephone (956) 428-2412
Facsimile   (956) 428-2495

Heriberto Medrano
State Bar No. 13897800
Federal I.D. 5952

ClibPDF - www.fastio.com

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS

VS.                                        CIVIL CAUSE NO. B-96-207

AMERICAN AIRLINES, INC.

### PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, HECTOR A. CASAS, Plaintiff herein, by and through his Attorney of Record, Heriberto Medrano, and hereby files his Second Amended Original Complaint complaining of American Airlines, Inc., and for cause of action would show unto this Honorable Court as follows:

I.

1. Plaintiff is a natural person who at all relevant times was and is a resident of Cameron County, Texas.

2. Defendant American Airlines, Inc. is a foreign corporation doing business in Texas and whose principal place of business is located in Dallas County, Texas. Defendant may be served with process by serving its registered agent for service C.T. Corporation System, 350 N. St. Paul, Dallas, Texas 75201, however, service is not requested at this time.

3. Defendant American Airlines, Inc. has answered and appeared. A true and correct copy of Plaintiff's Second Amended Complaint has been served and



1

mailed to Defendant's attorney of record, Mr. James D. Struble, Jackson & Walker, L.L.P. 901 Main Street, Suite 6000, Dallas, Texas 75202.

II.

4. Jurisdiction is based on Federal common law and also federal question jurisdiction as this case involves the interpretation and application of federal statute(s) or rules, specially, the Federal Aviation Act of 1958 sec. 101 et. seq., 49 U.S.C. App. Sec. 1301 et. seq. and 14 C.F.R. sec. 253 and 254.

5. Venue is proper as all or part of Plaintiff's cause of action accrued in Cameron County, Texas and Defendant American Airlines, maintains a fixed place of business in Cameron County, Texas.

III.

6. Prior to September 3, 1996, Plaintiff purchased round trip airline tickets from Defendant American Airlines for travel from Harlingen, Texas to Orlando, Florida and back. On or about September 3, 1996, Plaintiff boarded an American Airlines flight in Orlando with a scheduled stop in Dallas with final destination to Harlingen, Texas.

7. At the Orlando Airport, Plaintiff checked in two pieces of luggage, same being a new Samsonite hardside piece of luggage and the other a Sony hardside videocamera case. The Sony case contained a Sony 8mm video recorder and other assorted and related video equipment.

8. Plaintiff arrived at the Orlando Airport well in advance of the scheduled departure. He checked in the two pieces of luggage and recalls being asked what was in the bags by Defendant's employee at the ticket counter. He

2

truthfully reported the contents thereof. Defendant accepted the luggage and gave Plaintiff two baggage claim tickets. Plaintiff proceeded to the appropriate gate to board the plane. At no time, did Defendant inform him of any exclusion or liability limiting provisions nor did Defendant offer Plaintiff an opportunity to purchase insurance or a higher fare for excess coverage on his baggage. (The agent or ticket agent referred to herein are American Airlines' employees.)

9. Although the plane was originally scheduled to arrive in Dallas at 8:40 p.m. and Plaintiff's connecting flight to Harlingen was scheduled to depart at 9:45 p.m., the plane did not arrive in Dallas until 9:45 p.m. Once on the ground, for reasons unknown to Plaintiff, there was a delay in getting the door on the airplane opened. As a result, by the time Plaintiff was able to disembark from the plane, the connecting flight to Harlingen, Texas was gone and none of Defendant's agents were there to assist passengers. American Airlines knew that Plaintiff was scheduled to fly on this connecting flight and that it was the last flight to Harlingen that evening, yet Defendant did not delay the flight departure to Harlingen.

10. Unable to continue his travel to Harlingen, Texas that evening Plaintiff had to spend the night in a hotel at the airport in Dallas. Plaintiff then requested from Defendant, his luggage as all his belongings were in the luggage. Defendant's agent stated Plaintiff's luggage could not be retrieved and that same was safe, and would accompany him on his flight to Harlingen, Texas the following morning.

3

11. The next morning, prior to the flight to Harlingen, Plaintiff again inquired about his two pieces of luggage. Defendant's boarding gate agent assured Plaintiff his luggage would be on the flight that morning with Plaintiff, and that if Plaintiff didn't make the connecting flight the previous night, neither did his luggage.

