

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION
(Jury Requested)

United States District Court
Southern District of Texas
FILED

AUG 1 2 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | * | |
| Plaintiff, | * | |
| VS. | * | CIVIL CAUSE NO. B-96-207 |
| AMERICAN AIRLINES, INC. | * | |
| Defendant, | * | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Hector A. Casas, Plaintiff herein, by and through his attorney Heriberto 'Eddie' Medrano, and files this response to Defendant's Motion To Dismiss For Lack of Subject Matter Jurisdiction. Plaintiff asserts that Defendant (a) has misrepresented what the applicable standard a federal court must use to determine if jurisdiction exists, (b) has ignored the plain language of the statutes and regulations cited, which give rise to Plaintiff's cause of action, in his complaint, and (c) has misapplied the various Court rulings cited in its Memorandum of law. Plaintiff would show the following in support thereof:

### Federal Question Jurisdiction

1.    There are two theories that support federal question jurisdiction in this Case as pled by Plaintiff in his Original, First Amended and Second Amended Original Complaint:

a. The complaint raises an express or implied cause of action that exists under a federal statute; and

b. The cause of action arises under federal common law principles.

1

## Cause of Action Created By 14 CFR 254.4 Baggage Liability

2.      The plain language of 14 CFR 254.4 clearly shows this federal

regulation creates a right for air passengers to seek compensation from an air

carrier of up to at least $1,250 for an air carrier's damage to or loss of that

passenger's property, including baggage.

> 14 CFR 254.4 Carrier Liability
>
> "In any flight segment using large aircraft, or on any flight segment that is included on the same ticket as another flight segment that uses large aircraft, *an air carrier shall not limit its liability* for provable direct or consequential damages *resulting from the disappearance* of, *damage* to, or *delay* in delivery *of a passenger's personal property, including baggage,* in its custody *to an amount less than $1,250 for each passenger.*" (emphasis added)

Defendant's assertion in its Paragraph B on page three of its Motion that

"There Is No Private Right of Action Under the Federal Aviation Act and 14

C.F.R. 254.4", clearly ignores the plain language of that regulation.

## Misapplication of Prior Court Rulings

3.      Defendant has misapplied the Fifth Circuit Court's ruling in Jewelers v.

ABX, Inc., 117 F.3d 922 (5th Cir. 1997) to the facts in this case. Jewelers dealt

with a claim by a *jewelry company shipper* (not an air passenger) against an *air*

*freight carrier* (not an air passenger carrier), Airborne Express, for its loss of *a*

*cargo shipment of jewelry* (not a passenger's baggage). The Court  in Jewelers

stated there was no express private right of action created by the Air

Deregulation Act for a *shipper* to recover the value of damaged or lost ***cargo***

from an *air freight carrier*. In the present case, 14 CFR 254.4 **specifically** gives

rise to an airline *passenger's* right to compensation from *an air carrier* for its loss

2

of that passenger's property, including **baggage**. Defendant ignores the specific language of the regulation Plaintiff cites in his complaint which clearly gives rise to his cause of action and this Court's federal question jurisdiction.

4.      The Fifth Circuit did not even mention the mandatory minimum liability requirements of 14 CFR 254.4 in its <u>Jewelers'</u> decision, because 14 CFR 254.4 creates its right of compensation specifically for airline passengers and their baggage, not for air freight shippers and their cargo.

