53

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION
(JURY REQUESTED)

United States District Court
Southern District of Texas
FILED

AUG 1 4 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | * | |
| Plaintiff, | * | |
| VS. | * | Civil Action No. B-96-207 |
| | * | |
| AMERICAN AIRLINES, INC. | * | |
| Defendant, | | |

**PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S
EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND
TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Plaintiff Hector A. Casas, by and through his attorney Heriberto 'Eddie' Medrano, and files this response opposing Defendants' Emergency Motion For Extension Of Time To Respond To Plaintiff's Motion For Class Certification, and would state the following in support thereof:

**Rule 23 F.R.C.P. Mandates Determination Of Class Certification Quickly**

1. Rule 23(c)(1) of the Federal Rules of Civil Procedure, mandates that, "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

2. After filing the Original Complaint in November, 1996, both parties agreed to stay discovery as to any evidence regarding 'Class' certification until the issue of Defendant's liability to compensate Plaintiff for the loss of his baggage, pursuant to the requirements of 14 CFR 254.4, was resolved. Accordingly, both parties conducted limited discovery, including Plaintiff's deposition, and fully argued their positions to the Court regarding the liability of American Airlines to Plaintiff under the requirements of

1

14 CFR 254.4, as well as American Airlines' reliance on its 'Notice of Exclusion' defense to circumvent 14 CFR 254.4's minimum mandatory compensation limit of $1,250.

3. Both parties submitted Motions For Summary Judgment as to the liability issue. Both the Magistrate Court and the District Court ruled in favor of Plaintiff and issued judgment declaring a) American Airlines was liable to Plaintiff for the loss of his luggage, specifically the loss of his video camera, b) American Airlines' 'Notice of Exclusion' defense to totally avoid compensation was invalid, c) the mandatory compensation requirements of 14 CFR 254.4 of up to $1,250 for an air carriers' loss of a passenger's baggage, applied to 'excluded items' contrary to Defendant's policy.

The only matter left unresolved was the question of Class certification, which the District Court remanded to the Magistrate for consideration and recommendation.

**Discovery Conducted Warrants Court Certification of Class Action**

4. After the Court's Judgment granting Plaintiff's Motion For Summary Judgment as to liability on March 26, 1998, Plaintiff conducted depositions and request for production which disclosed the existence of at least 7,500 other persons who filed claims for compensation with American Airlines, which were also denied base on Defendant's 'Notice of Exclusion' defense to circumvent liability.

5. Plaintiff has filed a Motion For Class Certification which awaits Defendant's response within twenty days and is subject to the Court setting a hearing to consider same. Nothing prevents Defendant from responding to same within the mandated twenty days. Plaintiff incorporates Plaintiff's Motion For Class Certification as part of this response opposing Defendant's Emergency Motion To Respond.

2

## Defendant's Motion To Dismiss
## For Lack of Subject Matter Jurisdiction is Frivolous.

6.. Defendant itself in its answers admitted federal question jurisdiction applies to this case. Further, American Airlines itself invoked this Court's jurisdiction by filing affirmative pleadings, such as its Motion For Summary Judgment, which as to liability was denied. Plaintiff's Reply to Defendant's Motion To Dismiss fully addresses these issues and Plaintiff incorporates same with this pleading.

7. Defendant's Emergency Motion For Extension of Time To Respond is simply an attempt by American Airlines, to delay the Court's ruling on Plaintiff's Motion For Class Certification for as long as possible. As Plaintiff has alleged in his Motion for Class Certification, American Airlines has admitted through deposition that approximately 7,500 passenger claims for compensation were denied by its assertion of the 'Notice of Exclusion' defense, which this Court has declared invalid and contrary to the legal requirements of 14 CFR 254.4.

8. Plaintiff has also discovered through deposition that American Airlines, despite this Court's ruling invalidating and declaring illegal American Airlines' practice of denying passengers compensation for its loss of certain 'Excluded Items', has nevertheless continued to implement this illegal practice. Defendant's Emergency Motion simply seeks to stall this Court's consideration of Plaintiff's 'Declaratory and Injunctive Relief' prayed for in its Motion For Class Certification, pursuant to Rule 23(b)(2) F.R.C.P.

Plaintiff would pray this Court deny Defendant's Emergency Motion For Extension of Time To Respond To Plaintiff's Motion For Class Certification as

3

Defendant will suffer no detriment in being required to file its response within the alloted twenty days, and more importantly, so that the Court can comply with the requirements of Rule 23(c)(1) F.R.C.P. and determine as soon as practicable whether a Class action is merited.

Respectfully submitted,

_____
Heriberto 'Eddie' Medrano
Fed. Bar # 5952
Texas Bar #13897800

1101 West Tyler
Harlingen, Texas  78550
Tel. 956-428-2412
Fax 956-428-2495

## Certificate of Service

The undersigned certifies that a true and correct copy of Plaintiff's Response In Opposition To Defendant's Emergency Motion For Extension of Time To Respond, was sent via fax and certified mail to Mr. James Struble, attorney for Defendant American Airlines, Inc., this 13th day of August, 1998.

_____
Heriberto Medrano

4