5;

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 19 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | B-96-207 |
| | § | |
| AMERICAN AIRLINES, INC. | § | |
| | § | |
| Defendant. | § | JURY |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, American Airlines, Inc. ("American"), and files this its Reply to Plaintiff's Response Opposing Defendant's Emergency Motion for Extension of Time to Respond to Plaintiff's Motion for Class Certification and would show the Court the following:

### I.

### BACKGROUND

1. On August 7, 1998 American, in an effort to conserve judicial resources, presented the Court with a very simple request: extend the deadline to respond to the Motion for Class Certification to a date twenty (20) days after the Court's ruling on Defendant's Motion to Dismiss. By way of response, Plaintiff argued that Defendant's Motion to Dismiss was "frivolous" because Defendant has somehow "admitted" federal question jurisdiction and "invoked this Court's jurisdiction."

## II.

## SUBJECT MATTER JURISDICTION

2.      A lack of subject matter jurisdiction is a non-waivable defense and may be raised at any time. Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ("parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived"); Avitts v. Amoco Production Co., 53 F.3d 690, 693 (5th Cir. 1995).  Additionally, a party may not be "estopped" from raising the defense of lack of subject matter jurisdiction.  Coury, 85 F.3d at 249.  American could not, even if it wished to, waive the defense of lack of subject matter jurisdiction or somehow consent to the jurisdiction of this Court if subject matter jurisdiction is lacking.  If American had not asserted the defense of lack of subject matter jurisdiction it would be the responsibility of this Court, or any court considering the matter at any level, to sua sponte dismiss the lawsuit if it appears that subject matter jurisdiction does not exist.  Therefore, American cannot, and has not, admitted or waived subject matter jurisdiction.

## III.

3.      Both parties have previously worked amicably to resolve disputes without the intervention of the Court and have on numerous occasions agreed to continuances and extensions to deadlines.  American is not attempting to delay the resolution of this lawsuit.  American did not file its Motion for Extension to "delay" or "stall" the resolution of this lawsuit.  Very plainly, a dismissal based upon subject matter jurisdiction would render moot Plaintiff's Motion for Certification.  Defendant simply requests that the Court rule on Defendant's Motion to Dismiss and, if the Court should rule against American, allow American twenty (20) days in which to respond to the Motion to Certify.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S
EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION                                    PAGE 2

WHEREFORE, PREMISES CONSIDERED, American respectfully requests that its Motion for Extension of Time be in all things GRANTED and that the Court enter an order extending Defendant's deadline to respond to Plaintiff's Motion for Class Certification for twenty (20) days after the Court's ruling on Defendant's Motion to Dismiss.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:    (214) 953-6000
Telecopier:   (214) 953-5822

By: _James D. Struble (w/permission)_
          Attorney in Charge
          David T. Moran
          State Bar No. 14419400
          S.D. Bar No. 11261
          James D. Struble
          State Bar No. 19425700
          S.D. Bar No. 14276

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of August, 1998, a true and correct copy of the above and foregoing has been forwarded to Plaintiff's counsel of record:

Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550

_James D. Struble (w/ permission)_
David T. Moran

1782467.1

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**                                      PAGE 3