57

United States District Court
Southern District of Texas
FILED

AUG 25 1998

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc. ("American") and files this Reply to Plaintiff's Response to Defendant's Motion To Dismiss For Lack of Subject Matter Jurisdiction and would show as follows:

I.

## SUMMARY OF REPLY

This case should be dismissed for lack of subject matter jurisdiction. First, Plaintiff's live pleading -- his First Amended Original Complaint -- relies upon the Federal Aviation Act as his jurisdictional basis and the Fifth Circuit has held, in at least three cases, that that statute does not give rise to a private cause of action. Plaintiff cites no case -- and certainly none in the Fifth Circuit -- that holds that this court has jurisdiction. Second, federal courts are courts of limited jurisdiction

and American did not, indeed cannot, waive an objection to lack of subject matter jurisdiction. The Fifth Circuit, en banc, reaffirmed this fundamental principle just two months ago. See Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 217 (5th Cir. 1998) (en banc). Third, Plaintiff's request that now he should be granted leave of court to assert an entirely different basis of jurisdiction -- federal common law -- is a tacit admission that American's motion to dismiss has merit. Nonetheless, the motion should be denied because the court lacks jurisdiction and thus the power to grant such amendment. Dismissal is the only option when a court lacks jurisdiction. Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775-76 (5th Cir. 1986). Moreover, to allow such an amendment here would be futile. Under controlling Fifth Circuit law, if this Court rules that federal common law jurisdiction exists, then that same Fifth Circuit authority would compel a dismissal of Plaintiff's claims on the merits. Specifically, if the basis of Plaintiff's claim is now not 14 C.F.R. § 254 -- a regulation enforced only by the DOT and not by private litigants -- but rather the federal common law of contracts governing interstate baggage claims, then plainly American's ticket is enforceable and Plaintiff's claim should be dismissed. See Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997) (affirming summary judgment for airline and holding airline ticket properly excluded liability for lost jewelry). Under these circumstances, the court should dismiss this action.

## II.

### THIS COURT LACKS SUBJECT MATTER JURISDICTION

American's original brief demonstrated that the Fifth Circuit has held, at least three times, that the Federal Aviation Act does not create a private right of action for alleged violations. See Jewelers v. ABX, Inc., 117 F.3d 922, 925 (5th Cir. 1997); Hodges v. Delta Airlines, Inc., 44 F.3d

334, 340 n.13 (5th Cir. 1995) (holding, en banc, no implied private right of action may be inferred from 49 U.S.C.§ 1374(a) requiring airlines to provide safe and adequate service); <u>Deifenthal v. C.A.B.</u>, 681 F.2d 1039, 1050 (5th Cir.), <u>cert. denied</u>, 459 U.S. 1107 (1982) (private litigants may not enforce violations of § 1374(a) and 14 C.F.R. 252 of the Federal Aviation Act).[1] Of these controlling cases, Plaintiff chooses to discuss only <u>Jewelers</u>, and, on this subject, the Fifth Circuit's holding could not be more clear; there is no private right of action under the Federal Aviation Act (and, necessarily, under any DOT regulations promulgated pursuant to it). According to the Fifth Circuit:

> Although the airline industry was regulated throughout most of its history, in 1978 Congress substantially deregulated the industry. <u>Under the new, limited regulatory regime, there is no express private right of action. We also find no indication that Congress implicitly intended a private right of action to arise under the statutory scheme</u>.

<u>Jewelers</u>, 117 F.3d at 925.

Plaintiff cannot avoid the Fifth Circuit's square holding that, if followed here, mandates dismissal of this case. Yet Plaintiff persists in asserting <u>Jewelers</u> was merely a "shipper" case and not a case by a passenger against an airline. Plaintiff offers no support for this distinction, and, we are aware of none. The basic, fundamental point here is jurisdiction: the Federal Aviation Act does not provide a private cause of action against an airline for either a passenger or a shipper for lost baggage. Moreover, <u>Jewelers</u> rejects the Plaintiff's asserted distinction by relying upon two cases

---

[1] The Second, Third, Sixth, Seventh and Ninth Circuits agree with the Fifth and have similarly held that a plaintiff has no private right of action under the Federal Aviation Act. See cases cited in American's Brief In Support of Motion To Dismiss at p. 4. Plaintiff's Response fails to even mention these authorities, much less refute them.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**      Page 3

which were in fact suits by passengers against airlines. <u>Jewelers</u>, 117 F.3d at 925 n.3 (citing <u>Sigmon v. Southwest Airlines</u>, 110 F.3d 1200 (5th Cir. 1997) and <u>Statland v. American Airlines, Inc.</u>, 998 F.2d 539, 540 (7th Cir.), <u>cert. denied</u>, 510 U.S. 1012 (1993)). Moreover, other Fifth Circuit cases by passengers against airlines have held that the Federal Aviation Act does not create a federal, private right of action for the passenger. <u>Hodges</u>, 44 F.3d at 340 n.13; <u>Deifenthal</u>, 681 F.2d at 1050.

