58



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| PLAINTIFF, | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc. ("American") and files this Response to Plaintiff's Motion For Leave to File Its Second Amended Original Complaint and would show as follows:

### I.

### THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND

As American established in its Motion To Dismiss For Lack of Subject Matter Jurisdiction and its Reply Brief, this Court lacks subject matter jurisdiction.[1]  The Plaintiff, recognizing his jurisdictional defect, seeks leave to file his third complaint and allege jurisdiction based upon federal common law.  However, it is well settled that the existence of federal jurisdiction must be disclosed

---

[1] American incorporates by reference its motion to dismiss filed on or about July 31, 1998 and its reply brief in support filed on or about August 25, 1998.  Fed. R. Civ. P. 10(c).

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT**                                    Page 1

58

in the first complaint filed rather than in some later amendment. <u>Mullen v. Torrance</u>, 22 U.S. (9 Wheat) 536 (1824) (jurisdiction "depends upon the state of things at the time the action is brought"); <u>Mobil Oil Corp. v. Kelley</u>, 493 F.2d 784, 786 (5th Cir.), ("jurisdiction is determined at the outset of the suit"), <u>cert. denied</u>, 419 U.S. 1022 (1974). If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss. <u>See</u> <u>Aetna Cas. & Sur. Co. v. Hillman</u>, 796 F.2d 770, 776 (5th Cir. 1986) ("At the commencement of this suit, there was not complete diversity of citizenship and the federal court had no subject matter jurisdiction. If a federal court lacks subject matter jurisdiction it must dismiss the action."). Indeed, where, as here, there is no jurisdiction, the complaint may not be amended. As the Fifth Circuit has written:

> USF&G argues that 28 U.S.C. § 1653 allows it to amend its pleading to cure the jurisdictional defect. Section 1653 states: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." USF&G misreads section 1653. Section 1653 provides a method for curing defective *allegations* of jurisdiction. It is not to be used to create jurisdiction retroactively where it did not previously exist. <u>Boelens v. Redman Homes, Inc.</u>, 759 F.2d 504, 512 (5th Cir. 1985) (section 1653 applies to technically inadequate allegation of jurisdiction, not new causes of action); <u>Field v. Volkswagenwerk AG</u>, 626 F.2d 293, 306 (3d Cir. 1980) (section 1653 applies only to defective allegations of jurisdiction); <u>Russell v. Basila Manufacturing Co.</u>, 246 F.2d 432, 433 (5th Cir. 1957) (where defect is basic and actual rather than formal, amendment pursuant to 28 U.S.C. § 1653 is unavailing). Here there was not merely a defective allegation of jurisdiction, but rather there was no tendered showing that jurisdiction in fact existed under the original or amended complaint. Therefore section 1653 is inapplicable.

<u>Id.</u> at 775-76. Thus, the Court lacks power to grant Plaintiff's motion to amend.

## II.

## THE PROPOSED AMENDED COMPLAINT HAS NO MERIT

Moreover, even if the Court has the power to grant the motion, it should be denied because to allow an amendment here would be futile. If Plaintiff is allowed to invoke federal common law

jurisdiction under the holding in <u>Jewelers v. ABX, Inc.</u>, 117 F.3d 925, 929 (5th Cir. 1997), then Plaintiff is bound by the holding of <u>Jewelers</u> on the merits; that is, the common law permits airlines to exclude liability for certain fragile items, such as lost jewelry. <u>Id.</u> at 931. According to the Fifth Circuit:

> The district court granted Airborne's motion for summary judgment, holding that Airborne effectively had limited its liability by including on its standard airbill provisions that hold the shipper harmless for any lost jewelry. <u>We agree</u>.

<u>Id.</u> at 929-30. (emphasis added). So, too, here, if Plaintiff's theory is the common law, his claim fails on the merits. Finally, if the Court grants the motion to amend, the Court should permit American to file a motion for summary judgment seeking dismissal of the action. For these reasons, the motion to amend should be denied.

WHEREFORE, PREMISES CONSIDERED, American Airlines, Inc. respectfully prays that Plaintiff's motion to amend be denied and that American obtain further relief at law or in equity to which it is justly entitled.

**<u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT</u>**  Page 3

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
**David T. Moran**
State Bar No. 17358700
Attorney-In-Charge
**James D. Struble**
State Bar No. 19425700

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 25th day of August, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
David T. Moran

1786535.1