IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS

    PLAINTIFF,

VS.                                         CIVIL ACTION NO. B-96-207

AMERICAN AIRLINES, INC.,

    DEFENDANT

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR LEAVE TO FILE ITS SECOND PROPOSED FIRST AMENDED ORIGINAL ANSWER AND IN THE ALTERNATIVE, MOTION TO STRIKE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Hector A. Casas, Plaintiff and Class Representative herein, by and through attorney of record, Heriberto Medrano, and hereby makes and files this response to Defendant's Request for Leave to File Its Second Proposed First Amended Original Answer; and in the alternative, Motion to Strike pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure, and by way of this pleading would show unto this Honorable Court as follows:

I.

Background

Plaintiff filed suit in November 1996 alleging that he was entitled to compensation as a result of Defendant's loss of Plaintiff's luggage on a domestic airline flight. Additionally, Plaintiff sought to obtain discovery as to the propriety of certifying this case as a class action.

1

After Defendant filed its Original Answer, Plaintiff filed a Motion to Strike and a Motion for Summary Judgment. Defendant requested additional time to respond to both motions. An agreement was reached by the parties and approved by the Magistrate that discovery and proceedings on any class issue would be abated pending determination of Plaintiff's underlying cause of action. In the interim, Plaintiff obtained leave to file his First Amended Original Complaint. Later Defendant attempted to file its First Amended Original Complaint claiming it was "to respond to Plaintiff's class action claims."

Comparison between Plaintiff's Original Complaint and his First Amended Original Complaint, show little change between the two documents. Both contained the class allegations.

Comparison between Defendant's Original Answer and Its First Amended Original Answer likewise showed little change. Both had exactly nine (9) affirmative defenses. All the defenses remained the same in the First Amended Original Answer except that Defendant deleted its Venue challenge; and added in its place, an allegation that Plaintiff has failed to assert a proper class action, cannot adequately represent the class, and otherwise has failed to satisfy the requirements of Fed. R. Civ. P. 23.

After a period of time, Defendant filed its own Motion for Summary Judgment alleging as a matter of law, Defendant was not liable to Plaintiff for any compensation due to its loss of Plaintiff's luggage.

The cross motions for Summary Judgment were argued. The Magistrate issued its report and recommendation that American's defense was invalid as a

matter of law. The District Judge adopted the Magistrate's report and issued judgment to plaintiff for all his damages. The Court remanded the class to the Magistrate for discovery and proceeding on the class issues, and later by an Order dated May 21, 1998 denied all pending motions filed before April 14, 1998.

On or about July 20, 1998, Defendant requested leave of Court to file yet another and different First Amended Original Answer.

## II.

Plaintiff respectfully contends that this Second Proposed First Amended Original Answer is full of insufficient defenses, redundant pleadings, and other improper matter. Plaintiff respectfully moves the Court in the exercise of its sound discretion to deny leave to file this Second Proposed First Amended Original Answer, and in the alternative, to Strike from same all improper matter as demonstrated below.

## III.

Comparison between Defendant's First Amended Original Answer and the Second Proposed First Amended Original Answer reveals that the proposed answers are the same except for the following:

- Whereas before Defendant had admitted the existence of federal question jurisdiction, it now denies in Paragraph II the existence of federal question jurisdiction based upon the Federal Aviation Act or 14 C.F.R. sections 253, 254.

- Defendant added some language to its affirmative defense Number 7 alleging that Plaintiff First Amended Original Complaint fails to state a cause of action and fails to state a claim for which relief may be granted.

- Defendant added four new affirmative defenses, Numbers 10 through 13.

IV.

In Section I, Paragraph one of Defendant's First Amended Original Answer, Defendant claims that it is without knowledge or information to form a belief as to the truth of the allegations contained the first paragraph of Section I of Plaintiff's First Amended Original Complaint. This averment is false. Defendant fully deposed Plaintiff.

Likewise each and every averment by Defendant in Section III, specifically paragraphs 2 through 9, of its First Amended Original Petition alleging that it is "without knowledge or information sufficient at this time to form a belief as to the truth of allegations contained in" Plaintiff's pleadings or the remainder of Plaintiff's pleadings, is false. Defendant fully deposed Plaintiff, has reviewed his statements and affidavits, and has conducted its own discovery.

As to Section II of Defendant's First Amended Original Petition, any inference or suggestion that this Court lacks jurisdiction is false. See <u>Jewelers v. APX, Inc.</u>, 117 F.3d 1992 (5th Cir. 1997).

Additionally, Plaintiff moves this Court to admit the remainer of the allegations contained in Paragraph II of Plaintiff's First Amended Original Petition as Defendant did not deny same.

4

In Sections IV and V of Defendant's First Amended Original Petition, the Defendant denies it is liable to Plaintiff and denies that its rationale for denying Plaintiff's claim is invalid, ignoring among other things the District Court Judge's Order in this case.

