6ŏ

United States District Court
Southern District of Texas
FILED

SEP 1 4 1998

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-96-207 |
| | * | |
| AMERICAN AIRLINES, INC., | * | |
| Defendant. | * | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Hector A. Casas, Plaintiff, by and through his attorney of record, Heriberto 'Eddie' Medrano, and files this supplemental response to Defendant's Motion To Dismiss For Lack of Subject Matter Jurisdiction, and would state the following in support thereof:

**A Question of Jurisdiction Is Different From A Question of Standing**

1.      Defendant filed a Motion To Dismiss stating this Court lacked federal subject matter jurisdiction. The body of Defendant's argument, however, concerns a challenge to Plaintiff's right, or standing, to file this cause of action as a private individual seeking damages from an air carrier arising from a federal regulation, i.e. a private cause of action. These two words, "jurisdiction" and "standing (i.e. private cause of action)", involve two separate legal issues which Defendant has incorrectly confused and commingled. As a result, Defendant has misapplied and misrepresented the true meaning of several federal court decisions and has taken the substance of those rulings out of context in an effort to substantiate its invalid jurisdiction/standing argument.

1

ClibPDF - www.fastio.com

Plaintiff addresses both these issues separately below, to substantiate his position that Defendant's Motion To Dismiss for Lack Of Subject Matter Jurisdiction should be denied.

## The Court Has Federal Subject Matter Jurisdiction

2.       The United States Supreme Court stated in <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 390, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987), that "Federal jurisdiction exists *when a federal question is presented on the face of a plaintiff's properly pleaded complaint.*" (emphasis added) Plaintiff's complaint invokes 14 CFR 254 as well as federal common law as the basis for his right to seek damages form Defendant, an air carrier, for its loss of his personal property *i.e.* his baggage containing a video camcorder and video equipment. Clearly Plaintiff's complaint raises a federal question involving the interpretation and application of a specific federal statute as well as federal common law. Federal jurisdiction is not an issue in this case.

## Plantiff's Standing To Bring A Private Cause Of Action

3.       In raising a challenge concerning Plantiff's *right* or *standing* to file this cause of action, Defendant incorporates in its Motion to Dismiss, an argument that 14 CFR 254 does not give a private person (i.e. a passenger) the right to sue an air carrier for lost baggage damages.

## Defendant Has Waived Its Right To Challenge Plaintiff's Standing

4.       Rule 17(a) of the Federal Rules of Civil Procedure provides that a party may challenge another's status as the *real party in interest*. Defendant's contention that Plaintiff does NOT have a right as a private individual to file a

2

ClibPDF - www.fastio.com

claim for damages against an air carrier under 14 CFR 254 does just that. Defendant further argues in its Motion to Dismiss that the U.S. Dept. of Transportation is the real party in interest under 14 CFR 254 to file a cause of action against an air carrier seeking to enforce the liability requirements imposed by that statuel.

5.      However, a challenge to a party's status as a real party in interest <u>cannot</u> be brought <u>at any stage in the proceedings</u>. The Fifth Circuit has held that an *objection to a party's standing to sue is <u>waived</u>* if it is **NOT** raised early in the litigation. <u>Gogolin & Stetler v. Karn's Auto Imports, Inc.</u>, 886 F.2d 100, 102 (1989) cert. denied, 494 US 1031 (1990). See <u>also Sun Refining & Marketing Co. v. Goldstein Oil Co.</u>, 801 F.2d 343, 344-45 (8th Cir. 1986), and <u>Whelan v. Abell</u>, 953 F.2d 663, 672 (DC Cir.), cert. denied, 506 US 906 (1992).

6.      In <u>Gogolin</u>, the Fifth Circuit explained that FRCP 17(a)'s requirement that a claimant be given a reasonable opportunity to cure the defect, imposed on the other party the obligation to raise the issue in time for the defect to be cured if possible. <u>Gogolin</u> at p. 102. Because the requirement of timely pleading is tied to FRCP 17(a)'s requirement that the claimant be given an opportunity to cure, the objection should be raised at a time when it is "practical and convenient" for the real party in interest to join in or consent to the action. <u>Id</u>. and <u>Whelan</u> at p. 672. Accordingly, *federal courts uniformly find* that <u>*objections raised for the first time*</u> on the eve of trial or <u>*after an adverse judgment are **untimely**</u>. <u>Whelan</u>.

