66

United States District Court
Southern District of Texas
FILED

SEP 22 1998

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS,           )
                Plaintiff  )
      Vs.                  )      Civil Cause No. B-96-207
                           )
AMERICAN AIRLINES, INC.    )
                Defendant  )

**Plaintiff's Reply To Defendant's Reply In Re Subject Matter Jurisdiction**

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Hector A. Casas, Plaintiff, by and through his attorney Heriberto 'Eddie' Medrano, and files this brief reply to Defendant American Airlines' Reply pleadings concerning Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction, and would state the following in support thereof:

**I. Jurisdiction – 14 CFR 254**

1.      Defendant's argument that the Court lacks "jurisdiction" to hear Plaintiff's claims under 14 CFR 254 and federal common law, and its citation of cases in support thereof, is without merit. None of the cases cited by Defendant are factually or legally similar to Plaintiff's case, because **NONE** of the cases cited *invoke a passenger's right to compensation for lost baggage under 14 CFR 254 and federal common law.*

2.      Defendant has yet to cite ONE single case that says a passenger is **NOT** entitled to compensation for lost luggage under the requirements imposed on air carriers by 14 CFR 254. In contrast, Plaintiff cites Feature Enterprises v.

1

<u>Continental Airlines</u>, 745 F.Supp. 198, 199 (S.D.N.Y. 1990) which stated emphatically that:

> "... **it is black letter rule that a common carrier cannot completely exculpate itself from liability**. See, e.g., First Pennsylvania Bank v. Eastern Airlines, Inc., 731 F.2d 1113, 1116 (3rd Cir. 1984); Klicker v. Northwest Airlines, Inc., 563 F.2d 1310 (9th Cir. 1977)." (emphasis added)

3.      This District Court in its own order, cited <u>Feature Enterprises</u> as well <u>as</u> <u>Wells v. American Airlines, Inc.</u>, 1991 WL 79396 3-4 (S.D.N.Y., May 9, 1991) upholding the requirements of 14 CFR 254 from which Defendant could not escape from even through the use of a 'Notice of Exclusion' defense.

4.      Defendant never once challenges the plain wording of 14 CFR 254 which by law "**entitles**" a passenger to compensation from an air carrier for its loss of his/her luggage. Defendant instead argues that same passenger does NOT have a right to go to a Federal Court and file a lawsuit seeking to enforce the very same "entitlement to compensation" that this federal law created specifically for him/her. This argument by Defendant ignores the law itself and lacks common sense.

## II. Jurisdiction – Federal Common Law

5.      As <u>an alternative cause of action</u> invoking subject matter jurisdiction, Plaintiff also pled his right to file his cause of action under federal common law. Defendant's argument that since Plaintiff's First Amended Original Complaint did NOT SPECIFICALLY use the words "federal common law", no such cause of action is invoked.

6.      Although the substance of Plaintiff's pleadings clearly invoke federal common law as an alternative cause of action raising federal jurisdiction, Plaintiff

2

nonetheless "specifically" used the words "federal common law" in its Second Amended Complaint.

7.    Defendant's contention that this Court cannot allow Plaintiff to amend his complaint is a misstatement of the law and cases. Rule 15(a) F.R.C.P. states that leave to amend a complaint "**shall be freely given when justice so requires**". More importantly, Rule 15(b) F.R.C.P – Amendments to Conform to the Evidence, specifically states:

> "When issues not raised by the pleadings are <u>tried by express or implied consent of the parties</u>, they shall be treated in all respects as if they had been raised in the pleadings".

> "Such <u>amendment of the pleadings</u> as may be necessary to cause them to conform to the evidence and<u> to raise these issues</u> may be made upon motion of <u>any party at **any time**, *even after judgment*</u>; but failure so to amend does not affect the result of the trial of these issues."

8.    The Magistrate and District Court's rulings did away with Plaintiff's "state" causes of action and invoked solely federal law and causes of action thereunder, including federal common law.

> "**Federal not state law**, governs this case relating to the liability exclusions and limitations of an air carrier with respect to interstate transportation of property." (emphasis added) Magistrate's Report and Recommendation at p. 6.

Plaintiff and Defendant argued the applicability of state and federal causes of action which included federal common law. Thus, even though the District Court already issued a "judgment" in favor of  Plaintiff, validating his claims for damages under both 14 CFR 254 and federal common law, Plaintiff has a right to amend his complaint to encompass the facts and rulings of the Court accordingly.

3

## III. Jewelers Holding Only Applicable To "Shippers" NOT "Passengers"

9.      Defendant <u>still</u> does not grasp the plain wording in <u>Jewelers v. ABX, Inc</u>., 117 F2d. 922 (1997). Jewelers <u>DID NOT</u> involve a "**passenger**" suing an air carrier for "**lost baggage**" invoking the right to compensation created by 14 CFR 254. Instead, <u>Jewelers</u> involved a cargo "**shipper**" suing a "cargo carrier" for its loss of a "**cargo shipment**". Defendant's continued argument that Plaintiff's claim should be dismissed because of the Court's ruling in <u>Jewelers,</u> by invoking his right to file a cause of action under federal common law as recognized in <u>Jewelers</u>, is misplaced.

10.     <u>Jewelers</u> simply recognized a private cause of action existed against an air carrier under "federal common law", which was NOT preempted by the ADA. In ruling that the "shipper" was bound by the 'Notice of Disclaimer' of liability contained in the airbill to deny the "shipper" its claim for damages, the Court in <u>Jewelers</u> did **NOT** apply <u>the minimum mandatory compensation limits imposed by 14 CFR 254</u>, because the Plaintiff was a "**shipper**" <u>NOT</u> a "**passenger**".

In conclusion, Defendant's challenge to this Court's jurisdiction to hear Plaintiff's claim for damages against American Airlines, Inc., arising under 14 CFR 254 and federal common law, is invalid. Additionally, Defendant's citation of federal cases for its proposition that Plaintiff lacks the right, i.e. *standing*, to file a private cause of action to enforce his right to compensation to which he is entitled to under 14 CFR 254, are irrelevant since none of these cases involve a Plaintiff suing for compensation for lost baggage under 14 CFR 254. To the contrary, only the ruling in <u>Feature Enterprises</u> is exactly on point, by declaring invalid an air

4

carrier's attempt to zero out its liability and avoid the requirement of 14 CFR 254,

by a 'Notice of Exclusion' contained in its Contract of Carriage. Defendant does

not, *__indeed cannot__*, cite a case to the contrary since the enactment of the ADA

and the implementation of 14 CFR 254.

Wherefore, premises considered, Plaintiff prays that Defendant's Motion

To Dismiss For Lack Of Subject Matter Jurisdiction be in all things denied.

Respectfully submitted,


*Heriberto Medrano by permission*

Heriberto 'Eddie' Medrano
Attorney for Plaintiff

Fed. I.D. # 5952
Texas Bar #13897800
1101 West Tyler
Harlingen, Texas  78550

Tel. 956-428-2412
Fax 956-428-2495

5

ClibPDF - www.fastio.com

# CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above

and foregoing *Plaintiff's Reply to Defendant's Reply In Re Subject Matter*

*Jurisdiction* was sent via facsimile and regular mail on this 22nd , day of

September, 1998 to the following counsel of record as follows:

Mr. James D. Struble
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202


*Heriberto Medrano by permission*
Heriberto Medrano