67

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 2 1998

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant American Airlines, Inc. ("American"), and files this Reply to Plaintiff's Supplemental Response to Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction and shows:

### I.

### INTRODUCTION

American files this short reply to Plaintiff's Supplemental Response to Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction. Plaintiff's Supplemental Response raises several new matters that merit a brief reply.

ClibPDF - www.fastio.com

## II.

## THE ISSUE IS SUBJECT MATTER JURISDICTION, NOT THE REAL PARTY IN INTEREST

On pages 2-4, Plaintiff attempts to characterize American's jurisdictional challenge as a claim that Plaintiff is not the real party in interest. Plaintiff's position is incorrect. American's motion to dismiss simply argues that this Court lacks subject matter jurisdiction, and not that some other person should be the plaintiff instead of Casas. Plaintiff here does not have a federal cause of action under the Federal Aviation Act and under 14 C.F.R. § 254, as controlling Fifth Circuit law holds. Moreover, as we showed in our original reply brief, subject matter jurisdiction goes to the heart of the Court's judicial power and is nonwaivable, a point Plaintiff wholly fails to answer.

## III.

## FEDERAL COMMON LAW JURISDICTION IS NOT BEFORE THIS COURT

On pages 7-8, Plaintiff claims to assert a cause of action under federal common law. Of course, Plaintiff's live pleading — his First Amended Complaint — invokes federal court jurisdiction based only upon the Federal Aviation Act and 14 C.F.R. § 254. Defendant's Motion To Dismiss establishes that these two grounds are insufficient to invoke jurisdiction and, accordingly, the First Amended Complaint should be dismissed. Now, as to the issue of Plaintiff's pending motion for leave, the Court should deny leave because the Fifth Circuit has held this jurisdictional defect is fundamental and basic. It cannot be cured by amendment. Moreover, even if it could grant leave, the Court should deny leave because here it would be futile. As Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997) demonstrates, if the basis for Plaintiff's claim is now not § 254, but rather the federal common law governing airlines tickets, then certainly American has no

liability as a matter of law because the federal common law, under <u>Jewelers</u>, upholds ticket contracts disclaiming liability for items such as jewelry.  <u>Jewelers</u>, 117 F.3d at 931.  ("We therefore hold that the provisions included on Airborne's airbill effectively limited its liability for the goods shipped by Jewelers, and thus, Jewelers may not recover for its loss."); <u>see also</u> <u>Blair v. Delta Air Lines</u>, 344 F. Supp. 360 (S.D. Fla. 1972), <u>aff'd.</u> 477 F.2d 564 (5th Cir. 1973).

## IV.

### <u>*HODGES* HOLDS THERE IS NO FEDERAL COMMON LAW JURISDICTION</u>

Plaintiff next argues on pages 11-13 that <u>Hodges v. Delta Airlines, Inc.</u>, 44 F.3d 334 (5th Cir. 1995), recognized a private cause of action under the common law.  Plaintiff misunderstands <u>Hodges</u>.  <u>Hodges</u> held that a typical personal injury cause of action under <u>state law</u> against an airline generally is not preempted under the Airline Deregulation Act.  <u>Id.</u> at 325.  (The question is whether a "<u>state</u> law tort claim" is preempted; "we hold that it is not.").  Thus, this aspect of <u>Hodges</u> is no help to Plaintiff's jurisdictional problem here.  Now, as to <u>federal</u> court jurisdiction, <u>Hodges</u> also holds that there is no <u>federal</u> private right of action under 49 U.S.C. § 1374(a) of the FAA, the statutory basis for 14 C.F.R. 254, upon which Plaintiff relies.  Indeed, the <u>en banc</u> Fifth Circuit unmistakably held there is no <u>federal</u> private right of action:

> We reiterate our <u>rejection</u> of Hodges' fallback position that even if federal law completely displaced her state law claim, an implied private right of action may be inferred from FAA § 1374(a). <u>Diefenthal v. CAB</u>, <u>supra</u>.

<u>Hodges</u>, 44 F.3d at 340 n.13 (emphasis added).

<u>DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO</u>
<u>DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>                          PAGE 3

ClibPDF - www.fastio.com

## V.

### *DIEFENTHAL* HOLDS THERE IS NO PRIVATE CAUSE OF ACTION UNDER § 1374(a), THE STATUTE UPON WHICH PLAINTIFF RELIES

Plaintiff argues that Diefenthal recognized a private right of action against air carriers. To be entirely clear, Diefenthal held that 49 U.S.C. § 1374(a) — that statutory authority for the CAB to adopt §254 — does not give rise to a private right of action. Diefenthal v. CAB, 681 F.2d at 1048-50. Therefore, there is no jurisdictional basis for Plaintiff's claim here. The Fifth Circuit did hold that a claim for discrimination under 49 U.S.C. § 1374(b) may be stated. Id. at 1050. However, Plaintiff here does not assert a discrimination claim and therefore § 1374(b) is irrelevant. Again, the point is that the statutory basis (49 U.S.C. § 1374(a)) for the regulation upon which the Plaintiff relies does not to create federal court jurisdiction.

## VI.

### PLAINTIFF FAILS TO MEET THE STANDARDS OF *CORT V. ASH*

Plaintiff fails to meet the elements of Cort v. Ash, 422 U.S. 66 (1975). First, § 1374(a) does not create a federal right in favor of the Plaintiff, as the Fifth Circuit has held in Diefenthal and Hodges. Second, there is a clear indication of agency intent not to create a private remedy. Instead, the agency intended for the DOT to enforce 14 C.F.R. § 254 through the DOT's administrative enforcement powers. (47 Federal Register 52987-01 at *52990 (November 24, 1982)); Diefenthal, 681 F.2d at 1049-1050. Although the intent of the rules was obviously to alert passengers to the $1250 limitation of liability, that is no indication that the DOT, much less Congress, intended for a federal cause of action to be created. Indeed, every Court of Appeals to consider the issue has so held against Plaintiff's position. See Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d

1244, 1252 (6ᵗʰ Cir. 1996).  Finally, the fact that airlines are required to carry insurance for losses does not mean that Congress intended a <u>federal</u> private right of action.  Obviously, had that point been important, presumably it would have persuaded the Fifth Circuit in <u>Diefenthal</u>, <u>Hodges</u> and <u>Jewelers</u>.  It obviously did not and should not here as well.

WHEREFORE, PREMISES CONSIDERED, American Airlines, Inc. respectfully prays that its Motion To Dismiss be granted and that American obtain further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By:_____
**David T. Moran**
State Bar No. 17358700
Attorney-In-Charge
**James D. Struble**
State Bar No. 19425700

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by Federal Express on this 21st day of September, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas  78550

David T. Moran

1798106.1

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

PAGE 6

ClibPDF - www.fastio.com