68

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**SEP 2 3 1998**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR LEAVE TO FILE ITS SECOND PROPOSED FIRST AMENDED ORIGINAL ANSWER AND IN THE ALTERNATIVE, MOTION TO STRIKE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc., Defendant, and by way of reply to Plaintiff's Response to Defendant's Request for Leave to File Its Second Proposed First Amended Original Answer and in the Alternative, Motion to Strike would show the Court the following:

### I.

### INTRODUCTION

On July 22, 1998, Defendant filed its Motion for Leave to File Amended Answer ("Motion for Leave"). Almost two months later, on September 14, 1998, Plaintiff filed his Response ("Plaintiff's Response"). Plaintiff's Response opposing Defendant's Motion for Leave is untimely under this Court's Local Rules and therefore should not be considered. Also, Plaintiff has not stated any good

reason to deny Defendant's Motion to Amend and the Motion should therefore be granted. Finally, Plaintiff's characterization of the <u>Navarro</u> court's holding is again inaccurate.

## II.

## SOUTHERN DISTRICT LOCAL RULES

Pursuant to the Southern District Local Rules all responses to motions must be filed by submission day, a date 20 days after the filing date of the opposed motion. Southern District Local Rule 6(D), 6(E). The Local Rule states that "failure to respond will be taken as a representation of no opposition." Southern District Local Rule 6(E). Any response, including Plaintiff's Response opposing Defendant's Motion for Leave, "must be filed by the submission day." Southern District Local Rule 6(E)(1).

Defendant filed its Motion for Leave on July 22, 1998. Plaintiff's Response was therefore due on or before August 11, 1988, the submission day. Plaintiff filed his Response on September 14, 1998, more than one month after the deadline and provided no facts justifying a late filing. Plaintiff's Response is therefore untimely and Defendant's Motion for Leave should be treated as a motion to which there is no opposition.

## III.

## PLAINTIFF HAS PRESENTED NO GOOD REASON JUSTIFYING DENIAL OF DEFENDANT'S MOTION FOR LEAVE

Motions to amend "shall be freely given" unless there is good reason to deny leave. FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's Response does not properly set out any good reason why this Court should deny leave to amend. The United States Supreme Court has directed that "[I]n the absence of any apparent

or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendments, etc. -- the leave sought should, as the rules require, be 'freely given'." *Foman*, 371 U.S. at 182. Plaintiff has not shown this Court that there is good reason to deny Defendant's Motion for Leave and this Court should follow both the Federal Rules of Civil Procedure and the Supreme Court and grant Defendant's Motion for Leave.

## IV.

### NEW YORK STATE COURT DECISION

Defendant must again[1] point out to the Court Plaintiff's inaccurate contention that his misconnect with the DFW - Harligen flight cancelled any limitations. Plaintiff cites as authority for this proposition the New York State Court decision *Navarro v. American Airlines, Inc.*, 142 N.Y.S. 2d 725 (N.Y. App. Div. 1955)[2]. The *Navarro* opinion simply does not stand for the proposition asserted by the Plaintiff and in fact stands for the opposite conclusion. In *Navarro*, the Court held as a matter of law that it was error for a trial court to instruct a jury that "limitation of liability, if found to be binding upon Plaintiff at the time of receipt of the baggage, must be deemed terminated as a matter of law when her ticket was later cancelled." *Navarro*, 142 N.Y.S. 2d at 726. Not only does the *Navarro* case not stand for the proposition cited by Plaintiff, it is well settled law that missed connections or other alleged acts of negligence by an air carrier will not have any effect on the validity of reasonably communicated exclusions or liability limitations. "Even gross negligence or proof that an employee of

---

[1] See Defendant's Response to Plaintiff's Motion for Summary Judgment at p. 16 -17.

[2] A copy of <u>Navarro</u> is attached.

<u>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST</u>
<u>FOR LEAVE TO FILE ITS SECOND PROPOSED FIRST AMENDED ORIGINAL</u>
<u>ANSWER AND IN THE ALTERNATIVE, MOTION TO STRIKE</u>                    Page 3

the Defendant actually stole an excludible item" does not cancel reasonably communicated exclusions or limitations of liability. *Tishman & Lipp Inc. v. Delta Air Lines*, 275 F. Supp. 471, 480-481 (S.D.N.Y. 1967), aff'd. 413 F. 2d (2nd Cir. 1969) (*citing Glickfeld v. Howard Van Lines*, 213 F.2d, 723 (9th Cir. 1954)).

WHEREFORE, PREMISES CONSIDERED, American Airlines, Inc. respectfully requests that its Motion for Leave be in all things granted and that American be allowed to file its First Amended Original Answer.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By:_____

**David T. Moran**
State Bar No. 17358700
S.D. No. 11261
Attorney-In-Charge
**James D. Struble**
State Bar No. 19425700
S.D. No. 14276

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR LEAVE TO FILE ITS SECOND PROPOSED FIRST AMENDED ORIGINAL ANSWER AND IN THE ALTERNATIVE, MOTION TO STRIKE                Page 4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by facsimile and certified mail on this 22 day of September, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
David T. Moran

1798451.1