<pre>
         UNITED STATES DISTRICT COURT           United States District Court
         SOUTHERN DISTRICT OF TEXAS              Southern District of Texas
              BROWNSVILLE DIVISION                       FILED

                                                       OCT 0 6 1998

HECTOR A. CASAS,              )                        Michael N. Milby
        Plaintiff             )                        Clerk of Court
Vs.                           )    Civil Cause No. B-96-207
                              )
AMERICAN AIRLINES, INC.       )
        Defendant             )
</pre>

**Plaintiff's Alternative Proposal For Class Certification - Subclasses**

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Hector A. Casas, Plaintiff, by and through his attorney Heriberto 'Eddie' Medrano, and files this Alternative Proposal For Class Certification – Subclasses, and would state the following in support thereof:

**Overview**

1. Plaintiff filed a Motion For Class Certification under Rule 23(b)(2) F.R.C.P., requesting injunctive and declaratory relief to stop Defendant's continued violation of passengers' rights to compensation under federal law. Plaintiff also requested '*incidental*' monetary damages for all passengers who have <u>already</u> been denied compensation by Defendant for the loss of 'Excluded Items' for a period of four years prior to Plaintiff's suit being filed i.e. from November 1, 1992 up through the present.

2. Additionally and <u>in the alternative</u>, Plaintiff also requested Class Certification under Rule 23(b)(3) which does <u>NOT</u> afford injunctive relief but does allow for the recovery of monetary damages suffered by Class members because of Defendant's illegal denial of liability and non-payment of damages.

1

3.  Plaintiff does NOT believe the creation of subclasses is warranted in order to effectuate a Class action under either Rule 23(b)(2) or 23(b)(3) as all persons meeting the requirements stated in Plaintiff's Definition of Class suffered the same damages due to American Airlines application of its illegal 'Notice of Exclusion' policy to circumvent the liability requirements of federal law. However, pursuant to the Court's Memorandum and Order of Sept. 25, 1998, Plaintiff submits this Alternative Proposal for Class Certification – Subclasses for the Court's consideration and approval, should the Court not grant Plaintiff's requested 'Single' Class action encompassing all effected persons.

### Subclass 1 – Injunctive Relief Under Rule 23(b)(2)

4.  There is NO question that American Airlines *continues* to violate the rights of passengers to compensation for lost baggage on a daily basis. (Please see Lisa Callahan's deposition.) Defendant continues to deny liability and refuses to pay compensation by *falsely* telling passengers that its 'Notice of Exclusion' language in its Contract of Carriage allows it "zero out" its liability for its loss of 'Excluded Items'.

5.  Unless American Airlines is *Ordered to cease and desist* this illegal practice by an Injunction, the number of Class members will continue to grow at an approximate rate of two-hundred ten (210) more persons per month, or two-thousand five-hundred (2,500) per year. (This is based on 7,500 persons already identified as Class members over a thirty-six month period.) Plaintiff thus proposes a **Subclass 1** be created to include all potential *future* 'Class members' and that this subclass be certified under Rule 23(b)(2). Should American Airlines

2

NOT comply with the Injunction, the Court could hold Defendant in contempt and impose monetary sanctions.

### Subclass 2 – 'No Release' Class Members

6.  All Class members, as defined in Plaintiff's Definition of Class, suffered the loss of luggage in which 'Excluded Items' were lost. American Airlines denied liability on all these claims concerning 'Excluded Items'. American Airlines made NO compensation for any 'Excluded Items' and instead notified all Class members that under its Contract of Carriage, it was completely exempt from liability and owed no compensation and made no compensation to passengers.

7.  Should the Court NOT grant the Class certification of just a single group of persons, then Plaintiff suggests the certification of a **Subclass 2**, which encompasses those passengers whose lost baggage claims _only involved 'Excluded Items'_ and received NO compensation whatsoever and thus did NOT sign any 'release'.

