73

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 9 1998

Michael N. Milby
Clerk of Court

| | |
|---|---|
| HECTOR A. CASAS | § |
| | § |
| PLAINTIFF, | § |
| | § |
| VS. | § CIVIL ACTION NO. |
| | § B-96-207 |
| AMERICAN AIRLINES, INC., | § |
| | § JURY |
| DEFENDANT. | § |

### DEFENDANT'S SECOND AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc. ("American") and pursuant to Fed. R. Civ. P. 15(a) files this its Second Amended Original Answer to Plaintiff's Second Amended Original Complaint and would respectfully show the Court the following:

I.

1.   Defendant admits the allegations in Paragraph 1 of Plaintiff's Second Amended Original Complaint.

2.   Defendant denies that its principal place of business is in Dallas County, Texas. Defendant admits the remainder of the allegations in Paragraph 2 of Plaintiff's Second Amended Original Complaint.

3.   Defendant admits the allegations in Paragraph 3 Plaintiff's Second Amended Original Complaint.

DEFENDANT'S SECOND AMENDED ORIGINAL ANSWER                                                       PAGE 1

## II.

4. Defendant denies that this Court has subject matter jurisdiction based upon federal common law or that there is federal question jurisdiction based upon the Federal Aviation Act or 14 C.F.R. §§ 253, 254.

5. Defendant does not contest that venue is proper.

## III.

6. Defendant admits the allegations in Paragraph 6 Plaintiff's Second Amended Original Complaint.

7. Defendant admits the allegations in Paragraph 7 of Plaintiff's Second Amended Original Complaint, and therefore denies same.

8. Defendant does not contest that Plaintiff arrived at the Orlando Airport in advance of the scheduled departure. Defendant denies that Defendant "truthfully reported the contents" of his baggage and that Defendant's representative did not inform him of any exclusion of liability limiting provisions. Defendant admits the remaining allegations contained in Paragraph 8 of Plaintiff's Second Amended Original Complaint.

9. Defendant denies that none of Defendant's agents were available to assist passengers upon the arrival of the Orlando-DFW Flight on September 3, 1996. Defendant admits the remaining allegations of Paragraph 9 of Plaintiff's Second Amended Original Complaint.

10. Defendant admits that Plaintiff was unable to continue his travel to Harlingen, Texas and spent the night in a hotel at the DFW airport at Defendant's expense. Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the remaining

allegations contained in Paragraph 10 of Plaintiff's Second Amended Original Complaint, and therefore, denies same.

11.   Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Second Amended Original Complaint, and therefore denies same.

12.   Defendant admits the allegations in Paragraph 12 of Plaintiff's Second Amended Original Complaint.

13.   Defendant admits the allegations in Paragraph 13 of Plaintiff's Second Amended Original Complaint.

14.   Defendant admits the allegations in Paragraph 14 of Plaintiff's Second Amended Original Complaint.

15.   Defendant admits the allegations in Paragraph 15 of Plaintiff's Second Amended Original Complaint.

16.   Defendant admits that Plaintiff sent exhibits D and E to Defendant on November 1 and 8, 1996.

### IV.

17.   Defendant denies the allegations in Paragraph 17 of Plaintiff's Second Amended Original Complaint.

### V.

18.   Defendant denies the allegations in Paragraph 18 of Plaintiff's Second Amended Original Complaint.

### VI.

Case 1:96-cv-00207   Document 73   Filed in TXSD on 10/09/1998   Page 4 of 8

19.  Defendant admits that Plaintiff brought this lawsuit as a class action on his behalf and all others similarly situated. Defendant further admits that Plaintiff has sought the damages described in Paragraph 19, but denies that Plaintiff is entitled to such damages.

20.  Defendant denies that Paragraph 20 of Plaintiff's Second Amended Original Complaint contains a proper definition of the putative class, in part because it defines the class as passengers who suffered a loss "since 1992" and "who's claims for compensation were denied in whole or in part."

21.  Defendant denies the allegations in Paragraph 21 of Plaintiff's Second Amended Original Complaint.

22.  Defendant denies the allegations in Paragraph 22 of Plaintiff's Second Amended Original Complaint.

23.  Defendant denies the allegations in Paragraph 23 of Plaintiff's Second Amended Original Complaint.

24.  Defendant denies the allegations in Paragraph 24 of Plaintiff's Second Amended Original Complaint.

25.  Defendant denies the allegations in Paragraph 25 of Plaintiff's Second Amended Original Complaint.

26.  Defendant denies the allegations in Paragraph 26 of Plaintiff's Second Amended Original Complaint.

27.  Defendant denies the allegations in Paragraph 27 of Plaintiff's Second Amended Original Complaint.

28.  Defendant denies the allegations in Paragraph 28 of Plaintiff's Second Amended Original Complaint.

## VII.

Defendant denies the allegations in Paragraph 29 and the prayer of Plaintiff's Second Amended Original Complaint.

