74

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 3 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant American Airlines, Inc. ("American"), and files this Response to Plaintiff's Alternative Proposal for Class Certification-Subclasses and shows:

### I.

### INTRODUCTION

Plaintiff, in his Alternative Proposal for Class Certification-Subclasses ("Alternative Proposal"), has requested that this Court either certify the class as defined the Motion for Class Certification or, in the alternative, certify a class consisting of the following three subclasses:

Subclass 1 - future passengers seeking injunctive relief;

Subclass 2 - past passengers who received no compensation and did not sign releases; and

Subclass 3 - past passengers who received compensation and did sign releases.

For the reasons stated below, Fifth Circuit precedent prohibits a certification of a class as defined in Plaintiff's Motion for Class Certification and, for similar reasons, prohibits certification proceeding under any of three subclasses proposed by Plaintiff.

## II.

## SUMMARY OF ARGUMENT

A.      Plaintiff's lack of typicality and commonality with 75% of the putative class members prohibits certification of a class as defined in the Motion for Class Certification, in Subclass 1 or in Subclass 3.

B.      Plaintiff, an attorney for class counsel, has an inherent conflict of interest and is not an adequate class representative for the class defined in Plaintiff's Motion for Class Certification or any subclass.

C.      The fact that each class member's claim cannot be resolved without highly individualized proof of the validity and value of the claim, coupled with American's constitutional right to jury trial,[1] prohibits certification of a class as defined in the Motion for Class Certification or any subclass.

D.      Plaintiff seeks predominately monetary relief and that fact prohibits certification of Subclass 1.

E.      Individual issues concerning the validity of the releases signed by potential Subclass 3 members prohibits certification of that subclass.

F.      Any class or subclass claims would be governed by a one year contractual period of limitations.

---

[1] The Fifth Circuit recently affirmed this right in Cimino v. Raymark Industries, Inc., 151 F.3d 297 (5th Cir. 1998).

DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE
PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES                          PAGE 2
1806788.1

CMVPDF - www.fastio.com

III.

## THE FIFTH CIRCUIT WOULD NOT CONDONE CERTIFICATION OF A CLASS AS DEFINED IN PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

As explained in American's previously filed responses to Plaintiff's Motion for Class Certification,[2] and as explained in oral argument presented to this Court, a class as defined in Plaintiff's Motion for Class Certification cannot be certified under Fifth Circuit precedent for the following reasons.

First, Plaintiff's claims are not typical of the putative class. It is undisputed that Plaintiff received no compensation for his lost camera and he did not sign a release. However, three-fourths of the class defined in Plaintiff's Motion for Class Certification received compensation for their losses and signed a release of all claims. Judge Vela correctly recognized the fatal flaw in this class definition in his March 26,1998 order. He wrote:

> Further, the Plaintiff asserts that the class also consists of passengers whose lost baggage claims were denied "in whole or in part." This statement may also be an incorrect definition of the relevant class since passengers who have settled with the defendant are situated differently than this Plaintiff and may not fit within the Plaintiff's class. See, Mekong v. Micronesia Claims Com'n, 643 F.2d 10, 14 (D.C. Cir. 1980); Wilensky v. Olympic Airways, S.A., 73 F.R.D. 473, 477-478 (E.D. Pa. 1977).

Judge Vela was following the mandate of United States Supreme Court and Fifth Circuit decisions which squarely hold that class representatives must "possess the same interest" as the class members they purport to represent. Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 216 (1974); Bernard v. Gulf Oil Corp., 841 F.2d 547, 550-51 (5th Cir. 1988).

---

[2] American incorporates by reference herein all previously filed summary judgment evidence and its response and reply to Plaintiff's Motion for Class Certification. Fed. R. Civ. P. 10(c).

In <u>Bernard</u>, black employees brought a Title VII class action against their employer alleging employment discrimination. The Fifth Circuit held that plaintiffs lacked standing to represent the potential class members who had signed releases because the named plaintiffs sought to obtain relief already obtained by those employees who had accepted back pay and had signed releases. <u>Id.</u> at 550-51. Casas, who received no compensation for his lost camera and did not sign a release, does not possess the "same interest" as those passengers who signed releases and he therefore lacks the standing or typicality required in <u>Bernard</u>.

