United States District Court
Southern District of Texas
FILED
OCT 20 1998
Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HECTOR A. CASAS, )<br>        Plaintiff )<br>Vs. )<br> )<br>AMERICAN AIRLINES, INC. )<br>        Defendant ) | Civil Cause No. B-96-207 |

**Plaintiff's Motion To Substitute Pages**
(Contained In Pltf.'s Reply To Defendant's Response To Plaintiff's Alternative Proposal For Class Certification-Subclasses)

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Hector A. Casas, Plaintiff, by and through his attorney Heriberto 'Eddie' Medrano, and files this motion requesting leave to substitute two pages (attached herein) contained in Plaintiff's Alternative Proposal For Class Certification-Subclasses and would state the following in support thereof:

I.

Plaintiff incorrectly filed a preliminary draft of Plaintiff's Reply to Defendant's Response to Plaintiff's Alternative Proposal For Class Certification – Subclasses which contained two significant typographical errors. One error was the inclusion of the word 'not' in the third line of paragraph (c) on page 9, which incorrectly changes the meaning of Plaintiff's argument.

II.

The second error involves the omission of the page number from which an excerpt from a case is quoted. This error appears at the end of the second full paragraph on page 14.

Wherefore, premises considered, Plaintiff moves the Court to allow Plaintiff leave to substitute the attached page (9) and page (14) in place of the previously submitted page 9 and 14 contained in Plaintiff's Reply To Defendant's Response To Plaintiff's Alternative Proposal For Class Certification – Subclasses.

Respectfully submitted,

_____
Heriberto 'Eddie' Medrano
Attorney for Plaintiff

Fed. I.D. #5952
Texas Bar #13897800

1101 West Tyler St.
Harlingen, Texas 78550
Tel. 956-428-2412
Fax 956-428-2495

Most important, Defendant American Airlines has waived any right to challenge the claim or even the dollar value of the lost 'Excluded Item' because it knowingly and intentionally chose NOT to question the claim or the dollar value of the lost 'Excluded Item' at the time passengers submitted their 'verified' Statement of Property Loss and accompanying documents. Instead, Defendant simply and unilaterally denied having any liability for its loss of these 'Excluded Items' and sent each Class member a letter stating its was not liable and not making any compensation for same. Interestingly, Defendant often did challenge and request additional proof from passengers in determining what compensation to pay regarding NON-Excluded Items such as clothing.

(c) <u>Defendant Is **Estopped** From Challenging Value Of Claims</u> – By choosing to unilaterally deny Class members' claims for compensation by denying all liability for its loss of 'Excluded Items', Defendant is estopped from challenging the value of the lost 'Excluded Item' listed in the passenger's lost baggage claim. Defendant's right to question the passenger's claim and dollar value of that claim was waived by its decision to illegally implement its 'Notice of Exclusion' policy in its deliberate effort to violate federal law and circumvent the minimum mandatory baggage liability limits imposed on it as a domestic air carrier by 14 CFR 254. In short, because of Defendant's illegal actions in denying these Class members' claims outright, American Airlines is

9

## VI.
## This Case Is A "*Negative Value Suit*" Which Warrants Class Certification

24.  The Fifth Circuit in <u>Allison</u> made clear what it believes to be <u>*the one most important fact*</u> that warrants a case being certified as a Class action – When the case involves **A Negative Value Suit**.

> "Finally, the 'most compelling rationale for finding superiority in a class action—the existence of a negative value suit,..." <u>Allison</u> at page 50.

A <u>*'negative value suit'*</u> involves a case where the <u>*monetary value of the claims*</u> involved are <u>*so low*</u> and the availability of <u>*substantial attorney's fees is negligible*</u> that financial barriers make **<u>individual lawsuits unlikely or infeasible</u>**. <u>Allison</u> at page 50

25.  A 'Negative Value Suit' is exactly what we are confronted with in this case. Here, the facts are undisputed that the "monetary value" of each Class members' claims is limited to a maximum of $1,250 each. Such a monetary limitation on damages makes it "unlikely or infeasible" for individual passengers to overcome the "financial barriers" which prohibit the hiring of individual attorneys to prosecute these claims individually. In simple terms, no passenger can afford to hire an attorney and pay perhaps thousands of dollars in costs and fees in order to recoup a maximum of $1,250. Conversely, no attorney would take on the prosecution of a passenger's claim on a contingency basis if the maximum damages award is limited to $1,250.

26.  Using the Fifth Circuit's criteria which it considered the <u>*paramount reason justifying Class certification*</u>, it is clear this case is a "negative value suit" and merits Class certification under 23(b)(2) F.R.C.P.

14

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above and foregoing *Plaintiff's Motion to Substitute Pages (Contained in Plaintiff's Reply to Defendant's Response to Plaintiff's Alternative Proposal For Class Certification-Subclasses)* was sent certified mail on this 20th, day of October, 1998 to the following counsel of record as follows:

Mr. James D. Struble
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

_Heriberto Medrano by CP_
Heriberto Medrano

ClibPDF - www.fastio.com