78

United States District Court
Southern District of Texas
FILED

NOV 0 2 1998

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant American Airlines, Inc. ("American"), and files this Response to Plaintiff's Reply to Defendant's Response to Plaintiff's Alternative Proposal for Class Certification-Subclasses and shows:

### I.

### INTRODUCTION

Although the issue of class certification has been briefed at length by both parties, Plaintiff's latest twenty page Reply brief contains several misstatements of fact, mischaracterizations of American's positions, and incorrect interpretations of the legal authorities governing this Court's determinations. Therefore, American files this Response brief to rebut several arguments and statements made by Plaintiff.

DEFENDANT'S RESPONSE TO PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE
PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES                                    PAGE 1
1814239.1

## II.

## DEFENDANT DOES CHALLENGE PLAINTIFF'S REQUEST FOR CERTIFICATION OF THE TOTALLY DENIED CLASS

Plaintiff begins his "Summary" argument by asserting that "Defendant does **NOT** challenge Plaintiff's <u>alternative</u> request for Class Certification of the approximately 2,000 passengers who did NOT sign any release, like the Plaintiff himself." American is baffled by this assertion. As evidenced by the multiple briefs filed by American in this case, and the oral argument before this Court, American challenges all three proposed subclasses, including the "totally denied" class of which Plaintiff is a member. In § IV.C. of Defendant's Response to Plaintiff's Alternative Proposal for Class Certification-Subclasses ("Response to Alternative Proposal"), American shows that class certification should be denied because American has a constitutional right to require individualized proof of the validity of each putative class member's claim, and that class treatment is not the superior way to resolve these claims. Therefore, Plaintiff's contention that American does not challenge this proposed class of 2,000 members is actually wrong.

## III.

## DEFENDANT MADE NO MISREPRESENTATIONS REGARDING THE NATURE OF THE CONSIDERATION PAID FOR THE RELEASES

Plaintiff asserts that American has made misrepresentations regarding the nature of the consideration paid to passengers who signed releases. American addressed this specious argument at length in its Response to Plaintiff's Reply, and American will not repeat those arguments here. There have been no misrepresentations by American.

Plaintiff also argues that Subclass 3 should be certified because American paid no consideration for the release of excluded items. Plaintiff is incorrect. As American pointed out in its Response to Plaintiff's Reply, legal authorities have flatly rejected Plaintiff's argument: "The lack of separate consideration for a claim discharged by a general release does not prevent the release from releasing that claim." 76 C.J.S. Release § 64 (1994). The releases signed by passengers were comprehensive and covered all claims, including claims of excluded items. The form letters accompanying the settlement checks do not alter the language of the release. Moreover, Plaintiff's assertion that American had a statutory duty to compensate passengers for lost baggage is plainly wrong. Each passenger has an obligation to prove his or her claim and American has the right to challenge every lost baggage claim. American is not required, by statute or regulation, to automatically pay all such claims without question. Therefore, Plaintiff's argument should be rejected by the Court.

## IV.

### PLAINTIFF IS NOT A PROPER CLASS REPRESENTATIVE

Hector Casas, attorney for putative class counsel, cannot "fairly and adequately" represent the interests of any class or subclass in this lawsuit. Mr. Casas should be subject to a *per se* disqualification pursuant to the Fifth Circuit's rule as announced in Zlystra v. Safeway Stores, Inc., 578 F.2d 102, 104 (5th Cir. 1978).

Whether or not a putative class representative satisfies the requirements of F.R.C.P. 23(a)(4) is primarily a question of fact. McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 559 (5th Cir. 1981). The facts evidencing Plaintiff's inherent conflict of interest are these:

(1) Plaintiff is an attorney working for the Law Firm of Heriberto Medrano;

(2) Plaintiff is compensated with both a salary and a bonus and is rewarded when the law firm does well financially;

(3) Plaintiff's Original Complaint included a request for class certification;

(4) At the time of his deposition Plaintiff had done "most of the work" in the drafting of the pleadings, discovery and the motions in this lawsuit; and

(5) Plaintiff presented oral argument at the hearing on cross motions for summary judgment.

Plaintiff asserts that he is "not seeking to serve as both class representative and class counsel," "is not engaged in performing any attorney work on behalf of the Class" and only "participated to some extent" in the prosecution of his individual claim. The facts as indicated above, however, clearly indicate that this action was brought as a class action with the filing of the Original Complaint and that Mr. Casas had done "most of the work" in the drafting of the pleadings and the motions. Despite Plaintiff's pleas to the contrary, Mr. Casas has already acted as attorney for the class in this lawsuit. Simply put, Mr. Casas cannot "fairly and adequately" monitor the conduct of his employer, the Law Firm of Heriberto Medrano, and fulfill his obligation as class representative.

