United States District Court
Southern District of Texas
FILED

DEC 08 1998

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Hector A. Casas | } | |
| | } | |
| vs. | } | CIVIL CAUSE NO. B-96-207 |
| | } | |
| American Airlines | } | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Hector A. Casas, Plaintiff herein, by and through his Attorney of Record, Heriberto 'Eddie' Medrano, and hereby files this Motion to Compel American Airlines to provide complete responses to Plaintiff's Sets of Interrogatories and Requests for Production and by way of this motion would show the following in support thereof:

I.

This motion is made pursuant to Rule 37 (a) (2)B and 37(a)(3) of the Federal Rules of Civil Procedure.

II.

On information and belief, Plaintiff would show that American Airlines has been sued previously by passengers for its loss of baggage which contained certain "Excluded Items" as that term is defined in Defendant's Contract of Carriage. These passengers sued Defendant because American Airlines denied liability and refused to pay these passengers any compensation for its loss of these items.

1

Plaintiff has reason to believe these lawsuits were filed against American Airlines in different levels of state courts ranging from Justice of the Peace Court to perhaps state District Court.

Plaintiff has previously requested Defendant provide a list of the names, cause numbers, locations and outcome of these cases but such request for discovery was completely refused by Defendant. Plaintiff is entitled to this discovery pursuant to Rule 26 (b)(1) of the Federal Rules of Civil Procedure to determine the extent and nature of any litigation concerning this cause of action which has already been litigated by or against class members.

Additionally, Plaintiff asked Defendant several other discovery questions which Defendant refused to answer or did not answer completely.

In this regard, Plaintiff would show that he has propounded the following discovery requests which were not answered or not answered completely and which he now requests the Court compel Defendant to completely answer:

## FROM PLAINTIFF'S FIRST SET OF INTERROGATORIES

6. Please identify all insurance policies including excess or umbrella policies which may be applicable to satisfy all or part of any judgment in the case or which may indemnify or reimburse you. For each such policy, please state the policy limits.

Defendant's ANSWER:

Defendant states that they have a commercial general liability policy covering their world wide ground and flight operations. The liability limits are well in excess of any claims made by Plaintiff.

(Plaintiff requests the Court order Defendant to provide copies of all applicable insurance policies which are available to satisfy all or part of any judgment obtained in this case, especially in lieu of any judgment involving a Class action.)

2

10. Please identify each and every subsequent remedial action(s) taken by you after the incident in question to either correct, eliminate, prevent the problem(s) which was/were the cause(s) of the incident in question.

Defendant's ANSWER:

[T]here was no need by Defendant to change its industry standard baggage procedures.

(Plaintiff requests the Court order Defendant to answer the question fully and completely.)

17. Please state, by year, the number and value of lost or mishandled baggage claims for all your domestic flights since 1984 which are denied in whole or in part on total exclusion language basis as was Plaintiff's lost baggage claim. For each such baggage claim, please identify the persons who lost the baggage.

Defendant's ANSWER:

Defendant objects to this request because it is overly broad, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, in part because it seeks information over a thirteen year period and information related to class action issues.

(Plaintiff requests the Court compel Defendant to provide this information especially in light of the fact that this request for discovery was abated by agreement until the Court ruled on the issue of liability. The Court, having ruled American Airlines is liable, has mandated discovery as to Class certification be conducted. Plaintiff is entitled to this information.)

## FROM PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

8. Please provide true and correct copies of all insurance agreements including but not limited to primary, secondary, umbrella and excess insurance policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action against you or any of your subsidiaries or to indemnify or reimburse for payments made to satisfy the judgment including the applicable declaration sheets.

3

Defendant's RESPONSE:

Defendant states that they have a commercial general liability policy covering their world wide ground and flight operations. The liability limits are well in excess of any claims made by Plaintiff.

(Plaintiff is entitled to know how much insurance coverage there exists especially since a Class action involving more than 10,000 persons is probable with each claim involving up to $1,250 in damages.)

