

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 04 1999

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES American Airlines, Inc. ("American"), Defendant, and files this Response to Plaintiff's Motion to Compel Discovery and would show the Court as follows:

**I.**

**PLAINTIFF'S MOTION SHOULD NOT BE CONSIDERED**

Plaintiff's Motion should be denied for several reasons. First, the Motion was filed on December 8, 1998, well after the August 6, 1998 deadline for filing all motions as set forth in the Scheduling Order. (The Scheduling Order is attached as Exhibit "1"). Pursuant to that Scheduling Order, all motions were due to be filed no later than ten days after the discovery deadline of July 27, 1998. Moreover, this Court specifically denied requests to extend the discovery deadlines. (See the Court's September 24, 1998 Memorandum Order attached as Exhibit "2"). Accordingly, Plaintiff's Motion is four months late and it should not be considered. Second, counsel for Plaintiff inquired of the Court at the class certification hearing on September 23, 1998 whether he should file a Motion

to Compel Discovery, and the Court directed counsel not to do so, but instead to allow the Court to consider and rule on the Motion for Class Certification. The Court has not yet ruled but nevertheless Plaintiff filed the instant Motion. Third, the Motion to Compel was filed after the Court had scheduled a status conference to discuss presumably the final resolution of the case. At that time, the parties should discuss further proceedings. Finally, the parties should defer further discovery pending final determination of the issues of class certification, whether Plaintiff has a private right of action and the enforceability of the ticket exclusion. Accordingly, for these reasons and the ones that follow, the Motion should be denied.

## II.

### PLAINTIFF'S REQUEST FOR INFORMATION REGARDING OTHER LAWSUITS IS PREMATURE AND UNNECESSARY

Pending before the Court is the Motion for Class Certification, and that issue was fully briefed by the parties without engaging in the burdensome task of producing additional information that is unnecessary. Further, because the Court indicated in its Order of December 2, 1998, that it "shall not consider" presiding over a multitude of small claims, the Plaintiff has failed to establish relevancy of the request for all claims information at this time (See Order of December 2, 1998, attached hereto as Exhibit "3").

## III.

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

As to the specific requests of discovery items of Plaintiff, American responds as follows:

In Interrogatory No. 6, which requested information about insurance coverage of Defendant, Defendant fully responded by stating that Defendant's liability limits of its commercial general liability policies are well in excess of any claims made by the Plaintiff.

As to Interrogatory No. 10, Plaintiff omitted Defendant's full objection and answer to the question. The question and American's answer were as follows:

> 10. Please identify each and every subsequent remedial action taken by you after the incident in question to either correct, eliminate, prevent a problem(s) which was/were the cause(s) of the incident in question.
>
> <u>Answer</u>: Defendant objects to this Interrogatory insofar as it assumes that any problems which may have caused the loss of Plaintiff's luggage were within the control of Defendant. Subject to the foregoing objection and without waiving same, there was no need by Defendant to change its industry standard baggage procedures.

American's objection is well taken and subject thereto American has fully answered the interrogatory. Moreover, Plaintiff's counsel certainly knows American's procedures by taking the deposition of an employee of American about its baggage practices.

Plaintiff next complains of Interrogatory No. 17 which reads as follows:

> 17. Please state, by year, the number and value of lost or mishandled baggage claims for all your domestic flights since 1984 which are denied in whole or in part on total exclusion language basis as was Plaintiff's lost baggage claim. For each such baggage claim, please identify the person who lost the baggage.
>
> <u>Answer</u>: Defendant objects to this request because it is overly broad, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, in part because it seeks information over a thirteen year period and information related to class action issues.

Defendant's objection should be sustained. To begin with, American has already provided Plaintiff with information as to the number of other passengers' baggage claims. Moreover, American has provided information for a number of years, including at least one year before the incident in question. The limitations period is plainly one year under the passenger ticket. However, Plaintiff's interrogatory is for <u>a thirteen-year period</u> for all claims on all domestic flights is patently overbroad

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**                                                                    Page 3
1838561.1

and unreasonable; indeed, it is so unreasonable that even the Plaintiff does not assert a statute of limitations longer than four years while American has shown that, pursuant to the contract, the limitations period is one year. If the issue is to be considered, American requests that the Court rule on the applicable limitations period. Further, the Court has directed counsel for Plaintiff not to file a motion to compel discovery until the Court rules on class certification, which it has not done so; accordingly, Plaintiff's assertion in its Motion that the Court "has mandated discovery as to class certification" is plainly erroneous.

IV.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

As to Request No. 8, requesting insurance agreements, American has commercial general liability policies covering worldwide operations and the liability limits are well in excess of any claims made by the Plaintiff. Request No. 20 is as follows:

> No. 20: Please provide true and correct copies of any and all lawsuits, claims for similar incidents against you within the five years, alleging any of the allegations similar to those mentioned in Plaintiffs' lawsuit.
>
> Answer: Defendant objects to this Request because it is overly broad, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

As stated earlier, American's objection was well taken, and it is premature to undertake discovery on this issue until the Court rules on the class certification motion and the Court determines what further discovery, if any, remains. Further, these matters should be discussed at the status conference scheduled for January 14, 1999, and not be the subject of a motion to compel filed well after the court-ordered deadlines. In addition, discovery should not be undertaken until the Court rules on the issue of limitations.

Plaintiff's Motion at p. 4 misrepresents that American has "failed to honor" its representations regarding the production of documents. That is not true. As its only example, Plaintiff claims that American has failed to produce documents regarding Defendant's net worth. Plaintiff fails to mention that American not only did not offer to produce such documents but objected to production. Specifically, American properly objected to a request for net worth information for 1992 through 1997 on the grounds that it sought irrelevant information to the enforceability of its ticket contract and was not reasonably calculated to lead to the discovery of admissible evidence.

V.

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

As to Interrogatories No. 3, 5, 6 and Requests for Production No. 3 and 4 of the Plaintiff's Second Requests for Production, Plaintiff has basically sought each and every baggage claim for thousands of passengers, from all 50 states, for many years. This overbroad discovery is patently unreasonable, and Plaintiff's Motion to Compel should be denied. First, the Interrogatory is overly broad and unduly burdensome and not limited to a reasonable period of time. Notwithstanding these objections, American answered most parts of the interrogatories. Further production and discovery at this time is inappropriate to resolve the case. This case has proceeded on discovery of the individual claim of the Plaintiff and on whether class certification is appropriate. The parties need further guidance of the Court at the status conference. The Court has already indicated that it "shall not consider presiding over a multitude of small claims." At best, the Plaintiff's Motion is premature and such discovery items are not necessary to whether the case should proceed as a class action and whether American's ticket exclusion is unenforceable.

## VI.

## **CONCLUSION**

Plaintiff's motion, filed four months after the discovery cut-off and Court-ordered deadline for the filing of motions and contrary to the Court's direction to the Plaintiff not to file a motion to compel at this time, should be in all things denied.

WHEREFORE, PREMISES CONSIDERED, American Airlines, Inc. respectfully prays that Defendant's Motion to Compel be in all things DENIED, and that it obtain further relief at law or in equity to which it is justly entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
**David T. Moran**
State Bar No. 14419400

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 28th day of December, 1998.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas  78550

_____
David T. Moran