

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 3 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| HECTOR A. CASAS, <br> Plaintiff <br> Vs. <br> AMERICAN AIRLINES, INC. <br> Defendant | Civil Cause No. B-96-207 |

**Plaintiff's Memorandum on Status of Case**

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Hector A. Casas, Plaintiff, by and through his attorney Heriberto 'Eddie' Medrano, and files this Plaintiff's Memorandum of Status of Case for the Court's consideration and discussion of same at the upcoming Status Conference set for Thursday January 14, 1999 at 2 p.m.

**Summary**

1. Through this Memorandum on the Status of Case, Plaintiff wishes to inform the Court of the status, and Plaintiff's position, on the following issues:

   a. Settlement negotiations.

   b. Resumption of discovery.

   c. Pending question of law – Statute of Limitations.

   d. Notice To Class Members.

   e. Proposed time frame to conduct discovery and jury trial.

   f. Mediation.

1

## (a)
## Settlement Negotiations

2.    Plaintiff regrets to inform the Court that there has been NO progress made toward settling the case between Plaintiff and Defendant. Plaintiff informs the Court that **American Airlines, Inc. has refused to make a single settlement offer or to *even enter into settlement discussions* despite repeated requests by Plaintiff for it to do so.** *(Please see Exhibits 1(a) through 1(e).)*

## (b)
## Resumption of Discovery

3.    Plaintiff requests the Court issue an order granting Plaintiff's Motion To Compel Discovery, filed <u>after</u> this Court's December 4, 1998 Order *(Exhibit 2)*. Plaintiff reminds the Court that certain discovery requests and questioning of witnesses were stayed by agreement of both parties and with the approval of the Court, until after the question of liability and Class certification were first settled. Plaintiff entered into this agreement for purposes of proceeding in this case in the most efficient manner possible.

4.    After this Court's December 4, 1998 Order, setting out this Court's intention to certify a Class, Plaintiff attempted to resume discovery and requested Defendant to produce documents and provide witnesses for deposition. These requests for production and depositions were previously requested by Plaintiff, but were included in the agreement to stay certain discovery until the Court made certain rulings.

5.    Not withstanding the stay of certain discovery agreement, and more

2

importantly the federal rules of evidence, Defendant argued in its pleadings and made reference in its statements to the Court, about matters and issues that both sides had agreed to delayed discovery on. Specifically, Mr. Moran, on behalf of American Airlines, has argued in his pleadings that passengers having lost baggage claims can best resolve any dispute with Defendant by taking and filing their individual cases in a Justice of the Peace Court or other small claims court.

6. Plaintiff had requested Defendant produce a list of these claims which were filed in small claims courts, but American Airlines has repeatedly refused to produce same. At the hearing on Class Certification, Mr. Moran again argued in open Court that passenger's lost baggage claims were best resolved in a small claims court, *despite the fact that Defendant refused to tender such requested discovery*. Defendant should be prohibited from introducing into evidence and advancing a proposition which they refused to produce discovery on as per Rule 37(c)(1) Failure to Disclose, of the Federal Rules of Civil Procedure *(Exhibit 3)*. See also Allread v. City of Grenada, 998 F.2d 1425 (5th Cir. 1993).

7. Now, despite the Court's December 4, 1998 Order, American Airlines' refuses to even enter into settlement negotiations and, more importantly, *continues to refuse to produce the requested documents and witnesses for deposition*, even as to matters it has argued to the Court, thus necessitating Plaintiff's filing his Motion To Compel Discovery.

8. Plaintiff requests the Court Order Defendant American Airlines, Inc. to comply with Plaintiff's Motion To Compel Discovery within five (5) working days of issuing this Order.

3

## (c)
## Pending Question Of Law – Statute of Limitations

9. Plaintiff asks the Court to rule on the question of what is the applicable Statute of Limitations, which will have a direct effect on both the size of the Class and the amount of damages involved. Plaintiff believes both parties have briefed this issue fully for the Court in the pleadings filed and *requests the Court rule that a four (4) year statute of limitations, in line with Texas' four year limitations period for breach of contract actions*, is appropriate and applicable here.

## (d)
## Notice To Class Members

10. Once the Court has ruled on the question of limitations, Plaintiff requests the Court Order Defendant to deliver to Plaintiff the complete database it has concerning all putative Class members encompassed by the defined time period. Plaintiff requests American Airlines, Inc. be Ordered to produce same within ten working days of the issuance of said Order. This limited time frame is warranted since Plaintiff has been informed that Defendant has this information in a computer database and thus readily available.

11. Once Plaintiff has received said database, Plaintiff requests ninety days in which to send notice to all putative Class members, informing them of this suit being filed, the Court's ruling on Defendant's liability and limitations period, and informing them of their rights to opt out or be included as members of this Class.

## (e)
## Proposed Discovery and Trial Schedule

12. Plaintiff proposes that both discovery and Notice To Class can be accomplished at the same time, thus maximizing the efficiency of preparing this

4

case for trial on any remaining issues. Thus, once the Court issues its Order regarding Limitations and Discovery, it should set a second status conference within one-hundred twenty (120) days from the date thereof. Subject to any new issues, the case should be ready to proceed to trial at any time thereafter at the Court's convenience.

### (f)
### Mediation

13. Because American Airlines, Inc. *refuses to even enter into settlement negotiations*, Plaintiff does NOT believe mediation is warranted at this time. Should Defendant change its mind during the time frame allotted for discovery and Notice To Class, Plaintiff and Defendant can submit a request for the Court to Order same. However, discovery and Notice To Class should NOT be stayed during same.

Respectfully submitted,

Heriberto 'Eddie' Medrano
Attorney for Plaintiff

Fed. I.D. #5952
Texas Bar #13897800

1101 West Tyler
Harlingen, Texas   78550
Tel. (956) 428-2412
Fax (956) 428-2495

### Certificate of Service

I, the undersigned, do hereby certify that a true and correct copy of Plaintiff's Memorandum On Status Of Case was sent via facsimile and regular

5

mail to Mr. David Moran, Jackson & Walker, attorney for Defendant American Airlines, Inc., this 13th day of January, 1999.

_____
Heriberto 'Eddie' Medrano

6