IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

**United States District Court**
**Southern District of Texas**
**FILED**
**JAN 14 1999**
**Michael N. Milby, Clerk of Court**

## DEFENDANT'S POSITION ON STATUS OF CASE AND RESPONSE TO PLAINTIFF'S MEMORANDUM ON STATUS OF CASE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc. ("American"), Defendant, and would respond to Plaintiff's Memorandum on Status of Case (received late on the afternoon of January 13, 1999), and would show the Court as follows:

### I.

### DEFENDANT'S POSITION

Defendant urges the Court to deny class certification because it would be improper in this case which seeks primarily money damages for thousands of passengers with individualized claims. The Court should deny certification, and enter a final judgment on Plaintiff's individual claim. This case will then be over in the district court. Plaintiff can appeal the denial of class; Defendant can appeal whether a longstanding airline contract provision, excluding liability coverage for lost jewelry, cash, cameras and other items, is now unenforceable because of the interpretation given to a federal regulation.

American informed Plaintiff's counsel in writing on December 18, 1998 (letter attached hereto), that settlement discussions were premature at this time because important legal issues remain uncertain. Those issues remain to this day. These three issues, mentioned above, are the predominant issues that will drive the ultimate resolution of this case. American's position has been communicated to Plaintiff consistently, in writing and orally, that the most practical and expeditious solution is to have the certification issue decided. If Plaintiff is unsatisfied with it, Plaintiff may immediately appeal; similarly, if the Court certifies a class, Defendant may appeal as well. In addition, the Fifth Circuit should also have the benefit of the Court's rulings on the enforceability of the ticket and the private right of action and jurisdiction issue. Until those issues are resolved, settlement is premature.[1]

## B. DISCOVERY

For the Court to resolve this case, it may do so by denying class certification and enter a final judgment regarding Plaintiff's individual claim. No further action is necessary. Alternatively, if the Court certifies a class, the parties should await final ruling on three critical issues in this action by the Fifth Circuit and stay any additional discovery on the individual passenger claims. As the Court wrote in its Order of December 2, 1998, the Court "shall not consider presiding over a multitude of small claims." Yet that is precisely what plaintiff requests in discovery.

Plaintiff's position on discovery is incorrect. It is important to recount the history of this case. To begin with, the Court has not yet ruled on whether this case will or will not proceed as a class action. The Court's Order of December 2, 1998, does not constitute a ruling on the Motion for Class Certification; the Court's Order so states at page 2. Moreover, counsel for the Plaintiff

---

[1] It is ironic that Plaintiff castigates Defendant for not entering into settlement discussions when Plaintiff declared that "all previous settlement offers by Plaintiff are withdrawn." (See Plaintiff counsel's letter of December 4, 1998).

DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM ON STATUS OF CASE    Page 3
1846438.1

specifically inquired of the Court at the class certification hearing on September 23, 1998, whether he should file a motion to compel further discovery, and the Court directed counsel not to do so but rather allow the Court to consider and rule on the motion for class certification. The Court has not yet ruled on the Motion, but nevertheless Plaintiff went ahead and filed his instant motion.

Further, Plaintiff's motion was filed well after the August 6, 1998, deadline for the filing of all motions, as set forth in the Scheduling Order. In addition, at the September 23, 1998 hearing, the Court specifically denied requests to extend the discovery deadlines.

Plaintiff continues to mischaracterize Defendant's position on discovery. Defendant has relied upon the Court's Order setting forth deadlines for discovery, the Court's refusal to extend the discovery deadlines, the Court's direction to Plaintiff not to file further requests while the class certification motion remained undecided. Counsel for Plaintiff knew of these rulings and deadlines and was informed of Defendant's views (see letter of December 18, 1998), but nevertheless continued in a letter writing campaign, notwithstanding the Court's clear directive regarding discovery.

### C.  STATUTE OF LIMITATIONS

If the Court denies class certification, the Court need not reach the limitations issue. If the Court certifies a class, then the Court should declare that a one-year period of limitations governs all claims, as set forth in Defendant's Conditions of Carriage, which require that any legal action must be filed within one year of loss. That limitation is valid and the cases have so held; Plaintiff has cited no case holding an airline's one-year limitations period to be invalid.

D.   **NOTICE TO CLASS MEMBERS AND PROPOSED DISCOVERY**

Once the Court issues its ruling on class certification, it is likely that there will be an immediate appeal of that certification order, either by Plaintiff or Defendant. Under these circumstances, the case does not need to proceed along the proposed discovery and trial schedule outlined by Plaintiff. In fact, the most expeditious and practical solution is to have the guidance from the Court of Appeals on these legal issues. Until these three legal issues are definitively decided, it is wasteful of the Court's time and resources for the parties to proceed with discovery. As the Court noted in its Order of December 2, 1998, the Court "shall not consider presiding over a multitude of small claims." In fact, the Court's Order of December 2, 1998 implicitly recognizes that Plaintiff's discovery and trial proposal is unmanageable and is not the superior method to resolve this case.[2]

E.   **MEDIATION**

Mediation is not appropriate at this time for the reasons set forth regarding settlement above. Again, the class motion is undecided and both parties feel strongly about at least two purely legal issues presented: (1) the enforceability of the ticket exclusion, and (2) whether Plaintiff has a federal claim under 14 C.F.R. § 254. Until decided, mediation is unlikely to be productive.

---

[2] If the Court does not defer discovery pending resolution by the Fifth Circuit, the Court should set forth a Scheduling Order which will accommodate the needs of both parties. To this end, Plaintiff's proposal is unworkable and is inconsistent with this Court's stated intentions that it will not preside over a multitude of small claims. Defendant also objects to Plaintiff's request for an order of Defendant's "database" for the identity of passengers. If any discovery is to proceed, Plaintiff should serve a document request and Defendant will properly respond pursuant to a discovery schedule.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM ON STATUS OF CASE                                Page 5
1846438.1

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
**David T. Moran**
State Bar No. 14419400

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by hand delivery on this the 14th day of January, 1999.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
David T. Moran