9/

United States District Court
Southern District of Texas
FILED

JAN 2 7 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| DEFENDANT. | § | |

## DEFENDANT'S EMERGENCY MOTION FOR MODIFICATION OF MEMORANDUM ORDER DATED JANUARY 20, 1999

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES American Airlines, Inc., Defendant, and files this Emergency Motion for Modification of Memorandum Order Dated January 20, 1999, and in support of same respectfully shows the Court as follows:

I.

On January 14, 1999, this Court held a status conference concerning pending motions and issues, including Plaintiff's Motion for Class Certification. During this hearing, the Court said that it was inclined to grant class certification, set a four year limitations period, and granted additional, limited discovery for a period of sixty (60) days. The Court also instructed Plaintiff's counsel to prepare a proposed order on class certification, submit such order to Defendant's counsel for review and comment. The Court requested actual submission of the proposed order (or orders) sixty days after the January 14, 1999 status conference.

Also at the hearing, Defendant suggested to the Court that because of the availability of interlocutory appeal of the class certification ruling, see Fed. R. Civ. P. 23(f), it was appropriate for

the Court to grant permission to appeal to the Court of Appeals to also consider other important rulings, including the Order on Summary Judgment, the Order denying Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and the order on the applicable period of limitation. Plaintiff's counsel also stated that Plaintiff desired certain issues be available for consideration by the Court of Appeals as well. The Court was in agreement with this approach.

## II.

On January 20, 1999, this Court signed a Memorandum Order which granted Plaintiff's Motion for Class Certification. The order was entered the same day.

## III.

Newly enacted Rule 23(f) of the Federal Rules of Civil Procedure provides that a court of appeals "may in its discretion permit an appeal from an order of a district court granting or denying class action certification . . . if application is made to it within ten days after entry of the order." Therefore, American must file its petition to the Fifth Circuit Court of Appeals to appeal this Court's order granting class certification, on or before February 3, 1999 (weekends and holidays are excluded from the computation of ten days pursuant to Fed. R. Civ. P. 6(a)). Thus, such deadline is inconsistent with Defendant's understanding of future proceedings in this case.

## IV.

In order to allow for orderly consideration of the pertinent issues, Defendant requests the Court to amend its Memorandum Order of January 20, 1999, to vacate Paragraph (1), which reads "Plaintiff's Motion for class certification should be granted," and instead hold that formal ruling in abeyance pending the completion of discovery and submission of a proposed order on or about

March 22, 1999 (60 days from the Court's January 20, 1999 Order).[1] Thereafter, the parties are to proceed in accordance with the procedures stated above.

WHEREFORE, PREMISES CONSIDERED, American Airlines, Inc. respectfully requests that the Court grant its Agreed Motion for Modification of Memorandum Order Dated January 20, 1999; amend its Memorandum Order of January 20, 1999 to vacate Paragraph (1) of said order, which reads "Plaintiff's Motion for class certification should be granted" and instead hold ruling in abeyance until on or after March 22, 1999.

Respectfully submitted,

JACKSON WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

By: _____
      David T. Moran
      State Bar No. 14419400
      Brian A. Kilpatrick
      State Bar No. 00784392

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

---

[1] In addition, Defendant will also request the Court grant leave to appeal the other important issues pursuant to 28 U.S.C. § 1292(b).

## CERTIFICATE OF CONFERENCE

This is to certify that on January 22 and 25, 1999, I spoke with Plaintiff's counsel, Mr. Heriberto (Eddie) Medrano, regarding this Motion, but he would not agree to the Motion. I also attempted twice to speak with Mr. Medrano on January 26, 1999, but he was not available. Because of the impending deadline to appeal, this Motion is presented to the Court for a determination.

_____
David T. Moran


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been forwarded to Plaintiff's counsel of record via telecopier and via certified mail, return receipt requested, on this 26th day of January, 1999, as follows:

> Heriberto (Eddie) Medrano
> Attorney at Law
> 1101 West Tyler
> Harlingen, Texas 78550

_____
David T. Moran

1852335.1
101490.38

**DEFENDANT'S EMERGENCY MOTION FOR MODIFICATION OF MEMORANDUM ORDER DATED JANUARY 20, 1999** — Page 4

1852335.1

CUsPDF - www.tevlio.com