97

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR - 4 1999

Michael N. Milby
Clerk of Court

HECTOR A. CASAS          *
   (Plaintiff)          *
vs.                      *     B-96-207
                         *
AMERICAN AIRLINES, INC.  *
   (Defendant)          *

**Plaintiff's Second Motion To Compel Discovery**

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Hector A. Casas, Plaintiff, by and through his attorney of record Heriberto 'Eddie' Medrano, and files this Second Motion To Compel Discovery and would state the following in support thereof:

**Summary of Motion**

Plaintiff files this Motion To Compel Discovery pursuant to Rule 37 (Failure To Make Or Cooperate In Discovery: Sanctions) of the Federal Rules of Civil Procedure and asks the Court to ORDER Defendant to:

1 – Cease destroying evidence and purging computer files;

2 – Make available for deposition the person(s) at American Airlines responsible for ordering and carrying out the destruction and purging of passenger claim files;

3 – Immediately make available ALL passenger lost baggage claim files from November 1, 1992 through the present, which American Airlines denied compensation for the loss of an "excluded item" as per its illegal "exclusion from liability" policy.

1

## I.
## Defendant Has Destroyed Evidence

1.      Subsequent to the Court's Order of January 20, 1999 (Exhibit 1), Plaintiff requested that Defendant produce for inspection and copying all passenger claim files that met the requirement of the "Definition of Class" contained in Plaintiff's Motion For Class Certification and that fell within the four (4) year statute of limitations as ordered by the Court. (Exhibit 2 & 3) These parameters would thus include passenger claim files from November 1992 through the present.

2.      Defense counsel informed Plaintiff by letter on January 25, 1999 that:

"I have provided you a definitive answer regarding the passenger baggage claims files of American Airlines. As I have told you, <u>American has the actual passenger baggage claims files for the putative class for the period November, 1994 through the present.</u>" (Exhibit 4)

Defendant further stated that it destroys all hard copies of passenger claim files and that it purges its computer of all claims older than three (3) years.

3.      Defense counsel verbally informed Plaintiff that American Airlines did NOT have any copy of these destroyed and purged files on any type of storage device such as microfilm, microfiche, hard drive, back up tapes, etc. This representation was made by Defense counsel in response to Plaintiff's specific inquiry as to whether there was perhaps a "backup" copy of these destroyed files somewhere that American Airlines had kept. (Exhibit 2 & 3)

4.      Based on Defendant's representations, all passenger claim files from November 1992 through November 1994, which Plaintiff estimates number approximately 5,000 files, were destroyed by American Airlines even though it

had notice that these files were the subject of this lawsuit and subject to discovery and production.

## II.
## Defendant Had Notice Claims Were Part Of Lawsuit As Of November 1996

5.  That Defendant knew these destroyed claim files were part of this pending lawsuit and subject to discovery CANNOT be denied. Plaintiff's Original Complaint filed November 14, 1996 stated in paragraph VI. that:

"Plaintiff petitions this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure to certify this case as a class action or to allow discovery sufficient to allow Plaintiff to prove the propriety of proceeding in this matter as a class action. On information and belief, <u>Plaintiff alleges that there are a large number of persons whose claims, similar to Plaintiff's, have been denied in toto by Defendant who cites as a routine matter, its exclusions from liability altogether.</u>

"On information and belief, Plaintiff would assert that these persons and passengers whose claims have been denied on the exclusion basis have the commonality and typicality necessary for class certification. Further, <u>Plaintiff represents that all persons who have valid claims but were denied by Defendant on the basis of specific exclusion will be adequately, fairly and properly represented by Plainitff and his chosen counsel.</u> Plaintiff requests an order from this Court directing Defendant to tender to Plaintiff and his chosen counsel. <u>Plaintiff requests an order from this Court directing Defendant to tender to Plaintiff a list of all claims made to Defendant since 1984 but which were denied in whole or in part by Defendant on the same total exclusion basis as asserted in this case.</u>" (Exhibit 5)(emphasis added)

6.  As of November 1996, when Plaintiff filed his Original Complaint, American Airlines had all passenger claims going back to November 1993, and probably even further. Yet American Airlines ignored the law and its duties under the rules to preserve all evidence and not to destroy these claim files and did so anyway.

3

## III.
## Defendant Had Previously Refused To Produce Claim Files

7.   On June 25, 1997, Plaintiff filed his First Request For Production and in its request #20 specifically asked Defendant to:

"Please provide true and correct copies of any and all lawsuits, **claims** or similar incidents against you within the last 5 years, alleging any of the allegations similar to those mentioned in Plaintiff's lawsuit." (Exhibit 6) (emphasis added)

Defendant refused to produce these files which as of that date went back to at least June of 1994.

