United States District Court
Southern District of Texas
FILED

MAR 1 1 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS, §
§
PLAINTIFF, §
§
VS. § CIVIL ACTION NO.
§ B-96-207
AMERICAN AIRLINES, INC., §
§ JURY
DEFENDANT. §

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## SECOND MOTION TO COMPEL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES American Airlines, Inc. ("American"), Defendant, and files this Response

to Plaintiff's Second Motion to Compel Discovery and would show the Court as follows:

## I.

## INTRODUCTION

As this Court is well aware, there are several important legal issues in this case which must

ultimately be resolved by the Fifth Circuit of Appeals.[1]  The key issues include whether class

certification is appropriate, whether this Court has subject matter jurisdiction, whether the exclusion

of liability clause at issue is valid, and the correct period of limitations.  Until these issues are finally

decided by the Fifth Circuit, this case will continue its course, and both parties will be forced to

---

[1]  In the hearing before this Court on January 14, 1999, American's counsel informed the Court that it would
be seeking leave from the Fifth Circuit to allow an appeal of the class certification decision, and that it would also seek
leave from this Court for interlocutory appeal of the orders denying the motion for summary judgment, the motion to
dismiss and declaring a four year limitations period.  At the hearing, this Court expressed agreement with this approach.
Plaintiff is also expected to seek review of issues in the Fifth Circuit.

spend large sums of money prosecuting and defending this matter. At the status hearing in January, 1999, plaintiff argued that certain discovery be allowed and the Court permitted it. Because the additional discovery now sought by Plaintiff at this time is entirely different from that allowed and not necessary for the appellate record, the Court should deny Plaintiff's motion.

Plaintiff's Motion should be denied for additional reasons. First, Plaintiff's request that American be ordered to stop following its routine policy of a three year claim files retention, is moot because American has already agreed to and has preserved such claim files, as Plaintiff's counsel has known since he made such request. American has preserved such files since May 1998 and has maintained files extending back until November 1994.

Second, Plaintiff's request to depose the person responsible for "purging" documents is unnecessary and duplicative of discovery already completed, especially in light of the deposition of Lisa Callahan. Moreover, American has already taken action to preserve files, as shown by the affidavit of Kathy McQuade (attached hereto as Exhibit "A").

Third, Plaintiff's motion for discovery of lost baggage files for claims asserted after 30 days from the date the bag was lost should be denied because Plaintiff agreed, in representations to the court and to counsel for Defendant, to limit production to the files for claims made within the 30 day claim requirement (which files American has already produced). Additional discovery would be inequitable, overly burdensome and unnecessary, particularly given that the baggage files sought are by definition for claims made after the 30 day deadline, the validity of which deadline Plaintiff has recognized. Accordingly, for these reasons and the ones that follow, the Motion should be denied.

## II.

### AMERICAN HAS PRESERVED CLAIM FILES

Plaintiff requests that the Court order American to cease destroying or purging passenger lost baggage claim files. This relief requested is entirely unnecessary because American has already done so, beginning in May 1998. As Plaintiff's counsel knows, American's Central Baggage Services has a three year record retention policy for these claim files. Callahan Deposition at 104-05 (attached hereto as Exhibit "C"). In May 1998, American's Central Baggage Services ceased its routine practice of discarding claims files over three years old. McQuade Affidavit (attached as Exhibit "A"). American has in its possession the original passengers claim files dated November 1994 to the present. McQuade Affidavit (attached as Exhibit "A"). American's Central Baggage Services has computer records claims file information from May 1995 to present. See McQuade Affidavit. American has and will maintain these files and records until this litigation is finally resolved. See McQuade Affidavit. Accordingly, the motion should be denied as moot because American has long ago complied with the requested relief.

### III.

### AMERICAN HAD NO DUTY TO PRESERVE
### BAGGAGE CLAIM FILES PRIOR TO MAY 1998

Despite Plaintiff's counsel's claim to the contrary, American's actions in adhering to its records retention policy was fully consistent with its obligations, and was not done to subvert discovery in this case.

