/101

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 3 0 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

**DEFENDANT'S OBJECTION AND RESPONSE TO
PLAINTIFF'S PROPOSED ORDER ON CLASS CERTIFICATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc. ("American"), Defendant, and files this its Objection and Response to Plaintiff's Proposed Order on Class Certification ("Proposed Order") filed on or about March 24, 1999, and would show:

I.

**SUMMARY OF POSITION**

At the January 14, 1999, hearing, the Court made known her intentions with respect to class certification, the statute of limitations, the very limited additional discovery allowed Plaintiff, and, most importantly, the procedure for the expeditious resolution of this case. At that time, the Court agreed that an interlocutory appeal to the Fifth Circuit to obtain an appellate ruling on several important legal questions would drive the resolution of this case. Those legal issues include at least: (1) whether American's contract excluding liability for loss of certain items of baggage is enforceable or whether 14 C.F.R. § 254.4 renders that contract term invalid (and, accordingly,

DEFENDANT'S OBJECTION AND RESPONSE TO
PLAINTIFF'S PROPOSED ORDER ON CLASS CERTIFICATION                                             Page 1
2218910.1

Case 1:96-cv-00207   Document 100   Filed in TXSD on 03/30/1999   Page 2 of 11

whether the Court's order on the cross motions for summary judgment was correct); (2) whether this Court has subject matter jurisdiction; (3) whether Plaintiff has a federal private right of action to enforce 14 C.F.R. § 254.4; (4) whether the class as defined and requested by Plaintiff may be certified; (5) whether injunctive relief is appropriate; and (6) whether a four year or one year period of limitation governs the claims of the class members.

At the January hearing, the Court was persuaded that an appeal of these issues is the correct course to take for the final resolution of this action. American, without waiver of any of its rights or positions on these legal issues, agrees that the order on class certification (and on the legal rulings stated therein) needs to be promptly appealed to the Court of Appeals. However, there is one matter that is critical to this path of resolving this case that must be clarified in the Proposed Order as submitted by Plaintiff. Any order signed by the Court should make clear that all findings and rulings are stayed pending the completion of appeals by either party from the Proposed Order; otherwise, this case cannot expeditiously and fairly be appealed and ultimately resolved. Thus, if the Court enters any order granting Plaintiff any relief, the Court should delete the last sentence of the Proposed Order and substitute for it the following:

> Lastly, all findings and orders stated above are hereby stayed pending the completion of appeals from this Order that may be taken by either party.

## II.

## DISCOVERY SHOULD END NOW

Plaintiff has submitted his Proposed Order with the disclaimer that entry of a final order on class certification must await additional discovery. Plaintiff is incorrect. This 2½ year old case has had more than enough discovery; what it needs now is a decision by the Fifth Circuit on the

PLAINTIFF'S PROPOSED ORDER ON CLASS CERTIFICATION**                                                         Page 2
2218910.1

important legal issues. Further costly, burdensome and potentially needless discovery will not resolve the case; only a ruling by the Fifth Circuit will.

American has fully complied with the Court's ruling in January, 1999 -- it has made Lisa Callahan available for a second deposition as agreed (on March 31, 1999), and has, at great burden and expense, promptly produced literally thousands of baggage claim files, all as requested by Plaintiff. Furthermore, Plaintiff's assertion that American has failed to produce baggage claim files from November 1992 through November 1994 falsely implies that American has such documents, but will not produce them. As the undisputed record shows, American does not have baggage claim files for the putative class for the period November 1992 through November 1994 because of American's adherence to its long standing document retention policy. For each of the reasons stated in American's Response to the Second Motion to Compel Discovery, the additional discovery now sought by Plaintiff should be denied.

### III.

### RESPONSE TO PROPOSED ORDER

**A. Objections to the Proposed Order and American Restates its Previous Arguments**

American objects to the Proposed Order on class certification in its entirety and reasserts each and every objection and argument that American has made to the factual and legal issues addressed in the Proposed Order throughout the proceedings in this case. In particular, American incorporates by reference all of its previous motions, responses, pleadings, briefs, arguments, objections, affidavits and evidence, on the issues addressed in the Proposed Order. Fed. R. Civ. P. 10(c). American also objects to the Proposed Order on class certification because there has been no rigorous showing or analysis that the requirements of Rule 23 have been met.

