101

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**MAR 3 0 1999**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

## DEFENDANT'S OBJECTIONS TO SUBPOENA DUCES TECUM, MOTION TO QUASH, AND MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant American Airlines, Inc. ("American") files its Objections to Subpoena Duces Tecum, Motion to Quash, and Motion for Protective Order, as follows.

### I.

### SUMMARY

On January 14, 1999, this Court allowed a second deposition of Lisa Callahan to be taken and allowed discovery of certain claims information in order for Plaintiff to determine the size of the class and alleged damages. The Court specifically denied Plaintiff any further discovery requests, either for more deponents or documents. American has complied with the discovery allowed by the Court in January. On March 4, 1999, American informed Plaintiff that Lisa Callahan would be available for deposition on March 31, 1999. On March 18, 1999, Plaintiff served a notice for Lisa Callahan for a deposition on March 31, 1999.[1] Included in this deposition notice, however,

---

[1]A copy of the deposition notice is attached hereto as Exhibit "A."

is notice that purports to request corporate representatives to testify about and produce documents on matters about which the Court denied Plaintiff discovery.  Also included in this notice was a subpoena duces tecum requesting twenty (20) categories of documents, including documents concerning alleged pilferage of baggage by American employees, documents regarding claim files since 1992, and documents regarding whether American may or should rely on its exclusion of liability clause.  None of this requested discovery should be allowed because it is beyond the discovery allowed by the Court in its ruling in January.

This Court at the January 14, 1999 hearing denied Plaintiff's request for discovery of the information now sought by this deposition notice, and Plaintiff's disregard of this Court's ruling should be admonished.  As this Court will recall, Plaintiff's counsel expressed his intention to depose and obtain discovery of American regarding pilferage.  Plaintiff also sought information concerning American's alleged affirmative misconduct to establish a quasi-estoppel argument.  This Court considered and soundly rejected Plaintiff's requests for this additional discovery, and denied his motion to compel discovery of such information.  Instead, this Court allowed 60 days of limited discovery so that Plaintiff could further develop information concerning the size of the class and alleged damages. American has complied with this ruling.  However, Plaintiff's counsel has ignored this Court's ruling, and has once again embarked down a rabbit trail of harassment and expense which only delays the appeal to the Fifth Circuit.

This Court should enter a protective order to protect American from the undue burden and expense for the discovery sought once again, and quash the 30(b)(6) portions of the deposition notice and the document requests.

## II.

## ARGUMENT AND AUTHORITIES

A.    Standard For Protective Order or to Quash Deposition

A protective order may be entered to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The rule permits the court to order "that the disclosure or discovery not be had," Fed. R. Civ. P. 26(c)(1), or "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time and place." Fed. R. Civ. P. 26(c)(2). This Court in January, well after the discovery cutoff that expired last summer, allowed Plaintiff additional, but limited discovery. The discovery now sought is beyond what this Court allowed in January.

B.    The Corporate Notice Should Be Quashed and/or a Protective Order Entered

Although entitled a Notice to Take the Oral Deposition With Subpoena Duces Tecum of Ms. Lisa Callahan, Plaintiff includes in the notice a request for additional deponents to testify about:

- Steps Defendant has taken to prevent and prosecute theft of passengers' baggage by American Airlines' employees or other persons from November 1, 1992 through the present;
- Any internal investigations conducted by or for American Airlines regarding theft of passengers' baggage by American Airlines' employees;
- The number and date of any prosecutions or referrals for prosecution of American Airlines' employees for theft of passengers' baggage; and
- Any of the subpoena duces tecum items listed in this deposition.

During the January 14 hearing, Plaintiff's counsel sought this Court's permission to depose three persons from American and to explore issues of theft and pilferage from baggage by American

employees. Hearing Transcript at 29.[2] These persons included the vice president in charge of airport

affairs, the vice president in charge of the legal department, and a second deposition of Lisa

Callahan. Hearing Transcript at 29-30. This Court specifically inquired into Plaintiff's motives for

deposing a corporate representative on the pilferage issue, and then denied Plaintiff's request:

> THE COURT: Okay. Why is it that you want to go into the pilfering issue?
>
> MR. MEDRANO: One of the things that I can go ahead try and show and create a record for appellate purposes is to show that American Airlines had a conscious disregard for the number of claims it is receiving concerning pilferage by its own employees.
>
> THE COURT: Okay. Motion to compel discovery of that witness is denied.

