100

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 19 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

**DEFENDANT'S NOTICE TO COURT OF CLARIFICATION OF RECORD**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant American Airlines, Inc. ("American") files its Notice to Court of Clarification of Record for Purposes of Class Certification, as follows:

**I.**

The Court has determined that American's exclusion of liability clause contained in its Conditions of Carriage is unenforceable because the Court has held it violates 14 C.F.R. § 254.4. In prior briefing to this Court, most notably in American's Motion for Summary Judgment and in the class certification briefing, American relied upon a version of the Conditions of Carriage which had actually been superseded by a later revised version. Although the revisions to the pertinent provisions are minor, and do not substantively affect American's arguments to this Court, or the Plaintiff's contentions that the exclusion of liability clause and statute of limitations provision are invalid, American hereby notifies the Court of the differing versions of the Conditions of Carriage since November 1992, the beginning of the Court's proposed class period.

## II.

Attached hereto as Exhibit A is the Affidavit of Jeannette Cook, outlining and authenticating the various versions of the Conditions of Carriage which are relevant to this class action lawsuit. Attached to this Affidavit as Exhibits 1-4 are documents which demonstrate the history of revisions to the relevant paragraph in the Conditions of Carriage concerning baggage liability limits and the exclusion of liability for certain items. These documents are marked AA A, B & C and Callahan Deposition Exhibit 21.

The document marked AA A (Exhibit A-1) was in effect for the period May 4, 1992 through December 3, 1993. The relevant provision is as follows:

> AMERICAN IS NOT RESPONSIBLE FOR JEWELRY, CASH, CAMERA EQUIPMENT OR OTHER SIMILAR VALUABLE ITEMS CONTAINED IN CHECKED OR UNCHECKED BAGGAGE. IF ANY OF THESE ITEMS ARE LOST, DAMAGED, OR DELAYED, YOU WILL NOT BE ENTITLED TO ANY REIMBURSEMENT UNDER EITHER AMERICAN'S STANDARD BAGGAGE LIABILITY OR UNDER ANY DECLARED EXCESS VALUATION. THESE ITEMS SHOULD BE CARRIED PERSONALLY BY YOU.

Thereafter, the document marked AA B (Exhibit A-2) was effective from December 3, 1993 until January 13, 1995. The document marked AA C (Exhibit A-3) was effective from January 13, 1995 through January 7, 1997 (the third paragraph on exclusions is unchanged). Finally, the document marked Exhibit 21 to the Callahan Deposition (Exhibit A-4) was effective from January 7, 1997 to the present (the third paragraph on exclusions remains unchanged). Thus, the exclusion of liability provision in effect from December 4, 1993 to the present is as follows:

> AMERICAN ASSUMES NO RESPONSIBILITY FOR LOSS, DAMAGE OR DELAYED DELIVERY OF TRANSFERRED BAGGAGE NOT ACCEPTABLE FOR TRANSPORTATION BY AMERICAN AS CHECKED BAGGAGE, ITEMS DAMAGED AS A RESULT OF ITEMS CONTAINED IN CHECKED OR TRANSFERRED BAGGAGE, ITEMS ACCEPTED BY AMERICAN PURSUANT TO THE EXECUTION OF A RELEASE FORM, AND ANY OF THE

FOLLOWING ITEMS, REGARDLESS WHETHER AMERICAN KNEW OR SHOULD HAVE KNOWN OF THE PRESENCE OF SUCH ITEMS IN CHECKED, TRANSFERRED OR UNCHECKED BAGGAGE - ANTIQUES, ARTIFACTS, ARTWORK, BOOKS AND DOCUMENTS, CHINA, COMPUTERS AND OTHER ELECTRONIC EQUIPMENT, COMPUTER SOFTWARE, FRAGILE ITEMS, FURS, HEIRLOOMS, ITEMS CARRIED IN THE PASSENGER COMPARTMENT OF THE AIRCRAFT, LIQUIDS, MEDICINES, MONEY, ORTHOTICS, SURGICAL SUPPORTS, PERISHABLE ITEMS, PHOTOGRAPHIC, VIDEO AND OPTICAL EQUIPMENT, PRECIOUS METALS, STONES OR JEWELRY, SECURITIES AND NEGOTIABLE PAPERS, SILVERWARE, UNIQUE OR IRREPLACEABLE ITEMS OR ANY OTHER SIMILAR VALUABLE ITEMS. IF ANY SUCH ITEMS ARE LOST, DAMAGED OR DELAYED, YOU WILL NOT BE ENTITLED TO ANY REIMBURSEMENT UNDER AMERICAN'S STANDARD BAGGAGE LIABILITY, OR UNDER ANY DECLARED EXCESS VALUATION. THESE ITEMS SHOULD BE CARRIED BY YOU IN THE PASSENGER CABIN.

