103

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 22 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| HECTOR A. CASAS, ) | |
| Plaintiff ) | |
| Vs. ) | Civil Cause No. B-96-207 |
| ) | |
| AMERICAN AIRLINES, INC. ) | |
| Defendant ) | |

**PLAINTIFF'S MOTION REQUESTING STATUS HEARING ON PENDING MOTIONS AND PROPOSED ORDER ON CLASS CERTIFICATION**

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Plaintiff Hector A. Casas, by and through his attorney Heriberto 'Eddie' Medrano, and by this motion requests the Court set a hearing wherein the status of various pending motions can be ruled on by the Court. Action by the Court is imperative for this case to proceed regarding discovery and appeal.

**I.
Pending Matters**

Motions pending one month are:

1. Plaintiff's 2nd Motion To Compel Discovery – Opposed by Defendant.

2. Plaintiff's Motion To Continue Deadline To Complete Discovery – Not opposed by Defendant.

3. Plaintiff's Motion For Class – Opposed by Defendant.

**II.
The Need For Court Order Compelling Discovery**

In the intervening month since Plaintiff submitted his 2nd Motion To

1

Compel Discovery, Plaintiff noticed for deposition Defendant's Manager for Central Baggage Service with a subpoena duces tecum. Defendant tendered the witness, Ms. Lisa Callahan, but refused to produce any of the documents requested except for a second version of Defendant's contract of carriage (labeled 'Conditions of Carriage').

Defendant tendered a one page excerpt at the beginning of the deposition and only after a heated exchange between Plaintiff's counsel and Defendant's trial and corporate counsel, was Plaintiff able to obtain a supposedly complete copy of the revised Conditions of Carriage. Subsequent to the deposition, Defendant informed Plaintiff that **other versions** of its Conditions of Carriage exist which have NEVER been produced despite Plaintiff's request for production of these basic and crucial documents *more than two years ago*.

As a consequence of Defendant's stonewalling, obstructionist tactics and blatant disregard for this Court's Orders and the Federal Rules of Civil Procedure regarding discovery, Plaintiff's two important depositions of Defendant's key witness regarding the very essence of Defendant's exclusion from liability policy have been a total waste of time. Plaintiff cannot do a complete deposition of Defendant's personnel and its policy regarding passenger lost baggage claims contained in its Conditions of Carriage, if Defendant keeps changing the contract and the wording contained in same, and continues to do so now almost 2 ½ years since the case was filed.

Additionally, Defendant has refused to produce ALL passenger claim files that fit the Definition of Class, in direct violation of this Court's Orders to produce

2

same. Because of this flagrant disregard of the Court's Orders, Plaintiff cannot tell this Court the exact number of passengers that qualify as Class members.

### III.
### Defendant's Attempt To Circumvent Discovery

Defendant contends it does NOT have passenger claim files from November, 1992 through November 1995. Plaintiff has requested Defendant produce for deposition the person(s) who ordered and carried out the destruction of these files in light of the fact that Defendant admits it had the majority of these now missing files in November, 1996 when Plaintiff filed his complaint.

Plaintiff has a right to depose the parties responsible for destroying files that existed at the time the lawsuit was filed and were not preserved for discovery as required by law. Defendant refuses to tender the parties responsible for deposition. Indeed, during the second deposition two weeks ago, Defendant's custodian of records regarding passenger claim files, admitted that it wasn't until May of 1998, a full eighteen (18) months after Plaintiff filed his lawsuit, that Defendant's attorneys at Jackson & Walker informed Defendant NOT to destroy these passenger claim files. Why? Plaintiff has a right to discover the motives behind Jackson & Walker's failure to notify Defendant to preserve these files when suit was filed in November 1996. Defendant's refusal to comply with Plaintiff's discovery and deposition requests is inexcusable.

### IV.
### The Deposition Transcript Clearly Demonstrates Defendant's Stonewalling, Obstructionist and Flagrant Violations of Court Orders and Federal Rules

Plaintiff submits a condensed copy of the deposition of Defenant's Manager of Central Baggage Services, Ms. Lisa Callahan along with deposition

3

exhibits (EXHIBIT 1). Plaintiff requests the Court review the transcript testimony which will best illustrate the failure of Defendant to provide Plaintiff with the discovery and documents he is by law entitled to, and highlight the stonewalling and obstructionist tactics Defendant uses to circumvent this Court's Orders and the rules of discovery.

Wherefore, premises considered, Plaintiff prays the Court grant this Motion and set a hearing as soon as possible, or in the alternative, enter rulings granting the relief prayed for by Plaintiff in those pending pleadings.

Respectfully submitted,

Heriberto 'Eddie' Medrano
Attorney for Plaintiff

Federal Bar #5952
Texas Bar #13897800

1101 West Tyler St.
Harlingen, Texas  78550
Tel. (956) 428-2412
Fax (956) 428-2495

### Certificate of Service

I, the undersigned, do certify that a true copy of this foregoing Motion was sent via facsimile to Mr. David Moran, at Jackson & Walker, attorneys for Defendant American Airlines, Inc., this 22nd day of April, 1999.

Heriberto 'Eddie' Medrano

4