104

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 3 0 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### MOTION FOR STATUS HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant American Airlines, Inc. ("American") and files this its Response to Plaintiff's Motion for a Status Hearing and would show as follows:

### I.

### SUMMARY OF RESPONSE

This Court conducted a status conference on January 14, 1999; a second status conference is within the Court's discretion. However, American believes another hearing is unnecessary. American requests that the Court issue its Order on the pending Class Certification Motion so that the parties may immediately proceed to obtain review by the Fifth Circuit on the important issues which will resolve this case. The motion is fully briefed and the limited discovery allowed by the Court in January is complete: American has produced its passenger lost baggage claim files in accordance with Plaintiff's request and Ms. Callahan appeared for a second deposition that lasted for a full day.

## II.

## NO ADDITIONAL DISCOVERY IS NEEDED

At the last status conference, the Court allowed Plaintiff limited, additional discovery as to the size of the class and damages claimed by putative class numbers. The Court denied Plaintiff's requests for additional discovery. In doing so, the Court saw that this case needs final resolution on the few critical legal issues and not further, extensive discovery. American complied with the Court's ruling; it produced thousands of original passenger lost baggage claim files as Plaintiff requested and did so on an expedited basis. That production is complete. In addition, American produced Ms. Callahan for a second deposition at which time counsel for Plaintiff examined Ms. Callahan for a full day on matters well beyond the scope of the limited discovery allowed in January.

As to additional discovery sought by Plaintiff at Ms. Callahan's deposition, Plaintiff's request clearly exceeded the scope allowed by the Court in January. Indeed, Plaintiff sought discovery of items specifically disallowed by the Court in January. American rightfully insisted that Plaintiff adhere to the Court's ruling in January 1999 and limit the discovery to the subjects allowed. Notwithstanding this clear directive from the Court, Plaintiff sought discovery on subjects specifically considered and disallowed by the Court in January or not otherwise consistent with the Court's ruling.[1]

As to the Conditions of Carriage, there are two versions for exclusion for losses of certain baggage during the putative class period. Plaintiff was provided both versions at Ms. Callahan's deposition. The differences do not substantially effect either Plaintiff's or Defendant's legal

---

[1] For example, in direct defiance of the Court's ruling in January, Plaintiff continued to seek discovery of pilferage information and American's policy of exclusion.

positions. In fact, the controlling legal issue remains the same - does 14 C.F.R. § 254 declare contractual exclusions unlawful? Moreover, the Plaintiff has suffered no prejudice because Plaintiff's camera is excluded under both versions.

Contrary to Plaintiff's misleading assertions at pp.2-3, American fully complied with the discovery allowed in January. As explained in American's Response to Plaintiff's Second Motion to Compel Discovery, Plaintiff's counsel has completely changed his mind and requested production of claim files that are undisputedly untimely and thus barred as a matter of law. For Plaintiff to now claim American has not complied with the Court's Order is quite astounding; Plaintiff's counsel stated his request for these additional files due to his own error and that he placed "no blame on [counsel for American] or American."

## III.

## AMERICAN'S COMPLIANCE WITH DOCUMENT PRESERVATION POLICIES

Plaintiff continues to mislead the Court regarding American's passenger lost baggage claims files. American has produced to Plaintiff the requested lost baggage files that American has in its possession: those files extend back to November 1994 (and not 1995 as incorrectly asserted at p. 3 of Plaintiff's Motion). Contrary to Plaintiff's assertion, as Ms. Callahan's deposition and other evidence before the Court establishes[2], American has adhered to its long standing three year document retention policy and took immediate steps to preserve claim records immediately upon request by Plaintiff's counsel. The remainder of Plaintiff's motion is misleading and is for harassment.

---

[2] See Defendant's Response to Plaintiff's Second Motion to Compel Discovery which is incorporated by reference Fed. R. Civ. P. 10(c).

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR STATUS HEARING**  Page 3
2236230.1 /101490.38

IV.

## THE DEPOSITION TRANSCRIPT SHOWS PLAINTIFF'S CONDUCT WAS FOR HARASSMENT AND WAS WASTEFUL

The Court allowed a second deposition of Lisa Callahan. Plaintiff has now deposed her for more than 10 hours and the deposition transcript totals 487 pages. The Court allowed discovery of the size of the class and asserted damages: these limited topics were in fact fully covered in Ms. Callahan's first deposition in May 1998. In any event, the additional discovery should have been easily covered in a short deposition. Instead, the Plaintiff deposed Ms. Callahan for a full day and devoted the entire afternoon of her deposition to completely irrelevant subjects. Specifically, Plaintiff's counsel examined Ms. Callahan in great detail about lost baggage claim files of 10 specific passengers who are not even within the putative class definition: these passengers received compensation by American for the loss of an excluded item after American reconsidered their claim. In other words, Plaintiff examined Ms. Callahan for four hours about claims that <u>were paid</u>! Moreover, Plaintiff's counsel was also abusive of Ms. Callahan in his questioning of her. (For example, when Plaintiff's counsel became unsatisfied with an answer, he berated Ms. Callahan and tried to have her change her testimony by reminding her she was under oath). The transcript shows no interference by American; indeed, it shows that American, in compliance with the Court's ruling, allowed a second deposition of its witness to last a full day and allowed questioning about matters beyond the scope allowed by the Court.

## V.

## **CONCLUSION**

The Plaintiff seeks to involve more and more of the Court's time and resources -- and the parties' -- on matters that are likely to be entirely unnecessary. The Court does not need to concern itself with any further matters; instead the Court and the parties should await the rulings by the Fifth Circuit as to whether the Court has jurisdiction, whether this Plaintiff even has a cause of action, whether the claim has merit, whether a class action may be certified, and if so, whether a one year period of limitation is appropriate. After such a decision, any remaining issues can be addressed by the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant American Airlines, Inc. respectfully prays that the Court deny Plaintiff's Motion and that American obtain further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
David T. Moran
State Bar No. 14419400

Jorge C. Rangel
State Bar No. 16543500
The Law Offices of Jorge C. Rangel
719 S. Shoreline Blvd., Ste. 501
Corpus Christi, Texas 78403
(512) 883-8500
FAX (512) 883-2611

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of Defendant's Response to Plaintiff's Motion for Status Hearing has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 29th day of April, 1999.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
David T. Moran

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR STATUS HEARING**  Page 7
2236230.1 /101490.38