United States District Court
South... ...of Texas

NOV 29 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS, PLAINTIFF, | § § | |
| VS | § § | CIVIL ACTION NO. B-96-207 |
| AMERICAN AIRLINES, DEFENDANT | § § | JURY |

## MASTER'S REPORT AND RECOMMENDATION

This lawsuit arises out of the loss of a passenger's luggage which contained camera equipment. American Airlines summarily denied the passenger's claims of loss relying on an "exclusion of liability" clause contained in its Condition of Carriage. Plaintiff filed suit for his individual loss of $1,029, and sought to certify a class of other similarly situated passengers. Plaintiff initially invoked federal question jurisdiction, pursuant to regulations under the Federal Aviation Act. Defendant moved to dismiss, alleging lack of subject matter jurisdiction, and moved for summary judgment, alleging that the exclusion of liability clause was valid and enforceable. Subsequently, Plaintiff amended his complaint and invoked this Court's jurisdiction under Federal Common Law. The District Court has denied both Defendant's motions. However, on July 6, 1999, District Judge Hilda G. Tagle accepted to reconsider some of the previous rulings, and referred the matter to the undersigned Special Master, Paul G. Hajjar, for recommendation. As framed by Judge Tagle, the issues presented are as follows:

1. Whether this cause of action arises under the Federal Common Law or under the Code of Federal Regulations.

2. Whether American Airlines' Contract of Carriage exempting it from liability on certain items is enforceable.

The undersigned has read the parties' pleadings, listened to their counsel arguments and considered the issues raised in light of the record and the applicable law, and is of the opinion that Plaintiff's claims arise under Federal Common Law and consequently the denial of Defendant's

MASTER'S REPORT AND RECOMMENDATION - Page 1

Motion to Dismiss for lack of subject matter jurisdiction was proper and should be left undisturbed. Moreover, the finding that American Airlines' exclusion of liability clause contained in its Condition of Carriage is unenforceable is not unsupported by legal precedents and therefore, under the Law of the Case Doctrine, should be sustained. However, the entry of judgment in favor of Plaintiff was premature and accordingly the undersigned recommends that the judgment for Plaintiff be vacated.

In support of the aforementioned opinion and recommendations, the Master files the following findings of fact and conclusions of law.

### Findings of Fact

1. On or about September 3, 1996, Plaintiff Hector A. Casas was returning to Harlingen as a passenger on an American Airlines flight that originated in Orlando, Florida. When Plaintiff arrived in Harlingen, one of his checked bags containing a video camera and accessories could not be located. Plaintiff filed a claim with American Airlines for $1,029, the claimed value of the camera. American Airlines denied the claim based upon the exclusion of liability for loss of camera under American Airlines' Conditions of Carriage.

2. Plaintiff filed the instant suit for his individual loss of $1,029, and sought to certify a class of other similarly situated passengers. Plaintiff invoked initially federal question jurisdiction pursuant to regulations under the Federal Aviation Act, subsequently, in an amended pleading, Plaintiff invoked this Court's jurisdiction under Federal Common Law. Both parties moved for summary judgment on Plaintiff's individual claim.

3. On March 26, 1998, District Judge Filemon B. Vela, adopting a Report and Recommendation of Magistrate Judge Fidencio G. Garza, Jr., granted Plaintiff's motion and denied American Airlines'. The Court, applying Federal Law, held that American Airlines' Exclusion of Liability provision was "reasonably communicated" to Plaintiff. However, the Court went on to hold that the contractual exclusion was

**MASTER'S REPORT AND RECOMMENDATION** - Page 2

unenforceable based upon "implication" arising from 14 C.F.R. §254.4, which provides that "[a]n air carrier shall not limit its liability for provable direct or consequential damages resulting from the disappearance of, damage to, or delay in delivery of a passenger's personal property, including baggage, in its custody to an amount less than $1,250 for each passenger." Thus, the Court awarded Plaintiff $1,029.

