112

United States District Court
Southern District of Texas
FILED

JAN 14 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS, | * | |
| PLAINTIFF | * | |
| VS. | * | CIVIL ACTION NO. B-96-207 |
| | * | |
| AMERICAN AIRLINES, INC., | * | JURY |
| DEFENDANT | * | |

**PLAINTIFF'S LIMITED OBJECTIONS TO
MASTER'S FIRST AMENDED REPORT AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF SAID COURT;

Comes now Plaintiff, by and through his attorney Heriberto 'Eddie' Medrano, and files these limited objections to the Master's First Amended Report and Recommendation and would state the following in support thereof:

**Findings of Fact**

Plaintiff has no objections to the six paragraphs as stated in the Master's Findings of Fact.

Plaintiff, however, would add an additional paragraph to the Findings of Fact as stated. Said paragraph would state that Defendant American Airlines agreed and consented to this Federal Court having jurisdiction over Plaintiff's cause of action and further did not challenge Plaintiff's right sue to enforce the provisions of 14 CFR 254 ---Baggage Liability, until *AFTER* both the Magistrate and U. S. District Judge Filemon Vela ruled in favor of Plaintiff's Motion For Summary Judgment and awarded Plaintiff full compensation on his damages claim for $1,029.

1

## Conclusions of Law

Plaintiff does not object to the Master's Conclusions of Law as stated, except as to paragraphs 5 and 8.

### Paragraph 5 – Plaintiff's State Causes of Action in lieu of Charas v. TWA

Plaintiff disagrees with the Master's upholding this Court's ruling dismissing Plaintiff's State causes of action, in light of the Charas v. TWA decision by the U.S. Ninth Circuit Court of Appeals. Specifically, the Master contends that because the Charas decision was rendered by the Ninth Circuit Court of Appeals and was issued AFTER this Court's initial ruling dismissing Plaintiff's State causes of action, reversal is not warranted. Plaintiff respectfully disagrees.

Plaintiff, requests this Honorable Court read Charas v. TWA, 160 F.3d 1259 (9th Cir. 1998) for itself. In this **1998 *en banc decision***, the Ninth Circuit Court of Appeals, consolidated five separate cases involving airline passengers suing several airlines, two of which involved this Defendant, for personal injuries and damages arising under various state causes of action.

The Ninth Circuit Court of Appeals, ***en banc***, reversed its prior rulings which had held that the Federal Air Deregulation Act *preempted* certain state law claims which airline passengers used to sue airlines for personal injuries and damages sustained by them. In reversing its prior preemption rulings, the Court stated that the word "service" as used by Congress in the phrase "rates, routes, or service" in the ADA's preemption clause regarding state causes of action,

2

ClibPDF - www.fastio.com

"refer to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail." <u>Charas</u> at p. 1260.

The Court stated, "Congress did not intend to preempt passengers' run-of-the-mill personal injury claims…" and that "service was not intended to include an airlines' provision of in-flight beverages, personal assistance to passengers, **the handling of luggage**, and similar amenities." (emphasis added) <u>Charas</u> at p. 1260. The Ninth Circuit Court of Appeals reversed all five District Court rulings dismissing those Plaintiffs' state causes of action, ruled that the ADA did NOT preempt these state causes of action and remanded same to District Court for trial.

Because this Court has not yet issued a Final Order regarding class certification, it should reverse its prior ruling dismissing Plaintiff's State causes of action in deference to the Ninth Circuit's **en banc** decision in <u>Charas</u>.

**Paragraph 8 – Court's Judgement awarding Plaintiff damages of $1,029**

Judge Vela correctly rendered judgment in favor of Plaintiff and awarded him the full value of his claim, $1,029. Judge Vela stated in his ruling that Defendant NEVER objected or even contested Plaintiff's claim for damages.

To this day, Defendant has NOT objected to or challenged in any way, Plaintiff's claim as to the amount of damages. Accordingly, Judge Vela's judgment awarding same should be upheld since this issue is NOT even in controversy or before this Court.

Additionally, the Master has exceeded the scope of issues and authority delegated to him for consideration by this Honorable Court.

3

## Conclusion

Plaintiff does not object to paragraphs' one and three of the Master's Conclusions as stated.

Plaintiff respectfully disagrees with and objects to paragraphs two and four. For the reasons stated above, Plaintiff respectfully urges this Honorable Court to adopt paragraphs one and three of the Master's Conclusions, but disregard paragraphs two and four of same and instead, reinstate his State causes of action and uphold Judge Vela's judgment awarding Plaintiff his damages of $1,029.

Respectfully submitted,

_____
Heriberto 'Eddie' Medrano

Texas Bar #13897800

1101 West Tyler St.
Harlingen, Texas  78550

Tel. (956) 428-2412
Fax (956) 428-2495

4

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I, Heriberto Medrano, hereby certify that a true and correct copy of the above and foregoing **Plaintiff's Limited Objections to Master's First Amended Report and Recommendation** was on this 14th day of January, 2000 sent via certified mail and/or hand delivery to the following:

Mr. David T. Moran
JACKSON & WALKER, L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202

**CM/RRR NO.: Z 446 020 039**

Mr. Paul Hajjar
Attorney At Law
507 East Elizabeth Street
Brownsville, Texas 78520

**VIA HAND DELIVERY**

_____
HERIBERTO MEDRANO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HECTOR A. CASAS

VS.                                         CIVIL ACTION NO. B-96-207

AMERICAN AIRLINES, INC.

## ORDER

On this day, came to be considered the foregoing **Plaintiff's Limited Objections to Master's First Amended Report and Recommendation**, and after due consideration of same, the response and replies thereto, the evidence and law, this Court is of the opinion that said Objections should be GRANTED.

SIGNED this the _____ day of _____, 2000.

_____
JUDGE PRESIDING


cc:   Hon. David T. Moran
      Hon. Heriberto Medrano

ClibPDF - www.fastio.com