IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAN 2 0 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-96-207 |
| AMERICAN AIRLINES, INC., | § | |
| | § | JURY |
| DEFENDANT. | § | |

**DEFENDANT'S OBJECTIONS TO THE MASTER'S FIRST AMENDED
REPORT AND RECOMMENDATION AND MOTION TO MODIFY SAME**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc., Defendant, and, pursuant to F.R.C.P. 53, hereby files its Objections to the Master's First Amended Report and Recommendation and Motion to Modify Same and would show the Court the following:

**I.**

**BACKGROUND**

This lawsuit arises out of an alleged loss of camera equipment. American denied Hector A. Casas's claim relying on an "exclusion of liability" clause contained in its longstanding Conditions of Carriage. Casas filed suit for his claimed loss of $1,029, and sought to certify a class of other similar passengers. Casas invoked only federal question jurisdiction, purportedly pursuant to regulations under the Federal Aviation Act. American moved to dismiss for lack of subject matter jurisdiction, and for summary judgment, because the exclusion of liability clause is valid and enforceable. The District Court has thus-far denied both of American's motions.

At a status hearing on January 14, 1999, this Court recognized that there were certain key legal issues that needed final resolution prior to costly class certification and trial, and that the Fifth Circuit should consider these underlying substantive issues by interlocutory review. On June 11, 1999, Judge Tagle stated that she desired to revisit several substantive rulings made in the case, including the summary judgment ruling by her predecessor on the interpretation of 14 C.F.R. Part 254, and the ruling denying American's motion to dismiss for lack of subject matter jurisdiction. On July 6, 1999, Judge Tagle referred two substantive legal issues to Master Paul G. Hajjar. The issues referred to the Master are of great importance and could necessitate major changes to the way airlines have operated for over fifty years. As framed by Judge Tagle, the issues presented were:

1. Whether this cause of action arises under the federal common law or under the Code of Federal Regulations?

2. Whether American Airlines, Inc.'s contract of carriage exempting it from liability on certain items is enforceable?

## II.

## MASTER'S REPORT AND RECOMMENDATION

On November 30, 1999, the Master served his Report and Recommendation. On or about December 10, 1999, American filed its Objections to the Master's Report and Recommendation and Motion to Modify Same. On January 13, 2000, American received the Master's First Amended Report and Recommendation ("Master's Report"). As indicated in the cover letter from Paul G. Hajjar dated January 11, 2000, "there are no substantial changes from the November 30 report." American hereby objects to this First Amended Report and Recommendation, and moves to modify same and incorporates by reference its original objections. Fed. R. Civ. P. 10(c).

With all due respect, the Master's Report does not assist this Court with an independent, <u>de novo</u> review of the critical issues submitted to the Master. First, on the controlling issue of whether the court's earlier ruling -- overturning 50 years of legal authority and airline practice -- that § 254 invalidates the ticket exclusion of American (and all other airlines), the Master's Report says:

> Moreover, the finding that American Airlines' exclusion of liability clause contained in its Condition of Carriage is unenforceable is not unsupported by legal precedents and therefore under the Law of the Case Doctrine, should be sustained.

(Master's Report at p.2). The Master also stated at pages 7-8 that the validity of exculpatory clauses "has long been questioned." Yet, the Master's ultimate conclusion was given without any real legal analysis, ignores the intent of the agency that drafted the rule and is based, not upon existing case law, but the policy preference of the Master that "it is time for the rule to change." Second, as to the private right of action issue, the Master's Report does not really answer the question put to him. Instead, the Report states that the issue "need not" be decided, and then suggests that it is "likely to be found to have implicitly" given a private right of action. This conclusion cites no legal authority and ignores that the Fifth Circuit has held, twice, that there is no private right of action.

### III.

### OBJECTIONS TO FINDINGS OF FACT

American respectfully objects to the Master's Report Finding of Fact No. 2 insofar as it states that "Plaintiff invoked this Court's jurisdiction under Federal Common Law." (Master's Report at 2). This statement is clearly erroneous because while Casas attempted to amend his Complaint to allege federal common law as a basis for subject matter jurisdiction, as discussed below, Casas never "invoked" this Court's subject matter jurisdiction.

