United States District Court
Southern District of Texas
ENTERED

SEP 1 8 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| HECTOR A. CASAS * | |
| (Plaintiff) * | |
| vs. * | Civil Action No. B-96-207 |
| * | |
| AMERICAN AIRLINES, INC. * | |
| (Defendant) * | |

**ORDER**

**The Facts**

Since 1984, Defendant American Airlines, Inc. has promulgated and implemented a policy (hereafter "Notice of Exclusion Policy") of totally excluding itself from any liability and refusing to pay domestic passengers any compensation for the loss of certain items e.g., Jewelry, Cash, Camera Equipment, or Other Similar Valuable Items (hereafter "Excluded Items") that were contained and lost in a passenger's checked baggage.

On September 3, 1996, Plaintiff checked in two pieces of baggage, which included a video camera contained in a camcorder case, on a scheduled American Airlines domestic flight from Orlando, Florida to Harlingen, Texas. Upon arriving in Harlingen, Texas, Plaintiff did not receive from American Airlines his video camera and case.

After filing a Statement of Property Loss baggage claim, Plaintiff was informed by Defendant that it was completely denying liability and refused to pay any compensation for its loss of Plaintiff's video camera and case. Defendant informed Plaintiff that it was relying on its 'Notice of Exclusion Policy' to deny all liability and avoid paying Plaintiff any compensation.

1

In November, 1996, Plaintiff filed his Original Complaint alleging among other things that Defendant American Airlines, Inc. was in violation of Title 14 Code of Federal Regulations Part 254.4 – Carrier Liability (hereafter 14 CFR 254.4) and the mandatory minimum liability limits imposed by it for an air carrier's loss of a passenger's property. Plaintiff also requested the case be certified as a Class Action.

### The Court's Ruling on Jurisdiction

This Court has federal subject matter jurisdiction over this case as Plaintiff's cause of action arises under a specific federal law, Title 14 CFR Part 254.4 Carrier Liability, and under federal common law. Caterpillar Inc. v. Williams, 482 U.S. 386, 390, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

### The Court's Ruling on Plaintiff's Right to File a Private Cause of Action Under 14 CFR 254.4

The Court rules that Plaintiff has a right to bring a private cause of action against Defendant American Airlines, Inc., and to seek the enforcement of the minimum liability requirements imposed by Title 14 CFR Part 254.4 and federal common law, for the loss of his property by American Airlines as one of its domestic passengers. Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed. 26 (1975).

### The Court's Ruling on Liability

On March 26, 1998, this Court issued an Order granting Plaintiff's Motion for

Summary Judgment on Defendant's liability and ruled that Title 14 CFR 254.4 imposes liability for all items lost by Defendant American Airlines, Inc. which were contained in a passenger's baggage. The Court further ruled that liability extends to Defendant's loss of a passenger's "Excluded Items" as defined in Defendant's Conditions of Carriage. The Court awarded Plaintiff the full amount of monetary damages claimed.

Title 14 CFR 254.4 states:

> In any flight segment using large aircraft, or on any flight segment that is included on the same ticket as another flight segment that uses large aircraft, <u>an air carrier shall *not* limit its liability</u> for provable direct or consequential damages resulting from the disappearance of, damage to, or delay in delivery of a passenger's personal property, including baggage, in its custody <u>to an amount less than $1,250 for each passenger</u>.

The Court cites <u>Feature Enterprises, Inc. v. Continental Airlines</u>, 745 F.Supp. 198 and <u>Wells v. American Airlines, Inc.</u>, 1991 WL 79396 3-4 (S.D.N.Y., May 9, 1991) as support for its ruling declaring invalid Defendant's Notice of Exclusion Policy as a means to circumvent the mandatory liability limits of Title 14 CFR 254.4.

