124

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 27 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| HECTOR A. CASAS, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION NO. |
| § | B-96-207 |
| AMERICAN AIRLINES, INC., § | |
| § | JURY |
| DEFENDANT. § | |

## DEFENDANT'S NOTICE OF APPEAL

Notice is hereby given that Defendant American Airlines, Inc. hereby appeals to the United States Court of Appeals for the Fifth Circuit from this Court's Order entered on September 18, 2000, granting an injunction against American Airlines, Inc. and enjoining American Airlines, Inc. from "continuing to deny liability and make no compensation to passengers for its loss of their property pursuant to its invalid Notice of Exclusion Policy." Defendant appeals the Order and all rulings contained in this Order, 28 U.S.C. § 1292(a)(1), including, not limited to, this Court's granting of Plaintiff's Motion for Class Certification; this Court's ruling that it has federal subject matter jurisdiction over this action; this Court's ruling that Plaintiff has a right to bring a private cause of action against Defendant under 14 C.F.R. § 254.4 and federal common law; this Court's ruling that Defendant's exclusion of liability clause is invalid and that Defendant is liable for the loss of Plaintiff's baggage; this Court's ruling that the "boilerplate release language attached to the backside of checks that Defendant paid passengers for the loss of Non-Excluded items is invalid as to Class members' claims for compensation for their loss of 'Excluded Items,'" and lastly, this Court's ruling that a four year statute of limitations is applicable.

Defendant American Airlines, Inc. relies upon 28 U.S.C. § 1292(a)(1), which permits an appeal from an interlocutory order, such as this one, which grants an injunction. Defendant also relies upon *Seabulk Offshore, Ltd. v. Honora*, 158 F.3d 897, 899 n.2 (5th Cir. 1998) (*quoting Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1580 (5th Cir. 1992)), which provides that "Once an order under § 1292(a)(1) has been deemed appealable, the 'entire order, not merely the proprietary of injunctive relief,' comes within our scope of review."

Respectfully submitted,

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Telecopy)

By: _____
David T. Moran
S. D. No. 11261
State Bar No. 14419400
Attorney-In-Charge
Brian A. Kilpatrick
S. D. No. 18602
State Bar No. 00784392

Jorge C. Rangel
State Bar No. 16543500
The Law Offices of Jorge C. Rangel
719 S. Shoreline Blvd., Ste. 501
Corpus Christi, Texas 78403
(512) 883-8500
FAX (512) 883-2611

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon the Plaintiff's counsel of record via certified mail, return receipt requested, on this 27th day of September, 2000.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas  78550

_____
David T. Moran

**DEFENDANT'S NOTICE OF APPEAL**
2221638.1

Page 3