*129*

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED

No. 00-41137
No. 00-41270

SEP 17 2002

$CAB-96-207$ CHARLES R. FULBRUGE III
CLERK

HECTOR A. CASAS,

Plaintiff-Appellee-Cross-Appellant,

United States District Court
Southern District of Texas
FILED

versus

OCT 22 2002

AMERICAN AIRLINES, INC.,

Michael N. Milby
Clerk of Court

Defendant-Appellant-Cross-Appellee.

Appeals from the United States District Court
for the Southern District of Texas

Before JOLLY, JONES and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

In 1996, Hector Casas lost a video camera worth over
$1000 after he entrusted it to American Airlines as checked baggage
on a flight from Texas to Florida. Casas sued American under state
and federal law for the loss of the camera and sought certification
of a class of similarly situated plaintiffs under Fed. R. Civ.
Proc. 23. The district court granted class certification after
holding that Casas could bring a private cause of action against
American based on a federal regulation governing airline carriers.
See 14 C.F.R. § 254.4. The court also held that federal law

rendered void certain provisions of American's contract of carriage that held American harmless from liability for loss to valuable items such as cameras.[1] In its order, the district court enjoined American from enforcing these provisions. Both parties appealed.

The main issues presented in this appeal are (1) whether Casas has a cause of action for the loss of his camera under the Air Deregulation Act (ADA) of 1978, 92 Stat. 1705, Pub. L. No. 95-504; under 14 C.F.R. § 254.4, a regulation that was adopted pursuant to the ADA; or under federal common law; (2) if so, whether the provisions of American's contract of carriage excluding liability for cameras and other valuable goods prevent Casas from recovering on his claim; (3) whether Casas's state-law claims for the loss of his camera are pre-empted; and (4) whether the district court properly certified a class of plaintiffs under Rule 23. We hold as follows. Casas has no private right of action under the ADA or § 254.4, and the ADA preempts his state law claims. Casas has a claim against American under federal common law, but he cannot prevail on this claim because it is barred by American's liability exclusion provisions. Because Casas is not entitled to relief, the class certification order must be vacated.

---

[1]    American's exclusion-of-liability provisions appear to be typical of those used in the commercial airline industry. See Martin E. Rose & Beth E. McAllister, The Effect of Post-Deregulation Court Decisions on Air Carriers' Liability for Lost, Delayed or Damaged Baggage, 55 J. Air L. & Com. 653, 660 (1990). "[A]ir carriers typically exclude all liability for lost money, jewelry, cameras, and electronic equipment." Id. at 678-79.

## BACKGROUND

At the time Casas allegedly lost his camera, 14 C.F.R. § 254.4 provided, in relevant part, that "an air carrier shall not limit its liability for provable direct or consequential damages resulting from the disappearance of, damage to, or delay in delivery of a passenger's personal property, including baggage, in its custody to an amount less than $1250 for each passenger."[2]

In February 1998, after both parties moved for summary judgment, a magistrate judge issued a report and recommendation concluding that (1) Casas's state law claims were pre-empted by federal law; (2) 14 C.F.R. § 254 rendered American's exclusion-of-liability provisions unenforceable; and (3) pursuant to 14 C.F.R. § 254, American's liability for Casas's loss of his camera was limited to $1,250. The district court adopted the report and recommendation and entered judgment in favor of Casas for $1,029, exclusive of costs, on his individual claim. In September 2000, the district court issued an order granting class certification under Fed. R. Civ. Proc. 23 and reaffirming its earlier conclusions. The order also enjoined American from relying on the liability exclusion provisions to deny compensation to passengers for their losses.

---

[2]    Domestic Baggage Liability, 49 Fed. Reg. 5065, 5071 (Feb. 10, 1984). The current version of § 254.4, as amended in late 1999, puts the limit at $2500 for each passenger. Domestic Baggage Liability, 64 Fed. Reg. 70,573, 70,575 (Dec. 17, 1999).

