IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR A. CASAS, | § § | |
| Plaintiff, | § § | |
| vs. | § | C.A. No. B-96-207 |
| AMERICAN AIRLINES, INC. | § § | Jury |
| Defendant. | § § § | |

DEFENDANT AMERICAN AIRLINES, INC.'S
MOTION FOR LEAVE FOR EXTENSION OF TIME TO FILE ITS BILL OF COSTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW American Airlines, Inc., Defendant, and files this Motion for Leave for Extension of Time to File Bill of Costs and Brief in Support, as follows:

I.

On September 17, 2002, the Fifth Circuit Court of Appeals entered its Judgment in this matter which affirmed in part this Court's Order dismissing Plaintiff's state law claims, and reversed and rendered this Court's Orders granting class certification and finding in favor of Plaintiff on his individual claim. This Judgment was received by this Court on or about October 22, 2002.

II.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. As the Fifth Circuit has held, "the decision to award costs [under Rule 54(d)] turns on whether a party, as a practical matter, has prevailed." Schwarz v. Folloder, 767 F.2d 125, 130

(5th Cir. 1985). Defendant, as the prevailing party, is prima facie entitled to costs and it is incumbent upon the losing party to overcome that presumption. Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977); Schwarz, 767 F.2d at 131 ("there is a strong presumption that the prevailing party will be awarded costs").

III.

Pursuant to this Court's local rules, Defendant's bill of costs should have been filed within 14 days of the Judgment. Because the Fifth Circuit's Judgment was received by this Court and filed on October 22, 2002, Defendant should have filed its Bill of Costs by November 5, 2002. However, Defendant failed to meet this deadline due to the inadvertence, mistake or carelessness of its counsel, as set forth in the attached Affidavit of David T. Moran. Defendant moves for leave to file this Bill of Costs outside the time contemplated by this Court's Local Rule. When a Bill of Costs is not filed in a timely manner because of excusable neglect (i.e. inadvertence, mistake or carelessness), a trial court may grant extensions of time to the prevailing party to file the Bill of Costs when to do so would not prejudice the other side. LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995). There can be no prejudice to Plaintiff in this case by filing this motion just a few days after the deadline.

IV.

As evidenced by the Bill of Costs filed herewith, the costs sought are recoverable pursuant to 28 U.S.C. § 1920 and 1821. The Bill of Costs is accompanied by an Affidavit of David T. Moran verifying that the costs submitted were actually incurred and necessary to the case, which satisfies the requirements of 28 U.S.C. § 1924.

DEFENDANT AMERICAN AIRLINES, INC.'S MOTION FOR LEAVE
FOR EXTENSION OF TIME TO FILE ITS BILL OF COSTS - Page 2

A.   **FEES OF THE CLERK**

Defendant first seeks its clerk fees. All fees paid to the clerk are allowed if reasonably necessary to the litigation. Each of the fees sought in this case were reasonably necessary for this litigation and should be recovered.

B.   **FEES FOR SERVICE OF SUMMONS & SUBPOENA**

Defendant does not seek any fees paid for service of summons and subpoenas.

C.   **FEES OF THE COURT REPORTER AND DEPOSITION COPIES**

Defendant next seeks to recover court reporter fees. This includes both court reporter fees for depositions, as well as the district court's court reporter for the transcription of certain hearings in the trial court. Deposition costs are recoverable if the deposition was reasonably necessary to the litigation at the time the deposition was taken. See Fogleman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991) (stating standard that materials must have been "necessarily obtained for use in the case."); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998); All of the depositions taken in this case were necessary and reasonable.

D.   **FEES FOR WITNESSES**

Defendant does not seek any fees for witness expenses.

E.   **FEES FOR EXEMPLIFICATION AND COPIES**

Defendant does not seek any fees for exemplification and copies.

F.   **COMPENSATION OF COURT MASTER**

Defendant also seeks all costs associated with the Court appointed Special Master, Paul Hajjar.

G.   **OTHER COSTS**

Defendant does not seek any other costs.