12. Plaintiff boarded his flight and arrived in Harlingen, Texas. Plaintiff then proceeded to the baggage claim area to retrieve his luggage. When his luggage failed to appear, he approached an American Airlines baggage representative and explained the situation. After Plaintiff described his two pieces of luggage, Defendant's agent produced the Samsonite bag but not the Sony bag.

13. The agent proceeded to take down some information from Plaintiff and filled out a Lost Property Report. (Exhibit A) Defendant's agent informed Plaintiff that American Airlines was not liable for the loss of Plaintiff's camera equipment, but would continue its search for the lost bag.

14. For several days, someone from American Airlines would call Plaintiff and leave messages that the search for the missing piece of luggage was continuing. Eventually, Plaintiff received from American Airlines a three page property claim form, titled Statement of Property Loss. Plaintiff filled out and returned the Statement of Property Loss to Defendant on or about September 16, 1996. (Exhibit B)

15. By letter dated October 29, 1996, almost two months since the loss of his baggage Defendant wrote Plaintiff informing him that the search for his missing piece of luggage, had been unsuccessful and that the prospects for its

4

recovery were "not favorable". Defendant also stated it was denying liability and would make Plaintiff no compensation for its loss of Plaintiff's luggage because "Jewelry, cash, cameras, camera equipment, computers, computer software, business documents, electronic equipment and other similar valuable items are specifically excluded from our liability altogether. . ." and denied Plaintiff's claim in toto. (Exhibit C)

16. Plaintiff thereafter wrote Defendant a letter dated November 1, 1996 requesting American Airlines reconsider its denial. (Exhibit D)

On November 8, 1996, Plaintiff again wrote Defendant and specifically cited the Code of Federal Regulations and the Federal Court ruling in <u>Feature Enterprises, Inc. v. Continental</u>, which invalidated Continental Airlines' similar 'no liability/ no compensation' policy as to 'Excluded Items'. (Exhibit E)

IV.

17. Plaintiff would show that as a result of Defendant American Airlines' actions, it is liable for the damages and losses suffered by Plaintiff. Plaintiff further relies on the doctrines of common carrier strict liability, bailment, res ipsa loquitur, fraud, misrepresentation and conversion. Plaintiff would further show that as a result of Defendant American Airlines' intentional and continued violation of its obligations and duties, it should be subjected to punitive and/or exemplary damages.

V.

18. Plaintiff would further show that Defendant's purported rationale for the total denial of Plaintiff's claim is invalid and contrary to law. See, <u>Feature</u>

5

Enterprises, Inc. v. Continental Airlines, 745 F. Supp. 198 (S. D. New York, 1990) quoting the relevant portions of the applicable Code of Federal Regulations 14 C.F.R. sec. 254, holding that an airline cannot exclude itself from liability in toto. See further, Wells v. American Airlines, 1991 WL 793963-4 (S.D. N.Y. 1991). This has been the law since 1984 (date of the applicable C.F.R.) and before. Indeed, the C.F.R. itself creates a private cause of action. See, Olsen v. Shell Oil Co., 561 F. 2d 1178 (5th Cir. 1977) (applying the four part test of Cort v. Ash, 45 L. Ed. 2d (1975) concerning when a court can imply a private cause of action for violation of a statute or regulation). CF, Odom v. Pacific Northern Airlines, Inc., 393 P. 2d 112 (Alaska 1964) (holding that a common carrier may not exempt itself from liability for its own negligence).

VI.

19.    Plaintiff brings this suit as a Class action on his behalf and all others similarly situated under the provisions of Rule 23 (a) and (b) of the Federal Rules of Civil Procedure, for damages, injunctive and declaratory relief, and relief incident and subordinate thereto, including costs, attorney's fees and pre and post judgement interest.

20.    The Class to be represented by Plaintiff in this action, and of which Plaintiff is himself a member, consists of American Airlines domestic flight passengers who since 1992 suffered the loss of their luggage and who's claims for compensation were denied in whole or in part by American Airlines on the basis of its invalid 'Notice of Exclusion' policy, as incorporated in their "Conditions of Carriage" or similar document(s).

6

21. Based on discovery already completed Plaintiff estimates approximately 14,500 Class members exist. A Class this size is so numerous that joinder of all individual members, whose claims are similar to those of Plaintiff's, is impracticable.

Plaintiff further asserts that American Airlines routinely and intentionally disregarded and ignored the applicable C.F.R. (14 C.F.R. 254) and the case law, prohibiting it from denying passenger's lost baggage claims while at the same time invoking its protective cap of $1,250.00. As a result of these actions, Defendant is estopped from relying on this protective cap.