5.      Defendant also incorrectly cites the Seventh Circuit Court's ruling in <u>Statland v. American Airlines, Inc.</u>, 998 F.2d 539 (1993) as supporting its assertion that no private cause of action is created by 14 CFR 254.4 'Baggage Liability'. To the contrary, the Court in <u>Statland</u> ruled that, "because private suits usually seek to enforce personal rights, *a private cause of action seldom augments a law that does not <u>create rights for</u> <u>a specific class of persons</u>*".[1] There is no doubt 14 CFR 254.4 <u>*creates a right for compensation for lost luggage*</u> from an air carrier, for "a specific class of persons", i.e. <u>*airline passengers*</u>

6.      <u>Statland</u> dealt with a Plaintiff suing American Airlines concerning its ticketing practices regarding canceled ticket refunds, and sought federal court jurisdiction by claiming a cause of action arose for the benefit of passengers, under a general Federal Aviation Act regulation Sec. 411(b). That regulation dealing with ticketing requirements, did not mention consumers, passengers, nor any right created for a specific class of persons. The Court in <u>Statland</u> dismissed the case for lack of federal question jurisdiction because <u>Statland</u> was attempting to, "bootstrap consumers' rights into a law that does not mention them". <u>Statland</u>

3

at p. 540. Here, the plain language of 14 CFR 254.4 specifically creates a right to compensation for lost luggage against air carriers, on behalf of airline passengers, up to $1,250 per passenger.

### History and Intent of 14 CFR 254.4 Domestic Baggage Liability

7.      The Seventh Circuit in <u>Statland</u> stated that a review of the language, structure and legislative history of the statute or regulation can often provide evidence of the governing body's intent in promulgating the regulation in question and determining also if a private cause of action was intended to be created. <u>Statland</u> at page 541. A review of the Civil Aeronautics Board's comments and supplementary information concerning its drafting and implementation of 14 CFR 254.4 clearly shows the intent to create a right for airline passengers to be compensated up to $1,250 each, for an air carrier's loss of or damage to that passenger's baggage.

> "The CAB is adopting final rules on domestic baggage liability for airlines. The Rules apply to all flights on large aircraft (over 60 seats) and to small aircraft flights that are on the same ticket. **These airlines <u>may not limit</u> <u>their liability</u> for lost, damaged or delayed <u>baggage to less than</u> <u>$1,250 per passenger.</u>**"[2] (emphasis added)

8.      That the CAB was creating these minimum mandatory rights to compensation for a specific class of persons, i.e. airline passengers, is reflected in their comments contained in the federal register as well.

> "The Board has recognized, however, *the importance of baggage liability to passengers*, and **its special concern for that subject is the reason for the individual rules that are the subject of this proceeding. The *intent of the rules is to alert every passenger directly* in simple terms, *of the carrier's limitation of liability*,** while making the details available

---

[1] <u>Statland v. American Airlines, Inc.</u>, 998 F.2d 539, 540 (5th Cir. 1993)
[2] Federal Register, Vol. 49 No. 29, Friday Feb. 10, 1984, 14 CFR Part 254 Domestic Baggage Liability.

4

through less costly means under the provisions of Part 253."[3] (emphasis added)

9. There is no doubt Plaintiff's complaint asserts federal question jurisdiction as, *"The complaint raises an express or implied cause of action that exists under a federal statute"* (Jewelers), in that Plaintiff seeks to enforce a personal right created by a statute or regulation (14 CFR 254.4), *"for a specific class of persons"* (Statland), i.e. airline passengers.

### Alternatively A Cause of Action Exists Under Federal Common Law

10. In the alternative, Plaintiff asserts in his Second Amended Original Complaint, that federal jurisdiction exists as his claims against American Airlines arise under federal common law. The Fifth Circuit Court's ruling in <u>Jewelers</u> is dispositive of the question of whether or not a cause of action against air carriers for lost or damaged goods arises under federal common law. The Court asked the question:

> "Thus, we must determine whether *federal common law causes of action against air carrier have survived deregulation.*"[4] (emphasis added)

11. The Fifth Circuit Court ruled that deregulation of the airline industry under the ADA did not terminate federal common law causes of action against air carriers.