Plaintiff, however, argues that a regulation issued by the federal agency charged with the enforcement of the Federal Aviation Act creates a private right of action and, therefore, conveys federal question jurisdiction. Plaintiff's argument is meritless. First, the statutory basis for 14 C.F.R. § 254, upon which Plaintiff relies, is 49 U.S.C. § 1374(a). The Civil Aeronautics Board made this point clear when considering the rule's adoption:

> The new Part 254 places substantive requirements on air carriers that are independent of tariff filing. Although the Board's domestic tariff authority terminates at the end of 1983, the duty to follow the rule continues.
>
> The authority for continuing regulation of baggage liability limitations is sections 404(a) and 411 of the Federal Aviation Act, as amended. Section 404(a) provides that, "It shall be the duty of every air carrier to provide * * * safe and adequate service."
>
> * * *
>
> Section 411 provides that the Board may investigate and determine if an air carrier, foreign air carriers, or travel agent is engaged in unfair or deceptive practices, or unfair methods of competition. Failure to provide the requisite baggage liability coverage or notices will be deemed by the Board to be a violation of Section 411, and the carrier will be ordered to cease and desist from such practice.

47 Federal Register 52987-01 at *52990 (November 24, 1982).[2] The Fifth Circuit, en banc, has held explicitly that 49 U.S.C. § 1374(a) [that is, Section 404(a) of the Federal Aviation Act] does not create a private right of action. <u>Hodges</u>, 44 F.3d at 340 n.13; <u>Deifenthal</u>, 681 F.2d at 1050. Similarly, Section 411(a), which grants the Department of Transportation authority to investigate whether an airline engaged in an unfair practice, does not create a private right of action. <u>Statland</u>, 998 F.2d at 541; <u>Polansky v. Trans World Airlines, Inc.</u>, 523 F.2d 332, 338-40 (3d Cir. 1975). Clearly, there is no federal court jurisdiction based upon 14 C.F.R. 254.

Moreover, <u>Statland</u> is "on point" -- it concerned the same statute and one of the other regulations (§ 253) upon which Plaintiff relies. The Seventh Circuit <u>affirmed</u> the dismissal for lack of subject matter jurisdiction. <u>Statland</u>, 998 F.2d at 541. Importantly, the Fifth Circuit approves of the holding in <u>Statland</u>. <u>See</u> <u>Jewelers</u>, 117 F.3d at 925, n.3 (citing <u>Statland</u> for proposition that Federal Aviation Act does not create a private cause of action). Third, and perhaps most telling, Plaintiff cites no case, and we have found none, that supports his position. Indeed, the law is uniformly to the contrary. As one court noted:

> Every court faced with the question of whether a consumerprotection [sic] provision of the ADA [Airline Deregulation Act] allows the implication of a private right of action against an airline <u>has answered the question in the negative</u>.

<u>Musson Theatrical, Inc. v. Federal Express Corp.</u>, 89 F.3d 1244, 1252 (6th Cir. 1996) (citing <u>Statland</u>). (emphasis added).

---

[2] Section 404(a) was codified at 49 U.S.C. § 1374(a). It is now found at 49 U.S.C.A. § 41702 (West 1997). See <u>Deifenthal</u>, 681 F.2d at 1043-44.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**     Page 5

## III.

## AMERICAN DID NOT, INDEED CANNOT, WAIVE ITS OBJECTION TO LACK OF SUBJECT MATTER JURISDICTION

Plaintiff asserts that American has "waived" its objection to subject matter jurisdiction. This is erroneous because subject matter jurisdiction cannot be waived, as the Fifth Circuit, en banc, recently reaffirmed on June 22, 1998. See Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 217 (5th Cir. 1998). As the Fifth Circuit wrote:

> The rule that we first address our jurisdiction is so fundamental that "we are obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). "The general rule is that the parties cannot confer on a federal court jurisdiction that has not been vested in that court by the Constitution and Congress. This means that the parties cannot waive lack of [subject-matter] jurisdiction by express consent, or by conduct, or even by estoppel; the subject matter jurisdiction of the federal courts is too basic a concern to the judicial system to be left to the whims and tactical concerns of the litigants." 13 Wright et al., supra, § 3522, at 66-68 (citations omitted); see e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

Id. at 217 (emphasis added). See also, e.g., Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ("The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense that cannot be waived.").[3]

---

[3] Kidd v. Southwest Airlines Co., 891 F.2d 540 (5th Cir. 1990), relied upon by Plaintiff, does not hold that a party can waive subject matter jurisdiction. Kidd involved a defective removal; at the time of judgment, however, the court had acquired subject matter jurisdiction over an amended complaint that invoked ERISA jurisdiction. Kidd holds only that a plaintiff who invokes federal court jurisdiction after removal cannot continue to insist that removal was improper. Id. at 547.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** Page 6