## V.

## AFFIRMATIVE DEFENSES

1. Plaintiff moves that paragraph VIII (1) of Defendant's Second Proposed First Amended Original Answer alleging that Plaintiff was comparatively or negligent in entrusting his luggage to Defendant be stricken. Defendant accepted Plaintiff's luggage and either did not return the items checked in or returned them in damaged condition. As a matter of law, Defendant is liable. Further, Defendant's reliance on State law in this case is misplaced as well as any argument that Federal law bars this action. See <u>Jewelers v. APX,</u> 119 F. 3d 1992 (5th Cir. 1997). Indeed, the applicable law states that a Defendant (a common carrier) may not exempt itself from liability for its own negligence. <u>Odom v. Pacific Northwest Airlines,</u> 393 P. 2d 112 (Sup. Ct. Alaska 1964) citing cases from the United States Supreme Court. Further, Plaintiff would direct this Court's attention to the case of <u>Feature Enterprises, Inc. v. Continental Airlines,</u> 745 F. Supp. 198 (S. D. New York, 1990) (holding that an airline could not exclude liability for loss of jewelry in checked baggage, but may limit its liability to $1,250.00, per passenger but only where notice of the limitation was given and the passenger was given a fair opportunity to choose higher liability by paying a greater fee). <u>Features</u> also held that the airline could be held liable even though

5

the evidence indicated that the jewelry was stolen by a third party. See, also Gluckman v. Airline Airlines, Inc., 844 F. Supp. 151 (S.D. New York 1994).

Further, Plaintiff's original passage from Dallas to Harlingen was canceled due solely to Defendant's fault. Therefore, any applicable limitations were canceled. See, Navarro v. American Airlines, Inc., 142 N.Y.S. 2d 725.

For these reasons, paragraph VIII (1) should be in all things stricken.

2. Plaintiff moves this Court to strike in its entirety the allegations and pleadings contained in Paragraph VIII (2) of Defendant's Second Proposed First Amended Original Answer seeking a determination of comparative responsibility of Plaintiff and other parties for the reasons stated above in Paragraph 1 of this section.

3. Plaintiff moves this Court to strike in its entirety the allegations and pleadings contained in Paragraph VIII (3) of Defendant's Second Proposed First Amended Original Answer stating that the sole proximate cause of the incident was alleged acts or omissions of third persons over whom Defendant had no control for the reasons stated above in Paragraph 1 of this section. See, also the Feature case holding that an airline is not exonerated from liability from acts of third persons.

4. Plaintiff moves this Court to strike in its entirety the allegations and pleadings contained in Paragraph VIII (4) of Defendant's Second Proposed Original Answer stating that Plaintiff's action is barred by various acts or laws. Defendant is incorrect and ignores the rulings in Feature, Gluckman and Jewelers.

6

5. Plaintiff moves this Court to strike in its entirely the allegations and pleadings contained in Paragraph VIII (5) of Defendant's Second Proposed First Amended Original Answer stating that Defendant's liability to Plaintiff for his lost camera equipment is excluded due to Federal law and Defendant's Conditions of Contract for the following reasons: one, Defendant's allegation as to Federal law preclusion is baseless, see the <u>Feature</u> case, <u>Jewelers,</u> and this case, second; as stated in the caselaw cited herein and the applicable section from the Code of Federal Regulations, 14 C.F.R. sec. 254, the airline may not <u>completely</u> exclude its liability.

6. Plaintiff moves this Court to strike in its entirely the allegations and pleadings contained in Paragraph VIII (6) of Defendant's Second Proposed First Amended Original Answer to the effect that certain laws and the Defendant's Conditions of Contract limit Defendant's liability, (to the extent that same were not reasonably communicated to him) and to the extent that Defendant is estopped from asserting any protective cap, and to the extent no excess valuation insurance was offered. See, <u>Diero v. American Airlines,</u> 816 F. 2d; <u>Matter of Davidson</u> 947 F. 2d 1294 (5th Cir. 1991); and <u>First Pennsylvania Bank v. Eastern Airlines</u>, 731 F. 2d 1113 (3d Cir. 1984).

7. Plaintiff moves this Court, to strike in its entirely the allegations and pleadings contained in Paragraph VII (7) of Defendant's Second Proposed Original Amended Answer to the effect that Plaintiff has failed to state a cause of action or claim for which relief may be granted for the reason that this allegation is totally baseless. See, <u>Feature</u>, <u>Jewelers</u> and the order in this case.

7

8. Plaintiff moves this Court to strike in its entirety all the allegations and pleadings contained in Paragraph VIII (8) of Defendant's Second Proposed Original Answer that Plaintiff assumed the risk, as same is not an applicable defense in this non-products, case.

9. Plaintiff moves this Court to Strike in its entirety all the allegations contained in Paragraph VIII (9) of Defendant's Second Proposed First Amended Original Answer as Defendant allegations are mere conclusions, and are in fact not supported by the evidence.

10. Plaintiff moves this Court to strike in its entirety allegations contained in Paragraph VIII (10) (11) and (12) concerning release and settlements of certain putative class members claims for the reason that the "releases" are invalid as a matter of law, and fail for lack or want of consideration.

11. Plaintiff moves this Court to strike in its entirety all allegations contained in Paragraph VIII (13) of Defendant's Second Proposed First Amended Original Answer proposing a one year statute of limitation as same is an incorrect statement of the law.

WHEREFORE, Plaintiff prays that this motion be in all things granted and that this Court deny granting leave to file Defendant's First Amended Original Answer or in the alternative, to strike each and every complained of allegation contained in Defendant's Second Proposed First Original Answer.

Respectfully submitted,

The Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550

8

Telephone (956) 428-2412
Facsimile  (956) 428-2495

_____
Heriberto Medrano
State Bar No. 13897800
Federal Bar No. 5952

9

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above and foregoing *Plaintiff's Response to Defendant's Request for Leave to File Its Second Proposed First Amended Original Answer and In the Alternative, Motion to Strike* was sent by mail on this 14th, day of September, 1998 to the following counsel of record as follows:

Mr. James D. Struble
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

_____
Heriberto Medrano