7.      Defendant never raised a challenge to Plaintiff's standing as the real party in interest to bring a cause of action under 14 CFR 254 and federal common law.

3

In fact, Defendant never even argued or broached the question of Plantiff having standing to file this action prior to the Magistrate issuing his Report and Recommendation, or thereafter when it appealed to the District Court. It is only now, almost two years since Plaintiff filed his Original Complaint, and after the District Court has already issued an Order approving the Magistrate's Report and Recommendation and entered Judgment in favor of Plaintiff by ruling that Defendant is BY LAW liable to Plaintiff for the loss of his property under 14 CFR 254, that Defendant raises a challenge to Plaintiff's standing as a real party in interest.

8.      That Defendant knows it has waived such objection by first raising it at this late date may have been the reason it confused and commingled this issue in the guise of a Motion To Dismiss For Lack of Subject Matter Jurisdiction. Plaintiff will nevertheless address this standing issue below and prove that Defendant's challenge to Plaintiff's right to bring a private cause of action under 14 CFR 254 is invalid.

### The Fifth Circuit's Ruling in Jewelers

9.      Defendant takes the Fifth Circuit's ruling in Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (1997), out of context to support its invalid jurisdiction/standing argument. A plain reading of Jewelers clearly reveals Defendant's misrepresentations.

10.     Jewelers involved a 'shipper' who sued an air carrier for the value of three packages containing jewelry that were lost after being entrusted for shipping to the carrier. The case was removed to federal court. The Fifth Circuit ruled that:

4

(a) federal question jurisdiction *existed based on federal common law controlling the action seeking to recover damages against an airline for lost or damaged 'shipments'*, and (b) the airbills used in <u>shipping</u> (stating that certain items are not shippable) restricted the carrier's liability.

11.     The Court in <u>Jewelers</u> recognized three separate theories that would support federal question jurisdiction in a cause of action involving a "shipper's" suit for damages against an air carrier for its lost "shipments":

> (a) "jurisdiction may be found when the complaint raises an express or implied cause of action that exists under a federal statute."

> (b) "jurisdiction will lie if an area of law is completely preempted by the federal regulatory regime."

> (c) "if the cause of action arises under federal common law principles," <u>Jewelers</u> at p. 925.

**Plaintiff's Suit In <u>Jewelers</u> Did Not Arise Under A Specific Federal Statute**

12.     The Court in <u>Jewelers</u> unequivocally stated that, "Suits arising under a federal statute ***plainly*** come within the jurisdiction of the federal courts." (emphasis added) at p. 925. Because the Plaintiff in <u>Jewelers</u> was a "*shipper*", as opposed to a "passenger", the Court in <u>Jewelers</u> did NOT find any ***specific*** federal statute in the Air Deregulation Act (hereafter ADA), that a "*shipper*" could claim gave rise to a suit for damages for their lost "*shipment*", i.e. cargo.

> "Under the new, limited regulatory regime, there is no express private right of action to recover the value of *damaged or lost **cargo**.*" (emphasis added) at p. 925.

5

13.     The Court in <u>Jewelers</u>, having found "no *express* private right of action" for "lost cargo", then looked at the ADA as a whole to see if there was an "*implied*" private right of action for lost cargo that was created. The Fifth Circuit then applied the standard to be used by federal courts in determining if a private cause of action is <u>*implicit*</u> in a statute. This 'standard' was pronounced by the United States Supreme Court's decision in <u>Cort v. Ash</u>, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed. 26 (1975).

14.     The Fifth Circuit found that as to the specific question of a "<u>*shipper*</u>" having an *implicit* private cause of action for damages of lost cargo against an air carrier, there was none created by the ADA.

> "We also find no indication that Congress <u>*implicitly*</u> intended a private right of action to arise under the statutory scheme." (emphasis added) <u>Jewelers</u> at p. 925.

15.     It is only in the context of whether or not a "**shipper**" has an <u>*implied*</u> right i.e. standing, to bring a private cause of action under the ADA for damages resulting from the lost cargo shipment, that the above cited quote was used by the Fifth Circuit. Defendant has *incorrectly* taken that wording in <u>Jewelers</u> completely out of context in misrepresenting the breath of that ruling by stating the Fifth Circuit in <u>Jewelers</u> held <u>NO</u> private cause of action for <u>ANYONE</u> was created by the ADA. Defendant ignores the plain language of 14 CFR 254.