8.  As to **Subclass 2** members, Plaintiff has already identified approximately 2,000 persons who qualify as such. If the Court agrees that a four year statute of limitations is applicable, Plaintiff estimates the number of persons in this subclass will more than double i.e. approximately 4,000 plus persons.

9.  All **Subclass 2** members are in _**exactly**_ the same position as Plaintiff, and should be awarded the full amount of their claimed monetary loss up to the $1,250 liability cap under 14 CFR 254, just like Plaintiff was awarded the FULL amount of his claimed loss of $1,029.

3

## Subclass 3 – 'Release' Class Members

10.     All persons who meet the description of a Class member as defined by Plaintiff's Definition of Class, and who also received a check from American Airlines covering the loss of 'NON-Excluded' items will be made a part of this subclass. As argued by Plaintiff in his pleadings and at oral argument before the Court, the ONLY difference between these passengers and other Class members, is that they received some money for their lost clothing articles which American Airlines did NOT exclude from coverage by its 'Notice of Exclusion' policy. Therefore, American Airlines would be entitled to a credit for the amount of money it paid these passengers for the loss of their 'NON-Excluded' items.

**Subclass 3** members would thus receive the full value amount of their claim concerning the loss of 'Excluded Items', conditional on the **TOTAL** monetary compensation received for BOTH 'Excluded' and 'NON-Excluded' items not exceeding the $1,250 liability cap imposed by 14 CFR 254.

## Rule 23(b)(2) Allows '*Incidental*' Monetary Damages

11.     Rule 23(b)(2) F.R.C.P. allows the payment of compensatory monetary damages to Class members if such damages are "*incidental* to (the) requested injunctive or declaratory relief." (emphasis added) <u>Allison v. Citgo Petroleum Corp.</u>, WL 483970 (5th Cir. 1998). In defining when requested monetary damages in a Rule 23(b)(2) class action are "incidental", the Fifth Circuit stated:

> "By incidental, we mean damages that *flow directly from liability to the class as a whole* on the claims forming the basis of the injunctive or declaratory relief." (emphasis added)

4

> "Ideally, incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established."     <u>Allison</u> at p. 46.

12.   By the District Court's ruling that American Airlines' 'Notice of Exclusion' policy in its Contract of Carriage was invalid, Plaintiff was automatically entitled to be compensated by Defendant for its loss of Plaintiff's 'Excluded Item', under the <u>mandatory liability</u> provisions of 14 CFR 254. This is exactly the type of **monetary damages "that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief"** that the Fifth Circuit defines as "incidental" damages under a Rule 23(b)(2) Class action.

13.   The Fifth Circuit stressed the point that it is the District Court who is in the best position to determine if the requested monetary damages under a request for Class certification under Rule 23(b)(2) qualify as "incidental" damages.

> "We recognize that, as a matter of degree, whether a given monetary remedy qualifies as incidental damages will not always be a precise determination. Nor is it intended to be."

> "The district courts, in the exercise of their discretion, are in the best position to assess whether a monetary remedy is sufficiently incidental to a claim for injunctive or declaratory relief to be appropriate in a (b)(2) class action."     <u>Allison</u> at p. 47.

14.   <u>**Unlike**</u> the Plaintiffs is <u>Allison</u>, the monetary damages requested herein are easily "capable of computation by <u>*objective standards*</u> and <u>***are not dependent***</u> <u>*in any significant way on the intangible, subjective differences*</u> of each class member's circumstances." <u>Allison</u> at p. 46. Plaintiff is NOT asking for damages which are subjective in nature such as, pain and suffering. Plaintiff's

5

requested monetary damages fall easily within the Fifth Circuit's "incidental" damages definition and warrant class certification under Rule 23(b)(2) F.R.C.P.

### American Airlines Is Estopped From Challenging Damages Claimed

15. American Airlines is now estopped from challenging the monetary loss claims filed by both **Subclass 2** and **Subclass 3** passengers regarding their 'Excluded Items' for several reasons. *__First__*, American Airlines *totally denied its liability* for its loss of these passengers' property i.e. 'Excluded Items'.