## VIII.

### AFFIRMATIVE DEFENSES

1.  Defendant would show that Plaintiff did not exercise ordinary care, caution or prudence to avoid the alleged loss and alleged damages and such contributing or comparative negligence or responsibility in acts or omissions by Plaintiff were a proximate cause of the alleged loss and alleged damages suffered by Plaintiff.

2.  Defendant would show that it is entitled to a determination of the comparative responsibility of all parties, including Plaintiff, and others by the jury. Defendant is further entitled to an appropriate offset or relief for contribution, indemnity, or comparative responsibility, fault or causation based upon such findings.

3.  Defendant would show that the sole proximate cause of the incident was the alleged acts and omissions of persons not parties to the suit, over whom Defendant had no control.

4.  Defendant would show that the Plaintiff's alleged claims or alleged remedies are barred or preempted, in whole or in part, by the Federal Aviation Act, as amended, applicable federal laws, federal regulations and the Supremacy Clause of the United States Constitution.

5.  Defendant would show that the Federal Aviation Act, applicable federal laws, federal regulations, tariffs and Defendant's Conditions of Contract exclude Defendant from liability for Plaintiff's alleged loss of camera equipment contained in his checked baggage.

6.  Defendant would show that the Federal Aviation Act, applicable federal laws, federal regulations, tariffs and Defendant's Conditions of Contract limit Defendant's liability for Plaintiff's alleged loss of camera equipment contained in his checked baggage.

7.  Defendant would show that Plaintiff's Second Amended Original Complaint fails to state a cause of action and fails to state a claim for which relief may be granted for reasons, including but not limited to, the fact that Plaintiff lacks standing to attempt to enforce the Federal Aviation Act or any of the regulations promulgated thereunder.

8.  Defendant would show that Plaintiff had knowledge of and assumed the risk incident to the alleged loss of baggage as set forth in the Second Amended Original Complaint and that the damages alleged by Plaintiff were caused by and arose out of such risks.

9.  Defendant would show that Plaintiff has failed to assert a proper class action, cannot adequately represent the purported class, and otherwise has failed to satisfy the requirements of Fed. R. Civ. P. 23.

10. Defendant would show that members of the putative class entered into settlements under which Defendant agreed to pay, and the putative class member agreed to accept, certain sums of money in full satisfaction of the putative class members' claims.

11. Defendant would should that the putative class members who signed releases are estopped from asserting claims which they had previously released.

12. Defendant would show that putative class members executed a release, providing by its terms, that Defendant shall be released "from all claims arising in connection with the loss, damages, or delay of my belongings transported or authorized have been transported from the travel date

indicated." The putative class members executed the release for valuable consideration which has been received by the putative class members as acknowledged by the release.

13. Defendant would show that many of the putative class members claims are barred by limitations. More specifically, Defendant alleges that many of the putative class members' claims are barred by the one year limitation contained within Defendant's Conditions of Carriage and incorporated by reference in the passenger ticket requiring any legal action to be commenced within one year from the date of the incident.

14. Defendant would show that many of the putative class members claims are waived by the failure to notify Defendant of their lost baggage before leaving the airport or within twenty-four (24) hours after the arrival of the flight on which the baggage or property was checked.

15. Defendant would show that many of the putative class members claims are barred by their failure to submit a written claim within thirty (30) days after the arrival of the flight on which the baggage or property was checked.

### IX.

### JURY DEMAND

Defendant hereby demands a trial by jury.

WHEREFORE, American Airlines, Inc. prays that Plaintiff take nothing by reason of his actions herein and that Defendant be allowed to go hence without day and to recover its costs, and for such other and further relief, general or special, at law and in equity, to which Defendant may show itself justly entitled.

                          Respectfully submitted,

                          JACKSON WALKER L.L.P.
                          901 Main Street, Suite 6000
                          Dallas, Texas 75202
                          (214) 953-6000
                          FAX (214) 953-5822

                      By: _____ (w/ permission)
                          Attorney in Charge
                          David T. Moran
                          State Bar No. 14419400
                          S.D. Bar No. 11261
                          James D. Struble
                          State Bar No. 19425700
                          S.D. Bar No. 14276

                          ATTORNEYS FOR DEFENDANT
                          AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by fax and regular first class mail, on this 8th day of October, 1998:

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

                          _____
                          James D. Struble

1801838.1/101490.38

**DEFENDANT'S SECOND AMENDED ORIGINAL ANSWER**                                       PAGE 8