Judge Vela also cited with approval <u>Greeley v. KLM Royal Dutch Airlines</u>, 85 F.R.D. 697 (S.D.N.Y. 1980), where the district court refused to certify a class of airline passengers who had lost baggage on an airline. In <u>Greeley</u>, the plaintiff, like Casas here, sought to represent a class which included airline passengers with whom the air carrier had settled, or offered to settle, claims for lost baggage on terms that allegedly were not allowed by the Warsaw Convention. In <u>Greeley</u>, the plaintiff refused a settlement offer of $20 for lost property allegedly valued at $1,650. <u>Id.</u> at 698-99. The plaintiff, too, like Casas here, contended the airline's liability was higher. The district court refused to certify the class and explained:

> Having refused to settle, plaintiff has no personal reason to be concerned with the means by which KLM induced settlements from others and therefore has no real interest in proving those settlements were wrongfully obtained. Thus his interest is not coextensive with the interests of the class members who settled, and his claim is not typical of those of the class. <u>Elkind v. Liggett & Myers, Inc.</u>, 66 F.R.D. 36, 41-42 (S.D.N.Y. 1975).

> * * *

> Since Greeley need not prove what others in the purported class must establish, his claim is not typical and he cannot be relied on to represent the interests of the class adequately.

Id. at 700-01; see also, Melong v. Micronesian Claims Comm., 643 F.2d 10, 13 (D.C. Cir. 1980) ("In each instance, the court considering the question has concluded that proposed class members who have executed releases can not be represented by individuals who have not executed a release.") Plaintiff clearly lacks standing to represent the class and, further, Plaintiff is not a typical and adequate class representative.

Second, Plaintiff, an attorney with the law firm prosecuting the class action, is not an adequate representative of the class pursuant to Fed. R. Civ. P. 23(a)(4). Under Fifth Circuit precedent, attorneys "who themselves are members of the class of plaintiffs should be subject to a *per se* rule of disqualification." Zlystra v. Safeway Stores, Inc., 578 F.2d 102, 104 (5th Cir. 1978) (citing Kramer v. Scientific Control Corp., 534 F.2d 1085 (3d Cir.), cert. denied, 429 U.S. 830 (1976). The rule of *per se* disqualification is based upon the inherent conflict of interest between a class representative who would stand to gain more in his capacity as an attorney than in his capacity as an individual class member

The Fifth Circuit in Zlystra followed a long line of cases prohibiting attorneys from serving as both class representative and attorney for the class. See, e.g., In re California Micro Devices Securities Litigation, 168 F.R.D. 257, 262 (N.D. Cal. 1996) (and cases cited therein); Doe v. A Corporation, 709 F.2d 1043, 1047-48 (5th Cir. 1983); Pattillo v. Schlesinger, 625 F.2d 262, 265 (9th Cir. 1980) (class certification improper when class representative's father was member of law firm that sought to appear as class counsel).

It is undisputed that Mr. Casas is an employee of the Law Firm of Heriberto Medrano, class counsel. Mr. Casas testified that as an attorney for that firm he receives both a salary and a bonus and that when the law firm does well financially, so does he. (Casas Depo., P. 21 Lns. 2-25). Also, Mr. Casas testified that at the time of his deposition he had done a majority of the research and drafting of

the pleadings in this lawsuit.[3] (Casas Depo., P. 24, Lns. 20-24). Additionally, at the hearing on cross motions for summary judgment, Mr. Casas presented oral argument over the objection of American. Under these circumstances, Mr. Casas, who has acted as an attorney in this lawsuit, would stand to benefit from his status as an attorney for class counsel far more than any individual class member no matter what class definition is used.[4] Therefore Mr. Casas cannot, pursuant to Fed. R. Civ. P. 23(a)(4), adequately represent the interest of the class.

Third, the claim of each class member cannot be resolved without highly individualized proof, on a case-by-case basis, as to each class member's claim and the potential defenses to each member's claim. A decision about Plaintiff's claim will not resolve any of the other 7,500 putative class members' claims. Under the individualized and unique circumstances of each member's claims, a class action cannot be certified because individual, and not common, issues will predominate.

All putative class members have other important individual issues including: (1) the validity of the class member's claim and whether the class member can provide proof of loss; (2) the fair market value of the class member's damages in accordance with the applicable measure of damages and applicable law; and (3) whether there are additional defenses, such as statute of limitations, waiver, estoppel, ratification, accord and satisfaction, that may apply against individual class members. Each

---

[3]     Q.     As far as this lawsuit that you have brought against American Airlines, who has the majority of the responsibility for the drafting of pleadings, the discovery and the motions?

        A.     I've done most of the work.

        Casas Depo., P. 24, Lns. 20-24.

[4]     By the same reasoning, if Mr. Casas were to remain a class representative, the Law Firm of Heriberto Medrano would have an inherent conflict and could not proceed as class counsel.

DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE
PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES                           PAGE 6
1806788.1

of these questions, and more, must be individually tried for each of the 7,500 members of the putative class.

Indeed, the Fifth Circuit recently reiterated that in large class action or multi-plaintiff lawsuits, the defendant is entitled to a jury trial for each of the claims raised by each individual plaintiff, including the issues of causation and damages, pursuant to the Seventh Amendment to the United States Constitution. Cimino v. Raymark Industries, Inc., 151 F.3d 297, 311-21 (5th Cir. 1998). In Cimino, the trial court, after having a previous trial plan reversed by the Fifth Circuit in In Re Fibreboard, 893 F.2d 706 (5th Cir. 1990), developed a revised trial plan by which the class representatives and other representative members of the asbestos class action could present their claims to a jury, and the results of those verdicts, including damages, would be extrapolated to all 2,128 remaining members of the class. Cimino, 151 F.3d at 302-309 The trial court's primary motivation was to save time — to try each individual plaintiff's case would take years.

The Fifth Circuit reversed the trial court's plan, finding that it violated the defendants' constitutional right to have each individual plaintiff's claims and each individual defendant's defenses presented to a jury. The Fifth Circuit stated that "causation must be determined as to individuals, not groups, and the Seventh Amendment gives [a defendant] the right to a jury trial to make that determination." Id. at 319. Additionally, a defendant has a "Seventh Amendment right to have the amount of legally recoverable damages fixed and determined by a jury" as to each individual plaintiff. Id. at 320-21. These Seventh Amendment rights are not altered or abridged merely because the case is a Rule 23 class action, or because there are thousands of class members. Id. at 312-13 (citing State of Alabama v. Blue Bird Body Co., Inc., 573 F.2d 309, 318 (5th Cir. 1978)).

Accordingly, American Airlines has a constitutional right to challenge each individual class member's claims, including causation and damages, and to have a jury make a determination for each and every class member. Therefore, a class action is not "superior to other available methods for the fair and efficient adjudication" of this matter. Fed. R. Civ. P. 23(b)(3). Plaintiff's proposed class treatment would require, and American is entitled to, thousands of mini jury trials. See Allison v. Citgo Petroleum Corp., 1998 WL 483970 (5th Cir. 1998).

Fourth, Plaintiff is seeking punitive damages. As a general rule, punitive damages are not appropriate for class treatment. Allison v. Citgo Petroleum Corp., 1998 WL 483970, at *13 (5th Cir. 1998); Wilensky v. Olympic Airways, S.A., 73 F.R.D. 473, 478 (E.D. Pa. 1977).

## IV.

## SUBCLASSES

### A.    The Creation of Subclasses Will Not Remove The Obstacles To Certification

Most, if not all, of the reasons described above which prohibit certification of the class described in Plaintiff's Motion for Class Certification apply equally to bar certification of the subclasses described in Plaintiff's Alternative Proposal. First, Plaintiff's claims are not typical of any Subclass 1 members who would receive compensation for "non-excluded" items, and, as described above, are not typical of any Subclass 3 members who received compensation and signed releases. Second, Plaintiff's inadequacy as class representative based upon his inherent conflict of interest as an attorney for class counsel prohibit him from acting as class representative of any subclass no matter how defined. Third, no matter how many subclasses are created, the Fifth Circuit decisions in Cimino and Allison mandate that

American is still entitled to an individual determination of the validity of each class members' claim and the amount of the alleged damage.

**B.     Certification Of Subclass 1 Would Be Improper**

Plaintiff has requested that this Court create a subclass consisting of potential future class members pursuant to Fed. R. Civ. P. 23(b)(2) and seeks injunctive relief for this subclass. In addition to the reasons described above, Plaintiff cannot, by creating a subclass, avoid Fifth Circuit precedent prohibiting certification under 23(b)(2) when the predominate relief sought is monetary damages.

Plaintiff seeks compensatory damages, punitive damages, pre- and post-judgment interest, attorneys' fees, and injunctive and declaratory relief. The Fifth Circuit holds that a class action may only be certified under 23(b)(2) when the "predominant relief sought is injunctive or declaratory." Allison, 1998 WL 483970 at *20. The Fifth Circuit further holds that "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief." Allison, 1998 WL 483970 at *9. "Incidental" means "damages that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief." Id. In other words, "incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established." Id. "Given the degree to which recovery of compensatory and punitive damages requires individualized proof and determinations, they clearly do not qualify as incidental damages in this case." Allison, 1998 WL 483970 at *13. Because Casas' claims for monetary relief predominate over any injunctive or declaratory relief sought in this case, and individual consideration of monetary damages is constitutionally compelled, certification under (b)(2) is inappropriate. Id.