Plaintiff attempts to rely on the Fifth Circuit decision in <u>Phillips v. State of Mississippi Agricultural and Industrial Board</u>, 637 F.2d 1014 (5th Cir. 1981) to avoid the *per se* disqualification dictated by <u>Zlystra</u>. Plaintiff argues that, because he has requested attorney's fees be awarded separately from monetary damages awarded to class members, that the <u>Zlystra</u> rule of

disqualification should not apply. In <u>Phillips</u>, a Title VII employment discrimination class action, class counsel was statutorily entitled to attorney's fees. <u>Phillips</u>, 637 F.2d 1024. There is no statutory basis for recovery of attorney's fees in the lawsuit before this Court. Indeed, the attorney's fees, if any, will be awarded at the discretion of the Court. The mere possibility that, contrary to Plaintiff's wishes, the Court may award attorney's fees from a common fund, dictates that the potential conflict of interest be avoided. <u>See</u>, <u>Kramer v. Scientific Control Corp.</u>, 534 F.2d 1085, 1093 (3d Cir. 1976) (no lawyer with an employment relationship with an attorney/client representative may serve as counsel to the class if the action "might result" in the creation of a common fund).

Mr. Casas, who has already acted as class counsel in this lawsuit cannot "fairly and adequately" represent the interests of the putative class members and should, pursuant to the Fifth Circuit rule in <u>Zlystra</u>, be disqualified as class representative.

## V.

## INDIVIDUAL ISSUES PREDOMINATE, MAKING CLASS CERTIFICATION INAPPROPRIATE

Plaintiff devotes a substantial portion of his brief to American's contention that individual issues predominate, making class certification inappropriate. Plaintiff is still under the mistaken belief that each class member's claim can be resolved by objective standards. Plaintiff argues that because each class member has submitted a "verified" Statement of Property Loss, each such verified Statement of Property Loss makes each claim valid *per se*. Plaintiff further argues that Lisa Callahan admitted to such in her deposition. Plaintiff is incorrect.

Plaintiff assumes, without any authority, that submission of a "verified" claim form somehow transforms each class member's claim into a valid claim, and that American has no right to challenge the claim. This notion turns the rule of law on its head. American denied all excluded items on the basis of its Contract for Carriage. As evidenced by the numerous briefs filed by American in this case, American had legal authority to support its exclusion, although this Court has thus far disagreed. Moreover, as Lisa Callahan indicated in her Affidavit before this Court, had such a policy not existed, American would still have investigated each claim and required objective proof of the amount of the loss. The mere fact that a passenger may have filed a claim form which claimed a lost video camera allegedly worth $1,100, for example, does not mean that American must automatically pay that amount. Rather, American is only required to pay claims proven to a jury by a preponderance of the evidence.

Plaintiff, citing no authority, next argues that American has waived any right to challenge the claim or even the dollar value of the lost excluded item because it knowingly and intentionally chose not to question the claim or the dollar value of the loss at the time the passenger submitted the verified Statement of Property Loss. In other words, Plaintiff contends that American's reliance on its contractual rights, which have been held enforceable, has somehow amounted to a waiver of American's Seventh Amendment right to a jury trial on each putative class member's claim. The Fifth Circuit recently reaffirmed the right to a jury trial on all such claims in a class action context. Cimino v. Raymark Industries, Inc., 151 F.3d 297, 311-21 (5th Cir. 1998).

Finally, Plaintiff argues that American has the burden of proof to show that these 7,500 class members' claims are invalid and false. First, there is no class of 7,500 members. Second, Plaintiff

DEFENDANT'S RESPONSE TO PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE
PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES                                   PAGE 6
1814239.1

and not American has the burden of proof even if a class were certified. This Court should reject Plaintiff's attempt to once again turn the rule of law on its head and reverse the universal principle that the plaintiff has the burden of proof on its affirmative claims for relief.

## VI.

## CREATION OF SUBCLASSES WILL NOT REMOVE THE OBSTACLES TO CLASS CERTIFICATION

Plaintiff next devotes several pages of its Reply brief to the proposition that the Fifth Circuit's decision in <u>Allison v. Citgo Petroleum Corp.</u> supports class certification in this case. <u>Allison</u> is authority for the denial of class certification.[1]

Plaintiff's reliance on <u>Allison</u> to support class certification is misplaced. In <u>Allison</u>, the Fifth Circuit held that monetary relief predominates in a (b)(2) class action unless it is incidental to the requested injunctive relief. <u>Allison</u>, 151 F.3d at 415. Here, the predominant relief sought is monetary. Thus, <u>Allison</u> precludes certification.