20. Please provide true and correct copies of any and all lawsuits, claims, or similar incidents against you within the 5 years, alleging any of the allegations similar to those mentioned in Plaintiff's lawsuit.

Defendant's RESPONSE:

Defendant objects to this request because it is overly broad, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

(Plaintiff is entitled to know how many times other passengers have filed suit against Defendant for the very same reason Plaintiff filed this suit, and what the outcome of those cases were. Plaintiff strongly suspects Defendant has engaged in a concerted effort to continue its illegal policy of denying liability and not paying compensation to passengers for its loss of "Excluded Items" by misrepresenting the law to other Courts resulting in adverse rulings against passengers.)

(Plaintiff is entitled to know the names, cause numbers, locations and outcomes of those cases.)

Additionally, Plaintiff would point out that Defendant has <u>failed to honor</u> its representations made in response to several of Plaintiff's requests for production. Defendant stated: "Defendant will produce documents responsive to this request," but Defendant has failed to produce the promised documents. For example, Defendant has failed to produce any documents concerning Defendant's net worth.

## FROM PLAINTIFF'S SECOND SET OF INTERROGATORIES

### Interrogatory No. 3:

Please provide the number of claims corresponding to each individual type of American Airlines domestic passenger baggage claim for the time period indicated.

4

(a). The total number of <u>LOST</u> baggage claims which involved <u>ONLY</u> the loss of an 'excluded' item, such as jewelry, cameras, camera equipment, computers, computer software, business documents, books, medications, perishable or fragile items, electronic equipment and other similar valuable items, for the periods of:

(1). October 1992 – December 1992;
(2). January 1993 – December 1993;
(3). January 1994 – December 1994;
(4). January 1995 – December 1995;
(5). January 1996 – December 1996;
(6). January 1997 – December 1997;
(7). January 1998 – December 1998.

<u>Defendant's ANSWER – (a):</u>

Defendant objects to this interrogatory because it is overly broad and unduly burdensome, in part because it is not limited to a reasonable time period. Subject to the foregoing objections, and without waiving same, Defendant answers:

(1). Unknown
(2). Unknown
(3). Unknown
(4). January 1995 – April 1995 – Unknown,
       May 1995 – December 1995 – 290
(5). 606
(6). 561
(7). January 1998 – March 1998 – 135

(b). The total number of <u>LOST</u> baggage claims which involved <u>BOTH</u> the loss of 'non-excluded liability' items, such as clothing, as well as the loss of an 'excluded liability' item, such as jewelry, cash, cameras, camera equipment, computers, computer software, business documents, books, medications, perishable or fragile items, electronic equipment and other similar valuable items, for the periods of:

(1). October 1992 – December 1992;
(2). January 1993 – December 1993;
(3). January 1994 – December 1994;
(4). January 1995 – December 1995;
(5). January 1996 – December 1996;
(6). January 1997 – December 1997;
(7). January 1998 – December 1998.

Defendant's ANSWER – (b).:

Defendant objects to this interrogatory because it is overly broad and unduly burdensome, in part because it is not limited to a reasonable time period. Subject to the foregoing objections, and without waiving same, Defendant answers:

(1). Unknown
(2). Unknown
(3). Unknown
(4). January 1995 – March 1995 – Unknown,
April 1995 – December 1995 – 1245
(5). 2084
(6). 2061
(7). January 1998 – March 1998 – 449


(c). The total number of <u>DAMAGED</u> baggage claims which involved <u>ONLY</u> damage to an 'excluded liability' item, such as jewelry, cash, cameras, camera equipment, computers, computer software, business documents, books, medications, perishable or fragile items, electronic equipment and other similar valuable items, for the periods of:

(1). October 1992 – December 1992;
(2). January 1993 – December 1993;
(3). January 1994 – December 1994;
(4). January 1995 – December 1995;
(5). January 1996 – December 1996;
(6). January 1997 – December 1997;
(7). January 1998 – December 1998.

Defendant's ANSWER – (c).:

Defendant objects to this request insofar as it seeks information relating to damaged or delayed baggage claims because such a request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because it is overly broad and unduly burdensome, in part because it is not limited to a reasonable time period.