## IV.
## Plaintiff's Right To Depose Persons Who Ordered And Destroyed Files

8.   By his letters of January 20, February 24 and March 2, 1999, Plaintiff has repeatedly requested Defendant identify and make available for deposition the person(s) at American Airlines that ordered and carried out the destruction of any passenger claim files that were not produced as per the Court's Orders. (Exhibits 2, 7 & 8) Defendant refuses to make these persons available for deposition.

9.   The Court Ordered Defendant to provide discovery as to the number of claims that exists and are encompassed within the four year statute of limitations prior to Plaintiff's suit being filed:

"Well, I guess if the discovery is going to resolve the issue of whether those records exist for purposes of fulfilling the – or supplying the evidence regarding the number of cases relating back four years from the date of the filing of the lawsuit, _I think it appropriate to allow that kind of discovery in order to ascertain whether, in fact, that information is available. And if there's a problem with one side saying that it doesn't exist and the other one saying that it does, then I guess I'll consider any motions to compel_. But, you know, I have to make a decision and that decision is that it is four-year statute of limitations and that four years would be four years back from the date of the filing of the lawsuit." (Exhibit 9, page 43 of transcript of January 14, 1999 hearing) (emphasis added)

4

-

ClibPDF - www.fastio.com

10. Accordingly, pursuant to Rule 37 FRCP, Plaintiff asks the Court to ORDER Defendant American Airlines to cease and desist destroying or purging evidence and to immediately identify and make available for deposition the person(s) at American Airlines that ordered and carried out the destruction of these passenger claim files.

## V.
## Defendant Refuses To Produce ALL Files Included In The Defined Class As Ordered By The Court

11. By its Order of January 20, 1999, the Court partially granted and partially denied Plaintiff' Motion To Compel Discovery. Specifically, the Court granted Plaintiff's request that American Airlines produce for discovery and inspection all passenger claim files that fell within the "Defined Class" as stated in Plaintiff's Motion For Class Certification and which were filed within four years prior to Plaintiff's Original Complaint, i.e. November 1996.

12. Plaintiff requested Defendant produce these files with the erroneous understanding that all passenger claims filed beyond a thirty (30) day period from the date the loss occurred were automatically excluded and denied compensation by Defendant, as per its notice requirements.

13. Upon commencing to review the files produced, Plaintiff discovered a *discrepancy* in the number of files being produced and the number of files Defendant's agent, Ms. Lisa Callahan, had testified under oath actually existed that were encompassed by the "Definition of Class" as stated in Pltf.'s Motion For Class Certification. Further inquiry by Plaintiff revealed the cause of the discrepancy in the number of files produced being due to American Airlines' NOT

ENFORCING its thirty (30) day filing deadline and instead denying these claims based solely on its illegal "notice of exclusion" policy.

14. Simply put, Plaintiff discovered that American Airlines has almost never enforced its thirty (30) day time limit for a passenger to file a claim, but instead has denied compensating these passengers solely relying on its illegal exclusion from liability policy. These files were correctly included by Ms. Callahan in her summary of the total number of claims subject to being included in the Class in her deposition.

15. However, it was not until Plaintiff started to receive and review the files tendered that Plaintiff realized this error which resulted in Defendant NOT tendering files which do in fact belong as part of the Class and which the Court ORDERED to be included as part of the Class.

16. Having discovered the mistake, Plaintiff requested Defendant produce these files for discovery and inspection. (Exhibit 7 & 8) Defendant not only refuses to comply with Plaintiff's request but more importantly with the Order of the Court mandating that ALL claims encompassed by Plaintiff's Motion For Class Certification be produced.

Accordingly, Plaintiff requests the Court ORDER American Airlines to comply with its ORDER and tender these additional files are be sanctioned.

Respectfully submitted,

_____
Heriberto Medrano
Attorney for Plaintiff

Texas Bar #13897800
Federal ID #5952
1101 West Tyler
Harlingen, Texas 78550

Tel. (956) 428-2412
Fax (956) 428-2495

## CERTIFICATE OF CONSULTATION

I, Heriberto Medrano, hereby certify that I have consulted with Mr. David Moran of the Law Firm of Jackson & Walker, counsel for Defendant American Airlines concerning the foregoing Plaintiff's Second Motion To Compel Discovery and do state that Defendant refuses to comply and provide any of the requested persons for deposition or discovery stated therein.

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above and foregoing Plaintiff's Second Motion To Compel Discovery was sent via facsimile to the following counsel:  — 3/4/99

Mr. David Moran
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

7