A.     <u>The Filing of Plaintiff's Complaint Did Not Create a Duty to Preserve Claim Files From Other Passengers Prior to November 1995</u>

Plaintiff filed this action in November 1996. At that time, Plaintiff's complaint was merely an individual claim by Casas, and contained a short paragraph at the end requesting a class action and all claim files going back to 1984. American believed, and had good grounds to believe, that Plaintiff's individual claim lacked merit (due to its exclusion of liability provision). Moreover, American had good grounds to rely upon its one-year period of limitations contained in the Conditions of Carriage. In fact, because of its one-year contractually agreed upon period of limitations, even assuming the certification of a putative class, the only relevant claim files would have been from November 1995 to present. Thus, American had no reason to alter its record retention policy based upon conclusory allegations in one lawsuit in Texas, especially considering the legal authority which supported its position on the merits of the individual claim, the one-year period of limitations and the unlikelihood of certifying a nationwide class. In short, the filing of this lawsuit did not obligate American to stop following its 3 year records retention policy.

B.     <u>Plaintiff's Requests for Production in June 1997 Did Not Request Individual Claims Files and Was Limited to Litigation Files, and This Court Denied Plaintiff's Motion to Compel Documents Responsive to That Request.</u>

Plaintiff now contends, for the first time, that Plaintiff's First Request for Production No. 20 is broad enough to cover the individual claim files of putative class members that did not result in actual litigation. As shown below, Plaintiff's request did not seek claim files that did <u>not</u> result in litigation; rather both Plaintiff and American properly understood the request as seeking litigation files only, to which this Court has already ruled need not be produced. Request for Production No. 20, and American's response, are as follows:

Please provide true and correct copies of <u>any and all lawsuits</u>, claims or similar incidents against you within the 5 years, <u>alleging any of the allegations similar to those mentioned in Plaintiffs' lawsuit</u>.

**<u>RESPONSE:</u>**

Defendant objects to this request because it is overly broad, unduly burdensome and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

Later, when Plaintiff filed his first motion to compel on December 7, 1998, Plaintiff stated

that Request No. 20 sought only litigation files. In his motion, Plaintiff argued, relying upon No.

20 that:

> Plaintiff is entitled to know how many other passengers have filed suit against Defendant for the very same reason Plaintiff filed this suit, and what the outcome of those cases were. . . . Plaintiff is entitled to know the names, cause numbers, locations and outcomes of those cases.

Plaintiff's Motion to Compel Discovery (December 7, 1998) at p. 4.

Finally, when Plaintiff's counsel argued the motion to compel on January 14, 1999, this

Court denied Plaintiff's request for those files. Transcript at pp. 42-43. Plaintiff should not be now

heard to claim, contrary to previous statements, that Request for Production No. 20 sought non-

litigation claim files of thousands of putative class members. Accordingly, this recent attempt by

Plaintiff to seek non-litigation claim files should be denied.

C.     Americam Complied With Plaintiff's Counsel's Request to Preserve Claim Files

Plaintiff's counsel first requested that American maintain its claim files on May 20, 1998,

shortly after the deposition of Lisa Callahan of American Airlines. See Moran Affidavit (attached

as Exhibit "B"); Letter of May 20, 1998 (attached as Exhibit "D"). American agreed to Plaintiff's

request and stopped following its record retention policy, and has continued to maintain its

passengers claim files and computer records.  <u>See</u> McQuade Affidavit (attached as Exhibit "A").

Plaintiff's counsel was notified of this by letter of May 29, 1998 (attached as Exhibit "E").

## IV.

### PLAINTIFF SEEKS DUPLICATIVE AND UNNECESSARY DISCOVERY

Plaintiff seeks to depose a person at American who "ordered and carried out the destruction

of any passenger claim files that were not produced."  American has produced all physical claim files

that it has responsive to Plaintiff's request as stated and allowed at the January 14, 1999 hearing.

Moreover, American has its claim files from November 1994, and American has preserved its files

since May 1998.  Plaintiff's counsel has known of three year records retention policy since at least

May 1998 when he deposed Lisa Callahan.  The fact is again confirmed by the McQuade Affidavit

(attached as Exhibit "A").  Plaintiff's counsel may also question Lisa Callahan on March 31, 1999

(when her deposition is scheduled by agreement of the parties) about the records retention and

preserving of claim files since May 1998.  Any further discovery on this point would be duplicative

and wholly unnecessary, and delay the appeal to the Fifth Circuit.