### B. Objections to Jurisdiction and Private Right of Action Proposed Rulings

American objects to the Court's ruling on subject matter jurisdiction and reasserts each of its arguments that the Court lacks subject matter jurisdiction for the reasons previously advanced by American. In addition, American objects to the Court's overruling of American's motion to dismiss and holding that Plaintiff has a private right of action under 14 C.F.R. § 254.4. Morever, American would show that, to the extent that Plaintiff's claim is grounded under the common law, then Plaintiff and the putative class should take nothing of and from American because the contractual provision, excluding liability for certain lost baggage, is enforceable and valid under federal common law. See, e.g., Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997). American further objects to the Court's ruling on liability and the order granting Plaintiff's Motion for Summary Judgment (and denying American's motion) because, as a matter of law, the contractual provision is enforceable and 14 C.F.R. §254.4 does not and was not intended to render the provision unenforceable.

### C. Objections to the Proposed Class Order

American objects to the Court granting Plaintiff's Motion for Class Certification for each and every ground previously urged by American, which are incorporated by reference. See Fed. R. Civ. P. 10(c). Nevertheless, and without waiver of any of its arguments and positions advanced earlier that Plaintiff has failed to carry his burden to prove the elements of a class action, American responds to certain specific portions of the Proposed Order on Class Certification as follows:

1.  American objects to the Proposed Order to the extent that it purports to certify a "hybrid Rule 23(b)(2) and (b)(3) Class" because such a class was not plead for by Plaintiff in his motion, nor may such a purported class be certified under the law and facts of this case.

2.  American objects to Section 1a, page 6, entitled Numerosity, because the proposed findings and rulings are unsupported by any evidence and are incorrect. The undisputed evidence shows in the mentioned time period there were approximately 7,500 passengers who submitted a claim for lost baggage which claims were denied ( in part or in total) by American pursuant to its exclusion of liability provision in its Conditions of Carriage. The evidence does not establish that each of those passengers has a valid claim that meets the proposed defined class as set forth on pages 8 and 9 of the Proposed Order because each claim depends upon individualized proof. Moreover, American gave consideration and paid monetary compensation for baggage claims of approximately 75% of these 7,500 passengers and obtained releases of claims and liability from each passenger who received compensation. Furthermore, American objects to the last full paragraph on page 6, to the extent that it purports to declare that Defendant has identified 7,500 persons "as belonging in the defined Class." In addition, Plaintiff lacks standing to represent the class and his claims are not typical and common of those of the class. Plaintiff is also not an adequate class representative.

3.  American objects to the Proposed Order because it fails to clearly define, specify and describe the class and erroneously permits 75% of the putative class to consist of persons who have signed releases and settled their claims for lost baggage with American.

4.  American objects to page 9 of the Proposed Order regarding adequacy of representation, which includes a finding that attorney Heriberto Medrano is qualified, experienced, competent and financially able to serve as class counsel, because there is no evidence to support such finding. Mr. Medrano is not an adequate class counsel and cannot be because he has a conflict of interest in representing the class and also Plaintiff Casas, who is an attorney and employee of Mr.

Medrano. Class counsel Medrano's and Plaintiff Casas' compensation depends, in part, upon the attorneys' fees from any ultimate recovery, if any, for the class in this case.

5. American objects to page 10 of the Order granting injunctive relief against American for each of the reasons previously urged by American which shows that injunctive relief should not and cannot be granted, at least until a final judgment is entered. Plaintiff has sought only a permanent injunction, not a preliminary injunction. In particular, a court's ruling on class certification is merely a ruling on a procedural matter and should not be a ruling on the merits. An order granting injunctive relief, as provided for in the Proposed Order, would be an erroneous ruling on the merits because there has been no summary judgment or other motion, order, jury trial, notice, sufficient evidence or pleadings necessary for granting injunctive relief at this stage of the lawsuit. There has been no proof of the essential elements for an injunction. American further objects to the injunctive relief because the undisputed facts and law establish that American has not violated 14 C.F.R. §254.4 and is in full compliance with the regulation.