Hearing Transcript at 46-47. Plaintiff's counsel recognized the Court's ruling moments later when

he stated "I won't ask any questions if you're telling me not to get into the issue of pilferage. I

won't." Hearing Transcript at 47.

Despite Plaintiff's promises to the contrary, this corporate deposition notice to require

American to testify about the pilferage issue is a blatant attempt by Plaintiff to completely ignore

the unequivocal ruling of this Court on January 14, 1999, and Plaintiff should be admonished for

such disregard of this Court. American therefore asks this Court to quash the corporate notice, and

enter a protective order to protect American and reaffirm that theft and pilferage is not a subject for

discovery. American's counsel asked Plaintiff's counsel to withdraw the corporate notice portion

of the subpoena, but Plaintiff's counsel has offered only a partial compromise. See letters of March

---

[2] A true and correct copy of excerpts from the transcript of the hearing on January 14, 1999 is attached hereto as Exhibit "B."

**DEFENDANT'S OBJECTIONS TO SUBPOENA DUCES TECUM,**
**MOTION TO QUASH, AND MOTION FOR PROTECTIVE ORDER**                                    Page 4
2215702.5

23 and 29, 1999, attached as Exhibit "C." Accordingly, this Motion is submitted to the Court for consideration.

### C.   The Document Requests Should Be Quashed

Many of the document requests should be quashed in their entirety because they once again demonstrate Plaintiff's complete disregard for this Court's holdings on January 14, 1999, which limited discovery to the size of the class and alleged damages. Accordingly, in addition to the objections to the document requests set forth below, American moves to quash the following document requests.

#### 1.   Documents Concerning American's Exclusion Policy

Request Nos. 1-8 seek information concerning American's exclusion of liability policy, whether American has asserted it in other cases, subsequent measures taken by American after alleged adverse litigation decisions, and actual litigation information concerning other suits against American. These requests all go toward Plaintiff's theory of quasi-estoppel, or what this Court referred to in its January 14, 1999 hearing as the "smoking gun" evidence.

Again, Plaintiff argued for this discovery in January and was denied it by the Court. The discovery sought now is in violation of the Court's ruling. Like the pilferage issue, Plaintiff's counsel requested discovery of other litigation against American and sought other discovery to find evidence to support his quasi-estoppel argument (the "smoking gun evidence") during the hearing in January. Hearing Transcript at 29-30 and 43-44. First, Plaintiff's counsel asked for claims filed in small claims courts against American, and this Court denied that request. Hearing Transcript at 43-44. Second, Plaintiff's counsel requested depositions of the three individuals mentioned above,

and "request[ed] that they produce their internal memorandums concerning any discussion concerning the promulgation and the implementation of their notice of exclusion policy." Hearing Transcript at 30-31. When asked the purpose of this discovery, Plaintiff's counsel responded by arguing that he could somehow establish affirmative misconduct on the part of American due to their conscious disregard of the federal regulation. Hearing Transcript at 31. The Court found such a rationale "hard to swallow," and, after hearing more than sufficient argument on the point, granted the Plaintiff an additional discovery period only to conduct limited discovery regarding the size of the class and the alleged damages. Hearing Transcript at 31-37. When Plaintiff's counsel asked for further clarification later in the hearing, and specifically inquired into his right to obtain "internal memorandum" or "correspondence concerning [American's] evaluation and analysis or promulgation of the notice of exclusion policy," the Court stated: "You keep bringing that up and that's not something that I really was convinced that was appropriate . . . ." Hearing Transcript at 52-53. Ultimately, the Court made its final ruling with respect to the discovery of these internal documents to support Plaintiff's so-called quasi-estoppel argument:

> THE COURT: Okay. Well the thing is that I'm just not persuaded that that's an area that is appropriate to go into on discovery at this point in time, Mr. Medrano.
>
> MR. MEDRANO: That's fine. I respect the Court's ruling.

Hearing Transcript at 54.

Although Plaintiff's indicated his respect of this Court's ruling on discovery, Plaintiff ignores the ruling and has nevertheless subpoenaed these same types of documents from American in violation of the Court's ruling. This Court should quash Request Nos. 1-8, and enter a protective order in favor of American that this subject matter is not discoverable.