### III.

The Court has also determined that American's contractual statute of limitations for filing suit and making claims contained in its Conditions of Carriage is unenforceable and that a four-year statute of limitations will apply under Texas law. American hereby notifies the Court of the differing versions of the claims limitation provisions since November 1992, the beginning of the Court's proposed class period.

### IV.

Attached to the Affidavit of Jeannette Cook as Exhibits 5-7 are documents which demonstrate the history of revisions to the relevant paragraph in the Conditions of Carriage concerning claims limitations. These documents are marked AA D, E & F.

The document marked AA D (Exhibit A-5) was in effect for the period December 10, 1991 through October 22, 1993. Thereafter, the document marked AA E (Exhibit A-6) was effective from October 22, 1993 until January 13, 1995. The relevant provision, which is identical in both

documents, and was hence effective from December 10, 1991 through January 13, 1995, is as follows:

> IN THE EVENT OF DELAY, LOSS, OR DAMAGE TO CHECKED BAGGAGE, NOTICE OF ANY AN ALL CLAIMS SHOULD BE GIVEN TO AMERICAN UPON DISCOVERY PRIOR TO LEAVING THE AIRPORT, AND IN ANY EVENT, WRITTEN NOTICE MUST BE GIVEN WITHIN 7 DAYS OF THE INCIDENT. WRITTEN NOTICE OF ALL OTHER CLAIMS AGAINST AMERICAN MUST BE GIVEN TO AMERICAN WITHIN 21 DAYS OF THE INCIDENT OR AS REQUIRED BY LAW. ANY LEGAL ACTION PREMISED ON OR RELATED TO THE INCIDENT MUST BE COMMENCED WITHIN ONE YEAR OF THE DATE OF THE INCIDENT. IF NOTICE IS NOT PROVIDED AS SET FORTH ABOVE AND LEGAL ACTION IS NOT COMMENCED WITHIN ONE YEAR OF THE DATE OF THE INCIDENT, THEN AMERICAN DISCLAIMS ANY AND ALL LIABILITY ARISING FROM OR RELATING TO SUCH INCIDENT.

Thereafter, the document marked AA F (Exhibit A-7) was effective from January 13, 1995 until the present. Thus, the relevant provision of the exclusions in effect from January 13, 1995 to the present is as follows:

> IN THE EVENT OF LOSS, DELAY, OR DAMAGE TO CHECKED BAGGAGE OR PROPERTY, AMERICAN MUST BE NOTIFIED BEFORE THE PASSENGER LEAVES THE ARRIVAL AIRPORT, BUT IN ANY EVENT WITHIN TWENTY-FOUR (24) HOURS AFTER THE ARRIVAL OF THE FLIGHT ON WHICH THE BAGGAGE OR PROPERTY WAS CHECKED. A WRITTEN CLAIM MUST BE SUBMITTED TO AMERICAN WITHIN THIRTY (30) DAYS AFTER THE ARRIVAL OF THE FLIGHT ON WHICH THE BAGGAGE OR PROPERTY WAS CHECKED. WRITTEN NOTICE OF ALL OTHER CLAIMS AGAINST AMERICAN MUST BE GIVEN TO AMERICAN WITHIN TWENTY-ONE (21) DAYS OF THE INCIDENT OR AS REQUIRED BY LAW. ANY LEGAL ACTION PREMISED ON OR RELATED TO THE INCIDENT MUST BE COMMENCED WITHIN ONE YEAR OF THE DATE OF THE INCIDENT. IF NOTICE IS NOT PROVIDED AS SET FORTH ABOVE AND LEGAL ACTION IS NOT COMMENCED WITHIN ONE YEAR OF THE DATE OF THE INCIDENT, THEN AMERICAN DISCLAIMS ANY AND ALL LIABILITY ARISING FROM OR RELATING TO SUCH INCIDENT.

**V.**

American submits this Notice to the Court so that it will have all the relevant versions of Conditions of Carriage before it for purposes of considering all issues relating to class certification, including this Court's ultimate conclusion that the exclusion of liability clause is invalid.

**VI.**

Counsel for Plaintiff was provided a copy of this information on April 9, 1999.

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
David T. Moran
State Bar No. 14419400
Attorney-In-Charge
Brian A. Kilpatrick
State Bar No. 00784392

Jorge C. Rangel
State Bar No. 16543500
The Law Offices of Jorge C. Rangel
719 S. Shoreline Blvd., Ste. 501
Corpus Christi, Texas 78403
(512) 883-8500
FAX (512) 883-2611

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record via certified mail, return receipt requested, on this 16th day of April, 1999.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
Brian A. Kilpatrick