4. Plaintiff alleged that jurisdiction in this case "arises under" the Federal Aviation Act and 14 C.F.R. §§253 and 254, "specifically the Federal Aviation Act of 1958 sec. 101 et seq., 49 U.S.C. App. Sec. 1301 et seq. And 14 C.F.R. §§253 and 254." See Plaintiff's First Amended Original Complaint at II. In other words, Plaintiff contends that the Federal Statute and Regulations expressly or implicitly create a "private right of action" for which he may sue. On or about July 31, 1998, American Airlines filed its Motion to Dismiss. American Airlines argued that the District Court lacked subject matter jurisdiction because Plaintiff sued to enforce the Federal Aviation Act and related regulations and neither the statute nor the regulations create a private right of action.

5. At a status hearing on January 14, 1999, Judge Tagle recognized that there were certain key legal issues (including those discussed herein) that needed final resolution prior to costly class certification and trial. On June 11, 1999, Judge Tagle, in a telephone conference with the attorneys of record, indicated that she desired to revisit several substantial rulings made in the case, including the summary judgment ruling by her predecessor on the interpretation of 14 C.F.R. §254, her own ruling denying American Airlines' Motion to Dismiss for lack of subject matter jurisdiction. On July 6, 1999, Judge Tagle referred two specific legal issues to the undersigned for a report and recommendation.

6. Any finding of fact more appropriately deemed a conclusion of law shall be considered a conclusion of law.

## Conclusions of Law

1. Plaintiff clearly alleges facts sufficient to raise a federal subject matter jurisdiction.

2. The seminal case that analyzes in depth the jurisdiction issues of baggage claim actions after the deregulation of the airline industry is <u>First Pennsylvania Bank v. Eastern Airlines</u>, 731 F.2d 113 (3d Cir. 1984). In this case, a passenger appealed the district court's award of $500.00, the released value, for checks lost during shipment that had a total value of $364,313.45. The passenger argued that after the deregulation of the airline industry, Pennsylvania State Law was applicable. <u>Id.</u> at 1114. After a thorough analysis, the Third Circuit concluded that federal law, rather than state law, governed. The Court found that releasing carriers of the obligation of filing tariffs essentially eliminated the requirement of exhausting administrative remedies. Id. at 1121.

3. Mr. Casas' baggage claim action is clearly a federal cause of action. This Court has previously denied Mr. Casas' state law claims on these grounds. American Airlines concedes that federal common law principles govern this dispute but argues that the district court erred in allowing Plaintiff to amend his complaint and belatedly invoke this Court's federal common law jurisdiction. <u>See</u> <u>Aetna Cas. & Sur. Co. v. Hollman</u>, 796 F.2d 770, 776 (5th Cir. 1981). We disagree. <u>Aetna</u> dealt with diversity jurisdiction and not subject matter jurisdiction and therefore is inapplicable. Plaintiff's original complaint raised a federal question jurisdiction (Baggage Claims Action) and called for the interpretation of a Federal Regulation 14 C.F.R. §254.4.

4. This Court need not decide whether 14 C.F.R. §254.4 authorizes a private cause of action. However, should the Court decide that an answer to that question is necessary, the U.S. Supreme Court in <u>Cort v. Ash</u>, 422 U.S. 36, 66 S. Ct. 2080 (1975), outlined the four factors a Court should consider in determining if a private cause of action is implicitly created by a specific federal statute that does not expressly provide one.

**MASTER'S REPORT AND RECOMMENDATION** - Page 4

The four factors to be considered are:

1 - Does the statute create a federal *right in Plaintiff's favor?*

2 - Is there an indication of a *legislative intent to create a private remedy* or to *deny* one?

3 - Would implying such a private remedy *be consistent with the underlying purpose* of the legislative scheme?

4 - Does the cause of action lie within an area of traditional state concern, so that it would be *inappropriate* to infer a cause of action based *solely* on federal law?

Under this four prong test, 14 C.F.R. §254 would likely be found to have implicitly given a private cause of action to passengers whose luggage was lost.