### IV.

## OBJECTIONS TO CONCLUSIONS OF LAW

### A. DEFENDANT OBJECTS TO THE MASTER'S CONCLUSIONS OF LAW NOS. 1-4 WHICH ARE ERRONEOUS BECAUSE CASAS FAILED TO TIMELY ALLEGE A PROPER BASIS FOR FEDERAL QUESTION JURISDICTION.

In Conclusions of Law Nos. 1-4 the Master concludes that federal subject matter jurisdiction exists and that Plaintiff's Original Complaint "raised a federal question jurisdiction (Baggage Claims Action) and called for the interpretation of a Federal Regulation 14 C.F.R. § 254.4." (Master's Report at 4). The Master's jurisdictional conclusions of law reflect a misunderstanding of the jurisdictional issues. For example, the Master states "Aetna [Aetna Cas. & Sun. Co. V. Hillman 796 F.2d 770, 776 (5th Cir. 1981)] dealt with diversity and not subject matter jurisdiction and therefore is inapplicable." (Master's Report at 4). Contrary to this statement, diversity is not distinct from, but in fact is a type of, subject matter jurisdiction.

Casas can only invoke the subject matter jurisdiction of this federal court if there is federal question jurisdiction or diversity jurisdiction. The parties to this lawsuit are not diverse. Therefore, the only basis for this Court's jurisdiction is federal question jurisdiction, that is, Casas's claim must "arise under" a federal law which either expressly creates the cause of action or implies a private cause of action. Because the Federal Aviation Act and the federal regulations relied upon (§§ 253,254) do not expressly or implicitly create a private right of action, there is no federal question jurisdiction.

Casas's entire case rests upon 14 C.F.R. § 254. Part 254 of the Code of Federal Regulations was promulgated in 1984 pursuant to 49 U.S.C. § 1374(a). The Fifth Circuit has held that there is no <u>federal</u> private right of action under § 1374(a). <u>Diefenthal v. C.A.B.</u>, 681 F.2d 1039, 1043-44

(5th Cir.), cert. denied, 459 U.S. 1107 (1982); Hodges v. Delta Airlines, Inc., 44 F.3d 334, 340 n. 13 (5th Cir. 1995) (en banc).[1] The Fifth Circuit *en banc* unmistakably held:

> We reiterate our rejection of Hodges' fallback position that even if federal law completely displaced her state law claim, an implied private right of action may be inferred from FAA § 1374(a). Diefenthal v. CAB, supra.

Hodges, 44 F.3d at 340 n.13 (emphasis added).

The Fifth Circuit recently reiterated this long-standing rule of law in Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997) ("Jewelers"), and held that there is no general express or implied private right of action under the Federal Aviation Act to recover for the value of damaged or lost cargo. Jewelers, 117 F.3d at 925. The Court also held that there was no indication that Congress "implicitly intended a private right of action to arise under the statutory scheme". Id. As the Fifth Circuit stated in Jewelers:

> Although the airline industry was regulated throughout most of its history, in 1978 Congress substantially deregulated the industry. Under the new, limited regulatory regime, there is no express private right of action to recover the value of damaged or lost cargo. We also find no indication that Congress implicitly intended a private right of action to arise under the statutory scheme.

Id. (emphasis added).

Several other circuits have likewise denied plaintiffs a private remedy under the Federal Aviation Act. See, e.g., Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1252 (6th Cir. 1996); Statland v. American Airlines, Inc., 998 F.2d 539 (7th Cir.), cert. denied, 5110 U.S. 1012 (1993); Air Transp. Ass'n of America v. Public Util. Comm'n, 833 F.2d 200, 207 (9th Cir. 1987), cert. denied, 487 U.S. 1236 (1988); Montauk-Caribbean Airways, Inc. v. Hope, 784 F.2d 91, 97 (2d

---

[1] Similarly, Section 411(a) of the FAA [49 U.S.C. § 41712 (formerly 49 U.S.C. § 1381)], which grants the Department of Transportation authority to investigate whether an airline engaged in an unfair practice, does not create a private right of action. Statland v. American Airlines, Inc., 998 F.2d 539, 541 (7th Cir.), cert. denied., 510 U.S. 1012 (1993); Polansky v. Trans World Airlines, Inc., 523 F.2d 332, 338-40 (3d Cir. 1975).