### The Court's Ruling on Class Certification

Pursuant to Rule 23(f) Federal Rules of Civil Procedure, the Court hereby GRANTS Plaintiff's Motion for Class Certification as a Rule 23(b)(2) Class, and in the alternative, as a Rule 23(b)(3) Class or as a hybrid Rule 23(b)(2) and (b)(3) Class, and makes the following rulings:

1. <u>Four Prerequisites To A Class Action</u>

The Court finds that all four initial prerequisites to maintain a Class Action under

3

Rule 23(a) Fed. R. Civ. P., are met by the facts in this case:

a. <u>Numerosity</u> – The Court FINDS the Class as defined by Plaintiff is so numerous that joinder of all members is impracticable. The uncontroverted evidence shows that in a thirty-six (36) month period from April 1995 through April 1998, there exist at least 7,500 passengers who suffered the loss of baggage items for which Defendant denied liability and paid no compensation as required by Title 14 CFR Part 254.4. In all 7,500 cases, Defendant denied liability, relying solely on Defendant's Notice of Exclusion Policy.

Additionally, the Court ruled that a four (4) year statute of limitations is applicable in defining the number of persons who are part of the Class. Therefore, the total number of claims covering the period from November 1, 1992 through the present will exceed the 7,500 passengers identified by both Plaintiff and Defendant as belonging in the defined Class.

b. <u>Commonality</u> – The Court finds that there are sufficient questions of law or fact that are common to the Class to warrant a Class Action:

    (i)    Common Questions of Law

        (A) Carrier Liability – Title 14 CFR 254.4
            All Class member claims arise from the same federal law which imposes an affirmative duty on American Airlines to compensate each passenger up to $1,250 for its loss of a passenger's property.

        (B) Applicability of Carrier Liability – Title 14 CFR 254.2
            The mandatory minimum liability limits apply to all domestic passengers who suffered the loss of their baggage by Defendant.

        (C) Claims Denied Because of Notice of Exclusion Policy – American

     Airlines denied liability and refused compensation to all Class members, relying solely on its Notice of Exclusion Policy.

   (D) Statute of Limitations – All Class members' lost baggage claims were denied within the four year period prior to Plaintiff filing his Original Complaint, November 1996.

 (ii)  Common Questions of Fact

   (A) All Class members flew as passengers on American Airlines.

   (B) All Class members flew on a scheduled American Airlines domestic flight.

   (C) All Class members suffered the loss of property contained in their baggage defined as "Excluded Items."

   (D) All Class members received a Statement of Property Loss form from American Airlines' Central Baggage Services, Dallas, Texas.

   (E) All Class members completed and filed the Statement of Property Loss form with American Airlines' Central Baggage Services, Dallas, Texas.

   (F) All Class members received written notice from American Airlines' Central Baggage Services, Dallas, Texas, informing them of American Airlines' denial of liability and non-payment of compensation based solely on its Notice of Exclusion Policy

c. <u>Typicality</u> – Plaintiff's claims are typical of the claims of Class members. Plaintiff meets all six separate requirements stated in the Definition of Proposed Class which limits the Class to persons that:

 1.  traveled as a passenger;

 2.  on a domestic American Airlines flight; and

 3.  filed a lost baggage claim with American Airlines; which

 4.  included the loss of property defined as an Excluded Item ; and

 5.  received a letter from American Airlines stating it was denying liability

and making no compensation for its loss of that passenger's "Excluded Item" property;

6. within the time from of November 1, 1992 through the present.

d. <u>Adequacy of Representation</u> – The Court overrules Defendant's objection to Plaintiff serving as Class Representative. The Court finds that Plaintiff will fairly and adequately protect the interests of the Class and has demonstrated same by the successful prosecution of his individual claim. Plaintiff's alternative argument that another Class member be substituted as Class Representative for the Class is therefore moot.