American appealed; the injunction may be appealed
pursuant to 28 U.S.C. § 1292(a)(1), as may Casas's cross-appeal of
the district court's pre-emption ruling.[3]    This court granted
American's petition for permission to appeal the class
certification decision. Fed. R. Civ. Proc. 23(f); Fed. R. App. P.
5.

### DISCUSSION

### I.

The district court predicated American's liability on the
conclusion that 14 C.F.R. § 254.4 creates a private right of
action.  The proper inquiry, however, is whether the ADA created a
private cause of action or authorized the FAA to do so.  Alexander
v. Sandoval, 532 U.S. 275, 121 S.Ct. 1511 (2001).  "Language in a
regulation may invoke a private right of action that Congress
through statutory text created, but it may not create a right that
Congress has not. . . .  [I]t is most certainly incorrect to say
that language in a regulation can conjure up a private cause of
action that has not been authorized by Congress."  Sandoval, 532
U.S. at 291, 121 S.Ct. at 1522.  See Stewart v. Bernstein, 769 F.2d
1088, 1092 n.6 (5th Cir. 1985); Angelastro v. Prudential-Bache

---

[3]    See In re Seabulk Offshore, Ltd., 158 F.3d 897, 899 n.2 (5th Cir.
1998) (once an order has been deemed appealable under § 1292(a)(1), the entire
order, not merely the propriety of injunctive relief, comes within this court's
scope of review); In re Lease Oil Antitrust Litigation (No. II), 200 F.3d 317,
319-20 (5th Cir. 2000).

4

Securities, Inc., 764 F.2d 939, 947 (3d Cir. 1985).  We review this issue of law *de novo* and conclude that neither the ADA nor 14 C.F.R. § 254.4 creates a private cause of action.

In Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5ᵗʰ Cir. 1997), this court held, inter alia, that while the ADA did not create a private right of action "to recover the value of damaged or lost cargo," id. at 925, a cause of action for such a loss exists under federal common law.[4]  The ADA's savings clause, which preserves "other remedies provided by law," 49 U.S.C. § 40120(c), "had the effect of preserving the clearly established federal common law cause of action against air carriers for lost shipments."  117 F.3d at 928.  See id. & n.13 (citing § 40120(c)).

Casas would distinguish the Sam L. Majors Jewelers decision because the plaintiff in that case engaged in a commercial air freight transaction.  We reject this suggestion.  The Sam L. Majors Jewelers opinion does not indicate that the availability of a private right of action for lost or damaged goods under the ADA depends on whether the shipper is a merchant or a leisure traveler -- or on whether the carrier is an air freight company or a commercial airline.  Instead, the opinion relies on numerous cases

---

[4]      Id. at 929 n.16 ("we . . . hold that a cause of action against an interstate air carrier for [a] claim for property lost or damaged in shipping arises under federal common law").  Cf. id. n.15 ("narrow holding" of case is that "a federal cause of action exists against an interstate air carrier that negligently loses a shipment"); id. at 926 (describing question to be decided as "whether a cause of action against air carriers for lost or damaged goods arises under federal common law").

5

involving both private passenger and commercial air freight claims
for lost baggage.  See, e.g., id. at 927-28 & 928 nn.11,12.  The
opinion repeatedly uses the generic term "air carrier," a term that
is broadly defined in the statute as "a citizen of the United
States undertaking by any means, directly or indirectly, to provide
air transportation."  See 49 U.S.C. § 40102(a)(2).  This language
strongly suggests that no distinction is intended to be made
between passenger airlines and air freight enterprises.[5]

     Assuming, however, for purposes of discussion that Sam L.
Majors Jewelers does not control the issue, it nevertheless appears
that the ADA grants Casas no right of action for his loss.  Whether
a federal statute gives rise to an implied private right of action
is determined by the four-factor test set forth in Cort v. Ash, 422
U.S. 66, 78, 95 S.Ct. 2080, 2088 (1975).[6]  A plaintiff asserting an