WHEREFORE, PREMISES CONSIDERED, Defendant America Airlines, Inc. prays that this Court allow the Clerk of Court to tax all of the costs identified in Defendant's Bill of Costs against Plaintiff. Defendant also prays for such other relief to which it may be justly entitled.

Respectfully submitted,<br>
JACKSON WALKER L.L.P.<br>
901 Main Street, Suite 6000<br>
Dallas, Texas 75202<br>
(214) 953-6000<br>
(214) 953-5822 (Telecopy)

By: _____
David T. Moran
State Bar No. 14419400
S. D. # 11261

Jorge C. Rangel
State Bar No. 16543500
The Law Offices of Jorge C. Rangel
615 Upper N. Broadway, Suite 900
Corpus Christi, Texas 78403-2683
(361) 883-8500
FAX (361) 883-2611

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

## CERTIFICATE OF CONFERENCE

I do hereby certify that on November 12, 2002, I attempted to contact Heriberto 'Eddie' Medrano, attorney for Plaintiff Hector A. Casas, but he was unavailable. The Motion is therefore submitted to the Court for a determination.

_____
David T. Moran

DEFENDANT AMERICAN AIRLINES, INC.'S MOTION FOR LEAVE
FOR EXTENSION OF TIME TO FILE ITS BILL OF COSTS - Page 4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon Plaintiff's counsel of record by certified mail, return receipt requested, on this 12th day of November, 2002.

Heriberto (Eddie) Medrano
Attorney at Law
1101 West Tyler
Harlingen, Texas 78550

_____
David T. Moran

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR A. CASAS, | § § | |
| Plaintiff, | § § | |
| vs. | § § | C.A. No. B-96-207 |
| AMERICAN AIRLINES, INC. | § § | Jury |
| Defendant. | § § § | |

### AFFIDAVIT OF DAVID T. MORAN

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, personally appeared David T. Moran, an individual personally known to me, who after being by me duly sworn, testified upon his oath as follows:

1. My name is David T. Moran. I am over the age of eighteen years, am of sound mind, have never been convicted of a criminal offense and am otherwise competent to execute this Affidavit. All of the matters testified to herein are true and correct and within my personal knowledge.

2. I am a practicing attorney and a partner in the law firm of Jackson Walker L.L.P., 901 Main Street, Suite 6000, Dallas, Texas 75202.

3. I am an attorney of record for Defendant American Airlines, Inc. On September 17, 2002, the Fifth Circuit Court of Appeals entered its Judgment in this matter which affirmed in part this Court's Order dismissing Plaintiff's state law claims, and reversed and rendered this

Court's Orders granting class certification and judgment in favor of Plaintiff on his individual claim. This Judgment was received by this Court on October 22, 2002.

4. "On behalf of Defendant American Airlines, Inc., we compiled the Bill of Costs filed herewith itemizing costs incurred by Defendant to be taxed against Plaintiff pursuant to the Judgment of the Fifth Circuit Court of Appeals. Each and every item of cost detailed in the Bill of Costs, and all exhibits attached thereto, is correct and has been necessarily incurred in this case, and the services reflected by such costs were actually and necessarily performed.

5. Pursuant to this Court's local rules, Defendant's bill of costs should have been filed within 14 days of the Judgment. Because the Fifth Circuit's Judgment was received by this Court and filed on October 22, 2002, Defendant should have filed its Bill of Costs by November 5, 2002. However, Defendant failed to meet this deadline due to the inadvertence, mistake or carelessness of the undersigned counsel. Specifically, I failed to put the deadline on my calendar and realized the mistake a few days after the deadline had passed.

6. There can be no prejudice to Plaintiff in this case by the allowance of the Bill of Costs a few days after the deadline.

Further Affiant sayeth not.

_____
David T. Moran

SUBSCRIBED and SWORN to before me the undersigned authority this 12th day of November, 2002.



Melanie A. Cunningham
Notary Public, State of Texas
My Comm. Expires 08/02/05

_____
Notary Public in and for
the State of Texas

3258130v1