22. On information and belief, Plaintiff asserts that these persons and passengers whose claims have been denied based on American Airlines' 'Notice of Exclusion' policy have the commonality and typicality necessary for Class certification. Plaintiff submits that there are common questions of law and/or fact in this action that relate to and affect the rights of each member of the Class and the relief sought common to the entire Class.

23. Plaintiff's claims are typical of the claims of the Class, in that all members of the Class, filed a lost baggage claim which was denied in whole or in part, by American Airlines, based on its 'Notice of Exclusion' policy contained in its Contract of Carriage.

24. Plaintiff asserts all persons with valid claims which were denied by American Airlines on the basis its 'Notice of Exclusion' policy will be adequately, fairly and properly represented by Plaintiff and Class Counsel. The attorney for Plaintiff, a former assistant United States Attorney who has represented

7

numerous Plaintiffs in complex litigation resulting in several million dollars recovered, is experienced and capable to proceed in this litigation, and has actively and aggressively prosecuted this action. Class Counsel has already succeeded in obtaining a judgment against Defendant invalidating its 'Notice of Exclusion' policy as a basis for denying liability and making no compensation to any of the purported 14,500 Class members for its loss of these 'Excluded Items' contained in their lost luggage.

25.  Plaintiff further asserts that the common questions of law and/or fact common to the Class, predominate over any questions of law and/or fact affecting only individual members and, because of the number and geographic location of the Class members, a Class action is superior to other available methods for the fair and efficient adjudication of the controversy. A Class action will eliminate the need for thousands of separate suits and thus conserve judicial resources since the claims of Class members and the claims and defenses of Defendant American Airlines, are the same such that the Court's disposition as to the respective party's claims and defenses, are dispositive as to all Class members and Defendant's claims and defenses as well.

26.  Plaintiff submits that the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party or parties opposing the Class, that is, the failure of the Court to certify this action will create the risk of

8

Defendant American Airlines, and similarly situated airlines being subjected to incompatible duties.

27.     Plaintiff further submits on information and belief that Class certification is appropriate because as to some members of the Class, whose lost baggage claim is relatively small, it would not be economically feasible for them to obtain relief through individual suits, and without the redress of a Class action, the aggrieved persons may be left without an effective remedy. <u>Deposit Guaranty Nat'l Bank v. Roper,</u> 445 U.S. 326 (1980). Note for example in Plaintiff's case, all the work and effort Defendant's counsel expended in defense of a claim which was less than $1,250.00.

28.     Additionally, Plaintiff states that Defendant American Airlines, has continued, and will continue to engage in an improper scheme, that is, American Airlines continues its policy of denying compensation for lost baggage claims by relying on and implementing the same invalid and illegal 'Notice of Exclusion' policy. By its continued illegal conduct, American Airlines merits the Court granting Plaintiff's requested injunctive and declaratory relief. Plaintiff further asserts American Airlines' continued illegal conduct warrants the imposition of punitive and/or exemplary damages.

VII.

29.     It was necessary to hire undersigned counsel to represent Plaintiff in this matter and therefore, in addition to the value of the underlying claim, Defendant should be held liable for reasonable and necessary attorney's fees separate and

9

apart from any recovery awarded Plaintiff and the Class members, as well as reasonable costs in preparing, filing and litigating this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a Class action be certified, and upon final hearing that Plaintiff, as Class representative, obtain a judgment against Defendant American Airlines for all sums to which the Class may show entitled to, that punitive and/or exemplary damages be awarded, and that the rights of the Class members to damages and injunctive and declaratory relief be adjudicated and declared.  Plaintiff further requests that American Airlines be permanently restrained and enjoined from denying lost baggage claims on their 'Notice of Exclusion' policy contained in their Conditions or Contracts of Carriage, and that said judgment bear pre and post judgment interest at the highest rate allowed by law until paid in full.  Lastly, Plaintiff requests the Court award Class Counsel reasonable and necessary attorney's fees, as well as costs in preparing, filing, and litigating this action, separate and apart from any monetary benefits obtained by the Class, and for such other and further relief as to the Court may deem appropriate.

Respectfully submitted,

Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
Telephone (956) 428-2412
Facsimile   (956) 428-2495

Heriberto Medrano
State Bar No. 13897800
Federal I.D. 5952

10