> "When deregulating the airlines under the ADA, not only did Congress choose not to repeal federal common law in 'clear' and 'explicit' language, it chose the opposite course: the ADA includes an express provision preserving common law remedies."[5]

> "In enacting the ADA, Congress included a savings clause that provided:

---

[3] Id.
[4] Jewelers v. ABX, Inc., 117 F.3d 922, 927 (5th Cir. 1997)
[5] Id. at page 928

CMxPDF - www.fesoic.com

'Nothing in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Chapter are in addition to such remedies'."[6]

The Court allowed the Plaintiff in Jewelers, an air shipper, to sue an air cargo carrier, Airborne Express, for the loss of its freight shipment stating that a federal cause of action continues to survive for claims against air carriers.

### District Court Ruled Federal Law (Not State Law) Governs This Case

12.    The District Court, in approving the Magistrate Judge's Report and Recommendation, has already ruled that it has jurisdiction of this case and further stated that, "Federal not state law, governs this case relating to the liability exclusions and limitations of an air carrier with respect to interstate transportation of property."[7]

### By Its Pleadings Defendant Has Waived Jurisdictional Challenge

13.    Defendant admitted to the existence of federal question jurisdiction in this case, both in its Original and First Amended Original Answer.[8] Additionally, Defendant itself invoked this Federal Court's jurisdiction by its affirmative pleadings in its Motion For Summary Judgment, which the Magistrate and District Court partially granted and partially denied.

14.    However, since the Court's ruling granting Plaintiff summary judgment on the issue of liability and declaring invalid Defendant's 'Notice of Exclusion' defense, American Airlines now seeks to challenge this same Court's jurisdiction it previously consented to and even affirmatively asserted.

---

[6] Id. at page 928, citing 49 U.S.C. App. Sec. 1506. Re-enacted without substantive change as 49 U.S.C. Sec. 40120(c).
[7] Magistrate Judge's Report and Recommendation at page 6.
[8] Defendant's Original Answer at page 1. Defendant's First Amended Original Answer at page 2.

6

15.    By analogy, the Fifth Circuit's ruling in <u>Kidd v. Southwest Airlines</u>, 891

F.2d 540, 545 (5th Cir. 1990), is applicable to American Airlines' actions here.

The Court stated, "Where the disgruntled party takes full advantage of the federal

forum and then objects to removal only after losing at the district court level, that

party has waived all objections to removal jurisdiction." Likewise, American

Airlines, having admitted jurisdiction in its answers, and taken advantage of this

forum by itself invoking the Court's jurisdiction in filing affirmative pleadings by its

Motion for Summary Judgment, which as to the issue of liability it lost, it has now

also waived all objections to this Court's jurisdiction.

### Conclusion

Plaintiff asserts his claims as stated in his Original, First Amended Original

and Second Amended Original Complaint all arise under federal question

jurisdiction, and in the alternative under federal common law jurisdiction as well,

as the complaint calls for the interpretation and application of several federal

statutes and regulations. 14 CFR Part 254 'Baggage Liability' specifically creates

a right to compensation for lost baggage by air carriers, for the benefit of airline

passengers, which gives rise to Plaintiff's cause of action and invokes the Court's

federal question jurisdiction.

As federal procedural rules require that the Court must review all

pleadings that exist prior to determining if federal jurisdiction exists, since federal

procedural rules permit the plaintiff to amend the pleadings to cure any

jurisdictional defects, <u>Kidd v. Southwest Airlines, Co.</u>, at page 545, Plaintiff prays

7

the Court will deny Defendant's Motion to Dismiss and proceed to certify a Class

Action pursuant to Plaintiff's Motion for Class Certification.

Respectfully submitted,

Heriberto 'Eddie' Medrano
Fed. Bar #5952
Texas Bar #13897800

1101 West Tyler
Harlingen, Texas  78550

Tel. 956-428-2412
Fax 956-428-2495

## Certificate of Service

The undersigned certifies that a true copy of Plaintiff's Response To

Defendant's Motion To Dismiss For Lack of Subject Matter Jurisdiction, was

faxed and sent certified mail to Mr. James Struble, counsel for Defendant

American Airlines, Inc., this 12th day of August, 1998.

Heriberto Medrano