Plaintiff next asserts that the magistrate judge ruled that federal and not state law governs this case. While the judge so ruled, neither the magistrate nor the district judge considered whether subject matter jurisdiction was present -- it was merely assumed to exist. Moreover, Plaintiff misunderstands the distinction between the controlling substantive law -- i.e., whether it is federal or state -- and <u>federal court jurisdiction</u>. The federal law that Plaintiff says governs -- the Federal Aviation Act and its regulations -- plainly does not give this Plaintiff the "keys to the federal courthouse door" to assert a private right of action against American. Rather, enforcement of § 254 is vested solely in the DOT, as the Fifth Circuit has written about the Federal Aviation Act:

> Federal law provides an additional protection to consumers: The Airline Deregulation Act gives the Secretary of Transportation authority to investigate an airline's unfair or deceptive acts or practices or unfair methods of competition. See 49 U.S.C. § 41713. Upon discovering such an act or practice, the Secretary may issue cease-and-desist orders or levy civil sanctions against an offending airline. We do not suggest that such an action would be appropriate against Southwest in this case, only that the law provides another protection against the airlines engaging in the mischief prophesied by the appellants.

<u>Sigmon v. Southwest Airlines Co.</u>, 110 F.3d 1200, 1206-07 (5th Cir. 1997). Or, as the Seventh Circuit stated in <u>Statland</u>: if plaintiff wants American to change its ticket policies, he "may complain to the Department of Transportation." <u>Statland</u>, 998 F.2d at 542.

## IV.

## THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND

The Plaintiff, recognizing his jurisdictional defect, seeks leave to file his third complaint and allege jurisdiction based upon federal common law. However, it is well settled that the existence of federal jurisdiction must be disclosed in the first complaint filed rather than in some later

amendment. <u>Mullen v. Torrance</u>, 22 U.S. (9 Wheat) 536 (1824) (jurisdiction "depends upon the state of things at the time the action is brought"); <u>Mobil Oil Corp. v. Kelley</u>, 493 F.2d 784, 786 (5th Cir.), ("jurisdiction is determined at the outset of the suit"), <u>cert. denied</u>, 419 U.S. 1022 (1974). If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss. <u>See</u> <u>Aetna Cas. & Sur. Co. v. Hillman</u>, 796 F.2d 770, 776 (5th Cir. 1986) ("At the commencement of this suit, there was not complete diversity of citizenship and the federal court had no subject matter jurisdiction. If a federal court lacks subject matter jurisdiction it must dismiss the action."). Indeed, where, as here, there is no jurisdiction, the complaint may not be amended. As the Fifth Circuit has written:

> USF&G argues that 28 U.S.C. § 1653 allows it to amend its pleading to cure the jurisdictional defect. Section 1653 states: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." USF&G misreads section 1653. Section 1653 provides a method for curing defective *allegations* of jurisdiction. It is not to be used to create jurisdiction retroactively where it did not previously exist. <u>Boelens v. Redman Homes, Inc.</u>, 759 F.2d 504, 512 (5th Cir. 1985) (section 1653 applies to technically inadequate allegation of jurisdiction, not new causes of action); <u>Field v. Volkswagenwerk AG</u>, 626 F.2d 293, 306 (3d Cir. 1980) (section 1653 applies only to defective allegations of jurisdiction); <u>Russell v. Basila Manufacturing Co.</u>, 246 F.2d 432, 433 (5th Cir. 1957) (where defect is basic and actual rather than formal, amendment pursuant to 28 U.S.C. § 1653 is unavailing). Here there was not merely a defective allegation of jurisdiction, but rather there was no tendered showing that jurisdiction in fact existed under the original or amended complaint. Therefore section 1653 is inapplicable.

<u>Id.</u> at 775-76. Thus the Court lacks power to grant Plaintiff's motion to amend.

Further, to allow an amendment would be futile. If Plaintiff is allowed to invoke federal common law jurisdiction under the <u>Jewelers</u> holding, 117 F.3d at 929, then Plaintiff is bound by the holding of <u>Jewelers</u> on the merits; that is, the common law permits airlines to exclude liability for certain fragile items, such as lost jewelry. <u>Id.</u> at 931. According to the Fifth Circuit:

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**      Page 8

> The district court granted Airborne's motion for summary judgment, holding that Airborne effectively had limited its liability by including on its standard airbill provisions that hold the shipper harmless for any lost jewelry. <u>We agree</u>.

<u>Id.</u> at 929-30. (emphasis added). Finally, if the Court grants the motion to amend, the Court should permit American to file a motion for summary judgment seeking dismissal of the action. For these reasons, the motion to amend should be denied.

WHEREFORE, PREMISES CONSIDERED, American Airlines, Inc. respectfully prays that its Motion To Dismiss be granted and that American obtain further relief at law or in equity to which it is justly entitled.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
**David T. Moran**
State Bar No. 17358700
Attorney-In-Charge
**James D. Struble**
State Bar No. 19425700

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 24th day of August, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
David T. Moran

1783537.1