### Plaintiff Is A <u>Passenger</u> NOT A <u>Shipper</u>

16.     Defendant does not grasp the difference between being a "shipper" and an "airline passenger". The difference, legally, is profound.

6

17.     Applying the federal question jurisdiction standards pronounced by the

Supreme Court's ruling in <u>Caterpillar Inc. v. Williams</u> and the Fifth Circuit's ruling

in <u>Jewelers</u> cited above, there is NO question that Plaintiff's cause of action,

citing 14 CFR 254 and federal common law, is a suit, "...arising under a federal

statue (and) ***plainly*** come(s) within the jurisdiction of the federal courts."

(emphasis added) <u>Jewelers</u> at p. 925.

### Plaintiff's Private Right of Action Arises From A Specific Federal Law

18.     14 CFR 254.4  Air Carrier Liability states clearly and unequivocally that :

> "In any flight segment using large aircraft, or on any flight segment that is
> included on the same ticket as another flight segment that uses large
> aircraft, **an air carrier <u>shall not limit its liability</u> for provable direct or
> consequential <u>damages resulting from the disappearance of</u>, damage
> to, or delay in delivery <u>of a *passenger's* personal property, including
> baggage</u>, in its custody <u>to an amount less than $1,250 for each
> *passenger*</u>."** (emphasis added)

It is this specific and *express* right, stated in the federal regulation above, that a

passenger is ***entitled*** to compensation for the loss of his/her personal property

(including baggage), by an air carrier, that gives rise to Plaintiff's cause of action

against American Airlines and thus invokes the 'federal question jurisdiction' of

this court.

### Plaintiff's Claim Also Arises From Federal Common Law

19.     As stated in Jewelers, another way a case comes under federal question

jurisdiction is "if the cause of action arises under <u>federal common law principles</u>,"

(emphasis added) <u>Jewelers</u> at p. 925. Although the Fifth Circuit in <u>Jewelers</u> did

not find that any specific federal statute or the ADA itself gave rise to a

"shipper's" private right to bring a cause of action against an air carrier for a lost

7

"cargo shipment", the Court did find that Congress specifically preserved all federal common law causes of action against air carriers for lost shipments and thus found federal question jurisdiction thereunder.

"When deregulating the airlines under the ADA, not only did Congress choose not to repeal federal common law in 'clear' and 'explicit' language, it chose the opposite course: **the ADA includes an express provision preserving common law remedies**."

"In enacting the ADA, Congress included a savings clause that provided:

'*Nothing in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute*, but the provisions of this Chapter **are in addition to such remedies**." (emphasis added) <u>Jewelers</u> at p. 928.

20.    By its ruling, the Fifth Circuit makes clear that any common law causes of action that existed prior to the ADA being enacted, were specifically preserved and were "*in addition to such remedies*" established by the ADA. Thus, any common law causes of action a passenger has against an air carrier for the loss of his/her personal property, including baggage, still exist and are in addition to any rights a passenger has which were created by the ADA under its 1984 enactment of 14 CFR 254.

## Defendant's Out of Context Representations of<br>Statland, Hodges, Deifenthal and Sigmon

21.    Defendant emphatically states in his Reply,

"...the Federal Aviation Act does not provide a private cause of action against an airline for either a passenger or a shipper for lost baggage."

"Moreover, <u>Jewelers</u> rejects the Plaintiff's asserted distinction by relying upon two cases which were in fact suits by passengers against airlines. <u>Jewelers</u>, ...(citing <u>Sigmon v. Southwest Airlines</u> ... and <u>Statland v. American Airlines, Inc</u>.. "

8

"Moreover, other Fifth Circuit cases by passengers against airlines have held that the Federal Aviation Act does not create a federal, private right of action for the passenger. <u>Hodges</u> ... <u>Deifenthal</u>,.."

Defendant has taken the rulings in these four cases completely out of context as will be shown below.