16. *__Second__*, American Airlines *NEVER challenged* the lost monetary value of these 'Excluded Items' as stated by passengers in their lost baggage claims, which included detailed information, sales receipts and other proof of purchase and ownership. Moreover, the submission of all this evidence by passengers to prove up and substantiate the value of their lost property was **REQUIRED** by American Airlines in its three page 'Statement of Property Loss' every passenger had to fill out and submit within the stringent time limit of thirty days from date the loss occurred.

17. *__Third__*, American Airlines' violation of these passengers' right to compensation was part of *a conspiracy to circumvent the legal requirements* imposed on it as an air carrier by federal law, i.e. 14 CFR 254. By knowingly and intentionally violating this specific federal law, American Airlines, *now having been caught doing so*, cannot now retroactively go back and require passengers to come up with **ADDITIONAL** substantiating evidence concerning the value of their lost 'Excluded Item'.

6

18. **_Fourth_**, each passenger submitted a 'Statement of Property Loss' with a signed 'verification' stating that the loss claimed was true, subjecting himself/herself to federal criminal prosecution for mail fraud. This **_specific notice and warning of potential criminal prosecution_** was stated prominently by American Airlines just above the signature line each **Subclass 2 & 3** member was <u>REQUIRED</u> to sign in the 'Statement of Property Loss'. (Exhibit 1)

### 'Releases' Are Invalid As A Matter Of Law

19. As a matter of law, the 'releases' signed by **Subclass 3** members are invalid for several reasons. **_First_**, the money paid by Defendant _was specifically defined and restricted_ by American Airlines itself to cover **ONLY** the loss of 'NON-Excluded' items as stated in all the letters sent passengers accompanying the check. Defendant specifically stated in its letters that as to its loss of 'Excluded Items', American Airlines was denying liability and was NOT making any monetary compensation based on its 'Notice of Exclusion' contained in its Contract of Carriage.

20. **_Second_**, **Subclass 3** members were "**_entitled_**" to the money they received for the loss of their clothing, under the requirements imposed on American Airlines by 14 CFR 254. Thus, the _endorsement_ of the check, and the stated 'release' is nothing more than a receipt or acknowledgment that the passenger received the money he/she was **_entitled_** to in the first place under federal law. <u>Melong v. Micronesian Claims Commission</u>, 643, F.2d 10 (D.C. Cir. 1980)

7

21. *Third*, for a release to be valid, *consideration must be paid*. "It is a well-established principle of federal law that a promise to perform a preexisting duty is not sufficient consideration and is grounds for setting aside a release." "The courts of appeals, including the Fifth Circuit, have consistently applied this basic principle of contract law in a variety of federal law contexts." General Intermodal Logistics Corp. v. Mainstream Shipyards & Supply, Inc., 748 F.2d 1071 (5th Cir. 1984).

22. Here, there was **no consideration paid** by American Airlines for a passenger waiving his right to file a claim in court for the loss of his/her 'Excluded Item'. There is no question, and Defendant conceded this point at oral argument: 14 CFR 254 created an "**entitlement**" for Class members to receive the money they received for the loss of 'NON-Excluded' items i.e. clothing. Therefore, Defendant's assertion that the 'release' stated on the back of the check serves as a bar to **Subclass 3** members' right to compensation for the loss of 'Excluded Items' is invalid for *lack of consideration*.

## Conclusion

Plaintiff believes only a Single Class needs to be certified under Rule 23(b)(2) or 23(b)(3) for the reasons stated in its prior pleadings and above. However, should the Court mandate the creation of subclasses, Plaintiff prays the above stated Alternative Proposal for Class Certification – creating **three subclasses** as defined, will be granted.

8

Respectfully submitted,

Heriberto 'Eddie' Medrano
Attorney for Plaintiff

Fed. I.D. # 5952
Texas Bar # 13897800

1101 West Tyler St.
Harlingen, Texas 78550
Tel. 956-428-2412
Fax 956-428-2495

9