Plaintiff, in his Alternative Proposal, attempts to reverse field by arguing that the predominate relief sought in this lawsuit is now injunctive or declaratory relief and that any monetary damages are merely "incidental" to that relief. Plaintiff would like this Court to believe that potential class members' claims for compensation for lost items are merely incidental to the claim for (b)(2) relief. If that were true, then any (b)(3) claim for monetary damages (*i.e.*, securities class actions) could be magically transformed into a (b)(2) action by merely adding a claim for injunctive or declaratory relief. The dictates of <u>Allison</u> clearly prohibit such transformation.

Moreover, the issue of primary jurisdiction counsels against certification of an injunctive class. Congress has decreed that the Department of Transportation, and not private plaintiffs, is the proper party to enforce federal law, and indeed, the specific regulation upon which Plaintiff relies. <u>Diefenthal v. C.A.B.</u>, 681 F.2d 1039, 1050 (5th Cir.), <u>cert. denied</u>, 459 U.S. 1107 (1982); <u>Statland v. American Airlines, Inc.</u>, 998 F.2d 539, 541 (7th Cir.), <u>cert. denied</u>, 510 U.S. 1012 (1993). The Fifth Circuit has affirmed the denial of injunctive relief against an airline reasoning that the CAB's (now DOT's) "power to seek injunctive relief is thus more than adequate to cause egregious instances of noncompliance, such as a carrier's refusal or consistent failure to comply with a regulation." <u>Diefenthal</u>, 681 F.2d at 1039.

C.   <u>Certification Of Subclass 2 - "No Release" Class Members Is Improper</u>

Plaintiff attempts to define as a subclass those passengers who made a claim for an excluded item in the past, received no compensation and did not sign a release. In addition to Plaintiff's inadequacy as class representative based upon his status as an attorney for class counsel, Fifth Circuit precedent will not allow certification of such a class for the following reasons.

First, as discussed above, American has a constitutional right to require individualized proof of the validity of any claim and the fair market value of any alleged loss. Even assuming the Court continued to hold American's exclusion unenforceable, that decision does not end the predominance inquiry. In fact, the unenforceability of the of exclusion of liability clause will not even be mentioned to the jury — that issue will have already been resolved as a matter of law by this Court. The jury or juries will still be asked to determine whether American is liable for the alleged loss of the Subclass 2 members and the amount of proven damages. In short, deciding the claims of one class member certainly will not decide the claims of other class members, and therefore class treatment remains inappropriate. See Cimino, 151 F.3d at 311-21; Castano v. American Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996); Allison, 1998 WL 483970 at *15.

Second, class treatment of Subclass 2 claims would not be the superior way to resolve these claims. The Fifth Circuit noted that the predominance of individual-specific issues relating to the plaintiffs' claims for damages detracts from the superiority of the class action device for resolving claims. Allison, 1998 WL 483970 at *14. In Allison, these problems were exacerbated when the action must be tried to a jury and involves more than 1,000 potential plaintiffs. Here, the problem is magnified seven-fold. This is not a case where each member of the subclass would automatically receive $1,250 (or the full amount of their alleged claim). If American's ticket exclusion is deemed unenforceable, American's maximum liability is limited to valid, provable claims. American, in order to protect itself from inflated or fraudulent claims, will vigorously defend and challenge the claims. The record shows that it is American's policy to fully investigate any alleged loss and require substantiation of any lost articles. (Callahan Aff. ¶ 10). Thus, the predominant issue is not the enforceability of the contract; the

predominant issues will be individual ones. "The success of these claims will turn ultimately on the special circumstances of each individual's case." Allison, 1998 WL 483970 at *15; see also Wilensky v. Olympic Airways, S.A., 73 F.R.D. 473, 477 (E.D. Penn. 1977) (district court denied class certification because each airline "bumping" claim deserved individual consideration and thus failed the predominance and superiority element). This Court should not certify Subclass 2 under these circumstances.

### D. Certification Of Subclass 3 - "Release" Class Members Is Improper

Plaintiff seeks to define as his final subclass those passengers who made a claim for both excluded and non-excluded items, received compensation for the non-excluded items and signed a release in favor of American. In addition to many of the same reasons cited above (lack of typicality and commonality of the class representative and conflict of interest), certification of this subclass is prohibited because of the presence of the signed releases of all Subclass 3 members.