Plaintiff once again argues that all of the class members' claims are easily and objectively determined by the verified proof of loss forms submitted, and therefore class certification under (b)(2) is appropriate because claims for monetary relief do not dominate. Plaintiff further argues that the damages claimed are "equitable monetary relief," as was the back-pay awarded in <u>Pettway v. American Cast Iron Pipe Co.</u>, 494 F.2d 211 (5th Cir.1974). Both of these contentions are without merit.

---

[1] <u>Allison</u>, 1998 WL 483970 (5th Cir. 1998), has now been superseded by the amended decision in <u>Allison v. Citgo Petroleum Corp.</u>, 151 F.3d 402 (5th Cir. 1998), decided on August 18, 1998. In this amended decision, the Fifth Circuit spends additional time discussing the Seventh Amendment right to a jury trial and how it is implicated in the class action context. This amended decision, and the Fifth Circuit's heightened concern over the Seventh Amendment, further supports American's position. See <u>Allison</u>, 151 F.3d at 423-25.

As set forth in detail herein, and in all of American's briefs filed in this matter, American is entitled to an individual trial on each class member's claim. Each class member will be required to offer proof of the loss and the fair market value of the lost item. If a release was signed, the class member will be required to offer proof of the invalidity of the release. These damages and the proof required to establish the damages clearly show that claims for monetary relief predominate and are not merely incidental to the injunctive relief sought.

Moreover, Plaintiff's unsupported legal contention that the damages sought can somehow be characterized as "equitable monetary relief" is unsupported by any legal authority. To the contrary, Plaintiff seeks typical compensatory damages and punitive damages for the property losses at issue in this case. Such damages are not "equitable damages," such as back-pay,[2] and the Firth Circuit specifically held that Pettway did not control the issue when compensatory and punitive damages were at issue. Id. at 415-16. Therefore, as in Allison, where the Court held that the nature of the compensatory and punitive damages would require individualized proof, the damages in this case cannot be considered incidental or equitable as a matter of law. Id. at 416-18.

## VII.

### THE NEGATIVE VALUE SUIT DOCTRINE IS NOT APPLICABLE

Plaintiff next argues that the negative value doctrine merits class certification. However, under the facts of this case, American's proposed strategy for the passengers to pursue their claims

---

[2] The Fifth Circuit cited Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122, 1125 (5th Cir. 1969), for the proposition that a demand for back-pay is not in the nature of damages, but rather is an integral part of the statutory equitable remedy. Allison, 151 F.3d at 415.

locally in small claims courts is a far superior method to resolve each passenger's claim, and will potentially yield more recovery for each individual claimant.

The negative value suit doctrine is applicable when financial barriers exist which might make individual lawsuits unlikely or infeasible. See <u>Castano v. American Tobacco Co.</u>, 84 F.3d 734, 748 (5th Cir. 1996). Under the facts of this case, each individual claimant is limited to $1,250 as the maximum recovery possible, inclusive of attorneys' fees and recoverable court costs. Under Plaintiff's proposed theory, each putative class member will be required to fly to Brownsville, stay in a hotel, and testify before a jury to establish any entitlement to any monetary relief, and each claimant will be limited to a recovery of $1,250. Because airfare, hotel, and attorneys' fees alone will exceed the $1,250 maximum, it is economically impossible for each class member to pursue a claim in this manner. Rule 23 merely provided a procedural mechanism by which multiple claims can be brought; it does not alter the substantive law protections afforded defendants, such as the Seventh Amendment right to jury trial.

Under American's proposal, on the other hand, each passenger can file a claim in their local small claims court, and, if they prove their claim before a trier of fact, recover up to the maximum amount without the need of an attorney. No airfare or hotel bills or attorneys' fees will be incurred, and the net potential recovery for each putative class member is greater.

## VIII.

### PLAINTIFF CANNOT CIRCUMVENT FIFTH CIRCUIT LAW BY CREATING A SUBCLASS THAT ONLY SEEKS INJUNCTIVE RELIEF

Plaintiff has requested that this Court create a subclass consisting of potential future class members pursuant to Fed. R. Civ. P. 23(b)(2) and seeks injunctive relief for this subclass. As

American asserted in its Response to Plaintiff's Alternative Proposal, Plaintiff cannot, by creating a subclass, avoid Fifth Circuit precedent prohibiting certification under 23(b)(2) when the predominate relief sought is monetary damages. To so hold would allow plaintiffs in every class action in which (b)(2) certification is inappropriate because monetary relief predominates to create a subclass where only injunctive relief is sought and sidestep all of the Fifth Circuit precedent disallowing class certification. The Fifth Circuit rejected similar attempts at piecemeal certification in Allison. See Allison, 151 F.3d at 418-25. As the Court noted, "the plaintiffs' attempts at piecemeal certification of a class action, which they refuse to limit voluntarily, distorts the certification process and ultimately results in unfairness to all because of the increased uncertainties in what is at stake in the litigation and in whether the litigation will ever resolve any significant part of the dispute." Id. at 422.