6

(d). The total number of <u>DAMAGED</u> baggage claims which involved <u>BOTH</u> the loss or damage of a 'non-excluded' item, such as clothing, as well as the damage of an 'excluded liability' item, such as jewelry, cash, cameras, camera equipment, computers, computer software, business documents, books, medications, perishable or fragile items, electronic equipment and other similar valuable items, for the periods of:

(1). October 1992 – December 1992;
(2). January 1993 – December 1993;
(3). January 1994 – December 1994;
(4). January 1995 – December 1995;
(5). January 1996 – December 1996;
(6). January 1997 – December 1997;
(7). January 1998 – December 1998.

IMPORTANT! – These numbers should include only claims where American Airlines DENIED paying or compensating the passenger for the loss or damage to 'excluded liability' items.

<u>Defendant's ANSWER – (d).:</u>

Defendant objects to this request insofar as it seeks information relating to Damaged or delayed baggage claims because such a request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because it is overly broad and unduly burdensome, in part because it is not limited to a reasonable time period.

## INTERROGATORY NO. 5:

Please list the total number of a. – LOST, b. – DAMAGED and c. – DELAYED, domestic passenger baggage claims that American Airlines refused compensation for, either in whole or in part, because the claimant had previously made a similar baggage claim previously either with American Airlines or some other air carrier, for the following periods:

(1). October 1992 – December 1992;
(2). January 1993 – December 1993;
(3). January 1994 – December 1994;
(4). January 1995 – December 1995;
(5). January 1996 – December 1996;
(6). January 1997 – December 1997;
(7). January 1998 – December 1998.

Defendant's ANSWER:

Defendant objects to this interrogatory insofar as it seeks information relating to damaged or delayed claims because such a request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further object to this interrogatory because it is overly broad and unduly burdensome, in part because it is not limited to a reasonable time period.

**INTERROGATORY NO. 6:**

Please list the total number of a. – LOST, b. – DAMAGED and c. – DELAYED domestic passenger baggage claims that American Airlines refused compensation for because the claim and/or the statement of property loss or damage, was submitted to American Airlines, for the following time periods?

   (1).   October 1992 – December 1992;
   (2).   January 1993 – December 1993;
   (3).   January 1994 – December 1994;
   (4).   January 1995 – December 1995;
   (5).   January 1996 – December 1996;
   (6).   January 1997 – December 1997;
   (7).   January 1998 – December 1998.

Defendant's ANSWER:

Defendant objects to this interrogatory insofar as it seeks information relating to damaged or delayed baggage claims because such a request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory because it is overly broad and unduly burdensome, in part because it is not limited to a reasonable time period.

**FROM PLAINTIFF'S SECOND SET OF REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 3:**

Please provide a list of lost, damaged or delayed domestic passenger claims that resulted in a suit being filed against American Airlines in Court. Identify the name of the Plaintiff, the type of claim i.e. lost damaged or delayed baggage, and the Court and city in which the suit was filed. This list should only include claims from October, 1992 to the present.

8

## Defendant's ANSWER:

Defendant objects to this request because it is an impermissible request for production beyond the scope of F.R.C.P. 34 and requires Defendant to create a document. Further, Defendant objects to this request insofar as it seeks documents relating to damaged or delayed baggage claims because such a request seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 4:

For each of the claims listed in Request for Production No. 4, please indicate what was the final outcome of the suit.

## Defendant's ANSWER:

Defendant objects to this request because it is an impermissible request for production beyond the scope of F.R.C.P. 34. Defendant to create a document. Further, Defendant objects to this request insofar as it seeks information relating to damaged or delayed baggage claims because such a request seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff would show that he is entitled to the above requested information and that the information sought is relevant to issues involved in this case.

III.

Plaintiff has requested that Defendant comply with Plaintiff's requests for discovery and has re-submitted these questions to Defendant this Monday December 7, 1998 in an effort to amicably resolve this matter, but has not yet received a response from Defendant complying with this request.