## V.

### PLAINTIFF AGREED TO LIMIT PRODUCTION TO THE FILES ALREADY PRODUCED AND FURTHER PRODUCTION WOULD BE INEQUITABLE, OVERLY BURDENSOME AND UNNECESSARY

During the January 14, 1999, hearing, Plaintiff's counsel stated that he "specifically limited

and narrowed members of the class to only passengers -- domestic airline passengers that flew on

American Airlines that filed a lost baggage claim -- <u>actually went ahead and filled out a three page</u>

<u>form [and] filed it with American Airlines within the 30 days prescribed by their rules</u> . . . . "

Hearing Transcript at 7 (attached as Exhibit "F") (emphasis added). Later during the hearing, this

Court asked for further clarification on that point, and Plaintiff's counsel was again quite clear:

> THE COURT: Okay. Wait a minute. Then let me clarify something because you had indicated that it is all claims that were filed within a certain period of time.
>
> MR. MEDRANO: <u>Yes, Your Honor. Let me explain. Once a passenger loses their item, they must file the claim within 30 days of the date of loss</u>.
>
> THE COURT: What was the time line that you said Okay, we've only narrowed it down to this?
>
> MR. MEDRANO: <u>Only domestic airlines passengers that flew on domestic airline flight on American Airlines that submitted a claim within 30 days allotted by their rules and regulations that contained the loss of an excluded item as that term has been defined in all the pleadings and which claim for compensation for that excluded item was denied by American Airlines</u>.

Hearing Transcript at 38 (attached as Exhibit "F") (emphasis added).

In addition, in statements to defense counsel, Plaintiff's counsel specifically limited

Plaintiff's request for actual claim files to those passengers who filed a claim within thirty (30) days

of the loss of the excluded item. <u>See</u> Moran Affidavit (attached as Exhibit "B"). As reflected in

Defendant's counsel's letter to Plaintiff's counsel of January 25, 1999, American relied upon

Plaintiff's counsel's statements and limited its search and gathering of the files to those passengers

who had filed a written claim for loss of an excluded item with American Airlines within 30 days

of the date of loss. <u>See</u> Moran Affidavit (attached as Exhibit "B") and McQuade Affidavit (attached

as Exhibit "A"); Letter of January 25, 1999 (attached as Exhibit "G"). Defendant's counsel advised

Plaintiff's counsel of this fact when he appeared in Defendant's counsel's offices at the document

production on January 28, 1999. <u>See</u> Moran Affidavit (attached as Exhibit "B"). At that time,

Plaintiff's counsel was satisfied with that approach. <u>See</u> Moran Affidavit (attached as Exhibit "B").

Despite this unambiguous agreement, Plaintiff's counsel sent Defendant's counsel a letter on February 24, 1999 (attached as Exhibit "H") requesting additional discovery of untimely presented claims, i.e. claims submitted after 30 days.[2]  Plaintiff's counsel conceded it was "an incorrect assumption on my part that prompted me to word my request for all claims filed *WITHIN* the thirty (30) days from the date of loss." See Letter of February 24, 1999 (attached as Exhibit "H"). "Having cleared up this misconception in my mind," Plaintiff's counsel then requested these additional claim files, and "apologized for my misunderstanding of how AA treated these claims that were filed more than thirty (30) days from date of loss." See Letter of February 24, 1999 (attached as Exhibit "H").  He also "place no blame on you or AA [American] for not producing these files earlier."  See Letter of February 24, 1999 attached as Exhibit "H").

Because American has already gone to the considerable time and expense of producing the files with claim forms submitted within 30 days, as specifically requested and agreed to by Plaintiff's counsel, it is unreasonable and inequitable to require American to go through a second costly and burdensome document production of files of claims that are admittedly untimely as a matter of law.  As Defendant's counsel informed Plaintiff's counsel in a letter dated March 1, 1999 (attached as Exhibit "I"), there is a significant practical problem in producing these files.  These additional files are not segregated from the other remaining thousands of claim files of American that do not involve a loss of an excluded item. See McQuade Affidavit (attached as Exhibit "A").  Accordingly, in order to comply with this latest request, American will be required to undertake a second search to identify

---

[2]  For purposes of the production of documents only, American chose to search for and produce claim files submitted within 35 days to ensure that all claims submitted within the limit of 30 days were located.  American continues to insist on its contractual right that loss baggage claims be presented in writing pursuant to the requirements in the Conditions of Carriage.

and produce these particular individual claim files from all other claim files.  See McQuade Affidavit (attached as Exhibit "A").  This task would involve a significant burden in terms of time and personnel (both at American and from Defendant's counsel's offices) and real costs.  See Moran Affidavit (attached as Exhibit "B") and McQuade Affidavit (attached as Exhibit "A").