Further, the doctrine of primary jurisdiction counsels against the awarding of any injunctive relief or certifying an injunctive class. Congress has decreed that the Department of Transportation, and not private plaintiffs, are the proper parties to enforce the regulation upon which Plaintiff bases his entire case. Under such circumstances, an injunction is erroneous when the federal agency empowered to seek injunctive relief against airlines has not sought to do so in this case. Moreover, Plaintiff does not have the right to the remedy of an injunction under the statutes and regulations; Congress has explicitly determined that the Department of Transportation is the proper party to enforce the specific regulation at issue.

American further objects because there is no evidence that it "knowingly and intentionally" ignored the requirements of Title 14 C.F.R. 254.4, the rulings in <u>Feature Enterprises Inc. v. Continental Airlines</u> and <u>Wells v. American Airlines, Inc.</u> and this Court's ruling issued on March 26, 1998 as stated at page 10 of the proposed Order.[1] Neither of the two cited cases hold that American's longstanding contractual provision is unenforceable. The Court's order of March 26, 1998, is interlocutory and did not purport to enjoin American for relying on the exclusion clause pending final resolution of this suit. American further objects to the Proposed Order and the injunctive relief as phrased at page 10 because that it an incorrect statement of the Court's previous ruling and of the law. Moreover, if despite American's objections, the Court orders any injunctive relief, then pursuant to the Court's ruling, any such injunctive relief should only enjoin American from continuing to rely upon the contractual provision in American Airlines, Inc.'s Conditions of Carriage which disclaims liability for loss, damage or delay to certain excluded items of baggage contrary to the Court's ruling that such contractual provision is unenforceable as a matter of law based upon 14 C.F.R. § 254.4. American should and must be able to deny liability for claims that are not meritorious, even if the Court declares that the exclusion may not be relied upon.

6. American objects to page 11 of the Proposed Order concerning a Rule 23(b)(3) class because there is no evidence and no finding of the essential elements of such a class. American further objects to the statement at page 11 that "the Court's Ruling on the issue of Defendant's liability under Title 14 C.F.R. 254.4 and the invalidity of Defendant's 'Notice of Exclusion Policy' is dispositive of all similar claims by Class members." Such a ruling would be erroneous because the Court's ruling on Plaintiff's individual claim and the declaration that the contract exclusion is

---

[1] The Proposed Order says March 28; the order on summary judgment was signed on March 26, 1998.

unenforceable as to Plaintiff Casas does not (indeed cannot), as a matter of law, decide each class members' claim for lost baggage. Rather, each class member must individually prove the elements of the causes of his or her claim. A ruling on each class member's claim would violate American's rights to a jury trial, due process and other substantive rights.

7. American further objects to "The Court's Ruling On 'Releases'" on pages 11 and 12 of the Proposed Order because there is no pleading to support such a holding and the evidence does not conclusively establish as a matter of law that any such release (much less all of them) is invalid or unenforceable. Moreover, the undisputed evidence shows as a matter of law that such releases are valid, and therefore, approximately 75% of the putative class has no claim against American. In the alternative, there is, at least, a material fact issue on whether each release signed and agreed to by each class member is enforceable and the determination of validity is an individualized, fact specific inquiry as to each putative class member. Under these circumstances, a class including persons who signed and gave releases to American may not be certified. In addition, American incorporates all of its previous arguments and objections with respect to the issue of the release. Fed. R. Civ. P. 10(c).

8. American objects to the finding (Proposed Order, page 12) that this is a negative value suit because there is no evidence to support such a finding and indeed the evidence is to the contrary. Further, a class action should not be certified because the costs to the parties and class members and the burden on the Court of resolving the merits of thousands of individual claims overshadow any probable relief to individual class members.