2.    Claim File Documents

Request Nos. 9-10 and 12-13 seek documents relating to passenger claim files since November 1, 1992. However, American has already produced all claim files in its possession as originally requested and agreed to by Plaintiff's counsel. To require American to produce additional claim files beyond the understanding of the Plaintiff, Defendant and the Court in January is unduly burdensome and harassing and should not be allowed.

As set forth in American's Response to Plaintiff's Second Motion to Compel Discovery, Plaintiff specifically limited his prior discovery to claim files for passengers that filed a lost baggage claim with American Airlines within the 30 days prescribed by their rules. Hearing Transcript at 7.[3] American took Plaintiff at his word and relied upon Plaintiff's counsel's statements and limited its search and gathering of the files to those passengers who had filed a written claim for loss of an excluded item with American within 30 days of the date of loss. Because American has already gone to the considerable time and expense of producing the files with claim forms submitted within 30 days, as specifically requested and agreed to by Plaintiff's counsel, and as was explained to this Court, it is unreasonable and inequitable to require American to undertake a second burdensome document production. Finally, these untimely claims are barred as a matter of law pursuant to American's Conditions of Carriage.

This Court should quash Request Nos. 9-10 and 12-13 in their entirety.

---

[3]American incorporates by reference its response to Plaintiff's Second Motion to Compel, filed March 10, 1999, which details American's production to date and the burden of past and further production requested by Plaintiff.

### 3.   Documents Concerning Pilferage

Request Nos. 16-20 seek documents concerning pilferage of passenger bags by American's employees. As set forth above, this Court has already denied Plaintiff's request for discovery of this information. Hearing Transcript at 29-30 and 46-47. The Court's ruling was correct and should stand. Plaintiff's Request Nos. 16-20 should be quashed.

### D.   Specific Objections to Document Requests

Finally, American submits its specific objections to Plaintiff's document requests contained in the subpoena duces tecum in accordance with Rule 45(c)(2)(B).

### 1.   General Objections

American objects to the extent any request seeks information protected by the attorney/client privilege, work product immunity, or other exemptions from discovery, including, without limitation, the joint defense privilege. American also objects to providing information protected by any other constitutional, statutory or common law privilege. American objects to the Instructions and Definitions insofar as they request American to respond to these requests for production in a manner beyond that required by the Federal Rules of Civil Procedure.

### 2.   Specific Objections

American objects to each document request contained in the deposition notice as follows:

1.   All documents, memos, opinions, law articles, government and/or industry publications, including regulations, statutes and interpretive commentary, and correspondence concerning the legality of American Airlines' policy of excluding liability for lost valuables pursuant to language contained in its contract of carriage issued, received, reviewed, considered, or generated before Plaintiffs suit in this case.

Response: Defendant objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference § II.C.1. above. Defendant further objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad. Defendant further objects to this Request as calling for information that is protected by attorney-client privilege and attorney work product privilege. Defendant further objects to the extent the request is equally available to Plaintiff as to Defendant.

2.  All documents, memos, opinions, law articles, government and/or industry publications, and correspondence concerning American Airlines' policy of excluding liability for lost valuables pursuant to language contained in its contract of carriage issued, received, reviewed or generated after Judge Garza's Memorandum Opinion in this case or after Judge Vela's order striking your contract of carriage exclusion defense.

Response: Defendant objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference § II.C.1. above. Defendant further objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad. Defendant further objects to this Request as calling for information that is protected by attorney-client privilege and attorney work product privilege. Defendant further objects to the extent the request is equally available to Plaintiff as to Defendant.

3.      All documents, memos, opinions, law articles, government and/or industry publications, including regulations, statutes and interpretive commentary, and correspondence concerning the applicability of 14 C.F. R. Part 254 to lost or damaged baggage claims and American Airlines' policy of excluding liability for lost baggage claims involving valuables.

Response: Defendant objects to this Request as calling for information that this Court has already

determined is not discoverable and not reasonably calculated to lead to the discovery of admissible

evidence, and Defendant incorporates by reference § II.C.1. above. Defendant further objects to this

Request as calling for information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Defendant further objects to this request as overly broad and

unduly burdensome in that it is not limited in time and its scope is overly broad. Defendant further

objects to this Request as calling for information that is protected by attorney-client privilege and

attorney work product privilege. Defendant further objects to the extent the request is equally

available to Plaintiff as to Defendant.

4.      All policy and/or procedural guidelines, references, forms, and manuals concerning the handling of lost or damaged baggage claims involving loss of or damage to valuables, including any and all changes or modifications concerning same.