5. Plaintiff urges this Court to reconsider the previous dismissal of his previous state common law causes of action in light of <u>Charas v. TWA</u>, 160 F.3d 1259 (9th Cir. 1998). In <u>Charas</u>, the Ninth Court of Appeals in an en banc decision reversed its own prior rulings interpreting the Air Deregulation Act as preempting passengers state law claims against carriers. Because the <u>Charas</u> decision is a Ninth Circuit decision, issued after the filing of this cause of action and the partial granting of Defendant's Summary Judgment, the undersigned does nor believe that a vacation of the partial summary judgment in favor of Defendant would be warranted.

6. The only crucial and controversial decision made in this case at this point is the holding that American Airlines exclusion of liability clause is unenforceable, as being contrary to the mandates of 14 C.F.R. §§253 and 254. American Airlines urges this Court to reconsider such a ruling as contrary to law and against public policy. American Airlines contends in its memorandum of law:

"For at least fifty years, commercial airlines such as American have included a term in their Conditions of Carriage informing passengers that the airline does not accept certain items, such as cash, jewelry, cameras, and other similar articles, and

that the airline is not liable if such items are lost or damaged. Such exclusions have long been upheld, and the rationale was explained by United States District Judge Irving Kaufman a half a century ago:

> The reason for the development of valuation agreements was to give the carrier the right to receive compensation commensurate with the risk taken by accepting the cargo for transportation. ... It does not seem unreasonable for the defendant to require that a passenger carry such valuable items as jewelry at his own risk. If this Court were to agree with plaintiff's contention, that excluding or limiting liability is unreasonable and unlawful, defendant and other carriers would be subject to endless claims, many undoubtedly fraudulent, against which the carriers would have little or no protection. Indeed, in many cases the carrier would have no way of ascertaining whether the article claimed as lost actually was carried. How, for example, could the carrier have verified that there was jewelry in the bag which was misdelivered. The necessity for safeguards against questionable claims was, in all probability, the practical rationale for the development of valuation agreements; a like rationale applies to the exclusion clause in this case. Lichten v. Eastern Airlines, Inc., 87 F.Supp. 691, 695-96 (S.D.N.Y. 1949), aff'd 189 F.2d 939 (2d Cir. 1951)."

7. Fifty years later, it is time for this rule to change. The airline industry is mature and unregulated and can adjust to competitive market mechanisms and common law rules governing contracts and torts. Electronic equipment is ubiquitous and inexpensive and no rationale exists to differentiate between a $1,000 coat or a $1,000 camera when loss is at issue. The validity of exculpatory clauses has long been questioned by the courts, see 55 J.Air L. & Comm. 653, 673. See also New York, N.H. & H.R.R. v. Nothnagle, 346 U.S. 128, 136 (1953):

> The great object of the law governing common carriers was to secure the utmost care in the rendering of a service of the highest importance to the community. A carrier who stipulates not to be bound to the exercise of care and diligence "seeks to put off the essential duties of his employment." It is recognized that the carrier and the individual customer are not on equal footing. "The latter cannot afford to higgle [sic] or standout and seek redress in the courts."

**MASTER'S REPORT AND RECOMMENDATION - Page 6**

8. Finally, the entering of judgment in favor of Plaintiff may infringe on Defendant's right to have the claims against it tried by a Jury. Absent an unconditional stipulation regarding the facts, the entry of Judgment should be vacated.

### Conclusion

In conclusion, the undersigned recommends the following:

1. This court has subject matter jurisdiction over this cause of action that arises under federal common law and calls for the interpretation of federal regulations 14 C.F.R. 253, 254.

2. State causes of action are preempted.

3. The exclusion of liability clause, though clearly communicated to Plaintiff, is unenforceable. Such exclusion is in contradiction with a federal regulation and against public policy.

4. Judgment in favor of Plaintiff should be vacated.

Copies of this Report and Recommendation have been mailed to the parties' attorneys.

Done at Brownsville, Texas, this 29th day of November, 1999.

Respectfully submitted,

*[signature: Paul G. Hajjar]*

SPECIAL MASTER
PAUL G. HAJJAR
TBN        8716665
SDTN      23573
507 East Elizabeth Street
Brownsville, Texas 78520
Telephones: (956) 544-7799
Facsimile:    (956) 504-4044

**MASTER'S REPORT AND RECOMMENDATION - Page 7**