Cir.); cert. denied, 479 U.S. 872 (1986); Polansky v. Trans World Airlines, Inc., 523 F.2d 332, 338-40 (3d Cir. 1975). As the Sixth Circuit noted:

> Every court faced with the question of whether a consumer protection [sic] provision of the ADA [Airline Deregulation Act] allows the implication of a private right of action against an airline has answered the question in the negative.

Musson, 89 F.3d at 1252 (emphasis added). Casas has cited no case to the contrary holding that a private right of action exists.

After American filed its Motion to Dismiss, Casas, recognizing his jurisdictional defect, sought leave to amend his complaint to allege jurisdiction based upon federal common law. The Court (over American's objection) granted Casas leave to file his Second Amended Complaint, which alleges federal question jurisdiction under federal common law. The Court erred in granting Casas leave to amend his complaint for it is well settled that the existence of federal jurisdiction must be disclosed in the first complaint filed rather than in some later amendment. Mullen v. Torrance, 22 U.S. (9 Wheat) 536 (1824) (jurisdiction "depends upon the state of things at the time the action is brought"); Mobil Oil Corp. v. Kelley, 493 F.2d 784, 786 (5th Cir.) ("jurisdiction is determined at the outset of the suit"), cert. denied, 419 U.S. 1022 (1974).

If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss. See Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 776 (5th Cir. 1986) ("At the commencement of this suit, there was not complete diversity of citizenship and the federal district court had no subject matter jurisdiction. If a federal court lacks subject matter jurisdiction it must dismiss the action."). The Master's Report states that Aetna was inapplicable because "Aetna dealt with diversity and not subject matter jurisdiction" (Master's Report at 4). The report clearly

misses the point.[2] Diversity jurisdiction and federal question jurisdiction are two independent bases for subject matter jurisdiction and the basic precept that subject matter jurisdiction must exist when a case is filed, either diversity or federal question jurisdiction. Indeed, where there is no jurisdiction, the complaint may not be amended, and the District Court should not have granted the pleading amendment. Id. at 775-76.

For the above reasons, this Court should not adopt Conclusions of Law Nos. 1-4.

**B.  THE MASTER'S CONCLUSIONS OF LAW NOS. 6-7 ARE ERRONEOUS BECAUSE THE FIFTH CIRCUIT HAS HELD THAT PASSENGER BAGGAGE EXCLUSIONS ARE ENFORCEABLE**

    1.   *The Master acknowledges that Courts have enforced exclusions for over fifty (50) years.*

The Special Master acknowledged that this Court would have to overturn a 50 year old rule of law if it were to find that exclusions are unenforceable. After citing Lichten v. Eastern Airlines, Inc., 87 F. Supp. 691, 695-96 (S.D.N.Y) 1949), aff'd F.2d 939 (2d Cir. 1951) which explains the rationale for enforcing narrow exclusions, the Master concluded "Fifty years later, it is time for this rule to change." (Master's Report at 6). In so concluding, the Master clearly erred. The Master's basis for recommending this Court overturn this longstanding rule is not Fifth Circuit precedent or even the few cases cited by Casas. The Master merely concludes that the exclusion is in "contradiction with a federal regulation, 14 C.F.R. §§ 253 and 254, and against public policy." (Master's Report at 7). If this Court wishes to overturn 50 years of established law in the face of the Fifth Circuit's approval of such exclusions in Jewelers, and the commentary from the agency that

---

    [2] The Master's discussion of First Pennsylvania Bank v. Eastern Airlines, 731 F.2d 1113 (3d Cir. 1984) further evidences the error on the issue of subject matter jurisdiction. The Master states that "the Third Circuit concluded that Federal, rather than state law, governed." (Master's Report at 4). The Master's Report confuses the distinction between what substantive law governs and the question of whether a federal district court has the power (jurisdiction) to adjudicate the subject matter of the lawsuit.