The Court finds that attorney Heriberto Medrano is qualified, experienced, competent and financially able to serve as Class Counsel and represent the interests of the Class as demonstrated by the successful prosecution of Plaintiff's individual claim. Although the Fifth Circuit frowns upon a plaintiff's partner as serving as counsel for the class, <u>see</u> <u>Zylstra v. Safeway Stores, Inc.</u>, 578 F.2d 102, 104 (5th Cir. 1978), several factors weigh in favor of retaining Medrano as class counsel. <u>See</u> <u>In re Agent Orange Product Liability Litigation</u>, 800 F.2d 14, 19 (2d Cir. 1986). First, the action has been pending for almost four years, during which Medrano has become familiar with thousands of documents produced in discovery. A new attorney would not be as familiar with the prior course of litigation and the documents produced in discovery. Second, the size of the proposed settlement ($1,250 per class member) would constrain the incentive of class members to obtain new counsel. <u>See</u> this Court's ruling on Negative Value Suit, *infra*. Finally, no actual prejudice has been shown by

Defendant as a result of Medrano acting as class counsel. Although both Medrano and plaintiff Casas work at the same law firm, Casas' claim has successfully been prosecuted; therefore, there is no indication that Medrano's interests would be biased in favor of Casas to the detriment of the other class members.

2. <u>Two Additional Requisites of a Rule 23(b)(2) Class</u>.

The Court finds that the two additional requirements for a Rule 23(b)(2) Class are met by the facts of this case.

    a. <u>The Class Shares a General Claim</u> – The Court finds that all Class members share the same claim against American Airlines, Inc. All Class members seek compensation from Defendant pursuant to the minimum mandatory liability requirements for lost baggage imposed by Title 14 CFR 254.4. All Class members were denied compensation by Defendant based solely on Defendant's reliance on its Notice of Exclusion Policy.

    b. <u>Injunctive and Declaratory Relief</u> – The Court grants Plaintiff's request for injunctive relief against American Airlines, Inc. The Court finds that American Airlines, Inc. continues to ignore and to violate the minimum liability requirements for lost baggage imposed on it by Title 14 CFR 254.4. American Airlines, Inc. continues to follow its Notice of Exclusion Policy and to pay no compensation to passengers for its loss of passenger's property.

Accordingly, because American Airlines, Inc. continues to knowingly and intentionally ignore the requirements of Title 14 CFR 254.4, the rulings in <u>Feature Enterprises, Inc. v. Continental Airlines</u>, <u>Wells v. American Airlines, Inc.</u>, and this Court's ruling issued on March 28, 1998, the Court hereby issues an injunction prohibiting and enjoining American Airlines, Inc. from continuing to deny liability and make no compensation to passengers for its loss of their property pursuant to its invalid Notice of Exclusion Policy.

The Court further declares that Title 14 CFR 254.4 imposes minimum liability requirements for those items defined by Defendant American Airlines, Inc. as "Excluded Items" in its Notice of Exclusion Policy.

3. <u>Rule 23(b)(3) Class – Predominance of Legal and Factual Questions.</u>

In the alternative, the Court finds that Plaintiff's request for a Rule 23(b)(3) Class action is warranted because questions of law <u>or</u> fact common to the members of the Class predominate over questions affecting only individual members. As justification for this finding, the Court incorporates and restates the common questions of law and the common questions of fact stated *supra* under the subheading of 1. (b) Commonality.

The Court further finds the Class action form is superior to other available methods for the fair and efficient adjudication of the controversy. A Class action would reduce the number and complexity of issues to be resolved through litigation in that the Court's ruling on the issue of Defendant's liability under Title 14 CFR 254.4 and the invalidity of Defendant's Notice of Exclusion Policy is dispositive of all similar claims by Class members. Additionally, the ease and manageability of (a) determining the size of the Class, (b) identifying and sending notice to Class members, and (c) determining the monetary damages due each Class member, are factors that warrant a Class certification under Rule 23(b)(3).

### The Court's Ruling on Releases

The Court rules as a matter of law that the boilerplate release language attached to the backside of checks that Defendant paid passengers for the loss of Non-Excluded

8

Items is invalid as to Class members' claims for compensation for their loss of "Excluded Items." Specifically, the Court finds the Defendant failed to compensate passengers for its loss of these "Excluded Items", for which Defendant specifically stated in its letter to passengers accompanying such checks that these moneys represented compensation only for the loss of <u>Non</u>-"Excluded Items".