---

[5]     Cf. Sam L. Majors Jewelers, 117 F.3d at 923 (stating that federal
common law "controls an action seeking to recover damages against an airline for
lost or damaged shipments") (emphasis added).  Compare Deiro v. American
Airlines, Inc., 816 F.2d 1360 (9th Cir. 1987) (applying federal common law to
commercial airline passenger's suit for harm suffered by his dogs while being
transported as cargo in plane on which he was flying), cited in Sam L. Majors
Jewelers, 117 F.3d at 929; Read-Rite Corp. v. Burlington Air Express, Ltd., 186
F.3d 1190, 1195 (9th Cir. 1999) (relying on Deiro, among other cases, to apply
federal common law "to loss of or damage to goods by interstate common carriers
by air," in action brought by corporation for damage to machine transported by
freight forwarder and air shipping company).

[6]     The four-part analysis is as follows:

          (1) Is this plaintiff a member of the class for whose
          "especial" benefit the statute was passed?  In other words,
          does the statute create a federal right for this plaintiff?

          (2) Is there any evidence of legislative intent, either
          explicit or implicit, to create or deny a private remedy?

implied right of action under a federal statute bears the relatively heavy burden of demonstrating that Congress affirmatively contemplated private enforcement when it passed the statute. In other words, he must overcome the familiar presumption that Congress did not intend to create a private right of action. Louisiana Landmarks Soc'y, Inc. v. City of New Orleans, 85 F.3d 1119, 1123 (5th Cir. 1996). See Sam L. Majors Jewelers, 117 F.3d at 925 n.3. Casas has not met this burden.[7]

Considering the first Cort factor, "we ask whether the plaintiff belongs to an identifiable class of persons upon whom the statute has conferred a substantive right." Louisiana Landmarks Soc'y, 85 F.3d at 1123. Even if Casas can demonstrate membership in such a class, the crucial inquiry remains whether Congress

---

(3) Is it consistent with the legislative scheme to imply a private remedy?

(4) Is the cause of action one traditionally relegated to state law so that implying a federal right of action would be inappropriate?

Louisiana Landmarks Soc'y, Inc. v. City of New Orleans, 85 F.3d 1119, 1122-23 (5th Cir. 1996). See Lundeen v. Mineta, 291 F.3d 300, 311 (5th Cir. May 8, 2002).

[7] This court and others have repeatedly held that various provisions of the ADA do not give rise to implied private rights of action in favor of individual passengers or other consumers. See Diefenthal v. CAB, 681 F.2d 1039, 1047, 1048-50 (5th Cir. 1982) (in action brought by commercial airline passenger, holding that no private right of action exists to enforce ADA provision requiring air carriers to maintain a certain level of service); Hodges v. Delta Airlines, Inc., 44 F.3d 334, 340 n.13 (5th Cir. 1995) (en banc) (same); Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1252 (6th Cir. 1996) ("Every court faced with the question of whether a consumer protection provision of the ADA allows the implication of a private right of action against an airline has answered the question in the negative.").

actually intended to create a private remedy. Id. 14 C.F.R. § 254
was adopted pursuant to regulatory authority granted by the ADA.
Domestic Baggage Liability, 47 Fed. Reg. 52,987, 52,990 (Nov. 24,
1982).   In particular, it was adopted pursuant to what are now
sections 40113, 41501, 41504, 41510, 41702, and 41707 of the ADA.
14 C.F.R. § 254; Domestic Baggage Liability, 64 Fed. Reg. 70,573,
70,575 (Dec. 17, 1999).   None of these provisions confers a
substantive right on interstate air passengers such as Casas.[8]

The touchstone of the Cort analysis is its second factor:
Congressional intent. Louisiana Landmarks Soc'y, 85 F.3d at 1123.
Alexander v. Sandoval makes clear that "'affirmative' evidence of
congressional intent must be provided for an implied remedy, not
against it," 532 U.S. at 293 n.8, 121 S.Ct. at 1523 n.8 (emphasis
in original), but Casas has provided no evidence that Congress
intended to create a private remedy for the harm of which he