### Defendant's Reference To <u>Jewelers</u> Citing <u>Sigmon</u> and <u>Statland</u>

22.    As discussed in paragraphs 6 through 9 above, the Fifth Circuit's statement that, "We find no indication that Congress implicitly intended a private right of action to arise under the statutory scheme. (FN3)", was solely in the context of determining if a "shipper" had an *implied* right i.e. standing, to bring a private cause of action under the ADA for damages resulting from the lost cargo shipment. It was in this context that the Fifth Circuit in <u>Jewelers</u>, in its footnote "(FN3)" cited the <u>Sigmon</u> and <u>Statland</u> cases.

23.    <u>Statland</u> involved a passenger suing an airline challenging the airline's practice of withholding 10% of the federal tax on cancelled tickets as being in violation of a specific federal law causing her damages of $1.25. The Plaintiff in <u>Statland</u> relied on, Sec. 411(b) of the Federal Aviation Act of 1958, as amended, as giving rise to her cause of action in federal court. The Seventh Circuit stated,

> "To proceed in federal court, Statland must show that Section 411(b) creates a private right of action for consumers, *since that is the sole basis for* federal *jurisdiction in her suit*." (emphasis added) <u>Statland</u> at p. 639

24.    The <u>Statland</u> Court ruled that no *express* private right of action was created by the clear language of Sec. 411(b) and further ruled that no *implied* private right of action was created either since no rights were created by the

9

statute for any specific class of persons, i.e. consumers like Ms. Statland who were claiming the loss of the 10% tax the airline kept for cancelled tickets.

> "The statute (Sec. 411(b)) describes an agency's power to regulate otherwise legal activity, and it does not purport to create rights for any group of people."

> "Statland cannot bootstrap consumers' rights into a law that does not mention them." <u>Statland</u> at 541.

25..    Similarly, the Fifth Circuit in <u>Sigmon v. Southwest Airlines</u>, involved a class action suit by taxpayers against airlines to obtain the refund of money erroneously collected by the airline as federal excise taxes. The <u>Sigmon</u> Plaintiffs relied on the federal Internal Revenue Code to assert their right to file a cause of action seeking the return of "excise taxes" collected by Southwest Airlines during a nine month period when the collection of such taxes was NOT mandated by Congress.

26..    The <u>Sigmon</u> Court ruled that no *express* or *implied* right of action on behalf of taxpayers to sue the airline that erroneously collected the taxes was created by the Internal Revenue Code. Indeed, the Court ruled that the Internal Revenue Code specifically stated that the *exclusive* remedy for taxpayers was to file a suit against the government for any erroneously or illegally assessed or collected taxes by a lawful agent, public or private, of the IRS. <u>Sigmon</u> at p. 1204.

27.    Both <u>Statland</u> and <u>Sigmon</u> involved plaintiffs attempting to assert a private right to a cause of action under federal statutes that did NOT state the creation of either an express or implied right for the benefit of a specific group of persons to which those respective plaintiffs belonged. The Courts in both cases looked at the plain language contained in the federal statutes invoked by Plaintiffs. The

10

Courts found no express language or implied interpretation of the statutes' language that created certain rights specifically for the consumers in <u>Statland</u> or for the taxpayers in <u>Sigmon,</u> which would give rise to a private cause of action by those Plaintiffs to enforce those rights.

28.     As discussed above, the specific federal statute relied on by Plaintiff in his complaint, 14 CFR 254, is replete with language creating a specific right for passengers to be compensated by air carriers for the loss of a passenger's personal property, including baggage, to an minimum mandatory amount of up to $1,250 per passenger. <u>Statland</u> and <u>Sigmon</u> are in no way analogous to the facts in this case. To the contrary, the <u>requirements</u> to be considered in finding that a right was created for a private party to bring a cause of action under a specific federal statute set out by the Courts in <u>Statland</u> and <u>Sigmon,</u> are fulfilled completely by the facts in this case, and the federal statute Plaintiff relies on.

### <u>Hodges</u> Recognizes Private Cause of Action Under Common Law

29.     <u>Hodges</u> involved an airline passenger filing a personal lawsuit against Delta Airlines for injuries she suffered when luggage stored in an overhead compartment fell on her and cut her arm and wrist. <u>Hodges</u> at p. 334. Although Delta Airlines (the Defendant) argued that Ms. Hodges' private cause of action as filed was preempted by the ADA, the Fifth Circuit *en banc* ruled that her claim was NOT preempted by the ADA and reversed the District Court's prior dismissal of her complaint and remanded it for trial. <u>Hodges</u> at p. 334.