Like any other subclass members, each Subclass 3 member will be required to offer separate evidence to recover on his or her claim, which will involve individual determination of the validity of releases and damages. This will require class discovery of the class members and ultimately a jury trial on thousands of individual claims. In addition, each of the Subclass 3 members, if actually intent on pressing a claim despite accepting compensation and signing a release, will be required to individually establish that he or she is not bound by the release. Each Subclass 3 member must individually assert and prove fraud, misrepresentation, duress, and perhaps other theories to overcome the release, all of which will require individualized proof and treatment. Certification of Subclass 3 would require separate jury trials for the approximately 5,480 persons who signed a release to prove facts to avoid the

effect of the release.   Under the individualized and unique circumstances of each member's claims, a class action cannot be certified because individual, and not common, issues will predominate.   See Melong, 643 F.2d at 15 (class certification improper when attacks on release present individual issues "surrounding the obtaining of the release") (citing Ingenito v. Bermec Corporation, 376 F. Supp. 1154, 1171 (S.D.N.Y. 1974).

Plaintiff's suggestion that these "releases" are invalid as a matter of law is simply incorrect. Plaintiff claims that the releases are invalid because of a lack of consideration or that the consideration did not relate to one of the claims released.  Corpus Juris Secundum flatly rejects such an argument: "The lack of separate consideration for a claim discharged by a general release does not prevent the release from releasing that claim." 76 C.J.S. Release § 64 (1994).

Further, Plaintiff's attempt to characterize the settlement payments as "entitlements" does not comport with an accurate examination of the law of consideration.   Each baggage case is an unliquidated and disputed claim.  There is an issue of liability and dispute as to the amount of damages for any passenger's lost baggage.  Thus, the settlement payments are made in exchange for a release of a disputed claim and are not "entitlements."

Plaintiff attempts to rely on Melong v. Micronesian Claims Comm'n, 643 F.2d 10 (D.C. Cir. 1980) to support his argument that Subclass 3 members were "entitled" to compensation and the signed release was no more than an acknowledgment of receipt of funds to which the passenger was entitled.  Melong, however, supports American's position.  The Melong court found the release agreements at issue to be enforceable and were more than mere "acknowledgment of receipt of payment." Melong, 643 F.2d at 16.

## V.

## AMERICAN HAS THE RIGHT TO
## CHALLENGE THE DAMAGES CLAIMED

Plaintiff asserts that American Airlines is estopped from challenging the damages claimed by putative class members. This assertion is plainly incorrect for the following reasons.

First, 14 C.F.R. § 254 clearly states that only "provable" damages may be recovered. The Department of Transportation clearly contemplated that an air carrier has the right to require a passenger to prove the validity of the claim and the fair market value of the alleged damages. Second, the Statement of Property Loss referred to by Plaintiff includes the statement that "Verification of Values Claimed May Be Required." (See, Plaintiff's Alternative Proposal, Exhibit "1"). As discussed previously, American investigates all baggage loss claims and requires documentation of the loss, including receipts, in order to protect itself from inflated or fraudulent claims. Third, as discussed above, Cimino and Allison protect American's constitutional right to have damage issues heard at a jury trial.

## VI.

## A ONE-YEAR LIMITATIONS PERIOD APPLIES TO ANY CLASS OR SUBCLASS

As previously explained to the Court, federal law mandates that Plaintiff's claim, and likewise the claim of any subclass member, are governed by a one year contractual period of limitations. The contractual one year period of limitation contained in American's Conditions of Carriage applies to lost baggage claims. The Fifth Circuit has repeatedly held that a contractual one year period of limitations is valid and enforceable. Jewelers, 117 F.3d at 930 (5th Cir. 1997) ("Carriers are allowed to limit their

DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE
PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES                    PAGE 14
1806788.1

liability in the Contract of Carriage"); <u>Carpenter v. Klosters Rederi A/S</u>, 604 F.2d 11, 13 (5th Cir. 1979).

WHEREFORE, PREMISES CONSIDERED, American respectfully requests that Plaintiff's Motion for Class Certification be denied, or in the alternative, that each of the defined subclasses in Plaintiff's Alternative Proposal for Class Certification - Subclasses be denied, and that American obtain further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _James D. Struble (w/permission)_
David T. Moran
State Bar No. 17358700
Attorney-In-Charge
James D. Struble
State Bar No. 19425700

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this _9th_ day of October, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas  78550


James D. Struble

DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE
PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES                    PAGE 16
1806788.1