## IX.

## A ONE-YEAR LIMITATIONS PERIOD APPLIES TO ANY CLASS OR SUBCLASS

Plaintiff attacks American's one-year statute of limitations argument by asserting that American's case law is inapplicable because it deals with shippers, cargo carriers, and ocean liners, not passengers and airlines. Plaintiff also argues that American's reliance on Carpenter v. Klosters Rederi A/S, 604 F.2d 11 (5th Cir. 1979) is misplaced because it "**involved a specific federal statute** mandating a one year limitations period for persons suing a sea-going vessel transporting passengers, i.e. 46 USC Appx. Sec. 183b" (emphasis in original).

Plaintiff made this identical argument in his original Reply brief. As American pointed out in its prior Response, Plaintiff's argument is incorrect. First, despite Plaintiff's pleas to the contrary,

the Fifth Circuit makes no mention of 46 U.S.C. § 183b in the Carpenter opinion. Second, the Carpenter decision simply enforced a contractual period of one year, and did not concern a federal statute of limitations.³ Third, the Fifth Circuit in Jewelers cited Carpenter with approval for the proposition that carriers are allowed to limit their liability in their Contract of Carriage. Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922, 930 (5th Cir. 1997).

Plaintiff next tries to avoid the validity of the contractual limitations period by arguing that the Supreme Court's decision in North Steel Co. v. Thomas, ___ U.S. ___, 115 S.Ct. 1927 (1995), and the Fifth Circuit's ruling in Staudt v. Glastron, Inc., 92 F.3d 312 (5th Cir. 1996), should guide the Court in deciding that four year limitations period applies because Plaintiff's cause of action is most akin to a breach of contract action.

North Steel and Staudt both addressed the issue of which state statute of limitations should apply to the Worker Adjustment and Retraining Notification Act. The Supreme Court noted that when a federal statute creates a cause of action without providing for a statute of limitations, courts are to borrow a state limitations period. North Steel, 115 S.Ct. at 1930. Neither North Steel nor Staudt addressed the validity of a contractual limitations period in a contract for carriage. That issue was addressed in Jewelers and Carpenter. Accordingly, North Steel and Staudt are totally inapplicable; Carpenter and Jewelers control and are authority for the enforcement of a one year statute of limitations.⁴

---

³ The statute, 46 U.S.C. § 183b, is not a statute of limitations; it merely declares any period of less than one year to be unenforceable against a ship owner. Plaintiff cites no federal statute that invalidates an airline's contractual term setting forth a one year period to file suit.

⁴ Alternative, a two-year statute of limitations should govern Plaintiff's tort claims.

DEFENDANT'S RESPONSE TO PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE
PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES         PAGE 11
1814239.1

## X.

## **SUBSTITUTION OF CLASS MEMBER INAPPROPRIATE**

Finally, should the Court decide that Hector Casas cannot serve as class representative, Plaintiff requests leave to allow the substitution of another American Airlines passenger who meets the requirements of being a class member. Plaintiff does not name any proposed class representative, though, and apparently seeks leave to find one. Plaintiff should not be allowed to maintain a class action lawsuit in federal court in Brownsville, Texas on the mere hope that he can locate another class member who will be willing to serve as class representative. Plaintiff's inability to name a proposed alternate class representative should bar this request.

WHEREFORE, PREMISES CONSIDERED, American respectfully requests that Plaintiff's Motion for Class Certification be denied, or in the alternative, that each of the defined subclasses in Plaintiff's Alternative Proposal for Class Certification - Subclasses be denied, and that American obtain further relief, at law or in equity, to which it may be justly entitled.

DEFENDANT'S RESPONSE TO PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE TO PLAINTIFF'S ALTERNATIVE
PROPOSAL FOR CLASS CERTIFICATION-SUBCLASSES                    PAGE 12
1814239.1

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
**David T. Moran**
State Bar No. 17358700
Attorney-In-Charge
**James D. Struble**
State Bar No. 19425700
**Brian A. Kilpatrick**
State Bar No. 00784392

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 30th day of October, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
Brian A. Kilpatrick

Case 1:96-cv-00207   Document 78   Filed in TXSD on 11/02/1998   Page 13 of 13