Accordingly, Plaintiff requests the Court issue and Order compelling Defendant to fully comply with the above stated questions and request for production within five working days or be sanctioned by the Court appropriately.

9

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Motion To Compel Discovery be in all things granted, and that this Court enter an appropriate order compelling Defendant to fully and completely respond to Plaintiff's discovery requests, and that the Court award appropriate costs to Plaintiff for bringing forth this motion.

Respectfully Submitted,

Law Offices of
Heriberto Medrano
1101 West Tyler
Harlingen, Texas 78550
Telephone: (956) 428-2412
Facsimile: (956) 428-2495

_____
HERIBERTO MEDRANO

10

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above and foregoing **Plaintiff's Motion to Compel** was this 7th day of December, 1998 sent via facsimile and Federal Express to the following counsel:

Mr. David Moran, and
Mr. James D. Struble
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

HERIBERTO MEDRANO

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Hector A. Casas | } | |
| | } | |
| vs. | } | CIVIL CAUSE NO. B-96-207 |
| | } | |
| American Airlines | } | |

## ORDER

On this _____ day of _____, 1998 came on to be considered **Plaintiff's Motion to Compel** and upon due consideration the Court makes the following rulings:

As to Interrogatory No. 6, from Plaintiff's First Set of Interrogatories, Plaintiff's Motion to Compel is hereby GRANTED/ DENIED/ GRANTED IN PART as follows: _____

_____.

As to Interrogatory No. 10, from Plaintiff's First Set of Interrogatories, Plaintiff's Motion to Compel is hereby GRANTED/ DENIED/ GRANTED IN PART as follows: _____

_____.

As to Interrogatory No. 17, from Plaintiff's First Set of Interrogatories, Plaintiff's Motion to Compel is hereby GRANTED/ DENIED/ GRANTED IN PART as follows: _____

_____.

As to Request for Production No. 8, from Plaintiff's First Request for Production, Plaintiff's Motion to Compel is hereby GRANTED/ DENIED/ GRANTED IN PART as follows: _____

_____.

As to Request for Production No. 20, from Plaintiff's First Request for Production, Plaintiff's Motion to Compel is hereby GRANTED/ DENIED/ GRANTED IN PART as follows: _____

_____.

As to Interrogatory No. 3, from Plaintiff's Second Set of Interrogatories, Plaintiff's Motion to Compel is hereby GRANTED/ DENIED/ GRANTED IN PART as follows: _____

_____.

As to Interrogatory No. 5, from Plaintiff's Second Set of Interrogatories, Plaintiff's Motion to Compel is hereby GRANTED/ DENIED/ GRANTED IN PART as follows: _____

_____.

As to Interrogatory No. 6 from Plaintiff's Second Set of Interrogatories, Plaintiff's Motion To Compel is hereby GRANTED/DENIED/GRANTED IN PART as follows: _____

_____.

As to Request for Production No. 3, from Plaintiff's Second Request for Production, Plaintiff's Motion is hereby GRANTED/ DENIED/ GRANTED IN PART as follows: _____

13

_____.

As to Request for Production No. 4, from Plaintiff's Second Request for Production, Plaintiff's Motion to Compel is hereby GRANTED/ DENIED/ GRANTED IN PART as follows: _____

_____.

Defendant is also ordered to designate its corporate representative and experts, to disclose all of Plaintiff's statements, and to disclose its net worth.

Defendant is hereby ordered to comply with this order within 10 days. Attorney's fees in the amount of $_____ are hereby assessed against Defendant payable instanter.

_____
HONORABLE JUDGE PRESIDING

SIGNED this _____ day of _____, 1998 at Brownsville, Texas.

14

## CERTIFICATE OF CONSULTATION

I, Heriberto Medrano, hereby certify that I telephonically contacted Mr. David Moran of the Law Firm of Jackson & Walker, counsel for Defendant American Airlines concerning the foregoing Motion To Compel Discovery and Defendant refused to comply and provide any of the requested discovery stated therein.

_____
HERIBERTO MEDRANO

15