In fact, in January and February 1999, American incurred over $22,000 in attorneys' fees in complying with the original document production, most of which is attributed to the hours spent by paralegals at American's warehouse and office reviewing files.  See Moran Affidavit (attached as Exhibit "B").  Approximately 200 hours (approximately $17,000 in fees) of paralegal time were spent in January and February related to this document production.  See Moran Affidavit (attached as Exhibit "B").  Additionally, to gather the claims files, American devoted a total of six (6) persons who worked for the Central Baggage Services Department for American Airlines, Inc. and they more than 160 hours to gather these files.  See McQuade Affidavit (attached as Exhibit "A").

Accordingly, it is inequitable and unduly burdensome to require American expend hundreds of hours and thousands of dollars to produce these additional files which Plaintiff's counsel originally agreed need not be produced.  The time and cost involved in this additional significant production request is not worth the cost and expenses of the discovery.  This is particularly true because each claim was untimely filed, and therefore each has no merit, irrespective of the ultimate validity of the exclusion for certain types of losses.  Based upon the actual production that Plaintiff has already received, the putative class will not sustain any prejudice by American not undertaking this huge burden a second time.  Obviously, American will keep these documents available pending resolution by the Fifth Circuit.  Depending upon the Fifth Circuit's ruling, further production may

not be necessary at all if the Court rules in American's favor.  On the other hand, if the Court rules

in favor of Plaintiff, then the documents would remain available, if needed.

## VI.

## PLAINTIFF SEEKS DISCOVERY FOR CLAIMS
## THAT ARE UNTIMELY AND MERITLESS

Finally, Plaintiff's motion for the production of these additional files should be denied

because each putative class member has no claim as a matter of law.  Thus, the discovery sought is

irrelevant and wholly unnecessary.  Plaintiff's counsel recognized this limitation when he stated in

open court on January 14, 1999 that he was only seeking claim files for passengers who filed claims

with American within 30 days. See Hearing Transcript at 7 & 38.  Therefore, discovery of claim files

for passengers who failed to timely submit their claims is entirely irrelevant and would be wasteful.

Plaintiff's Motion to Compel production of these files should be denied.

Time limitations in contracts for the filing of claims are valid and enforceable.  In Alco-

Gravure Division of Publications Corp. v. American Airlines, Inc., 173 F.Supp. 752 (D. Mary.

1959), a federal district court enforced American's then 15 day written notice requirement for

damage claims arising from shipment of goods irrespective of shipper's actual knowledge of the

limitation.  More recently, in Molecular Tool, Inc. v. Burlington Air Express, Inc., 1997 WL 810035

(N.D. Tex. 1997), the Court granted summary judgment based upon Burlington Air Express, Inc.'s

requirement that damage claims be filed within 15 days of receipt of the shipment as required by the

airbill and Burlington's tariff.  Molecular Tool at *2.  A true and correct copy is attached hereto as

Exhibit "J."  Because the summary judgment evidence established that written notice of damage to

the cargo was not provided within that 15 days, the Court found that plaintiff failed to comply with

the time limit and therefore was barred.  Id. at *2-3.  Likewise, in Butler's Shoe Corporation v. Pan

American World Airways, Inc., 514 F.2d 1283 (5th Cir. 1975), the Fifth Circuit held that a provision in an airline's tariff requiring that written claim for a loss of goods be filed within 120 days from the date of issue of the air waybill was fully enforceable. Butler's Shoe Corp. at 1284-86.

Accordingly, any passenger's claim submitted after 30 days from the date of loss is barred as a matter of law, and those claim files are entirely irrelevant and should not be produced. In light of American's production of all claim files in which claim forms were submitted to American within 35 days of the loss, American has provided more than it was originally requested and required to produce. Plaintiff's motion to compel should be denied.

## VII.

## CONCLUSION

In conclusion, American respectfully requests that this Court deny Plaintiff's Second Motion to Compel for the reasons set forth herein.

WHEREFORE, PREMISES CONSIDERED, American Airlines, Inc. respectfully prays that Defendant's Second Motion to Compel Discovery be in all things DENIED, and that it obtain further relief at law or in equity to which it is justly entitled.

Respectfully submitted,

**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas  75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By:_____

      **David T. Moran**
      State Bar No. 14419400
      **Brian A. Kilpatrick**
      State Bar No. 00784392

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

Jorge C. Rangel
State Bar No. 16543500
The Law Offices of Jorge C. Rangel
719 S. Shoreline Blvd., Ste. 501
Corpus Christi, Texas 78403
(512) 883-8500
FAX (512) 883-2611

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this _10_ day of March, 1999.

      Heriberto (Eddie) Medrano
      Attorney at Law
      1101 West Tyler
      Harlingen, Texas  78550

                                    David T. Moran