9. American objects to the last paragraph on page 12 entitled, "The Court Finds Monetary Relief Incidental to Injunctive and Declaratory Relief" and continuing on page 13, because

the monetary damages sought by the class predominate and are not incidental to the injunctive or declaratory relief. Further, there is no evidence that the damages are determinable "as a direct result of Defendant's illegal attempt to circumvent federal law." Rather, the liability, if any, of American and the amount of damages, if any, is fact specific for each putative class member and will require individualized proof and individual jury trials of liability and damages which makes this case unsuitable for class treatment.

### D. American Objects to a Four Year Statute of Limitations

American objects to the proposed holding that a four year statute of limitations applies to the class claims for each of the reasons previously urged by American. In particular, each class member's claims, if any, are subject to a 7 day, 21 day or 30 day written notice requirement of presentment of claims to American. Further, each class member's claim must be filed within a one year period of limitation, as set forth in American's Conditions of Carriage, which was reasonable communicated to Plaintiff and is fully enforceable. Plaintiff's claim is a federal cause of action and there is nothing in federal law that invalidates a one year period of limitation. Moreover, Plaintiff's attempt to invalidate the one year period of limitation by resort to state law is expressly preempted by federal law.

Further, in the alternative, to the extent that state law is borrowed, such state statutes of limitations are preempted by federal law. However, to the extent that the Court should borrow a statute of limitation, then a two year period of limitation should govern the class claims. See e.g. Tex. Civ. Prac. & Rem. Code § 16.003. Alternatively, to the extent that "borrowing" is required, then the laws of each of the 50 states must be addressed for this nationwide class and for this reason alone a class should not and cannot be certified.

### E. Preemption

As to Plaintiff's contention at page 14 that he wishes to pursue state law claims and in the unlikely event that an appellate court allows such claims, then a nationwide class action of state law claims cannot be certified under the holding of <u>Castano v. American Tobacco Co.</u>, 84 F.3d 734 (5th Cir. 1996).

### F. Discovery Should End

American objects to page 14 of the Proposed Order to the extent that it orders the parties to continue the discovery process because that is an incorrect statement of the Court's previous rulings and would be burdensome and potentially wasteful pending appeal. By Order signed September 24, 1998, the Court denied extensions of the discovery deadline. In January, 1999, the Court allowed limited discovery to be completed in 60 days. American requests that the Court issue an order that no further discovery shall take place, other than completing the copying of the original claim files that were previously produced by American in January 1999 and the second deposition of Lisa Callahan, such deposition being limited to the size of the class and amount of damages claimed. The Court should order that no further discovery shall take place.

### G. A Stay Pending Appeal is Necessary For Both Parties

Finally, American objects to last sentence of the Proposed Order; the Court should delete such proposed last sentence and, instead, clarify and order as follows:

> Lastly, all findings and orders stated above are hereby stayed pending the completion of appeals from this Order that may be taken by either party.

WHEREFORE PREMISES CONSIDERED, American Airlines, Inc. respectfully prays that Plaintiff's Proposed Order be in all things denied and that Court enter an order denying class

certification, dismissing the Complaint and for further relief at law or in equity to which American Airlines, Inc. is justly entitled.

                                            Respectfully submitted,
                                            **JACKSON WALKER L.L.P.**
                                            901 Main Street, Suite 6000
                                            Dallas, Texas 75202
                                            (214) 953-6000
                                            (214) 953-5822 (Telecopy)

By: _____
                                            **David T. Moran**
                                            State Bar No. 14419400

                                            Jorge C. Rangel
                                            State Bar No. 16543500
                                            The Law Offices of Jorge C. Rangel
                                            719 S. Shoreline Blvd., Ste. 501
                                            Corpus Christi, Texas 78403
                                            (512) 883-8500
                                            FAX (512) 883-2611

                                            ATTORNEYS FOR DEFENDANT
                                            AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Response to Plaintiff's Proposed Order on Class Certification has been served upon the Plaintiff's counsel of record by telecopier and by certified mail, return receipt requested, on this 29th day of March, 1999.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

                                            _____
                                            David T. Moran