Response: Defendant objects to this Request as calling for information that this Court has already

determined is not admissible and not reasonably calculated to lead to the discovery of admissible

evidence, and Defendant incorporates by reference § II.C.1. above. Defendant further objects to this

Request as calling for information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Specifically, American's policy's regarding damaged baggage

is not an issue in this lawsuit. Defendant further objects to this request as overly broad and unduly

burdensome in that it is not limited in time. Defendant further objects to this Request as calling for

information that is protected by attorney-client privilege and attorney work product privilege.

5.      Copies of all pleadings, motions, correspondence, and briefs filed in any court by American Airlines asserting or alleging the validity of its exclusions contained in its contract of carriage.

<u>Response</u>:  Defendant objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference § II.C.1. above.  Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad.

6.      A listing of each and every case filed against American Airlines concerning lost or damaged baggage claim involving domestic air travel.

<u>Response</u>:  Defendant objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference § II.C.1. above.  Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad.  Defendant further objects to the request for cases involving damaged bags because damaged bags are not at issue in this case.

7.      All documents, letters, pleadings, motions, law articles, opinions, government and/or industry publications, including statutes, regulations and interpretive commentary, and correspondence received or reviewed by American Airlines claiming that American Airlines' policy of excluding liability for lost or damaged valuables pursuant to the terms in its contract of carriage was wrong, improper, or illegal.

Response: Defendant objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference § II.C.1. above. Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad. Defendant further objects to this Request as calling for information that is protected by attorney-client privilege and attorney work product privilege.

8.    All documents, letters, pleadings, motions, law articles, opinions, government and/or industry publications, including statutes, regulations and interpretive commentary, correspondence, and advises received or reviewed by American Airlines claiming or alleging that American Airlines' policy of excluding liability for lost or damaged valuables pursuant to the terms in its contract of carriage was proper and legal.

Response: Defendant objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference § II.C.1. above. Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is incredibly broad. Defendant further objects to this Request as calling for information that is protected by attorney-client privilege and attorney work product privilege.

9.    Any and all documents, objects and things which show, demonstrate or evidence the existence of passenger files in microfilm, microfiche, or other similar archival device.

Response: Defendant objects to this Request because American has already produced all claim files in its possession as originally requested and agreed to by Plaintiff's counsel. To require American to produce additional claim files is unduly burdensome and harassing. Defendant incorporates by reference § II.C.2. above and its Response to Plaintiff's Second Motion to Compel, which addresses this issue at length. Defendant further objects to this Request as vague and ambiguous in that "passenger files" is undefined. Defendant further objects to this Request in that "passenger files" would presumably encompass any and all files made for any passenger over any period of time for any reason. Accordingly, this Request, as worded, would possibly call for thousands of microfiche, most of which have nothing to do with the allegations in this lawsuit. This Request is clearly intended to harass and annoy American. Defendant further objects to this Request as unduly burdensome in that it is impractical to produce microfilms at a deposition.

10.  Copies of passenger files fitting the class definition by producing either the original or an archival copy of microfilm, microfiche, or other similar archival device.

Response: Defendant objects to this Request because American has already produced all claim files in its possession as originally requested and agreed to by Plaintiff's counsel. To require American to produce additional claim files is unduly burdensome and harassing. Defendant incorporates by reference § II.C.2. above and its Response to Plaintiff's Second Motion to Compel, which addresses this issue at length. Defendant further objects to this Request in that "passenger files fitting the class definition" is vague and ambiguous. Plaintiff's counsel originally agreed to limit the claim files produced to those in which a Statement of Loss was submitted within 30 days. To now request American to spend additional thousands of dollars for the same task is harassing and unduly burdensome. Defendant further objects to this Request as calling for information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, claim files not filed within 30 days are contractually barred. This Request is clearly intended to harass and annoy American. Defendant further objects to this Request as unduly burdensome in that it is impractical to produce microfilms at a deposition.

11. Copies of the different Contracts of Carriage that American Airlines used form [sic] November 1, 1992 through the present.

Response: Defendant objects because such additional discovery was not allowed by the Court at the January 14, 1999 hearing and because American has already produced the relevant Conditions of Carriage to Plaintiff.