DEFENDANT'S OBJECTIONS TO THE MASTER'S FIRST AMENDED
REPORT AND RECOMMENDATION AND MOTION TO MODIFY SAME         PAGE 7

drafted the Rule at issue (§ 254), then it should do so based upon <u>law</u> and not the Master's policy choice that "electronic equipment is ubiquitous and inexpensive and no rationale exists to differentiate between a $1,000 coat or a $1,000 camera when loss is at issue." (Master's Report at 6). Additionally, such an exclusion is not, as the Master concluded, in contradiction with a federal regulation. American's exclusions, like that of every other major air carrier, are based upon and consistent with federal law and regulation.

    2.    *The Law of the Case Doctrine does not Apply.*

The Court asked the Master for an independent review of the issues. The Master's Report does not do so. Instead, the Master's ruling that the exclusion of liability clauses are invalid relied on the "law of the case" doctrine. This was error. This Court specifically asked the Master to reconsider the underlying substantive law determinations made in this case. Therefore, it was inappropriate for the Master to rely upon the prior rulings as the "law of the case" to refuse to undertake a <u>de novo</u> review of those legal issues as requested. Moreover, law of the case is the principle that if an appeals court has passed on a legal question and, remanded the cause to the court below for further proceedings, the legal question has been decided for the remainder of case proceedings. <u>Dickinson v. Auto Center Mfg. Co.</u>, 733 F.2d 1092, 1098 (5th Cir. 1983). It does not apply to the two interlocutory rulings at issue here.

    3.    *Federal law permits exclusions in Conditions of Carriage.*

The Civil Aeronautics Board (the predecessor to the current Department of Transportation) clearly recognized that an airline may choose to exclude certain items if it gives notice to its passengers. As the CAB explained in its "Reasons for Adopting" Part 254:

> Passengers are guaranteed that air carriers will not unreasonably limit their liability for lost, damaged or delayed baggage. They will receive

**DEFENDANT'S OBJECTIONS TO THE MASTER'S FIRST AMENDED
REPORT AND RECOMMENDATION AND MOTION TO MODIFY SAME**     **PAGE 8**

> notice of any items, such as fragile and perishable goods, <u>that are excluded from the coverage</u>.

47 Fed. Reg. 52987, 52990 (November 24, 1982) (emphasis added). Upon final adoption of Part 254, the CAB reaffirmed the 1982 Federal Register Commentary when it stated that "The Board finds that the conclusions drawn at that time continue to be valid." 49 Fed. Reg. at 5070 (February 10, 1984).

    4.    *Federal common law in the Fifth Circuit and from other jurisdictions further supports American's position.*

The federal common law, upon which the Master found jurisdiction, recognizes and fully enforces ticket contracts which disclaim liability for valuable items such as jewelry. <u>Jewelers</u>, 117 F.3d at 931; <u>see also</u> <u>Blair v. Delta Air Lines</u>, 344 F. Supp. 360 (S.D. Fla. 1972), <u>aff'd</u>. 477 F.2d 564 (5th Cir. 1973). In <u>Jewelers</u>, the Fifth Circuit followed the longstanding airline passenger precedent upholding disclaimers of liability for valuable and fragile items. The adoption of Parts 253 and 254 was not a change in airline practice, nor was it a change in the Department of Transportation's rules or interpretation thereof.[3] In fact, case law has allowed airlines to disclaim liability for articles of exceptional liability, like cameras and jewelry, for almost fifty years. See <u>Lichten v. Eastern Airlines, Inc.</u>, 189 F.2d 939 (2d Cir. 1951) (affirming summary judgment that airline not liable for loss of jewelry in checked baggage); <u>Tishman & Lipp, Inc. v. Delta Air Lines</u>, 413 F.2d 1401 (2d Cir. 1969).

Minimum liability limits and exclusions of certain valuable items have co-existed for decades. In <u>Tishman</u>, the Second Circuit affirmed judgment for the airline, holding it lawfully excluded its liability for lost jewelry. The court was presented with the same argument advanced

---

[3] The regulations were enacted after deregulation under the ADA, and allowed airlines to include terms by reference after the ADA eliminated the obligation to file tariffs.