The Court further finds that the payments by American Airlines, Inc. to passengers for its loss of Non-Excluded Items constitute no more than mere partial performance of its legal obligations to compensate passengers for the loss of their property under Title 14 CFR 254.4, and is insufficient consideration to support the validity of a release for its loss of "Excluded Items". Calamari & Perillo, Contracts 149 (2nd Ed. 1977); <u>General Intermodal Logistics Corp. vs. Mainstream Shipyards & Supply, Inc.</u>, 748 F.2d 1071, 1075 (5th Cir. 1984).

### The Court Finds This Is A Negative Value Suit

The Court finds the facts of this case merit Class certification because it involves a negative value suit. Because the monetary value of each of the claims involved is limited to no more than $1,250, and because the availability of substantial attorney's fees is negligible, it is unlikely and infeasible for individual Class members to overcome the financial barriers which prohibit the hiring of individual attorneys to prosecute these claims individually. <u>Allison v. Citgo Petroleum Corp.</u>, 151 F.3d 402, 420 (5th Cir. 1998).

## The Court Finds Monetary Relief Incidental To Injunctive and Declatory Relief

The Court finds that any monetary damages Class members receive are incidental to and flow directly from Defendant's violation of Title 14 CFR 254.4 and the minimum liability requirements imposed on an air carrier for the loss of a passenger's property through its Notice of Exclusion Policy. Each Class member's monetary claim is limited to a maximum of $1,250 per passenger as mandated by Title 14 CFR 254.4. Allison v. Citgo Petroleum Corp., 151 F.3d 402, 412 (5th Cir. 1998).

Any additional monetary relief such as prejudgment interest and attorney's fees will be addressed by this Court subsequent to the Fifth Circuit Court of Appeals ruling on the merits of Class certification.

## The Court Finds A Four Year Statute of Limitations Applies

The Court finds that a four year statute of limitations applies to the facts of this case, pursuant to North Star Steel Co. v. Crown Cork & Seal Co., 115 S. Ct. 1931 (1995), mandating that a Court must look to the state statute "most closely analogous" to the federal act in deed when the pertinent federal legislation contains no limitations provision for when federal causes of action.

The Court finds Defendant's violation of the mandatory minimum liability provisions of Title 14 CFR Part 254.4 is most closely analogous to a breach of contract action under Texas law which provides a four year limitations period for breach of contract actions under

10

Sec. 16.004 Texas Civil Practice and Remedies Code. <u>Staudt v. Glastron Inc.</u>, 92 F.3d 312 (5th Cir. 1996) and <u>Halkias v. General Dynamics</u>, 31 F.3d 224 (5th Cir. 1994).

The Court further finds Defendant's one-year limitations period for causes of action arising from lost baggage is contrary to Section 16.070, Texas Civil Practice and Remedies Code and is therefore invalid. <u>U.S. Fidelity v. Eastern Hills Methodist Church</u>, 609 S.W. 2d 298 (Texarkana 1980), <u>Port Arthur Towing Co. v. Mission Ins. Co.</u>, 623 F.2d 367 (5th Cir. 1980), <u>S.E.A. Towing Co. v. Great Atlantic Ins. Co.</u>, 688 F.2d 1000 (5th Cir. 1982).

### The Court Denies Plaintiff's State Causes of Action

Plaintiff initially pled several state causes of action in his Original complaint and has reurged them citing the Ninth Circuit's recent ruling in <u>Charas v. Trans World Airlines, Inc.</u>, 160 F.3d 1259 (9th Cir. 1998). The Court finds that the Air Deregulation Act of 1978, 49 U.S.C. app. Sec. 1305(a)(1) preempts Plaintiff's state causes of action and hereby dismisses them.

### Discovery Is Stayed Pending Appeal

The Court orders that discovery be stayed pending the decision of the Fifth Circuit's ruling on the merits of Class certification.

11

All findings and orders stated above are stayed pending either party filing an appeal to the Fifth Circuit pursuant to Rule 23(f) Fed. R. Civ. P.

DONE at Brownsville, Texas, this 14 day of September 2000.

Hilda G. Tagle
United States District Judge

12