---

[8]     Section 40113 empowers the Secretary of Transportation to "take
action [that] the Secretary . . . considers necessary to carry out this part,
including conducting investigations, prescribing regulations, standards, and
procedures, and issuing orders."  49 U.S.C. § 40113(a).  Sections 41501, 41504,
and 41510 all have to do with foreign air transportation, not interstate air
transportation. Section 41702 provides that "[a]n air carrier shall provide safe
and adequate interstate air transportation."   In decisions interpreting the
statutory predecessor of section 41702, we have rejected the claim that this
provision gives rise to a private right of action for passengers and, in
particular, that it creates protection for passengers or any other class of
persons. Diefenthal, 681 F.2d at 1047-50; Hodges, 44 F.3d at 340 n.13. Finally,
section 41707 provides that to the extent allowed by regulation, "an air carrier
may incorporate by reference in a ticket or written instrument any term of the
contract for providing interstate air transportation."
        These ADA provisions do not expressly identify domestic air
passengers as a class that Congress intended to benefit. See Lundeen, 291 F.3d
at 311.  It follows that the provisions do not confer a substantive right upon
an identifiable class of persons to which Casas belongs.

complains.[9]  Moreover, the ADA contains at least three remedial
provisions that suggest that Congress intended to deny private
individuals the right to enforce the specific provisions that give
rise to 14 C.F.R. § 254.  "The express provision of one method of
enforcing a substantive rule suggests that Congress intended to
preclude others."  Sandoval, 532 U.S. at 290, 121 S.Ct. at 1521-22.

First, 49 U.S.C. § 41712 provides that the Secretary of
Transportation "may investigate and decide whether an air carrier
. . . has been or is engaged in an unfair or deceptive practice or
an unfair method of competition in air transportation or the sale
of air transportation," and that if the Secretary makes the
requisite findings, "the Secretary shall order the air carrier . .
. to stop the practice or method."  49 U.S.C. § 41712(a).  See
American Airlines, Inc. v. Wolens, 513 U.S. 219, 228 n.4, 115 S.Ct.
817, 823 n.4 (1995) (citing precursor to current § 41712 for a
similar proposition); Sigmon v. Southwest Airlines Co., 110 F.3d
1200, 1206 (5th Cir. 1997) (citing § 41713 for same proposition, but
context makes clear that § 41712 was contemplated).  See also 49
U.S.C. § 40113(a) (providing that Secretary may "take action [that
he or she] . . . considers necessary to carry out this part,

---

[9]     As noted at the outset of this discussion, Casas's and the district
court's reliance on agency pronouncements rather than Congressional intent is in
error.  Sandoval, 532 U.S. at 291, 121 S.Ct. at 1522.

including conducting investigations, prescribing regulations, standards, and procedures, and issuing orders").

Second, 49 U.S.C. § 46106 authorizes the Secretary to "bring a civil action against a person" in federal district court "to enforce this part or a requirement or regulation prescribed, or an order or any term of a certificate or permit issued, under this part." On the Secretary's request, the Attorney General may bring a civil action for the same purpose. See § 46107(b)(1)(A).

Third, under 49 U.S.C. § 46301, the Secretary may impose, after notice and a hearing, civil penalties for violations of various ADA provisions, including those arguably applicable here. See 49 U.S.C. §§ 46301(a)(1)(A), 46301(c)(1)(A); Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1250-51 (6th Cir. 1996). Section 46301(g) permits review of an order of the Secretary that imposes a penalty pursuant to 49 U.S.C. § 46110, which in turn provides for review in the federal courts of appeals of orders issued by the Secretary.

Finally, 49 U.S.C. § 46108 permits an interested person to bring a civil action in federal district court to enforce the provision that requires air carriers to hold a certificate from the Secretary. 49 U.S.C. § 41101(a)(1). "When Congress has established a detailed enforcement scheme, which expressly provides a private right of action for violations of specific provisions,

that is a strong indication that Congress did not intend to provide private litigations with a means of redressing violations of other sections of the Act." Diefenthal, 681 F.2d at 1049. See Sandoval, 532 U.S. at 289-91, 121 S.Ct. at 1521-22.