30.     The Fifth Circuit in <u>Hodges</u>, discussed at length the question of whether the ADA preempted private causes of action against an airline under common

11

ClibPDF - www.fastio.com

law and stated that, "... federal preemption of state laws, even certain common law actions 'related to services' of an air carrier (by the enactment of the ADA), does _not_ displace state tort actions for personal physical **_injuries or property damage_** caused by the operation and maintenance of aircraft." (emphasis added) Hodges at p. 336.

31.    But the most enlightening part of the Fifth Circuit's decision in Hodges was the common sense analysis of the fact that if the argument the airline propounded is true, that the ADA preempted all private causes of actions against an airline for personal injuries or property damage, then _why_ are those same air _carriers still required to maintain insurance or self-insurance by the Federal Aviation Administration?_

"That Congress did not, however, intend Sec. 1305(a)(1) to preempt all state claims for personal injury is _evident from at least one other provision of the remaining airline regulatory statues._"

"**_Air carriers are required to maintain insurance or self-insurance_** as prescribed by the Federal Aviation Administration that covers 'amounts for which ... air carriers may become liable for bodily injuries to or the death of any person, or **_for loss of or damage to property of others (i.e. passengers)_**, resulting from the operation of maintenance of aircraft ...' 49 U.S.C.App. Sec. 1371(q) (1994); see also, 14 C.F.R. Sec. 205.5(a) (1992) (insurance regs.)" (emphasis added) Hodges at p. 338.

32.    A common sense analysis approach, as in Hodges, begs the question: if American Airlines' argument is true that 14 CFR 254.4 does NOT create a private cause of action for passengers to sue airlines for the loss of their baggage, then WHY does another section of the same statute (14 CFR 205.5) require American Airlines to maintain insurance or self-insurance that specifically covers the loss of a passenger's property, including baggage?

ClibPDF - www.fastio.com

14 CFR 205.5 Minimum Coverage states:

"(a) Insurance contract and self-insurance plans shall provide for payment on behalf of the carrier ... of all sums that the carrier shall become legally obligated to pay as damages ... **for damage to the property of others**, resulting from the carrier's operation or maintenance of aircraft in air transportation ..." (emphasis added)

33.    As the District Court in <u>Feature Enterprises, Inc. v. Continental Airlines</u>, 745 F.Supp. 198 (S.D.N.Y. 1990), and Magistrate and District Court in this case previously ruled, it makes no sense to say the ADA exempts American Airlines from being liable to passengers for the loss of their luggage, when the plain language of 14 CFR 254.4 requires American Airlines to compensate each passenger up to a minimum mandatory amount of $1,250 and 14 CFR 205.5 requires American Airlines to carry insurance to cover that liability.

**<u>Diefenthal</u> Recognizes The Existence of
Private Causes Of Action Against Air Carriers**

34.    Contrary to Defendant's statements in its pleadings, <u>Diefenthal</u> in fact recognized the existence of private causes of action against air carriers created by certain provisions of the Federal Aviation Act.

<u>Diefenthal</u> was a 1982 Fifth Circuit case involving airline passengers filing a private cause of action against an airline claiming damages for being denied seats in a smoking section. Additionally, Plaintiffs challenged the authority of the Civil Aeronautics Board (which still existed) to promulgate and implement federal regulations that restricted smoking on flights under 14 CFR 252. Plaintiffs relied on Sections 1301 – 1551 of the Federal Aviation Act as creating a right for them as smoking passengers to bring a private cause of action against the airline alleging discrimination.

ClibPDF - www.fastio.com

35.     After reviewing the plain language of the federal statutes Plaintiffs were relying on to substantiate their right i.e. standing, to bring a private cause of action against the airline, the Fifth Circuit ruled that, "Phrasing a statute in general terms rather than specifically identifying the benefited class indicates a lack of intent to create a private right of action" and affirmed the dismissal of Plaintiffs' claims.

36.     Although the Court found no express or implied private right of action under the federal law cited by Plaintiffs, the Court went on to say that the Federal Aviation Act **DID** create a private right of action for parties seeking to enforce other specific provisions of the Act.