12. Copies of any documents that show or contain a summary of any of the following:

    a.    the total number of domestic lost baggage claims;
    b.    the total amount of money claimed by passengers for reimbursement;
    c.    the total amount of money paid by American Airlines on those claims for any time period encompassed from November 1, 1992 through the present.

Response: American has already produced documents responsive to this request and any summaries of such documents may be produced by Plaintiff as easily as Defendant. Defendant objects to the extent such information would invade the attorney client privilege, and the work product doctrine.

13. Copies of any documents stating how and where passengers' lost baggage claims are kept in storage, including who or what department in American Airlines is responsible for storing these files on microfilm, microfiche, tape backup, computer hard drive or other storage device.

Response: Defendant objects because such additional discovery was not allowed by the Court at the January 14, 1999 hearing and is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14.    Copies of any documents stating any agreements American Airlines has with any other airlines to share or exchange information concerning passenger baggage claims.

Response: Defendant objects to this Request on the ground it is irrelevant and not reasonably

calculated to lead to the discovery of admissible evidence.

15.    Copies of any documents stating how American Airlines determines:

     a.    what items should be classified as being an "excluded liability" item;
     b.    the dollar value of an item lost that will require a passenger to submit a receipt for;
     c.    the amount of depreciation that will be assessed and deducted from a passenger's claim;
     d.    whether an item requiring a receipt for payment will be paid in full or at a lower rate when no such receipt is provided.

Response: Defendant objects to this Request as calling for information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to

this Request as calling for information that this Court has already determined is not discoverable and

not reasonably calculated to lead to the discovery of admissible evidence, and Defendant

incorporates by reference §§ II.B. & II.C.3. above.

16.    Copies of any documents stating what steps American Airlines has taken to prevent and prosecute theft of passengers' baggage by American Airlines employees or other persons from November 1, 1992 through the present.

Response: Defendant objects to this Request as calling for information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to

this Request as calling for information that this Court has already determined is not discoverable and

not reasonably calculated to lead to the discovery of admissible evidence, and Defendant

incorporates by reference §§ II.B. & II.C.3. above. Defendant further objects to this request as

overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad.

Defendant further objects to this Request as calling for information that is protected by attorney-client privilege and attorney work product privilege.

17.    Copies of any documents that state the number as well as the results of any internal investigations conducted by or for American Airlines regarding theft of passengers' baggage by American Airlines employees.

<u>Response</u>: Defendant objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference §§ II.B. & II.C.3. above. Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad. Defendant further objects to this Request as calling for information that is protected by attorney-client privilege and attorney work product privilege.

18.    Copies of any documents that state the number and date of prosecutions or referral for prosecution of American Airlines employees for theft of passengers' baggage.

<u>Response</u>: Defendant objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference §§ II.B. & II.C.3. above. Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad. Defendant further objects to this Request as calling for information that is protected by attorney-client privilege and attorney work product privilege.

19.     Copies of any photographs, videotapes, or other evidence of theft of passenger belongings by non American Airlines personnel.

Response: Defendant objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference §§ II.B. & II.C.3. above. Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad. Defendant further objects to this Request as calling for information that is protected by attorney-client privilege and attorney work product privilege.

20.     Copies of any statements, reports, notes, surveillance notes, or investigations concerning theft of passenger belongings by non American Airlines personnel.

Response: Defendant objects to this Request as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as calling for information that this Court has already determined is not discoverable and not reasonably calculated to lead to the discovery of admissible evidence, and Defendant incorporates by reference §§ II.B. & II.C.3. above. Defendant further objects to this request as overly broad and unduly burdensome in that it is not limited in time and its scope is overly broad. Defendant further objects to this Request as calling for information that is protected by attorney-client privilege and attorney work product privilege.

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By:_____
David T. Moran
State Bar No. 14419400
Attorney-In-Charge
Brian A. Kilpatrick
State Bar No. 00784392

Jorge C. Rangel
State Bar No. 16543500
The Law Offices of Jorge C. Rangel
719 S. Shoreline Blvd., Ste. 501
Corpus Christi, Texas 78403
(512) 883-8500
FAX (512) 883-2611

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.


## CERTIFICATE OF CONFERENCE

This is to certify that counsel conferred on March 29 and 30, 1999, to reach a resolution of the issues presented but were unable to do so. This motion is thus presented to the Court for a determination.

_____
David T. Moran

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record via telecopier and via certified mail, return receipt requested, on this 30th day of March, 1999.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas  78550

_____
David T. Moran