<u>DEFENDANT'S OBJECTIONS TO THE MASTER'S FIRST AMENDED
REPORT AND RECOMMENDATION AND MOTION TO MODIFY SAME</u>       <u>PAGE 9</u>

by Casas in the above-referenced case — that the minimum liability limit implicitly bars the airline from any exclusion of losses for jewelry. Tishman, 413 F.2d at 1405. The Second Circuit soundly rejected the argument:

> Appellant maintains that the tariff provisions relied upon by Delta are inconsistent and confusing and for this reason none of them can be given effect. Appellant points to Rule 70(c) which denies any liability for jewelry and compares it with Rule 71 which limits liability to $250 unless a higher value is declared. There is no inconsistency. Rule 71 limits liability, *if any*, to the lesser of $250 or the declared value. However, since appellant's claim is based upon loss of jewelry, that claim comes within Rule 70 which provides that Delta is *not liable* for the loss of jewelry included in the passenger's checked baggage. <u>The limitation of liability provision therefore does not come into play, since there is no liability at the outset</u>. Rule 70 alone governs the jewelry claim, and there is no contradiction.

Id. (italics in original, underlining added).[4]

Thus, the Master's recommendation clearly contradicts the intent and interpretation of the CAB when it promulgated Part 254. The Master should have reached the same interpretation of the regulation as did the agency that drafted it, that is, that American's exclusion of liability for cameras is valid and enforceable.

V.

**OBJECTION TO THE MASTER'S RECOMMENDATIONS**

Defendant respectfully objects to Recommendation No. 1 for the reasons described in its objections to the Master's Conclusions of Law Nos. 1-4.

Further, except for the portion of Recommendation No. 3 which recognizes that the exclusion of liability clause was "clearly communicated to Plaintiff," Defendant objects to Recommendation No. 3 for the reasons described in its objections to the Master's Conclusions of Law Nos. 6 and 7.

VI.

---

[4] The Fifth Circuit follows Tishman. See Blair, 344 F.Supp. at 365-67, aff'd, 477 F.2d 564 (5th Cir. 1973); Jewelers, 117 F.3d at 928 n.11.

**DEFENDANT'S OBJECTIONS TO THE MASTER'S FIRST AMENDED
REPORT AND RECOMMENDATION AND MOTION TO MODIFY SAME**     PAGE 10

## MOTION TO MODIFY MASTER'S REPORT AND RECOMMENDATION

Pursuant to F.R.C.P. Rule 53, American respectfully motions the Court to modify the Master's Report and Recommendation in the following manner:

### A. FINDINGS OF FACT

American respectfully requests that this Court not adopt the Master's Finding of Fact No. 2 and adopt the following Finding of Fact:

1. Casas filed the instant suit for his individual loss of $1,029, and sought to certify a class of other similar passengers. The sole alleged basis for federal question jurisdiction was the interpretation of a FAA regulation. Both parties moved for summary judgment on Casas's individual claim.

### B. CONCLUSIONS OF LAW

American respectfully requests that this Court not adopt the Master's Conclusions of Law 1-4 and adopt the following Conclusions of Law:

1. Casas failed to allege a proper basis for federal question jurisdiction in his original Complaint, and therefore this case should be dismissed for lack of subject matter jurisdiction.

2. There is no express or implied private right of action under the Federal Aviation Act or 14 C.F.R. § 254.4 sufficient to vest the United States District Court with subject matter jurisdiction over this case.

3. Although the Fifth Circuit in <u>Jewelers</u> recognized a federal common law cause of action, Casas's failure to initially plead it divested the District Court of jurisdiction and the District Court had no power to grant Casas leave to amend his Complaint and should have dismissed the case. <u>Mullen v. Torrance</u>, 22 U.S. (9 Wheat) 536 (1824) (jurisdiction "depends upon the state of things at the time the action is brought"); <u>Mobil Oil Corp. v. Kelley</u>, 493 F.2d 784, 786 (5th Cir.),

("jurisdiction is determined at the outset of the suit"), <u>cert. denied</u>, 419 U.S. 1022 (1974). <u>See also</u> <u>Aetna Cas. & Sur. Co. v. Hillman</u>, 796 F.2d 770, 776 (5th Cir. 1986).