Because analysis of the first two Cort factors compels the conclusion that Congress did not create a private right of action, it is unnecessary to analyze the other two factors. Lundeen v. Mineta, 291 F.3d 300, 312 n.52 (5th Cir. May 8, 2002); Louisiana Landmarks Soc'y, 85 F.3d at 1125. Congress did not intend to create an implied private remedy under the ADA for the loss of goods shipped by an air carrier even if the owner of the goods is a passenger on a commercial airline and the airline is the carrier of the goods.

## II.

American concedes that in light of Sam L. Majors Jewelers, Casas has a federal common law cause of action for his loss.[10] Nevertheless, as American also contends, Casas's claim under the federal common law must fail because American contractually limited its liability.

---

[10]    In Wolens, the Supreme Court said that it was not "plausible that Congress meant to channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services." 513 U.S. at 232, 115 S.Ct. at 825. Because American does not argue that no federal common law right of action exists for the injury of which Casas complains, we express no view on this issue.

11

In <u>Sam L. Majors Jewelers</u>, this court enforced provisions in an air shipper's standard airbill that held the shipper harmless for lost jewelry. 117 F.3d at 929-30.[11]   The court relied, <u>inter alia</u>, on <u>Deiro v. American Airlines, Inc.</u>, 816 F.2d 1360, 1365 (9th Cir. 1987), which held that under federal common law, a commercial airline passenger was bound by a contractual provision that limited the airline's liability for lost or damaged baggage (valuable greyhound racing dogs, in that case). These cases' view of federal common law enforces contract provisions that limit an air carrier's liability or hold it harmless for lost or damaged valuable goods, even if the carrier is a commercial airline and the owner of the goods is a passenger on the airline.

The cases apply a two-step analysis in determining whether liability-limiting provisions are adequately plain and conspicuous to give reasonable notice of their meaning. 117 F.3d at 930 (citing <u>Deiro</u>, 816 F.2d at 1364). A court first examines whether the contract documents provide reasonable notice to the customer, and then considers whether the conditions under which the

---

[11]   This court's decision in <u>Sam L. Majors Jewelers</u> takes one side in a longstanding disagreement among the courts of appeals concerning whether an air carrier may "exculpat[e] itself entirely from liability from loss of particular classes of articles, including jewelry." <u>First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc.</u>, 731 F.2d 1113, 1117 n.5 (3d Cir. 1984). A number of the conflicting decisions predate not only the adoption of 14 C.F.R. § 254.4, but the advent of deregulation, which led to the creation of that provision. <u>Compare, e.g.</u>, <u>Lichten v. Eastern Airlines</u>, 189 F.2d 939, 941 (2d Cir. 1951) (upholding exculpatory provision), <u>with</u> <u>Klicker v. Northwest Airlines, Inc.</u>, 563 F.2d 1310, 1313-15 (9th Cir. 1977) (rejecting <u>Lichten</u> and invalidating exculpatory provision).

shipment was made offered the customer an opportunity to receive notice of the liability limitations. Id. Casas has not challenged on appeal the conspicuousness or adequacy of the notice he received, so we pause only briefly to describe the contractual disclosure and circumstances surrounding the contract. Attached to Casas's airline ticket, among other documents, is a page with the headings "NOTICE" and "CONDITIONS OF CONTRACT." Under the latter heading, American incorporates its conditions of carriage and related regulations and states in capital letters:

> AMERICAN IS NOT RESPONSIBLE FOR JEWELRY, CASH, CAMERA EQUIPMENT, OR OTHER SIMILAR VALUABLE ITEMS CONTAINED IN CHECKED OR UNCHECKED BAGGAGE. IF ANY OF THESE ITEMS ARE LOST, DAMAGED, OR DELAYED, YOU WILL NOT BE ENTITLED TO ANY REIMBURSEMENT UNDER EITHER AMERICAN'S STANDARD BAGGAGE LIABILITY OR UNDER ANY DECLARED EXCESS VALUATION. THESE ITEMS SHOULD BE CARRIED PERSONALLY BY YOU.