> "... Congress has established a detailed enforcement scheme, which *expressly provides a private right of action for violations of specific provisions*, (of the Federal Aviation Act)..." Diefenthal at p. 1048.

Defendant's statement that Diefenthal's ruling stands for the proposition that NO private right of action for ANYONE was created by the ADA is incorrect and has taken specific wording contained in the opinion out of context.

### The Standard For Determining If A Federal Statute Gives Rise To Private Cause Of Action
### Cort v. Ash, 422 U.S. 66 S.Ct. 2080 (1975)

37.     The Fifth Circuit has repeatedly implemented the U.S. Supreme Court's *four step process* announced in Cort v. Ash, in determining if a private cause of action is created by a federal statute. Jewelers, Diefenthal. In Cort v. Ash, the Supreme Court held that a private cause of action is implicit in a statute when: (1) *the statute creates a federal right in the plaintiff's favor*, or (2) *there is an indication of a legislative intent to create a private remedy*; or (3) a private

14

ClibPDF - www.fastio.com

remedy would be consistent with the statutory scheme; and (4) the cause of action would not lie within an area of traditional state concern, so that it would be inappropriate to infer a cause of action based solely on federal law. <u>Cort v. Ash</u>, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed. 26 (1975).

38.     Applying the <u>Cort v. Ash</u> standard to the facts in this case, there is no doubt 14 CFR 254's language creates an express right to compensation for the benefit of passengers whose luggage is lost by an air carrier. As to what was the legislative intent, the federal register of February 10, 1984 is replete with references stating the legislative intent was specifically to create a right for passengers to be compensated for their lost property by an air carrier up to a minimum mandatory limit of $1,250.

"The Board has recognized, however *the importance of baggage liability to passengers*, and its special concern for **that subject is the <u>reason</u> for the individual rules that are the subject of this proceeding (i.e. 14 CFR 254)**."

"The *intent of the rules **is to alert every passenger directly***, in simple terms, *<u>of the carrier's limitation of liability</u>*, while making the details available through less costly means under the provisions of Part 253."

> (emphasis added) Federal Register Vol. 49, No. 29, Friday, February 10, 1984, Rules and Regulations.

A common sense analysis similar to the one undertaken by the Fifth Circuit in Hodges cited above, as well as the District Court in <u>Feature Enterprises</u>, begs the question.

39.     If Defendant's contention is correct, that 14 CFR 254 does NOT create a private cause of action for the benefit of passengers, then **WHY** did the drafting federal agency go to great lengths to promulgate rules ***whose "intent of the rules (was) <u>to alert every passenger directly</u>, in simple terms, of the***

15

*carrier's limitation of liability ...*" and **WHY** did that same federal agency promulagate additional rules requiring American Airlines *to carry insurance or self-insurance for the loss of or damage to property belonging to passengers* under 14 CFR 205.5?

40.     The answer is that Defendant's contention is invalid. It was important to the CAB to make sure passengers were notified of the minimum mandatory liability provisions imposed by the 14 CFR 254 so that every passenger, who suffered a property loss, including baggage, by an air carrier, could file a suit against that air carrier and enforce the mandatory liability compensation requirements of up to $1,250 per passenger.

Wherefore, premises considered, Plaintiff requests Defendant's Motion To Dismiss for Lack of Subject Matter Jurisdiction be in all things DENIED.

Respectfully submitted,

Heriberto 'Eddie' Medrano
Attorney for Plaintiff

Fed. I.D. #5952
Texas Bar #13897800
1101 West Tyler
Harlingen, Texas  78550
Tel. 956-428-2412
Fax 956-428-2495

16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS

VS.                                                CIVIL ACTION NO.  B-96-207

AMERICAN AIRLINES, INC.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On this day, came to be considered the foregoing **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction** and after due consideration of the pleadings and responses by Plaintiff thereof, the Court is of the opinion that Defendant's Motion be in all things DENIED.

SIGNED this the _____ day of _____, 1998.


_____
HONORABLE JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above

and foregoing *Plaintiff's Supplemental Response to Defendant's Motion to*

*Dismiss for Lack of Subject Matter Jurisdiction* was sent by mail on this

_14th_, day of September, 1998 to the following counsel of record as follows:

Mr. James D. Struble
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

Heriberto Medrano

ClibPDF - www.fastio.com