American respectfully requests this Court not adopt the Master's Conclusions of Law 6-7 and adopt the following Conclusion of Law:

4. Even if the District Court properly had jurisdiction to consider Casas's federal common law claims, American prevails under the federal common law and federal regulations as a matter of law. The federal common law recognizes and fully enforces airline ticket contracts which disclaim liability for items such as jewelry. <u>Jewelers</u>, 117 F.3d at 931. ("We therefore hold that the provisions included on Airborne's airbill effectively limited its liability for the goods shipped by Jewelers, and thus, Jewelers may not recover for its loss."). Therefore, Casas's case is entirely without merit and judgment should be rendered that plaintiff take nothing from American. <u>Jewelers</u>, 117 F.3d at 931. Casas cannot circumvent this holding by arguing that § 254.4 invalidates American's exclusion of liability provision, for to do so is tantamount to recognizing a "private right of action" under § 254.4 which, as demonstrated above, would be contrary to well-established Fifth Circuit precedent. Further, even if plaintiff has a right of action under § 254, Plaintiff's claim has no merit under the regulation as a matter of law because American's exclusion is valid and enforceable. Nothing in § 254.4 invalidates the exclusion.

C. **MASTER'S CONCLUSIONS**

American respectfully requests that the Court not adopt the Master's Conclusions Nos. 1 and 3 and instead adopt the following Conclusions:

1. There is no express or implied private right of action under the Federal Aviation Act or 14 C.F.R. § 254.4 sufficient to vest the United States District Court with subject matter jurisdiction over this case;

2.     Casas failed to plead federal common law jurisdiction in his original and first amended Complaint and the District Court had no power to grant Casas leave to amend his Complaint and should have dismissed the case; and

3.     Even if the District Court has jurisdiction to consider Casas's claims, American prevails under the federal common law as a matter of law because its exclusion of liability clause contained in its Conditions of Carriage is valid and enforceable, and nothing in the federal statutes or regulations state or suggest otherwise.

4.     Casas should take nothing of and from American Airlines, Inc.

## VII.

## STATUS OF CASE

American urges this Court to adopt the Master's First Amended Report and Recommendation with the modifications described above. In the alternative, Defendant asks that:

1.     The Court vacate its entry of judgment for Casas and grant Defendant's Motion for Summary Judgment because the exclusions at issue are valid and enforceable and Casas should take nothing. This will allow Casas the opportunity to appeal to the Fifth Circuit and, if the district court's decision is affirmed, this case will be final (there would be no need to rule on the class certification or other issues such as limitations). If, on the other hand, the granting of Defendant's Motion for Summary Judgment was reversed, the case would then be remanded to the district court to proceed with the remaining issues or other resolution; or

2.     Should the district court accept all of the Special Master's Recommendations, then Defendant hereby moves that, pursuant to 28 U.S.C. §1292(b), this Court exercise its discretion and permit interlocutory review of the two dispositive orders that present purely legal issues:

(1) That part of the order holding that American's contractual ticket exclusion is unenforceable under § 254.4; and

(2) The order denying Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and holding that Casas has a federal cause of action under the federal statute.

The Court should stay the remaining proceedings in the district court pending final decision by the Fifth Circuit.

WHEREFORE, PREMISES CONSIDERED, Defendant American Airlines, Inc. requests that the District Court:

(1) Not adopt the Master's First Amended Report and Recommendation as presented, but only with the modifications urged by American in this Motion to Modify;

(2) Vacate summary judgment in favor of Casas;

(3) Grant Defendant's Motion for Summary Judgment and enter a final judgment that Casas take nothing; and

(4) Grant American further relief at law or in equity.

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By:_____
**David T. Moran**
State Bar No. 14419400
Attorney-In-Charge
**Brian A. Kilpatrick**
State Bar No. 00784392

<u>DEFENDANT'S OBJECTIONS TO THE MASTER'S FIRST AMENDED
REPORT AND RECOMMENDATION AND MOTION TO MODIFY SAME</u>   PAGE 14

**Jorge C. Rangel**
State Bar No. 16543500
The Law Offices of Jorge C. Rangel
719 S. Shoreline Blvd., Ste. 501
Corpus Christi, Texas 78403
(512) 883-8500
FAX (512) 883-2611

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record by certified mail, return receipt requested, on this 19th day of January, 2000.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
DAVID T. MORAN

2381927.1
101490.38