Physically, this provision was adequate to give Casas reasonable notice of the exclusions.

Moreover, the conditions surrounding his travel gave Casas reasonable opportunity to notice the meaning of the liability exclusions. Casas is an attorney and no novice air traveler. The value of the video camera gave Casas a strong incentive to scrutinize the baggage liability limitation provisions of his travel documents -- including the Conditions of Carriage -- before entrusting the camera to American. Cf. Sam L. Majors Jewelers, 117 F.3d at 930. Casas does not suggest that he did not have the time

to do so.  Finally, the exclusion provisions, including American's specific disclaimer of liability as to camera equipment and similarly valuable items, were included in notices posted on signs at American Airlines ticket counters and at the American Airlines gate at the Texas airport from which Casas flew to Florida.

In summary, both parts of the two-step analysis favor American.  Casas is contractually bound by the exclusion provisions and cannot recover for the loss of his camera.  Id. at 931.

As has been noted, Casas argues that American's liability exclusion provisions violate 14 C.F.R. § 254.4.  Even if this contention is true, it cannot resurrect his claim under federal common law.  To hold otherwise would be, in substance, to craft a private right of action for violations of 14 C.F.R. § 254.4 -- and thus to circumvent the conclusion that the ADA, and therefore the regulations enacted pursuant to it, creates no private right of action for the wrong of which Casas complains.  Casas has not demonstrated that Congress intended to alter the contours of the federal common law in this way when it enacted the ADA.  Cf. Sam L. Majors Jewelers, 117 F.3d at 928 (ADA's savings clause had effect of preserving both federal common law cause of action against air carriers for lost shipments and contractual exclusions from liability); Deiro, 816 F.2d at 1365 (deregulation "did not change the applicability or substantive content of the relevant federal

14

common law"). Accordingly, we reject <u>Feature Enters., Inc. v.</u>
<u>Continental Airlines</u>, 745 F. Supp. 198, 199 (S.D.N.Y. 1990), in
which the court relied on 14 C.F.R. § 254.4 to conclude that an
airline could not contract to eliminate its liability under the
federal common law for the loss of a passenger's jewelry.

### III.

        In his cross-appeal, Casas argues that his state law
claims are not pre-empted by 49 U.S.C. § 41713(b)(1), which (with
exceptions not relevant to this case) preempts the states from
enforcing any "law, regulation, or other provision having the force
and effect of law related to a price, route, or service of an air
carrier." <u>Lyn-Lea Travel Corp. v. American Airlines, Inc.</u>, 283
F.3d 282, 286 & n.4 (5th Cir. 2002). In <u>Hodges v. Delta Airlines,</u>
<u>Inc.</u>, 44 F.3d 334 (5th Cir. 1995) (en banc), this court read the
statutory predecessor of § 41713(b)(1) to include "items such as
ticketing, boarding procedures, provision of food and drink, and
baggage handling, in addition to the transportation itself." 44
F.3d at 336 (citation omitted). Current § 41713(b)(1) is identical
in substance to the provision at issue in <u>Hodges</u>. <u>See</u> <u>Lyn-Lea</u>, 283
F.3d at 286 n.4. <u>Hodges</u> requires the conclusion that Casas's
claims under state law for the loss of his camera are pre-empted.
<u>See</u> <u>Lyn-Lea</u>, 283 F.3d at 289 n.11 (quoting <u>Hodges</u>). <u>Cf</u>. <u>Sam L.</u>
<u>Majors Jewelers</u>, 117 F.3d at 931 (holding that ADA pre-empted claim

15

under Texas Deceptive Trade Practice-Consumer Protection Act arising from loss of shipped goods).

Casas does not argue otherwise. Instead, he asks this court to abandon <u>Hodges</u>. A panel of this court cannot overrule a decision made by another panel, let alone an en banc decision of this court. <u>United States v. Garcia Abrego</u>, 141 F.3d 142, 151 n.1 (5th Cir. 1998).

## IV.

That none of Casas's claims survives appellate review also dooms the class certification. The court certified a class of "similarly situated" American Airlines passengers under Fed. R. Civ. Proc. 23(b)(2) and (b)(3) on the assumption that the passengers shared a common claim, an implied cause of action under 14 C.F.R. 254.4 to invalidate American's liability exclusion and recover for lost or damaged baggage up to $1,250 per passenger. As this is the only legal basis cited for the class certification, we hold that the certification was in error, and we must vacate the injunction, the judgment in favor of the class, and the class certification.[12]

---

[12]    <u>Floyd v. Bowen</u>, 833 F.2d 529, 530, 534-35 (5th Cir. 1987); <u>Jacobs v. Gromatsky</u>, 494 F.2d 513, 514 (5th Cir. 1974) (per curiam). <u>See</u> 7B Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 1785, at 127-28 (1986). Our decision in favor of American on Casas's individual claims will have no res judicata effect on the class members' claims, although it will, of course, have stare decisis effect. <u>Cowen v. Bank United of Texas, FSB</u>, 70 F.3d 937, 941-42 (7th Cir. 1995); <u>Wright v. Schock</u>, 742 F.2d 541, 544-45 (9th Cir. 1984); <u>Curtin</u>

## V.

American has moved to strike most of Casas's reply and response brief because it fails to comply with Fed. R. App. P. 28(c), which provides that "[a]n appellee who has cross-appealed may file a brief in reply to the appellant's response to the issues presented by the cross-appeal." This language does not allow the cross-appellant to use his reply and response brief to discuss issues outside the scope of the cross-appeal. See Naimie v. Cytozyme Labs., Inc., 174 F.3d 1104, 1113 n.8 (10th Cir. 1999) (striking portions of cross-appellant's reply brief "that relate to issues [cross-appellant] did not cross-appeal"); Newhouse v. McCormick & Co., Inc., 110 F.3d 635, 644 (8th Cir. 1997); C & B Sales & Serv., Inc. v. McDonald, 95 F.3d 1308, 1319-20 (5th Cir. 1996), modified on other grounds, 111 F.3d 27 (5th Cir. 1997). Most of Casas's reply and response brief discusses issues that American raised in its appeal. Only a page discusses the issue that Casas raised in his cross-appeal: whether the district court erred in holding that the ADA pre-empts his state-law claims. We grant American's motion and strike all of Casas's brief but the part that discusses the pre-emption issue. Casas's retaliatory request to

---

v. United Airlines, Inc., 275 F.3d 88, 92-93 (D.C. Cir. 2001).

17

strike parts of American's reply and response brief is denied as meritless.

One final matter remains for decision. In his briefs, Casas has asked this court to conduct a hearing to decide whether American should be sanctioned for making misstatements in its briefs -- which Casas describes as "intentionally lying." Casas has not filed a motion for sanctions.[13] We see no reason to order a hearing on sanctions sua sponte. See Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 38 F.3d 1414, 1418 n.8 (5th Cir. 1994). American's misstatements and omissions may very likely have been caused, not by "lying," but by less than thorough research on the part of American's attorneys -- a fault from which Casas's briefs are hardly exempt. Casas's counsel should hesitate before accusing others of lying.

### CONCLUSION

We **AFFIRM** the dismissal of Casas's claims under state law but **REVERSE** and **RENDER** judgment in favor of American Airlines on Casas's individual claims arising from the loss of his camera. We also **REVERSE** the judgment for the class and the order certifying

---

[13] "[B]efore a court of appeals may impose sanctions, the person to be sanctioned must have notice and an opportunity to respond. . . . A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice. . . . Only a motion, the purpose of which is to request sanctions, is sufficient. If there is no such motion filed, notice must come from the court." Fed. R. App. P. 38, Advisory Committee's note (1994 amendments).

a class pursuant to Rule 23 and **VACATE** the injunction in favor of the class and against American Airlines.